IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>          Plaintiffs,<br><br>     v.<br><br>ARNOLD SCHWARZENEGGER, MATHEW CATE, RODERICK HICKMAN, JEANNE WOODFORD, JOE MCGRATH, RICHARD KIRKLAND, ROBERT HOTEL, FRANCISCO JACQUES, WILLIAM BARLOW, R.L. JOHNSON, D.W. BRADBURY, J. MCKINNEY, ROBERT MARQUEZ, R. RICE, JOHN HARRISON, B. THORNTON, G.H. WISE, A. HERNANDEZ, ROBERT DOYLE, SUSAN FISHER, ROBERT HARMON, HOLLIS GILLINGHAM, D. SMITH, and S. TUCKER,<br><br>          Defendants.<br>_____/ | No. C 09-05796 CW<br><br>ORDER DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS, SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

     Plaintiffs Todd Ashker and Danny Troxell, state prisoners who are incarcerated in the Secured Housing Unit (SHU) at Pelican Bay State Prison (PBSP), have filed this civil rights action under 42 U.S.C. § 1983 seeking injunctive relief and damages.  They have also filed applications seeking to proceed <u>in forma pauperis</u> (IFP). Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  A review of Plaintiffs' affidavits and financial records indicate that Mr. Ashker is able to pay the filing fee and Mr. Troxell is not able

to do so. Therefore, IFP status is denied; Mr. Ashker is required to pay the $350 filing fee and to serve the complaint. If Mr. Ashker does not pay the filing fee within thirty days from the date of this order, his claims will be dismissed and Mr. Troxell's application to proceed IFP will be considered. As discussed below, Plaintiffs' complaint is deficient for other reasons.

Defendants are state employees "responsible for the policies, practices and procedures by which California operates the prison system, including inmate care and well being, classifications and rehabilitative programming opportunities; as well as life parole policies, practices and procedures." Comp. ¶ 4. This case is related to two previous cases, <u>Ashker and Troxell v. Schwarzenegger et al.</u>, C 04-1967 CW (2004 case) and <u>Ashker and Troxell v. Schwarzenegger et al.</u>, C 05-3286 CW (2005 case). The Court reviews the complaint in accordance with 28 U.S.C. § 1915A.

The factual allegations in this complaint are similar to the facts set out in the Court's orders in the 2004 and 2005 cases and are incorporated herein. <u>See</u> 2004 case, Docket ## 11, 30, 68; 2005 case, Docket ## 14, 140 and 336. In the instant complaint, Plaintiffs allege the following causes of action: (1) violation of their First Amendment right of association on the ground that their indefinite confinement in the SHU and denial of parole prevents them from associating with other prisoners; (2) violation of their First Amendment right of association and freedom of speech on the ground that their confinement in the SHU is based upon their innocuous association with other prisoners; (3) violation of their First Amendment right not to speak on the ground that their confinement in the SHU is based upon their refusal to become

2

informants; (4) violation of their First Amendment right of association and Fourteenth Amendment right to equal protection based upon PBSP policies that penalize them for associating with other members of their own racial group; (5) violation of their First Amendment right of association and Fourteenth Amendment right to equal protection based upon rules and regulations that are overbroad and contradictory; (6) violation of their First Amendment right of access to the courts and Fourteenth Amendment right to equal protection based upon policies and practices that interfere with their confidential communications with their attorneys; (7) violation of their First Amendment right of access to the courts and Fourteenth Amendment right to equal protection based upon Defendants' interpretation of PBSP-O.P.205 which allows no follow up communication with inmate witnesses; (8) violation of their First and Fourteenth Amendment rights to investigate, prepare and prosecute their legal claims based upon Defendants' policy of interfering with and confiscating correspondence sent from authorized inmate witnesses; (9) violation of Mr. Troxell's First Amendment right to freedom of speech and expression and Fourteenth Amendment right to equal protection based upon Defendants' denial of his request to post his artwork on internet sites and obtain donations for his art work to fund community college courses when other state prisons allow inmates to sell their artwork; (10) violation of Plaintiffs' First Amendment right to freedom of speech and Fourteenth Amendment right to equal protection on the ground that Defendants prohibit them from purchasing non-pictorial adult erotic material when other state prisons allow inmates to do so; (11) violation of their Fifth Amendment due process right

3

against self-incrimination based on Defendants' requirement that Plaintiffs become informants about gang activities in order to be released from the SHU; (12) violation of their Eighth Amendment right to be free from cruel and unusual punishment on the ground that Defendants' requirement that Plaintiffs become informants exposes them to a substantial risk of death or serious bodily injury; (13) violation of their Eighth Amendment right to be free from cruel and unusual punishment by exposing them to a substantial risk of developing a serious mental illness as a result of sensory deprivation in the SHU; (14) violation of their Eighth Amendment right to be free of cruel and unusual punishment and Fourteenth Amendment due process rights based upon the cumulative effects noted in claims twelve and thirteen; (15) violation of a state-created liberty interest in release from the SHU; (16) violation of their Fourteenth Amendment due process and ex post facto rights based upon their twenty-four year confinement in the SHU and denial of parole; and (17) violation of their rights due to Defendants' failure, in their supervisory capacity, to establish lawful polices and procedures and to train their subordinate employees properly.

## LEGAL STANDARD

Title 28 U.S.C. § 1915A states, in relevant part:

(a) Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity.

(b) Grounds for dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . .

4

DISCUSSION

As acknowledged by Plaintiffs, many of the claims alleged here were also alleged in the 2004 and 2005 cases. Many claims in those cases were dismissed for failure to exhaust and the Court granted leave to re-file them after they were fully exhausted. Plaintiffs allege that these claims are now exhausted.

The following claims were dismissed for lack of exhaustion with leave to re-file and may proceed in this case, assuming Plaintiffs remedy the other deficiencies in the complaint noted below: (1) First Amendment right of association, (see 2005 case, Docket # 140 at 16); (2) Fifth Amendment procedural and substantive due process rights and right against self-incrimination based upon debriefing requirements, (see 2005 case, Docket # 140 at 17); (3) Eighth Amendment right to be free from cruel and unusual punishment based upon indefinite incarceration in the SHU (see 2005 case, Docket # 140 at 18-19); and (4) Fourteenth Amendment equal protection claim based on treating white inmates differently than inmates of other races (see 2005, Docket # 140 at 22).

Plaintiffs' ex post facto and due process claims based upon parole denials were dismissed with leave to re-file in a habeas petition once they were exhausted in state court. (See 2005 case, Docket # 140 at 21-22). That analysis applies to the parole denial claims Plaintiffs allege in this civil rights action. If Plaintiffs file an amended complaint, they must delete all claims and defendants associated with claims based upon denial of parole.

Summary judgment was granted to Defendants on Mr. Ashker's due process claim regarding gang validation procedures for

placement in the SHU. (See 2005 case, Docket # 336 at 36). Therefore, that claim may not be alleged in this complaint. Summary judgment also was granted to Defendants on Mr. Ashker's due process claim based on a no parole policy. (See 2005 case, Docket # 336 at 44-45). That claim likewise may not be alleged in this complaint.

Furthermore, the complaint fails to specify the conduct of each Defendant that proximately caused many of the constitutional violations that are alleged. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). An individual defendant is liable for money damages under § 1983 only if the defendant personally participated in or otherwise proximately caused the unconstitutional deprivations of which the plaintiff complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). To establish individual liability, a plaintiff must allege one of the following: (1) the defendant personally participated in or ordered the constitutional violation; (2) the defendant, acting in a supervisory capacity, failed to train properly or supervise personnel, resulting in the violation; (3) the defendant was responsible for an official policy or custom which caused the violation; or (4) the defendant knew of the violation and failed to prevent it. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Officials of the state, while acting in their official capacities, are not "persons" within the meaning of § 1983. Will

6

1  v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).  The
2  distinction derives from the Eleventh Amendment.  Id. at 66-67.
3  The Eleventh Amendment bars suits in federal court for damages and
4  retrospective injunctive relief against state officials, acting in
5  their official capacity, unless the state has waived immunity or
6  Congress has exercised its Fourteenth Amendment power to override
7  immunity.  Id. at 66.  In enacting 42 U.S.C. § 1983, Congress did
8  not intend to eliminate Eleventh Amendment immunity.  Id.  Neither
9  a state nor its officials acting in their official capacities
10 therefore may be sued under § 1983 for damages or retrospective
11 injunctive relief.  Will, 491 U.S. at 71.  However, a state
12 official in his official capacity is considered a "person" for
13 § 1983 purposes when sued for prospective injunctive relief.  Id.
14 at n.10.

15      Plaintiffs are suing twenty-four named Defendants who are
16 identified, in ¶ 4, as present and former state government and
17 prison officials, PBSP supervisors, investigators and corrections
18 officers, and present and former commissioners on the Board of
19 Parole Hearings.  The factual allegations in the complaint include
20 actions taken by some named Defendants.  However, it is not clear
21 which actions proximately caused each constitutional violation.
22 Further, in the sections listing the seventeen causes of action,
23 Plaintiffs do not specify which Defendant is being sued for each
24 cause of action.  Given that the complaint is ninety-four pages in
25 length, it would be difficult, if not impossible, for each
26 Defendant to have notice of the causes of action for which he or
27 she is being sued.  Therefore, the complaint is dismissed with
28 leave to amend so that Plaintiffs may remedy this deficiency.  See

7

1  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (dismissal
2  is appropriate when the complaint does not give the defendant fair
3  notice of a legally cognizable claim and the grounds on which it
4  rests).  The facts given as background information are not
5  necessary; the present alleged illegal conduct is what is relevant.
6  Also, the alleged illegal conduct comprising each cause of action
7  should be discussed within the section on that cause of action.  It
8  also appears that Plaintiffs have repeated the same constitutional
9  violations in different claims for relief; in an amended complaint,
10 these repetitious claims can be deleted or consolidated.  Further,
11 in an amended complaint, former government or prison officials may
12 not be sued for prospective injunctive relief; the person who
13 presently holds the position should be named.

## CONCLUSION

15     Based on the foregoing, Plaintiffs' applications to proceed
16 IFP are denied.  Mr. Ashker must pay the filing fee within thirty
17 days from the date of this order if he wishes to proceed with this
18 complaint.  If Mr. Ashker pays the filing fee, Plaintiffs may file,
19 within sixty days from the date of this order, an amended complaint
20 to remedy the deficiencies noted above.  If Mr. Ashker does not pay
21 the filing fee, Mr. Troxell's application to proceed IFP will be
22 considered.  If it is granted, he may proceed with the complaint
23 and file an amended complaint, as described herein, but without any
24 claims brought on behalf of Mr. Ashker.

25     The following may be cognizable and may be included in an
26 amended complaint:  Claim One, except for the parole allegations;
27 Claim Two, except for the parole allegations; Claim Three, except
28 for the parole allegations; Claim Four; Claim Five, except for the

8

parole allegations; Claim Six; Claim Seven; Claim Eight, to the extent that it is based on different allegations than Claim Seven; Claim Nine; Claim Ten; Claim Eleven; Claims Twelve, Thirteen or Fourteen (these appear to be the same; only one of them may be realleged); and Claim Seventeen.  As discussed above, claims Fifteen and Sixteen are precluded.

IT IS SO ORDERED.

Dated: February 16, 2010

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: February 16, 2010

                                      Richard W. Wieking, Clerk
                                      By: Ronnie Hersler, Administrative Law Clerk