IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants.<br>_____/ | No. 09-05796 CW<br><br>ORDER GRANTING PLAINTIFFS' REQUESTS FOR RECONSIDERATION AND FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT |

    On December 9, 2009, Plaintiffs Todd Ashker and Danny Troxell, inmates in the Secured Housing Unit (SHU) at Pelican Bay State Prison (PBSP), filed a complaint alleging various civil rights violations committed by state Defendants. On February 16, 2010, the Court issued an Order Screening Complaint Pursuant to 28 U.S.C. § 1915A in which it dismissed certain claims without leave to amend and other claims with leave to amend. On April 12, 2010, Plaintiffs filed a motion for leave to move for reconsideration of portions of the February 16, 2010 Order dismissing certain claims without leave to amend. Their request for leave to file a motion for reconsideration is granted and is construed as their motion for reconsideration. Because the complaint has not yet been served, the Court will not call for a response from the named Defendants. Having considered all the papers filed by Plaintiffs, the Court grants, in part, the motion for reconsideration.

    On April 14, 2010, Plaintiffs filed a motion for an extension of time to file their First Amended Complaint (FAC). The Court

grants the motion for an extension of time to file the FAC.

## DISCUSSION

### I. Claims Regarding Parole Procedures

In the February 16, 2010 Order, the Court dismissed Plaintiffs' constitutional claims regarding parole procedures, and did not grant leave to amend because these claims hd been adjudicated in Plaintiffs' previous case, C 05-3286 CW. In that case, Mr. Troxell's claims were dismissed for lack of exhaustion and Mr. Ashker's claims were dismissed on the ground that they sought an earlier release date and therefore must be brought in a habeas petition. However, as Plaintiffs point out, in case C 05-3286 CW, the Court granted Mr. Ashker's motion for reconsideration based on his clarification that he was not seeking an earlier release date, but rather prospective injunctive relief enjoining the Board of Parole Hearings (BPH) from using allegedly unconstitutional guidelines at his next parole hearing. Also, Plaintiffs correctly point out that in case C 05-3286 CW, the only claim at issue was Mr. Ashker's due process claim based on the BPH's August 7, 2003 hearing.

Plaintiffs state that they are alleging claims in this complaint based upon Mr. Troxell's 2006 and 2009 hearings before the BPH and Mr. Ashker's 2008 hearing before the BPH that were not before the Court in C 05-3286 CW. To the extent that Plaintiffs' claims regarding parole denials have not been litigated in C 05-3286 CW and do not seek an earlier release date, they are cognizable in this case. They are dismissed with leave to amend to remedy the deficiencies indicated in the February 16, 2010 Order.

2

1 See February 16, 2010 Order at 7-8.

2 II. Due Process Claims Based on Gang Validation Procedures

3     In the February 16, 2010 Order, the Court dismissed Plaintiffs' constitutional claims regarding gang validation, and did not grant leave to amend because these claims had been adjudicated in C 05-3286 CW. Plaintiffs point out that in C 05-3286 CW, at issue was Mr. Ashker's due process claim based upon the 2001 review of his status as a gang member and his 2002 and 2003 revalidations as a gang member. Plaintiffs state that they are alleging claims in this complaint based upon their 2007 and 2008 gang status reviews and revalidations. Therefore, to the extent that Plaintiffs' claims regarding gang status reviews and revalidations have not been litigated in C 05-3286 CW, they are cognizable in this case. The Court grants leave to amend them to remedy the deficiencies indicated in the February 16, 2010 Order. See February 16, 2010 Order at 7-8.

CONCLUSION

    Based upon the foregoing, the Court grants Plaintiffs' request for an extension of time to file their FAC and their motion for reconsideration. Plaintiffs' FAC is due no later than forty-five days from the date of this Order.

    IT IS SO ORDERED.

Dated: May 28, 2010

                                        CLAUDIA WILKEN
                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: May 28, 2010

                                      Richard W. Winking, Clerk
                                      By: Ronnie Hersler, Administrative Law Clerk