IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>  Plaintiffs,<br><br>  v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>  Defendants.<br>_____/ | No. 09-05796 CW<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A AND GRANTING PLAINTIFFS LEAVE TO SERVE DEFENDANTS |

On December 19, 2009, Plaintiffs Todd Ashker and Danny Troxell, state prisoners incarcerated in the Secured Housing Unit at Pelican Bay State Prison (PBSP), filed this civil rights action seeking injunctive relief and damages and requested leave to proceed in forma pauperis. On February 16, 2010, the Court issued an order denying Plaintiffs' request for leave to proceed in forma pauperis, screened the complaint in accordance with 28 U.S.C. § 1915A, dismissed several claims without leave to amend and dismissed the remaining claims with leave to amend.  On March 15, 2010, Plaintiff Ashker paid the $350 filing fee.  On May 28, 2010, the Court granted Plaintiffs' motion for reconsideration allowing

them to proceed with several claims that had been dismissed without leave to amend in the February 16, 2010 Order.

On May 21, 2010, Plaintiffs filed a First Amended Complaint (FAC). In the FAC Plaintiffs remedy most of the deficiencies noted in the February 16, 2010 Order: they have reduced the number of causes of action from seventeen to eleven and they have indicated which Defendants they are suing in regard to each cause of action. The Court finds that the FAC states cognizable claims.

However, the FAC does not contain the causes of action that the Court found to be cognizable in the May 28, 2010 Order granting Plaintiffs' motion for reconsideration. Plaintiffs need not file a new Second Amended Complaint containing these causes of action. Rather, they may file a Supplemental FAC that includes only the causes of action found to be cognizable in the May 28, 2010 Order. In the Supplemental FAC, Plaintiffs need not include a separate facts section, but should list each cause of action in a separate section, indicate which Defendants are being sued under each cause of action, and for each cause of action indicate the conduct of each Defendant that violated Plaintiffs' constitutional rights.

Therefore, within thirty-five days from the date of this Order, Plaintiffs may file a Supplemental FAC. If Plaintiffs fail to do so within this time period, the claims addressed in the Motion for Reconsideration will be dismissed. If Plaintiffs file a Supplemental FAC, the Court will then review it under 28 U.S.C. § 1915A. Plaintiffs now may serve Defendants against whom they have stated claims in their FAC. After the Court reviews the Supplemental FAC, Plaintiffs then may serve Defendants against whom

2

they have stated cognizable supplemental claims.

Because Plaintiffs are not proceeding in forma pauperis in this action, they may not rely on the United States Marshal for service of the summons and complaint without paying for this service. See Fed. R. Civ. P. 4(c)(3). Title 28 U.S.C. § 1921(a)(A) provides that the United States Marshal shall routinely collect, and the court may tax as costs, fees for serving a summons and complaint. Title 28 C.F.R. § 0.114(a)(3) provides that the United States Marshal shall collect a fee for personal service of a summons and complaint at the rate of $55.00 per hour, or portion thereof, plus travel expenses. Consequently, Plaintiffs may themselves arrange for service of all Defendants against whom cognizable claims for relief have been found or they may request the Court to order the Marshal to do so. If Plaintiffs wish the Marshal to serve the summons and complaint, they must inform the Court of this within twenty days of the date of this Order and they must arrange to pay the required fee. Rule 4(m) of the Federal Rules of Civil procedure provides:

> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .

Fed. R. Civ. P. 4(m).

In the alternative, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Plaintiffs may request that Defendants waive service of summons. Pursuant to Rule 4, if Defendants, after being notified of this action and requested by Plaintiffs to waive

3

service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that, pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  Defendants are cautioned that Rule 4(d) of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  With this Order, the Clerk of the Court shall mail to Plaintiffs sufficient copies of the forms: "Notice of a Lawsuit and Request to Waive Service of a Summons" and "Waiver of the Service of Summons."

    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    1.  No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the

4

opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiffs.

   2.  Plaintiffs' opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

   Plaintiffs are advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence

showing triable issues of material fact on every essential element of his claim). Plaintiffs are cautioned that because they bear the burden of proving their allegations in this case, they must be prepared to produce evidence in support of those allegations when they file their opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from themselves and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiffs will not be able to avoid summary judgment simply by repeating the allegations of their complaint.

    3. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiffs' opposition is filed.

    4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiffs and any other necessary witnesses confined in prison.

    6. All communications by Plaintiffs with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    7. It is Plaintiffs' responsibility to prosecute this case. Plaintiffs must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    8. Extensions of time are not favored, though reasonable

extensions will be granted.  Any motion for an extension of time must be filed no later than seven days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 12/20/2010

CLAUDIA WILKEN
United States District Judge

<div style="margin-left:2em">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: December 20, 2010

                        Richard W. Wieking, Clerk
                        By: Nikki Riley, Deputy Clerk