IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL, | No. 09-05796 CW |
| Plaintiffs, | ORDER REGARDING PLAINTIFFS' REQUEST FOR CLARIFICATION |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |

On December 9, 2009, Plaintiffs Todd Ashker and Danny Troxell, inmates at Pelican Bay State Prison proceeding pro se, submitted a ninety-five page complaint suing twenty-four Defendants. The Court issued a pre-screening order dismissing several claims addressing the Bureau of Prison Hearings' (BPH) parole procedures and indicating that Plaintiffs must provide fair notice to each Defendant of the claims alleged against him or her and the grounds upon which each claim rested by alleging, in the section addressing each claim, each Defendant's conduct that violated Plaintiffs' federal rights. Plaintiffs filed a motion for the Court to reconsider dismissing their parole procedures claims, which the Court granted. Plaintiffs then submitted a ninety-nine page First Amended Complaint (1AC) suing twenty-five Defendants. In its December 20, 2010 order screening the 1AC, the Court noted that the 1AC did not contain the parole procedures claims and allowed Plaintiffs to file a supplemental complaint containing those claims.

Plaintiffs now file a motion for clarification of the December 20, 2010 Order regarding their parole procedures claims. They point to paragraphs in the complaint that, they say, constitute these claims. The Court has reviewed the paragraphs Plaintiffs cite and finds that several of these paragraphs briefly mention the denial of parole. These brief allusions to the denial of parole, embedded within long paragraphs containing many other allegations, can hardly put the BPH Defendants on notice of the factual or legal allegations against them. However, the Court does not wish Plaintiffs to submit yet another filing before they can serve their complaint. The fact that Plaintiffs have cited the paragraphs that include the allegations against the BPH Defendants should be sufficient, if barely so, to put these Defendants on notice of the claims asserted against them.

Therefore, Plaintiffs are not required to submit a supplemental complaint. When they serve Defendants with their summons and complaint, they must also include the Orders of the Court and their January 5, 2011 Request for Clarification.

IT IS SO ORDERED.

Dated: 1/6/2011

CLAUDIA WILKEN
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

    Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: January 7, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk

3