Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca. 95532
Plaintiffs, In pro-se



FILED
APR - 4 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,
Plaintiffs,
vs.
EDMUND G. BROWN, ~~Arnold Schwarzenegger~~, et al.,
Defendants.

Case No. C09-5796 CW

Plaintiffs' Notice & Motion For Order Permitting Taped-Depositions Of Defendants, & Agent Hawks [per F.R.C.P. #30 & 32]

To Defendants and their counsel of record, PLEASE TAKE NOTICE:

Pro-se Plaintiffs are hereby respectfully moving the Honorable Court to Order Defendants, and their agents [i.e., PBSP-Litigation Coordinator, et al.], to permit the Plaintiffs to conduct tape-recorded depositions on Defendant Wise, and Defendants' Agent Devan Hawks, pursuant to F.R.C.P. #30 & 32. This motion is supported by Plaintiffs' Declarations, and is made and based on the following facts and circumstances.

I. BASIS FOR MOTION

On December 20, 2010, the Court issued an order re: screening the First

⟨1⟩

Amended Complaint [FAC], and granted leave to serve the defendants. In this Order, the Court also authorized Plaintiffs to conduct discovery [DOC# 12, p. 6:16]

On Jan. 31, 2011, Plaintiffs' received notice from the Andrada Law Firm, stating the firm would be representing (9) of the Defendants, including Wise, and waiving formal service.

On Feb. 21, 2011, Plaintiffs mailed opposing counsel a letter, notifying them of their intent to depose Defendant Wise, and Defendants' Agent Devan Hawks, and requesting cooperation in the form of an agreement to conduct said depositions via tape-recording, pointing out that they cannot afford - nor do they have access to a stenographer; as well as Pelican Bay State Prison, having the audio equipment available for use by attorneys [per Dept. Operations Manual, D.O.M. § 54020.32.9.1], [See Ashker Decl., para's# 1-4]

On March 18, 2011, Plaintiffs' received opposing counsels letter, stating that they cannot schedule any depositions because - "they had not yet answered your complaint."
And, they declined to agree to do the depositions without a stenographer.... insisting "that any depositions be recorded by an authorized stenographer per. F.R.C.P.# 30(b)(5). [Id., Ashker Decl., at para# 5]

Plaintiffs have attempted to obtain Defendants' cooperation with tape-recorded depositions - to no avail, thus requiring them to move for a Court Order, authorizing them to do so - supported as follows:

(a) The request to conduct tape recorded depositions is reasonable - and permissable pursuant to F.R.C.P.# 30 and 32(b)(3)(a).

The Plaintiffs' do not have access to a stenographer, nor can they afford the cost of a stenographer [Ashker Decl., para# 2; Troxell Decl., paras# 1-3] Parties to civil litigation are responsible for keeping costs to a minimum.

(b) Plaintiffs' proceed pro-se and they are incarcerated in P.B.S.P. Security Housing Unit (SHU), subject to severe restrictions therein. Thus, they must rely on Defendants, and their Agents [PBSP-Litigation Dept.] to assist in facilitating said tape-recorded depositions.

Noteably, CDCR-Department Operations Manual [D.O.M.] §54020.329.1, requires PBSP-Litigation Dept. to provide audio and video equipment to inmate attorneys - if requested. This should apply equally to pro-se Plaintiffs.

The depositions can be conducted in the (SHU) Parole Board Hearing-room [this is the room where both Plaintiffs were present for a tele-settlement conference before the Hon. Magistrate Zimmerman, in 2007, when they were pro-se in USDC-N.D.Cal#C05-3286 CW; and, Plaintiff Ashker, attended (5) depositions in this room, in 2008-2009, when pro-se in USDC-N.D.Cal#C05-3759 CW.] [Id., Plaintiffs' Decl's, at para's #2]

The oath can be administered by PBSP-Notary, or Defense counsel, per F.R.C.P.#28.(a)(1) [see: Hudson v. Spellman High Voltage, 178 F.R.D. 29, at 32 [E.D.N.Y. 1998]; and, F.R.C.P.#29, and #30(b)(6).

The depositions can be recorded by (2) recorders - simultaneously - thus, both the Plaintiffs' and Defendants' will each have the same tapes.

The Order needs to include who can be present at the depositions, as follows: the deposition will be attended only by Plaintiffs, a minimal number of security staff, the witness, the defendants' counsel, and the person before whom the deposition will be taken, if any. [Such orders are authorized per F.R.C.P.# 26(c)(1)(E)].

(c) Plaintiffs' move for the order permitting live, tape recorded depositions, is also necessary based on their prior experience with litigation involving defend-

⟨3⟩

ants' counsel [Andrada & Assoc's], and Defendants' and their agents, wherein other avenues of discovery [i.e., written deposition questions, interrogatories, admissions], resulted in every evasive tactic invented - wasting a ton of time and effort. Plus, the written discovery presents an extra heavy burden on Plaintiffs' due to Ashker's writting disability for which Troxell, is his appointed writting assistant [per. Americans With Disabilities Act accommodation - see: Ashker Decl., para's #1-3 ; Troxell Decl., para's #1-3]

Thus, the proposed tape-recorded depositions will be less of a burden, and more economical, for all concerned.

(d) Plaintiffs' expect the witnesses to provide testimony related to the following subjects relevant to their claims:

① <u>Defendant Wise</u>

Defendant Wise, was personally involved in reviewing Plaintiffs gang-status, and, alleged that evidence demonstrated they remained active members of the A.B. gang [in 2001]; Plaintiffs' claims against Mr. Wise, include allegations that he was involved in fabricating documentation re: Plaintiffs gang status and related review of said status [in 2001] [See FAC, at para's #9, 48-62, 103-109, 113]

Defendant Wise, was also personally involved in reviewing Plaintiff Ashker's, 2008, inmate appeal challenging his active/inactive gang status review; specifically Mr. Wise, claimed that he "conducted a thorough investigation into Ashker's claim" [challenging policies and practices, and alleged evidence, re: gang activity]; and, "Ashker did not raise any legitimate questions/evidence in his rebuttals to change outcome of active/inactive review." [See FAC, at para's #84, and related para's #73-83, 85-86]

Defendant Wise, is a long term CDCR-PBSP employee, with several years of experience working as a gang investigator; he is familiar with the rules, regulations,

⟨4⟩

and procedures relevant and at issue in this case.

② <u>Defendants' Agent Devan Hawkes</u>

Mr. Hawkes, has been a CDCR-employee since 1984; he has been in gang-investigations for more than (20) years, at PBSP, and is recognized as a gang-expert by CDCR, as well as many other law enforcement organizations. He has testified as a gang-expert in at least (10) cases, including the class-action PBSP-case <u>Madrid v. Gomez</u>, 889 F.Supp.1146, 1240-1241 [N.D.Cal 1995] [<u>See</u> Ashker Decl., para #6, re: Mr. Hawkes attached resume]

Mr. Hawkes, was designated as defendants' expert in Plaintiffs' prior-related case [USDC-N.D.Cal. #C05-3286 CW], wherein he was expected to testify about Plaintiffs' gang-validations, as well as in rebuttal to claims that PBSP-SHU is punitive in nature - with intent being to coerce inmates into becoming CDCR-informants; and, that CDCR-confidential inmate informants provide reliable information [<u>Id</u>., Ashker Decl., para #6, re: Devan Hawkes Disclosure Statement]

Based on Mr. Hawkes knowledge and experience - summarized above, it is expected he will provide testimonial evidence relevant to Plaintiff claims - detailed in their <u>FAC</u> [at <u>paras</u> #15-140]

### CONCLUSION

Having demonstrated good cause, based on this motion, the accompanying declarations, and the file and record in this case, the Plaintiffs do hereby respectfully request the Honorable Court Grant their request to conduct tape-recorded depositions of Mr. Wise, and Mr. Hawkes, per. procedures outlined herein.

Respectfully Submitted,

Dated: March 28, 2011

*Todd Ashker* & *Danny Troxell*
TODD ASHKER    DANNY TROXELL

<5>