Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca. 95532
Plaintiffs, In pro-se +



FILED
APR - 4 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
THE NORTHERN DISTICT OF CALIFORNIA
OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,
Plaintiffs,
VS.
EDMUND G. BROWN, ~~Arnold Schwarzenegger~~, et al.,
Defendants.

CASE No. C09-5796CW

Plaintiff Ashker's Declaration In Support Of Motion For Order Permitting Taped-Depositions Of Defendants, & Agent Hawkes.

I, Todd Ashker, declare:

1) That I am a plaintiff in the above numbered action-proceeding pro-se, and I am submitting this declaration in support of the accompanying "Motion For Order Permitting Taped-Depositions Of Defendants, and Agent Hawkes," based on my personal knowledge and experience as to such matters; and, I can and will competently testify to such matters if called upon.

2) That I have read the accompanying motion, and I hereby verify the statements therein are true and correct pursuant to penalty of perjury.

3) That my request to conduct tape-recorded depositions is made solely for

(1)

the legitimate reasons summarized in the motion, and not based on any type of improper purpose.

4) That the attached [Exhibit A], is a true and correct copy of plaintiffs' letter of Feb. 21, 2011, to attorney Roman, regarding request for cooperation with taped-depositions.

5) That attached [Exhibit A], includes a true and correct copy of attorney Roman's letter of March 15, 2011, declining to cooperate with taped-depositions.

6) That attached [Exhibit B], is a true and correct copy of Devan Hawkes', Disclosure Statement [with resume attached], dated February 8, 2007.

I hereby swear the above is true and correct pursuant to penalty of perjury, and this declaration is executed March 28, 2011, at Crescent City, California.

/s/ Todd Ashker
   Todd Ashker, Plaintiff
      In pro-se

EXHIBIT 'A'

~~DRAFT~~

Nicole Roman, Atty.
180 Grand Ave, Ste. 225
Oakland, Ca. 94612

Feb. 21, 2011

Re: Ashker, et al. v. Brown, et al.
    USDC-ND Cal. # C09-5796 CW

Dear Ms Roman –

We're writing with regards to a couple of matters, as follows:

1) We want to arrange to depose defendant C.H. Wise, & defendant's agent Devan Hawkes – as soon as possible – per. FRCP #30.
We can't afford, & are not in contact with a stenographer, & per FRCP – parties are to do all they can to keep costs down – thus, we propose such depositions be audio taped [the oath can be given via phone conference call]; we will provide factory-sealed audio tapes & PBSP – will have to provide the audio recording equipment [per. D.O.M. § 54020.32.9.1]

Please advise us of when the defendant's agent [PBSP – Litigation Dept.], are able to arrange this, & type of audio tapes required, & we will then send our formal notice of deposition – Mr. Wise first, & Mr Hawkes to follow.

2) In our (FAC) we accidently used the term "subjectively," in place of "substantive(ly)," in several places [e.g., para's 23-25] the correct term is "substantively" – as stated in our claims for relief.

3) On 2/14/11, the Court ~~suby~~ substituted Gov. Brown, for Schwarzenegger.

Thank you for your time, attn., & anticipated cooperation –
s/ T. Ashker & s/ D. Troxell

10

**J. RANDALL ANDRADA**
(510) 287-4163

TEL:    (510) 287-4160
FAX:    (510) 287-4161

www.andradalaw.com



ALICIA KENNON          (510) 287-4187
LYNNE G. STOCKER*      (510) 287-2910
NICOLE ROMAN           (510) 287-2909
MATTHEW ROMAN          (510) 287-4170
VALERIE LY             (510) 287-4165
                       *Of Counsel

March 15, 2011

Todd Ashker, C58191
Pelican Bay State Prison
Box #7500/D1-119
Crescent City, CA  95532

Danny Troxell, B76578
Pelican Bay State Prison
Box #7500/D1-120
Crescent City, CA  95532

Re:   *Ashker v. Brown, et al.*
      USDC, Northern District Case No. C-09-5796-CW
      Our File No.:                    DOC 0922

Gentlemen:

I am in receipt of your letter of February 21, 2011 regarding depositions. As you know, the defendants have not yet answered your complaint. Thus, we are not yet able to schedule any depositions in this matter.

Unfortunately we must decline your request to do the depositions without a stenographer. We must insist that any depositions be recorded by an authorized stenographer per Federal Rule of Civil Procedure 30(b)(5).

Thank you for reading my letter.

Very truly yours,

ANDRADA & ASSOCIATES

NICOLE ROMAN

NR/hs

{00071767.DOC/}            **PROFESSIONAL CORPORATION**
                180 Grand Avenue, Suite 225, Oakland, California 94612

EXHIBIT B

Rule 26 Disclosure Statement
Devan Hawkes

Devan Hawkes
Institutional Gang Investigator
Pelican Bay State Prison
5905 Lake Earl Drive,
Crescent City, CA
Telephone: (707) 465-9122

Re:   *Ashker, et al. v. Schwarzenegger, et al.*
      USDC Northern District Case No. C05 3286 CW

I.   Qualifications

See attached resume.

II.  Opinions

If called to testify in this matter, I would expect to give opinions including, but not limited to, the threat to the safety and security of California prisons posed by prison gangs, the information that is gathered to show that an inmate is associated with a prison gang, the preparation of a gang validation package by the IGI, the evaluation of validation packages by the Special Services Unit (SSU), as well as the debriefing process in general and the role of the IGI in the debriefing process specifically. I further expect to give opinions about the adequacy of the information relied on to retain plaintiffs as validated members of the Aryan Brotherhood (AB) prison gang to the present. I further expect to give opinions about the validity of information provided by debriefing inmates regarding plaintiffs' association with the AB prison gang.

Specifically, I would expect to opine that the IGI properly reviewed the validations of plaintiffs as members of the AB prison gang and updated that status. It is my opinion that there was sufficient reliable information of plaintiffs' association with the AB to retain them as validated members of the AB. It is my opinion that the debriefing process provides reliable information of gang involvement, and that information obtained through debriefing and used to support the retention of plaintiffs as members of the AB

I would expect to testify in rebuttal to claims that the placement of validated members of prison gangs in the Security Housing Unit (SHU) is punitive and that plaintiffs were improperly retained as validated members of the AB. I would testify in rebuttal to claims that the information obtained linking plaintiffs to the AB is unreliable, and that debriefing results in inaccurate and unreliable information. I would also testify in rebuttal to claims that conditions in the SHU force inmates to debrief.

III.   Data Relied Upon

I am familiar with and have considered the pertinent sections of Title 15 and the Department Operations Manual regarding gang validation and the debriefing process. I have considered and relied upon my experience as a CDCR employee. I have also considered draft versions of this disclosure statement.

I am in the process of reviewing the following documents regarding plaintiff Todd Ashker: (1) CDC 128-B forms dated August 2, 2001 and December 31, 2001; (2) CDC 128-B-2 forms dated February 19, 2002 and July 8, 2003; and (3) CDC Confidential Disclosure Forms dated August 24, 2001 through March 21, 2002.

I have reviewed the following documents regarding plaintiff Danny Troxell: (1) CDC 128-B forms dated August 4, 1995, June 4, 1997, May 18, 1998, April 5, 1999, March 15, 2000, and March 19, 2001; (2) CDC 128-B-2 forms dated August 1, 1995 and July 8, 2003; and (3) CDC Confidential Disclosure Forms dated September 21, 1994, July 5, 1996, and July 10, 2001.

IV. Possible Demonstrative Evidence

If called upon to testify in this case, I may want to use exhibits as summaries of, or to support my testimony. These exhibits will be identified at a later time.

V. Compensation

I am an employed by CDCR. I am not being compensated for my testimony.

VI. Other Expert Testimony

I served as an expert witness in *Madrid, et al. v. Gomez, et al*, (1995) (N.D. Cal., No. C90-3094-TEH) regarding gang validation and the debriefing process. See attached resume for additional information.

VII. Other Contracts and Agreements

I have no contracts or agreements with any of the Defendants in this case, except set forth in V., above.

Dated: February 8, 2007

By: Devan Hawkes

{00048030.DOC/}

## Resumé of Devan Hawkes

**EDUCATION:**  A.S., Administration of Justice (December, 1996)
A.A., General (May, 1995)
College of the Redwoods, Del Norte Campus
G.P.A. 3.94 (President's Honor Roll), Phi Theta Kappa

**WORK EXPERIENCE:**  California Department of Corrections
Correctional Officer (July 1984-October 1990)
Correctional Sergeant (October 1990-November 1994)
Correctional Counselor I (November 1994-June 1997)
Correctional Counselor II (June 1997-April 1999)
Special Agent (April 1999-April 2004)
Correctional Counselor II / Gang Specialist (April 2004 to present)

**WORK LOCATIONS:**  California Men's Colony (1984-1989)
Pelican Bay State Prison (1989-1997)
Classification Services Unit (1997-1999)
Special Service Unit, Rancho Cordova (1999-2004)
Pelican Bay State Prison (2004- present)

**COMMENDATIONS:**  Plaque of Appreciation, P.B.S.P./L.E.A.D.N. (03/2006)
Plaque/Appreciation, U.S. Attorney General's Office (2001)
Letter of Appreciation, F.B.I. (1997)
Plaque/Commendation, P.B.S.P./L.E.A.D.N. (03/19/97)
Letter of Appreciation, Attorney General (01/15/97)
Plaque/Employee of the Month (December, 1996)
Letter of Commendation (01/12/96)
Letter of Appreciation, L.A.S.O.-Homicide (12/14/95)
Plaque/Appreciation, P.B.S.P.-Investigations (1994)
Plaque/Appreciation, No. CA Gang Inv. Assoc (9/28/94)
Letter of Appreciation, Sonoma S.O. (08/04/93)
Letter of Appreciation, F.B.I. (07/22/93)
Letter of Appreciation, Attorney General (05/24/93)
Plaque/Appreciation, P.B.S.P.-Investigations (1993)
Letter of Appreciation, C.M.C. (01/26/90)
Letter of Appreciation, California Council on Criminal Justice (3/30/89)
Letter of Appreciation, California Men's Colony, IST (01/17/89)
Letter of Appreciation, California Men's Colony, Intake (07/28/87)

**SPECIAL SKILLS:**  Bilingual (Spanish, certified verbal and written fluency, 01/28/85)
Gang Investigator (1986-1988, 1989-1994, 1996-1997, 1999-present)

**ORGANIZATIONS:**  Prison Gang Task Force/California Gang Task Force
International Latino Gang Investigators Association
California Gang Investigators Association
Northern California Gang Investigators Association
Southern California Gang Investigators Association
California Central Coast Investigators Association

**COURT CASES** (testimony relevant to gangs and their activities)
- Madrid v Gomez (Prison use of force, medical treatment, segregated housing, gang management) [San Francisco]
- U.S. v Alex Aguirre, et al (Mexican Mafia R.I.C.O.) [Los Angeles]
- California v Frank Buelna (Mexican Mafia) [Los Angeles]
- California v Gabriel Deanda, et al (Mexican Mafia) [San Bernardino]
- California v Robert Lopez, et al (Nuestra Familia) [Santa Clara]
- U.S. v Frank Madriaga (Mexican Mafia) [San Diego]
- California v Robert Noel and Margerie Knoller (Aryan Brotherhood) [San Francisco]
- California v Joseph Hernandez, et al. (Nuestra Familia, Op. Black Widow) [San Francisco]
- Aaron Escalera v McGrath (Mexican Mafia, lock-downs due to gang activity) [Del Norte]
- Marcus Harrison v. McGrath (Black Guerrilla Family) [Del Norte]