Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca. 95532
Plaintiffs, In pro-se

**FILED**
APR 1 4 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,
Plaintiffs,
VS.
~~Arnold Schwarzenegger~~ EDMUND G. BROWN, et al.,
Defendants.

CASE No. C09-5796 CW

Plaintiffs' Notice & Motion For Relief From Defendants' Interference With Ability To Prosecute This Case

To Defendants and their counsel of record, PLEASE TAKE NOTICE:

Pro-se Plaintiffs' in the above numbered case respectfully request the Honorable Court For Relief From Defendants' Interference With Ability To Prosecute This Case. Specifically, Plaintiffs' seek relief from Defendants' Agents, refusal to photocopy their legal material re: discovery-investigation process; and, policies and practices re: legal document photocopy process, as detailed below and supported by accompanying declarations of Plaintiffs.

I. SUMMARY OF FACTS AT ISSUE — A. Discovery-Witness Photocopies

On Dec 20, 2010, the Court issued an order, allowing Plaintiffs First Amended

⟨1⟩

Complaint [FAC], to proceed, and authorized discovery [DOC #12, p.6:16]

In early March 2011, Plaintiff Troxell, prepared a handwritten "Summary OF Formal Complaint", consisting of a (14) page summary of claims, and examples of the type of injunctive-relief sought, re; the 100 page [FAC] issues.

Mr. Troxell, also handwrote a (1) page letter addressed to Potential Inmate Witnesses, wherein he briefly explains what the "summary" is, and asking for a declaration and documentary support, from similarly situated inmate witnesses; as well as an (8) page typed version of the "Summary of Formal Complaint", minus the examples of injunctive-relief sought [See: Troxell Declaration, paras #1-3]

The purpose of the above documents was for contacting several similarly situated PBSP-SHU inmates believed to have supporting evidence relevant to the (FAC) challenges to numerous (CDCR-PBSP) policies and practices [See: FAC, paras #1-263, and, Troxell Decl., paras #1-3]

On March 22, 2011, Mr. Troxell submitted the above documents to the PBSP-SHU Law Library, together with a Request For Legal Photocopy Service, wherein he requested (8) copies of document type ..."Discovery Re: Witness Declarations" [Id., Decl, para #4(a)]

On March 23, 2011, Law Library Photocopy Officer Lyons, rejected the above request stating ..."All documents must be completed and signed." [Id, para #4(a)]

On March 23, 2011, Mr. Troxell, resubmitted the above material for copying, along with a "Request For Interview" to C/O Lyons, ...explaining the material was complete, and that it was re: discovery - witness declarations [Id, paras 2, 4(b)(c)]

On March 25, 2011, Mr. Troxell received the above material back again; it was rejected this time by Law Library C/O Reick, with a note; ..." resubmit with cover page state what court you're sending this to. And why "8" copies." [Id]

On March 28, 2011, Mr. Troxell returned the above material to Law Library for

copies, along with a more detailed explanation on a "Request For Interview", as to what the documents are for. [Id., Troxell Decl., paras # 2, 4(d)(e)]

On April 4, 2011, Mr. Troxell received the above material back again; it was now rejected by Senior Librarian McCumsey, based on, "uncertainty about information to potential witnesses being covered by discovery" [Id., para # 4(e)]

Plaintiff Ashker has been challenging conditions of confinement at (PBSP-SHU) via 42 USC §1983, in USDC-N.D.Cal, since 1991, and has never had a problem obtaining copies of legal material necessary to explain the cases to similarly situated inmate witnesses as part of cases investigation-discovery process. Additionally, it is common practice for inmate attorneys to do the same thing [See: Ashker Decl, paras # 1-5]

PBSP-Law Library staff are agents, and coworkers, of many of the Defendants'; they are employees carrying out their duties pursuant to policy of Defendants' Cate, and Lewis; as such, Mr's Cate and Lewis, are responsible, and it is not permissable for Defendants' agents' to interfere with Plaintiffs' legitimate investigatory/discovery process.

Nor is it reasonable to force them to handwrite tons of pages of documents, for each of many inmate witnesses enquiries; especially when the material is the same, and Troxell already does a ton of writing as Mr. Ashker's writing asst., per A.D.A.-accommodation [Id., Troxell Decl., para # 2 ; Ashker Decl, paras # 2-6]

Additionally, obtaining copies of the same material, going to inmates, makes it easier for PBSP-staff who review inmate-to-inmate legal correspondence, because per. policy, when the Law Library officer brings Mr. Troxell his copies, he places them directly into envelopes addressed to each inmate witness and gives the envelopes to the Law Library Officer, for delivery to the counselor for review and approval [Id., Troxell Decl., paras # 2-3]

⟨3⟩

An Order directing PBSP Warden Def. Lewis, to prohibit his agents [Library Staff] from interfering with Plaintiffs' ability to obtain photocopies re: witness investigation - discovery process is required based on the above, and fact that this is a major case that will require Plaintiffs' to be able to share copies of material with many similarly situated inmates [Id., Troxell Decl., para #2 ; Ashker Decl., paras 2-7]

B. Number of Pages of Photocopy Material

On December 24, 2009, Calif. Code of Regulations [CCR], Title 15 § 3162(c), was amended and states, "A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, not to exceed (50) pages total in length, except when necessary to advance litigation. The inmate shall provide to designated staff a written explanation of the need for excess document length."

In addition, the CDCR - Operations Manual [D.O.M.], § 101120.15 states in part, "A legal document to be duplicated for any inmate, including all exhibits and attachments, shall be limited to the maximum number of pages needed for the filing, not to exceed (50) pages in length. Requests by an inmate to duplicate a legal document exceeding (50) pages in length shall be granted when accompanied by a reasonable explanation of the need. In no event shall staff be required to duplicate a legal document exceeding [100] pages in length in the absence of a court order directing the duplication."

The above CCR, Title 15, and D.O.M., sections are a major problem, and have caused lengthy delays in Plaintiffs' litigation efforts, as well as presenting a burden to Plaintiffs and the Court as briefly stated below:

① Plaintiffs' have had repeat problems with Defendant Lewis' agent [Senior Library staffer, Ms. McCumsey] violating law, policy and procedures re: requirement that

⟨4⟩

inmates provide a reasonable explanation of need to duplicate a legal document exceeding (50) pages", as exemplified below.

a) On June 11, 2010, Mr. Ashker, submitted a legal copy request for (75) pages, consisting of his motion for costs and out-of-pocket expenses [8 pgs], Exhibits [66 pgs] and Proof of Service (1 pg) [re: USDC-N.D.Cal.#C05-3759CW]; and, on the copy form line titled ..."Justification" he wrote ...."this is my motion for out of pocket expenses, with (66) pages of exhibits, I need to file per Court Order of 5/17/10, citing Dang v. Cross, 422 F.3d 800, 814, and Chalmers v. City of L.A., 796 F2d 1205, 1216, n.7 - motions for expenses must be supported by documentation - 66 pgs are such documents". [Ashker Decl., para #2]

At the top of the copy form he wrote ..."I HAVE A Filing Deadline of 6/25/10" Law Library staff repeatedly rejected the above copy request, and Ms McCumsey, sent the motion and exhibits to PBSP Litigation Office, who in turn contacted opposing counsel [atty Andrada], who then sent Mr Ashker an e-mail to chastize him for attempting to violate copy rules and informing him his motion would not be copied [on 6/24/10]. [Id., Decl., para #2]

Mr. Ashker had to move for extension of time, plus write out repeated explanations as to what the motion was for and why it was (75) pages.

Ms McCumsey, then demanded that a "reasonable justification" would be for him to state ..." exhibit A consists of (10) pgs, and is referenced at page 2 of the motion; exhibit B is (4) pgs, and is referenced at pg 2 of the motion", etc., etc.

It took approximately (2) months to get the copies done; the above is one example of many problems [Ashker Decl., para #2]

b) Mr. Troxell, has had similar problems, an example being ---- on May 26, 2010, he requested copies of the 100 page (FAC), .... Ms. McCumsey, demanded an explanation, as to why the (FAC) was 100 pages. [Troxell Decl, para #2]

(2) The burden re: (50) page explanation, and (100) page requirement for a Court Order is   a) This requires more writing, which is a hardship for Plaintiffs, because of Mr. Ashker's disability, and Mr. Troxell, being his writing assistant [See Decl of Ashker, para # 2  ; and Troxell, para # 2 ]

b) This will also require Plaintiffs' to file, and the Court's ruling on numerous motions for orders re: photocopy orders of (100) or more pages; such copying orders of (100) or more pages are common place, based on experience, and this includes motions, reply-briefs, opposition briefs, declarations and exhibits, discovery requests, which often require exhibits - based on Plaintiffs' personal-experience [e.g., see dockets in USDC-N.D.Cal. # C07-1109 CW; C05-3286 CW; C05-3759 CW; Ashker Decl, para # 2 ]

c) Plaintiffs' have filed and exhausted several (602) inmate appeals re: the photocopying problems summarized in this motion [e.g. Log #'s D10-02668, and #D10-02356]; and Mr. Ashker, & Mr Troxell, both requested an exemption from such policies due to disability issues, all to no avail [Ashker Decl, para # 2  ; and Troxell Decl, para # 2 ]

<u>LEGAL AUTHORITY</u>

The Supreme Court has said: "Regulations and practices that unjustifiably obstruct the availability of professional representation <u>or</u> other aspects of the right of court access are invalid" <u>Procurier v. Martinez</u>, 416 US 396, 419, 94 S.Ct. 1800 [1974]. Thus, the Supreme Court has struck down a prison rule that allowed prisoners to file only those legal papers that prison and parole officials determined were "properly drawn". <u>Ex Parte Hull</u>, 312 US 546, 549, 61 S.Ct. 640 [1941]. One Court has held that prison staff can not read inmates legal documents, submitted for photocopying. And, ordered prison staff to

(6)

photocopy the documents in front of the inmate(s); the circumstances are similar to Plaintiffs' [See: Casey v. Lewis, 834 F.Supp. 1553, at 1568 [D. Ariz. 1993]]

Additionally, a prisoner proceeding in pro-se has the constitutional right to undertake legal investigation and documentation of his or her claims in the manner any attorney would. Valandingham v. Bojorquez, 866 F.2d 1135 [9th Cir. 1989]

The policies and practices at issue in this motion violate the above legal precedent and principles therein. Defendants agents are refusing to copy legal documents needed by Plaintiffs' re: witness contact, relating to their investigation and discovery process. As well as, requiring onerous-redundant, repeat explanations about photocopy orders — all of which shows said agents are reading the material, and trying to dictate what can, or cannot, be copied re: inmates litigation — challenging prison conditions. Plus, they are sharing such material with opposing counsel, who directs them not to copy it; and, they require a court order for any/all material that is (100) pages plus.

In such circumstances Plaintiffs' have no option other than to seek court relief, in form of a Protective Order.

## CONCLUSION

Having shown good cause, based on this motion and accompanying declarations and, the file and record in this case, the pro-se Plaintiffs' respectfully move the Honorable Court to Grant the motion, as deemed just, proper, and equitable.

Dated: April 6, 2011

Respectfully Submitted,
Todd Ashker  & Danny Troxell
Todd Ashker     Danny Troxell

⟨7⟩