J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
NICOLE ROMAN (SBN 267730)
nroman@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California  94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendants
GOVERNOR EDMUND G. BROWN, JR., WILLIAM BARLOW, DARRIN BRADBURY, MATTHEW CATE, JOHN HARRISON. AMANDA HERNANDEZ, ROBERT HOREL, FRANCISCO JACQUEZ, RICHARD JOHNSON, GREG LEWIS, JOE MCGRATH, JOHN MCKINNEY, ROBERT RICE, BRYAN THORNTON, GARY WISE, AND JEANNE WOODFORD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD L. ASHKER and DANNY TROXELL,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR EDMUND G. BROWN, JR., MATHEW CATE, RODERICK HICKMAN, JEANNE WOODFORD, JOE MCGRATH, RICHARD KIRKLAND, ROBERT HOTEL, FRANCISCO JACQUES, WILLIAM BARLOW, R.L. JOHNSON, D.W. BRADBURY, J. MCKINNEY, ROBERT MARQUEZ, R. RICE, JOHN HARRISON, B. THORNTON, G.H. WISE, A. HERNANDEZ, ROBERT DOYLE, SUSAN FISHER, ROBERT HARMON, HOLLIS, GILLINGHAM, D. SMITH, AND S. TUCKER, et al.,<br><br>Defendants. | Case No.:  4:09-cv-05796-CW<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER PERMITTING TAPED DEPOSITIONS OF DEFENDANTS AND AGENT HAWKES (DOCKET NO. 27)** |

Defendants GOVERNOR EDMUND BROWN, MATTHEW CATE, JEANNE WOODFORD, JOE MCGRATH, GREG LEWIS, ROBERT HOREL, FRANCISCO JACQUEZ, WILLIAM BARLOW, RICHARD JOHNSON, ROBERT RICE, BRYAN THORNTON, GARY

1

WISE, AMANDA HERNANDEZ, DARRIN BRADBURY, JOHN MCKINNEY, AND JOHN HARRISON hereby oppose the plaintiffs' MOTION FOR ORDER PERMITTING TAPED DEPOSITIONS OF DEFENDANTS AND AGENT HAWKES.

Plaintiffs filed said motion on April 4, 2011. Defendants have not yet answered in the above-referenced case. However, Defendants object to Plaintiffs' motion on the grounds that the request is untimely, unduly burdensome, and lacks legal authority.

FACTS

Defense counsel has agreed to waive service for the above-named employees. Defense counsel is working diligently to answer Plaintiffs' 100-page First Amended Complaint on behalf of these defendants. Plaintiffs have taken advantage of Defendants' cooperation and propounded significant written discovery. Plaintiffs have also requested defense counsel stipulate to audio-taped depositions of certain parties and non-parties. Again, the Defendants' answer has not yet been filed. Thus, on March 14, 2011, defense counsel wrote Plaintiffs a letter informing them that their discovery requests were premature. Defense counsel also stated that Defendants would not waive their right to have the deposition conducted before an officer of the court pursuant to Federal Rule of Civil Procedure 30.

On April 4, 2011, Plaintiffs filed a motion demanding the court order Defendants to permit Plaintiffs to conduct audio-taped depositions without a stenographer. The Plaintiffs claim they are unable to obtain a stenographer, and that audio-taped depositions would be less burdensome for all parties. The request is premature. The plaintiffs provide no evidence of any attempt to obtain a stenographer or of their inability to afford a stenographer. Furthermore, complying with Plaintiffs' demand would be incredibly burdensome for Defendants. Plaintiffs' legal authority is unpersuasive. Thus, Defendants request that the Court deny Plaintiffs' motion.

ARGUMENT

<u>Plaintiffs' Request is Premature Because Defendants Have Not Yet Answered</u>.

In order to cooperate with Plaintiffs, Defendants agreed to waive service of the complaint. Defense counsel has not yet been able to contact all of the defendants and thus has not yet filed waivers of service. Accordingly, service has not yet been perfected, and the discovery is premature.

2

*Howard v. Heffron*, 118 F.R.D. 590, 30 (1988) (Stating that an inmate's discovery served one month prior to service of the complaint was improper and unenforceable).

There is no risk of the loss of testimony. There is no evidence that discovery must be conducted immediately to prevent a failure or delay of justice. In sum, there is no evidence justifying Plaintiffs' demand to conduct discovery before Defendants answer the complaint.

<u>Plaintiffs Fail to Provide Any Evidence That They Have Attempted to Obtain a Stenographer or Are Unable to Afford One.</u>

Plaintiffs fail to provide any evidence that they "do not have access to a stenographer, nor can they afford the cost of a stenographer." Their declarations fail to mention any efforts to obtain a stenographer or their ability to pay for the same. The court has denied Plaintiffs' request to proceed *in forma pauperis* in this matter. (Docket No. 7.) There is no evidence that Plaintiffs are unable to obtain or afford a stenographer. Thus, there is no justification for deposing the defendants without a stenographer.

<u>Plaintiffs' Motion Imposes a Serious Burden on Defendants.</u>

Plaintiffs allege that taking the depositions via tape recorder would be more economical than written depositions. They claim this is true for all parties. This allegation is simply false. Allowing the Plaintiffs to take the depositions via tape recorder imposes significant expenses on Defendants. These expenses include the cost of employing extra staff to transport the plaintiffs to/from the depositions, providing security for the depositions, providing the means of recording the depositions, and transcribing the depositions. Likewise, Defendants would incur significant costs of defense counsel traveling to Crescent City. Defendants should not be required to bear such costs.

Furthermore, due to their incarceration in the Security Housing Unit (SHU), Plaintiffs are not permitted to be in the same room together. Plaintiffs are both validated members of the Aryan Brotherhood prison gang. Their request to be present in the room together for the depositions presents significant security concerns. Thus, Defendants object to Plaintiffs' request on institutional security grounds.

///

///

<u>Plaintiffs' Cited Authority is Neither Binding Nor Persuasive.</u>

Plaintiffs' citation to *Hudson v. Spellman High Voltage*, 178 F.R.D. 29 (E.D.N.Y. 1998) is unpersuasive. First, it should be noted that *Hudson* is a district court case from the Eastern District of New York. Thus, it is not binding authority.

*Hudson* involved a pro se employee who alleged that his employer discriminated against him based on his race. Mr. Hudson requested permission to take the depositions of several witnesses telephonically due to the significant geographic distance between the plaintiff and the witnesses. *Id*. at 30. Mr. Hudson offered to provide a notary and record the depositions on an audio cassette. The court permitted Mr. Hudson to take the depositions in this manner, with the condition that if Mr. Hudson intended to introduce any portions of tape-recorded depositions at trial, he would be required to provide the defendant and the court with written transcripts. *Id*. at 31-32.

The circumstances presented in *Hudson* are easily distinguishable from the instant action. Mr. Hudson was financially unable to take the deposition in person. In the instant action, Plaintiffs have provided no evidence of their financial status. Furthermore, Mr. Hudson's inability to depose the witnesses was based on distance, not incarceration. In the instant action, Plaintiffs' incarceration obviously provides significant logistical hurdles and security concerns not present in *Hudson*. Likewise, Mr. Hudson's request did not impose a serious financial burden on the defendants. As stated above, granting Plaintiffs' request in the instant action would impose a significant financial burden on Defendants. It follows that *Hudson* is distinguished from the instant action and thus does not warrant granting Plaintiffs' demand.

Plaintiffs' request is untimely and imposes a significant burden on Defendants. Thus, the motion should be denied.

CONCLUSION

Plaintiffs' demand for a court order to allow audio-taped depositions is premature. There is no evidence supporting Plaintiffs' contention that they cannot afford a stenographer. Furthermore, the demand places a significant burden on Defendants.

///

///

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

Dated: April 19, 2011                                       ANDRADA & ASSOCIATES

                                                            By /s/ Nicole Roman
                                                            ─────────────────────
                                                            NICOLE ROMAN
                                                            Attorneys for Defendants
                                                            GOVERNOR EDMUND G. BROWN, JR.,
                                                            WILLIAM BARLOW, DARRIN
                                                            BRADBURY, MATTHEW CATE, JOHN
                                                            HARRISON. AMANDA HERNANDEZ,
                                                            ROBERT HOREL, FRANCISCO
                                                            JACQUEZ, RICHARD JOHNSON, GREG
                                                            LEWIS, JOE MCGRATH, JOHN
                                                            MCKINNEY, ROBERT RICE, BRYAN
                                                            THORNTON, GARY WISE, AND
                                                            JEANNE WOODFORD