1   J. RANDALL ANDRADA (SBN 70000)
    randrada@andradalaw.com
2   NICOLE ROMAN (SBN 267730)
    nroman@andradalaw.com
3   **ANDRADA & ASSOCIATES**
    **PROFESSIONAL CORPORATION**
4   180 Grand Avenue, Suite 225
    Oakland, California  94612
5   Tel.:    (510) 287-4160
    Fax:    (510) 287-4161
6
    Attorneys for Defendants
7   GOVERNOR EDMUND G. BROWN, JR., WILLIAM BARLOW,
    DARRIN BRADBURY, MATTHEW CATE, ROBERT DOYLE,
8   SUSAN FISHER, HOLLIS GILLINGHAM, ROBERT HARMON,
    JOHN HARRISON. AMANDA HERNANDEZ, ROBERT HOREL,
9   FRANCISCO JACQUEZ, RICHARD JOHNSON, RICHARD KIRKLAND,
    GREG LEWIS, ROBERT MARQUEZ, JOE MCGRATH, JOHN MCKINNEY,
10  ROBERT RICE, DENNIS SMITH, BRYAN THORNTON, STEVE TUCKER,
    GARY WISE, AND JEANNE WOODFORD
11
12                 UNITED STATES DISTRICT COURT
13             FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                      OAKLAND DIVISION
15

16  TODD L. ASHKER and DANNY TROXELL,          Case No.:  4:09-cv-05796-CW

17         Plaintiffs,

18         v.                                   **ANSWER OF DEFENDANTS ROBERT**
                                                **DOYLE, SUSAN FISHER, HOLLIS**
                                                **GILLINGHAM, ROBERT HARMON,**
19  GOVERNOR EDMUND G. BROWN, JR.,             **DENNIS SMITH, AND STEVE TUCKER**
    MATHEW CATE,RODERICK HICKMAN,              **TO PLAINTIFFS' FIRST AMENDED**
20  JEANNE WOODFORD, JOE MCGRATH,              **COMPLAINT AND DEMAND FOR JURY**
    RICHARD KIRKLAND, ROBERT HOTEL,            **TRIAL**
21  FRANCISCO JACQUES, WILLIAM
    BARLOW, R.L. JOHNSON, D.W.
22  BRADBURY, J. MCKINNEY, ROBERT
    MARQUEZ, R. RICE, JOHN HARRISON, B.
23  THORNTON, G.H. WISE, A. HERNANDEZ,
    ROBERT DOYLE, SUSAN FISHER, ROBERT
24  HARMON, HOLLIS, GILLINGHAM, D.
    SMTH, AND S. TUCKER, et al.,
25
           Defendants.
26

27         COME NOW defendants ROBERT DOYLE, SUSAN FISHER, HOLLIS GILLINGHAM,

28  ROBERT HARMON, DENNIS SMITH, and STEVE TUCKER who answer the first amended

                                          1

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

complaint of plaintiffs TODD ASHKER and DANNY TROXELL as follows:

Please note that "defendants" refers to these answering defendants. The pronouns "he" and "his" include the masculine, feminine, singular, plural, and neuter. "Complaint" refers to the original and all amended complaints. "Plaintiff" refers to both plaintiffs as appropriate.

## I.   JURISDICTION & VENUE

1. Answering paragraphs 1 and 2 of the First Amended Complaint, defendants admit jurisdiction and venue are proper.

## II.   PARTIES

2. Answering paragraph 3 of the First Amended Complaint, defendants admit the allegations contained therein.

3. Answering paragraphs 4-14 of the First Amended Complaint, defendants admit that plaintiffs generally state the occupations and duties of the defendants. Defendants admit that they are sued in their official capacities. Defendants deny the remaining allegations in said paragraphs.

## III.   INTRODUCTION

4. Answering paragraph 15 of the First Amended Complaint, defendants admit that the paragraph summarizes the complaint, but deny any and all liability.

5. Answering paragraphs 16 and 17 of the First Amended Complaint, defendants admit that said action arises from Defendants policies, customs, practices, and/or acts and omissions. Defendants deny the remaining allegations in said paragraphs. Defendants deny any and all liability.

## IV.   FACTS

6. Answering paragraph 18 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs.

7. Answering paragraph 19 of the First Amended Complaint, defendants admit that Mr. Ashker was classified as an AB member in 1988, and admit Mr. Ashker has denied affiliation in previous lawsuits. Defendants deny each and all of the remaining allegations in said paragraph.

8. Answering paragraph 20 of the First Amended Complaint, defendants admit that Mr. Ashker has been in the SHU at various prisons since 1986. Defendants admit that Mr. Ashker has been housed in the SHU at PBSP since 1990. Defendants deny each and all of the remaining

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  allegations in said paragraph.

2      9. Answering paragraph 21 of the First Amended Complaint, defendants admit Mr. Troxell

3  was classified as an AB member in 1989.  Defendants admit that Mr. Troxell has denied affiliation in

4  previous lawsuits.  Defendants deny each and all of the remaining allegations in said paragraph.

5      10.    Answering paragraph 22 of the First Amended Complaint, defendants admit that Mr.

6  Troxell has been in the SHU at various prisons since 1985.  Defendants admit he has been housed in

7  the SHU at PBSP since 1989.  Defendants deny each and all of the remaining allegations in said

8  paragraph.

9      11.    Answering paragraph 23 of the First Amended Complaint, defendants admit plaintiffs

10  received reviews of their gang status in 1995, 2001, 2002, 2003 and 2007.  Defendants admit

11  plaintiffs received notice and an opportunity to be heard in 2007 and were subsequently revalidated.

12  Defendants deny each and all of the remaining allegations in said paragraph..

13      12.    Answering paragraph 24 of the First Amended Complaint, defendants admit plaintiffs

14  have filed 602s challenging their gang validation.  Defendants deny each and all of the remaining

15  allegations in said paragraph.

16      13.    Answering paragraph 25 of the First Amended Complaint, defendants deny the first

17  sentence as phrased.  Regarding the second sentence, plaintiffs appear to set forth an overly broad

18  generalization of several points of law.  As defendants understand it, the nature and extent of a

19  "liberty interest" is a question of law.  Defendants deny each and all of the remaining allegations of

20  said paragraph.

21      14.    Answering paragraph 26 of the First Amended Complaint, defendants admit that

22  plaintiffs could possibly be released from the SHU if they debriefed.  Defendants deny that the

23  policy for debriefing is as described by plaintiffs in paragraph 26.  Defendants deny each and all of

24  the remaining allegations in said paragraph.

25      15.    Answering paragraphs 27 and 28 of the First Amended Complaint, defendants deny each

26  and all of the allegations in said paragraphs.

27      16.    Answering paragraph 29 of the First Amended Complaint, plaintiff fails to provide

28  the name and action number of the Superior Court case referenced therein.  In any event, the rulings

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

3

1    in that case speak for themselves.

2        17.    Answering paragraph 30 of the First Amended Complaint, defendants admit that

3    California Code of Regulations has rules regarding SHU confinement.  Defendants deny each and all

4    of the remaining allegations in said paragraph.

5        18.    Answering paragraph 31 of the First Amended Complaint, defendants deny each and

6    all of the allegations in said paragraph.

7        19.    Answering paragraph 32 of the First Amended Complaint, defendants deny each and

8    all of the allegations in said paragraph.

9        20.    Answering paragraphs 33, 34 and 35 of the First Amended Complaint, defendants

10   deny each and all of the allegations in said paragraphs.

11       21.    Answering paragraph 36 of the First Amended Complaint, defendants admit that

12   validations are based in part on such statements.

13       22.    Answering paragraph 37 of the First Amended Complaint, defendants deny each and

14   all of the allegations in said paragraph.

15       23.    Answering paragraph 38 of the First Amended Complaint, defendants admit that

16   divulging the identities and details of such statements might place the informant and his family

17   members at risk.

18       24.    Answering paragraph 39 of the First Amended Complaint, defendants admit that

19   defendants refuse to formally disclose identities and statements of confirmed inmate informants for

20   safety reasons.  Defendants deny the remainder of the allegations in said paragraph

21       25.    Answering paragraphs 40 and 41, defendants deny each and all of the allegations in said

22   paragraphs.

23       26.    Answering paragraph 42 of the First Amended Complaint, defendants admit the

24   allegations contained therein.

25       27.    Answering paragraphs 43 and 44of the First Amended Complaint, defendants by and

26   through their counsel have requested that certain records from 1988 be located.  Defendants deny for

27   lack of information and belief the allegations of said paragraphs because they have not had a

28   reasonable opportunity to review said records.  Defendants reserve the right to amend their answer

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

4

1 upon obtaining and reviewing said records.

2      28.   Answering paragraph 45 of the First Amended Complaint, defendants admit that the

3 plaintiff denies affiliation and states his position.

4      29.   Answering paragraph 46 of the First Amended Complaint, defendants deny for lack of

5 information and belief as to why he does not attend.

6      30.   Answering paragraph 47 of the First Amended Complaint, defendants deny each and all

7 of the allegations in said paragraph.

8      31.   Answering paragraph 48 of the First Amended Complaint, defendants admit that it

9 promulgated said standard, and deny the allegations beginning with "[see above paras. #35 [d-h]…"

10     32.    Answering paragraph 49 of the First Amended Complaint, defendants by and through

11 their counsel have requested that certain records from 1988 be located.  Defendants deny for lack of

12 information and belief the allegations of said paragraph because they have not had a reasonable

13 opportunity to review said records.  Defendants reserve the right to amend their answer upon

14 obtaining and reviewing said records.

15     33.    Answering paragraph 50 of the First Amended Complaint, plaintiff alleges being informed

16 of a "status" in July, 2001, by a person who is not a defendant.  Given the passage of time and the fact

17 that the alleged statement was made by a non-party, defendants deny the allegations in said paragraph

18 for lack of information and belief at this time.  Defendants by and through their counsel have

19 requested that certain records from 2001 be located.  Defendants have not had a reasonable

20 opportunity to review said records.  Defendants reserve the right to amend their answer upon

21 obtaining and reviewing any such records.

22     34.   Answering paragraphs 51 and 52 of the First Amended Complaint, defendants admit the

23 allegations contained therein.

24     35.   Answering paragraph 53 of the First Amended Complaint, defendants admit that the

25 plaintiff so received the chrono.  Defendants deny each and all of the remaining allegations in said

26 paragraph for lack of information and belief.

27     36.   Answering paragraph 54 of the First Amended Complaint, defendants deny each and all

28 of the allegations in said paragraph.

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

5

37. Answering paragraph 55 of the First Amended Complaint, defendants admit that plaintiffs accurately state certain aspects of the memos.

38. Answering paragraph 56 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

39. Answering paragraph 57 of the First Amended Complaint, defendants admit that the plaintiff submitted said 602, the content of which speaks for itself.

40. Answering paragraph 58 of the First Amended Complaint, defendants admit that the appeal was denied. Defendants deny each and all of the remaining allegations in said paragraph.

41. Answering paragraph 59 of the First Amended Complaint, defendants deny for lack of information and belief the sentence beginning with "Ashker received" and ending with "October 14, 2001". Defendants admit the appeal was denied at the Director's Level. Defendants deny the remaining allegations of said paragraph.

42. Answering paragraph 60 of the First Amended Complaint, defendants admit that the document was admitted into evidence in Case No. 05-3286. Defendants admit that the content of the document speaks for itself.

43. Answering paragraph 61 of the First Amended Complaint, defendants admit that the content of the document speaks for itself.

44. Answering paragraph 62 of the First Amended Complaint, defendants admit that Mr. Ashker has submitted 602s regarding his status. Defendants deny each and all of the allegations in said paragraph.

45. Answering paragraph 63 of the First Amended Complaint, defendants admit that Mr. Ashker was re-validated on July 8, 2003. Defendants deny the remainder of the allegations in said paragraph.

46. Answering paragraph 64 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

47. Answering paragraph 65 of the First Amended Complaint, defendants admit that the plaintiff submitted said 602, the content of which speaks for itself. Defendants deny that the review was a sham.

{00074617.DOC/} 0922

*Ashker/Troxell. v. Brown, et al.*

DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL

C 09 05796 CW

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

48.   Answering paragraph 66 of the First Amended Complaint, defendants admit that the appeal was denied.  Defendants deny each and all of the other allegations in said paragraph.

49.   Answering paragraph 67 of the First Amended Complaint, defendants admit that the appeal was so rejected.  Defendants deny each and all of the other allegations in said paragraph.

50.   Answering paragraph 68 of the First Amended Complaint, defendants admit that plaintiffs submitted said appeal.

51.   Answering paragraph 69 of the First Amended Complaint, defendants admit that plaintiffs accurately state certain aspects of the appeal.  Defendants deny any and all liability.

52.   Answering paragraph 70 of the First Amended Complaint, defendants admit that the appeal was denied.  Defendants deny each and all of the other allegations in said paragraph.

53.   Answering paragraph 71 of the First Amended Complaint, defendants admit that the appeal was denied.  Defendants deny each and all of the other allegations in said paragraph.

54.   Answering paragraph 72 of the First Amended Complaint, defendants admit that plaintiff sent such a memo.  Defendants deny any and all liability.

55.   Answering paragraph 73 of the First Amended Complaint, defendants admit that there was such an investigation.

56.   Answering paragraph 74 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

57.   Answering paragraph 75 of the First Amended Complaint, defendants admit the first sentence in said paragraph.  Defendants deny each and all of the remaining allegations in said paragraph.

58.   Answering paragraph 76 of the First Amended Complaint, defendants admit the allegations contained therein.

59.   Answering paragraph 77 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.  Defendants deny any and all liability.

60.   Answering paragraph 78 of the First Amended Complaint, defendants admit that plaintiff submitted said appeal.

61.   Answering paragraphs 79, 80, 81 and 82 of the First Amended Complaint, defendants admit

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

7

that plaintiffs accurately state certain aspects of the appeal. Defendants deny any and all liability.

62.   Answering paragraphs 83 and 84 of the First Amended Complaint, defendants admit the allegations contained therein.

63.   Answering paragraphs 85 and 86 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs.

64.   Answering paragraph 87 of the First Amended Complaint, defendants admit that the appeal was denied. Defendants deny each and all of the other allegations in said paragraph.

65.   Answering paragraph 88 of the First Amended Complaint, defendants admit that plaintiff has been confined in the SHU for 23 years. Defendants deny each and all of the other allegations in said paragraph.

66.   Answering paragraphs 89, 90, and 91 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

67.   Answering paragraphs 92 of the First Amended Complaint, defendants admit the allegations contained therein.

68.    Answering paragraph 93 of the First Amended Complaint, given the passage of time and the fact that the alleged actions were made by a non-parties, defendants deny the allegations in said paragraph for lack of information and belief at this time. Defendants by and through their counsel have requested that certain records be located. Defendants have not had a reasonable opportunity to review said records. Defendants reserve the right to amend their answer upon obtaining and reviewing said records.

69.   Answering paragraphs 94, 95, 96, 97, and 98 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs for lack of information and belief.

70.   Answering paragraph 99 of the First Amended Complaint, defendants admit that said appeal was denied. Defendants deny for lack of information and belief the allegations beginning with the phrase "while at the same time…"

71.   Answering paragraph 100 of the First Amended Complaint, defendants admit the allegations contained therein.

72.   Answering paragraph 101 of the First Amended Complaint, defendants admit the

{00074617.DOC/ } 0922

DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL

*Ashker/Troxell. v. Brown, et al.*

C 09 05796 CW

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

allegations contained therein.

73.   Answering paragraph 102 of the First Amended Complaint, defendants admit that "On Dec. 27, 1989, Troxell was transferred to PBSP-SHU, where he has been housed ever since."  Defendants deny each and all of the other allegations in said paragraph for lack of information and belief.

74.   Answering paragraph 103 of the First Amended Complaint, defendants admit the allegations contained therein.

75.   Answering paragraph 104 of the First Amended Complaint, defendants admit that plaintiff correctly quotes a portion of the statement.

76.   Answering paragraph 105 of the First Amended Complaint, defendants admit that plaintiff correctly quotes a portion of the statement.

77.    Answering paragraph 106 of the First Amended Complaint, defendants admit that Mr. Troxell was determined to be an active A.B. member.  Defendants deny for lack of information and belief the allegations of said paragraph from "…based on…" to "…8-3-00." because they have not had a reasonable opportunity to review said records.  Defendants reserve the right to amend their answer upon obtaining and reviewing said records.  Defendants deny the remainder of the allegations of said paragraph.

78.   Answering paragraph 107 of the First Amended Complaint, defendants admit the allegations contained therein.

79.   Answering paragraph 108 of the First Amended Complaint, defendants admit the allegations contained therein.

80.   Answering paragraph 109 of the First Amended Complaint, defendants admit that Mr. Troxell has claimed that he is not affiliated with any gang.  Defendants by and through their counsel have requested that certain records from 2001 be located.  Defendants deny for lack of information and belief the remaining allegations of said paragraph because they have not had a reasonable opportunity to review said records.  Defendants reserve the right to amend their answer upon obtaining and reviewing said records.

81.   Answering paragraph 110 of the First Amended Complaint, defendants admit that Mr. Troxell was re-validated on July 8, 2003.  Defendants deny each and all of the other allegations in

9

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

said paragraph.

82.   Answering paragraph 111 of the First Amended Complaint, defendants admit that plaintiffs' so "celled up."  Defendants deny the allegation "he saw it as a futile effort" for lack of information and belief.  Defendants deny each and all of the other allegations in said paragraph.

83.   Answering paragraph 112 of the First Amended Complaint, defendants admit the allegations contained therein.

84.   Answering paragraph 113 of the First Amended Complaint, defendants admit that the appeal was denied.  The document denying the appeal speaks for itself.

85.   Answering paragraph 114 of the First Amended Complaint, defendants admit that plaintiff attempted to file certain untimely appeals.  Defendants deny that the refusal to process was based on a pretext.

86.   Answering paragraph 115 of the First Amended Complaint, defendants admit the allegations contained therein.

87.   Answering paragraph 116 of the First Amended Complaint, defendants admit Mr. Troxell submitted the appeal.

88.   Answering paragraphs 117 of the First Amended Complaint, defendants admit that plaintiff accurately states certain parts of the appeal.  Defendants deny any and all liability.

89.   Answering paragraph 118 of the First Amended Complaint, defendants admit that said appeal contained such allegations.  Defendants deny each and all of the remaining allegations in said paragraph.  Defendants further deny any and all liability.

90.   Answering paragraph 119 of the First Amended Complaint, defendants admit that the appeal was denied.

91.   Answering paragraph 120 of the First Amended Complaint, defendants admit that the plaintiffs created said memo, and that plaintiffs restate the contents of the memo.  Defendants admit the last sentence of the paragraph.

92.   Answering paragraph 121 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph for lack of information and belief.

93.   Answering paragraph 122 of the First Amended Complaint, defendants admit the

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

10

1    allegations contained therein.

2        94.   Answering paragraph 123 of the First Amended Complaint, defendants deny each and all

3    of the allegations in said paragraph.

4        95.   Answering paragraph 124 of the First Amended Complaint, defendants admit the

5    allegations contained therein

6        96.   Answering paragraph 125 of the First Amended Complaint,  defendants deny each and all

7    of the allegations in said paragraph.

8        97.   Answering paragraphs 126, 127, 128 and 129 of the First Amended Complaint, defendants

9    admit that plaintiffs correctly quotes sections of the appeal.

10       98.   Answering paragraph 130 of the First Amended Complaint, defendants admit the

11   allegations contained therein.

12       99.   Answering paragraph 131 of the First Amended Complaint, defendants admit that said

13   paragraph contains plaintiffs' position.  Defendants deny any and all liability.

14       100. Answering paragraph 132 of the First Amended Complaint, defendants deny each and all

15   of the allegations in said paragraph.

16       101. Answering paragraph 133 of the First Amended Complaint, defendants admit that the

17   appeal was denied, but deny that the denial was a "rubber stamping" and/or a constitutional violation.

18       102. Answering paragraph 134 of the First Amended Complaint, defendants admit that plaintiff

19   has been incarcerated in the SHU.  Defendants deny each and all of the remaining allegations in said

20   paragraph.

21       103. Answering paragraph 135 of the First Amended Complaint, defendants deny each and all

22   of the allegations in said paragraph.

23       104. Answering paragraph 136 of the First Amended Complaint, defendants admit that the

24   plaintiff has been in the SHU since said date.  Defendants deny each and all of the other allegations in

25   said paragraph.

26       105. Answering paragraph 137 of the First Amended Complaint, defendants deny each and all

27   of the allegations in said paragraph.

28       106. Answering paragraph 138 of the First Amended Complaint, defendants deny each and all

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

11

of the allegations in said paragraph.

107. Answering paragraph 139 of the First Amended Complaint, defendants reply that Section 2600 speaks for itself.

108. Answering paragraph 140 of the First Amended Complaint, defendants reply that California Code of Regulations Title 15 § 3343 speaks for itself.  Defendants deny each and all of the remaining allegations in said paragraph.

109. Answering paragraphs 141 and 142 of the First Amended Complaint, defendants admit that plaintiffs state certain general points of law.

110. Answering paragraph 143 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

111. Answering paragraph 144 of the First Amended Complaint, defendants admit the allegations contained therein.

112. Answering paragraph 145 of the First Amended Complaint, defendants admit Mr. Ashker correctly identifies his prison sentence, and has been in PBSP SHU since 1990.  Defendants deny each and all of the remaining allegations in said paragraph for lack of information and belief.

113. Answering paragraph 146 of the First Amended Complaint, defendants admit that plaintiff so obtained a GED.  Defendants deny each and all of the remaining allegations in said paragraph.

114. Answering paragraph 147 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

115. Answering paragraph 148 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph for lack of information and belief at this time.  Defendants anticipate that they will be able to more specifically respond once these defendants have been served and have made an appearance in this matter.

116. Answering paragraph 149 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

117. Answering paragraph 150 of the First Amended Complaint, defendants admit the allegations contained therein.

12

{00074617.DOC/} 0922

DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL

*Ashker/Troxell. v. Brown, et al.*
C 09 05796 CW

118. Answering paragraph 151 of the First Amended Complaint, defendants admit the allegations contained therein.

119.   Answering paragraph 152 of the First Amended Complaint, given the passage of time and the fact that the alleged actions were taken by non-parties, defendants deny the allegations in the first and second sentences of said paragraph for lack of information and belief at this time.  Defendants incorporate by references their answers to paragraphs 94-137 in response to the third sentence of said paragraph.

120. Answering paragraph 153 of the First Amended Complaint,  defendants admit Mr. Troxell has been in the SHU since 1985, and in the PBSP SHU since 1989.  Defendants admit Mr. Troxell obtained his G.E.D. in 2005.  Defendants deny each and all of the remaining allegations in said paragraph.

121. Answering paragraph 154 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

122. Answering paragraph 155 of the First Amended Complaint, defendants admit that plaintiff summarizes certain conduct.

123. Answering paragraph 156 of the First Amended Complaint, defendants deny the first paragraph of said paragraph for lack of information and belief. at this time.  Defendants anticipate that they will be able to more specifically respond once these defendants have been served and have made an appearance in this matter.  Given the passage of time and the fact that the alleged actions were taken by non-parties, defendants deny the allegations in sections (A) and (C) of said paragraph for lack of information and belief at this time.  Defendants deny each and all of the allegations in section (B) of said paragraph.

124. Answering paragraph 157 of the First Amended Complaint, defendants admit that said challenges were made.

125. Answering paragraphs 158, 159 and 160 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs for lack of information and belief at this time. Defendants anticipate that they will be able to more specifically respond once these defendants have been served and have made an appearance in this matter.

{00074617.DOC/} 0922

DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL                    C 09 05796 CW

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1      126.  Answering paragraphs 161 and 162 of the First Amended Complaint, defendants deny

2   each and all of the allegations in said paragraph.

3      127. Answering paragraph 163 of the First Amended Complaint, defendants admit that plaintiff

4   filed said appeal.

5      128. Answering paragraph 164 of the First Amended Complaint, defendants admit that the

6   appeal was denied at each level.  Defendants deny each and all of the other allegations in said

7   paragraph.

8      129. Answering paragraph 165 of the First Amended Complaint, defendants admit Mr. Troxell

9   submitted the appeal, and that the appeal was cancelled and refused.  Defendants deny each and all of

10   the remaining allegations in said paragraph.

11      130. Answering paragraphs 166, 167 and 168 of the First Amended Complaint, defendants

12   admit that plaintiffs state certain general principles of law.

13      131. Answering paragraph 169 of the First Amended Complaint, defendants admit that plaintiff

14   "utilized the above provisions".

15      132. Answering paragraph 170 of the First Amended Complaint, defendants admit Mr. Ashker

16   was informed that the correspondence approval was one time only.  Defendants deny each and all of the

17   remaining allegations in said paragraph for lack of information and belief because it is unclear what is

18   meant by "informed by defendant Hernandez [per Barlow]".

19      133. Answering paragraph 171 of the First Amended Complaint, defendants deny each and all

20   of the allegations in said paragraphs for lack of information and belief, because it is unclear as to

21   what is meant by "did the same things described above to Troxell, and other [SHU] inmates."

22      134. Answering paragraph 172 of the First Amended Complaint, defendants deny each and all

23   of the allegations in said paragraph.

24      135. Answering paragraph 173 of the First Amended Complaint, defendants admit lines one

25   and two of said paragraph through the phrase ". . . since [1988]."  Defendants deny the remaining

26   allegations for lack of information and belief.

27      136. Answering paragraph 174 of the First Amended Complaint, defendants deny each and all

28   of the allegations in said paragraph.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

14

137. Answering paragraph 175 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs for lack of information and belief.

138. Answering paragraph 176 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs.

139. Answering paragraph 177 of the First Amended Complaint, defendants admit that plaintiff filed said appeal.

140. Answering paragraph 178 of the First Amended Complaint, defendants admit that the appeal was denied.  Defendants deny each and all of the other allegations in said paragraphs.

141. Answering paragraph 179 of the First Amended Complaint,  defendants admit that Mr. Troxell correctly summarizes his "problems" regarding O.P. 205.

142. Answering paragraph 180 of the First Amended Complaint,  defendants admit that Mr. Troxell was not permitted to violate O.P. 205 in C05-3286CS.

143. Answering paragraph 181 of the First Amended Complaint,  defendants admit that Mr. Troxell submitted Appeal 08-01456.

144.  Answering paragraph 182 of the First Amended Complaint, defendants admit that such appeals were denied.  Defendants deny each and all of the other allegations in said paragraph.

145. Answering paragraph 183 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraph.

146. Answering paragraph 184 of the First Amended Complaint,  defendants admit that Mr. Ashker submitted Appeal 08-01998.  Defendants deny each and all of the remaining allegations in said paragraph.

147. Answering paragraph 185 of the First Amended Complaint, defendants admit the allegations contained therein.

148. Answering paragraph 186  of the First Amended Complaint, defendants admit the appeal was denied.  Defendants deny each and all of the remaining allegations in said paragraph.

149. Answering paragraph 187 of the First Amended Complaint, defendants admit that the appeals were denied.  Defendants deny each and all of the remaining allegations in said paragraph.

150. Answering paragraph 188 of the First Amended Complaint, defendants deny each and all

*Ashker/Troxell. v. Brown, et al.*

DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL

C 09 05796 CW

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

of the allegations in said paragraph.

151. Answering paragraphs 189 and 191 of the First Amended Complaint, defendants admit the allegations contained therein.

152. Answering paragraph 190 of the First Amended Complaint, defendants admit the allegations contained therein.

153. Answering paragraph 192 of the First Amended Complaint,  defendants admit  that said appeals were filed, the contents of which speak for themselves.

154. Answering paragraph 193 of the First Amended Complaint, defendants admit that certain appeals were denied.  Defendants deny each and all of the other allegations in said paragraph.

155. Answering paragraph 194 of the First Amended Complaint, defendants deny the phrase "and, PBSP-Defendant's action(s), denying these, is another example of them going out of their way to be unnecessarily punitive.  [See above para's #138-140[S-1], for examples]."

## V.        LEGAL CLAIMS

### FIRST CAUSE OF ACTION

156. Answering paragraph 195 of the First Amended Complaint, defendants incorporate their answers above to paragraphs 1 through 194 inclusive.

157. Answering paragraph 196 of the First Amended Complaint, defendants admit that the paragraph summarizes the complaint.  Defendants deny any and all liability.

Answering paragraphs 197 through 203 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs.

### SECOND CAUSE OF ACTION

158. Answering paragraph 204 of the First Amended Complaint, defendants incorporate their answers above to paragraphs 1 through 194 inclusive.

159. Answering paragraphs 205 through 212 of the First Amended Complaint, defendants deny each and all of the allegations in said paragraphs.

### THIRD CAUSE OF ACTION

160. Answering paragraph 213 of the First Amended Complaint, defendants incorporate their answers above to paragraphs 1 through 194, inclusive.

16

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  161. Answering paragraphs 214 through 216 of the First Amended Complaint, defendants deny

2  each and all of the allegations in said paragraphs.

**FOURTH CAUSE OF ACTION**

3

4  162. Answering paragraph 217 of the First Amended Complaint, defendants incorporate their

5  answers above to paragraphs 1 through 194, inclusive.

6  163. Answering paragraphs 218 and 219 of the First Amended Complaint, defendants deny each

7  and all of the allegations in said paragraphs.

**FIFTH CAUSE OF ACTION**

8

9  164. Answering paragraph 220 of the First Amended Complaint, defendants incorporate their

10  answers above to paragraphs 1 through 194, inclusive.

11  165. Answering paragraphs 221 through 223 of the First Amended Complaint, defendants deny

12  each and all of the allegations in said paragraphs.

**SIXTH CAUSE OF ACTION**

13

14  166. Answering paragraph 224 of the First Amended Complaint, defendants incorporate their

15  answers above to paragraphs 1 through 194, inclusive.

16  167. Answering paragraphs 225 and 226 of the First Amended Complaint, defendants deny each

17  and all of the allegations in said paragraphs.

**SEVENTH CAUSE OF ACTION**

18

19  168. Answering paragraph 227 of the First Amended Complaint, defendants incorporate their

20  answers above to paragraphs 1 through 194, inclusive.

21  169. Answering paragraphs 228 and 229 of the First Amended Complaint, defendants deny each

22  and all of the allegations in said paragraphs.

**EIGHTH CAUSE OF ACTION**

23

24  170. Answering paragraph 230 of the First Amended Complaint, defendants incorporate their

25  answers above to paragraphs 1 through 194, inclusive.

26  171. Answering paragraphs 231 through 237 of the First Amended Complaint, defendants deny

27  each and all of the allegations in said paragraphs.

28  ///

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

17

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1

**NINTH CAUSE OF ACTION**

2    172. Answering paragraph 238 of the First Amended Complaint, defendants incorporate their

3    answers above to paragraphs 1 through 194, inclusive.

4    173. Answering paragraph 239 of the First Amended Complaint, defendants deny each and all of

5    the allegations in said paragraph.

6    174. Answering paragraph 240 of the First Amended Complaint, defendants admit these general

7    points of law.

8    175. Answering paragraph 241 of the First Amended Complaint, defendants deny each and all of

9    the allegations in said paragraph.

10   176. Answering paragraph 242 of the First Amended Complaint, defendants deny the allegations

11   as phrased.

12   177. Answering paragraphs 243 through 246 of the First Amended Complaint, defendants deny

13   each and all of the allegations in said paragraphs.

14   **TENTH CAUSE OF ACTION**

15   178. Answering paragraph 247 of the First Amended Complaint, defendants incorporate their

16   answers above to paragraphs 1 through 194, inclusive.

17   179. Answering paragraph 248 of the First Amended Complaint, defendants admit the first

18   sentence.  Defendants deny each and all of the remaining allegations in said paragraph.

19   180. Answering paragraphs 249 through 254 of the First Amended Complaint, defendants deny

20   each and all of the allegations in said paragraphs.

21   **ELEVENTH CAUSE OF ACTION**

22   181. Answering paragraph 255 of the First Amended Complaint, defendants incorporate their

23   answers above to paragraphs 1 through 254, inclusive.

24   182. Answering paragraph 256 of the First Amended Complaint, defendants admit that they

25   have or had certain legal duties.  Defendants deny each and all of the other allegations in said paragraph.

26   183. Answering paragraphs 257 through 263 of the First Amended Complaint, defendants deny

27   each and all of the allegations in said paragraphs.

28   ///

18

1

## VI.   PRAYER FOR RELIEF

Defendants deny each and every allegation contained in said prayer or paragraph for relief, and deny that plaintiffs are entitled to relief of any type and/or in any amount.  Defendants further deny that plaintiffs are entitled to any equitable and/or legal remedy/relief.

### AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, defendants allege as follows:

1.    Defendants allege that the court lacks jurisdiction over some or all of plaintiffs' claims.

2.    Defendants allege that the First Amended Complaint fails to state a cause of action upon which relief may be granted.

3.    Defendants allege that the claims by plaintiffs are barred by the applicable statute of limitations.

4.    Defendants allege that they are entitled to immunity, including qualified and absolute immunity.

5.    Defendants allege that plaintiffs' claims are barred, limited or controlled by the Prison Litigation Reform Act.

6.    Defendants allege that plaintiffs' claims are barred because they failed to exhaust their administrative remedies.

7.    Defendants allege that plaintiffs have not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

8.    Defendants allege that their actions were, at all times, based on legitimate penological justifications.

9.    Defendants allege that plaintiffs have suffered no actual injury due to defendants' conduct.

10.    Defendants allege that the First Amended Complaint is barred by res judicata and/or collateral estoppel.

11.    Defendants allege that plaintiffs lack standing to assert the claims asserted in the First Amended Complaint.

12.    Defendants invoke Government Code Sections 814-985.

19

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1    13.    Defendants allege that plaintiffs' claims are barred by the Eleventh Amendment.

2    14.    Defendants allege that plaintiffs' claims are not ripe.

3    15.    Defendants allege that plaintiffs' claims are moot.

4    16.    Defendants allege that they are entitled to all state immunities, including, but not limited

5    to those in the California Government Code.

6    17.    These answering defendants elect to invoke the provisions of Civil Code §§ 3333.1,

7    3333.2, 3294, and 3295, Code of Civil Procedure § 364, 365, 425.13, and 667.7; Business & Professions

8    Code § 6146; and the provisions of Proposition 51 enacted into law in the State of California.

9    18.    Defendants allege that plaintiffs' action herein is barred by the provisions of California

10   Civil Code §1714.8 in that the injuries and damages complained of by the plaintiffs herein, if any, were

11   solely as the result of the natural course of a disease or condition and/or expected result of reasonable

12   treatment rendered for the disease or condition by the defendants herein.

13   19.    Defendants invoke the provisions of Welfare & Institutions Code §§ 5000 et seq.

14   20.    Defendants allege that they are not liable as their conduct was not the proximate cause of

15   harm, if any, to plaintiffs.

16   21.    Defendants allege that they are immune from liability pursuant to the Federal Civil

17   Rights Act because they acted in good faith and held an honest, reasonable belief that their actions were

18   necessary.

19   22.    Defendants allege that they are immune from damages in that they acted in good faith in

20   accordance with established law, including, but not limited to, the policies and regulations of the

21   California Department of Corrections and Rehabilitation.

22   23.    Defendants allege that they did not act with malicious intent or reckless disregard for

23   plaintiff's rights, and therefore are not liable for punitive damages.

24   24.    Defendants allege that plaintiffs failed to mitigate their damages.

25   25.    Defendants allege that the injuries and damages complained of by plaintiffs, if any, were

26   directly and proximately caused by the negligence of the plaintiffs and/or persons other than defendants,

27   and such negligence comparatively reduces the proportion of such negligence and corresponding

28   liability of defendants, if any there be.

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

20

26.     Defendants allege that plaintiffs assumed the risk of any injuries and/or damages resulting from the matters complained of and that said assumption of risk was a cause of the injuries and damages alleged by plaintiffs, if any are found to exist.

27.     Defendants allege that plaintiffs' complaint is barred by the doctrines of waiver, estoppel, unclean hands, and laches.

28.     Plaintiffs consented to the matters of which they now complain.

29.     The plaintiffs are vexatious litigants and/or brought said action for an improper purpose. Therefore the complaint should be stricken and/or the plaintiffs should be sanctioned.

30.     Defendants allege that because the complaint is couched in conclusory terms, defendants cannot anticipate fully all affirmative defenses that may be applicable in this matter.  Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

## **DEMAND FOR JURY TRIAL**

WHEREFORE, these answering defendants make a demand that this matter be tried by and before a jury to the extent provided by law and pray for judgment as follows:

## **PRAYER**

1.      That plaintiffs take nothing by their First Amended Complaint;

2.      That these answering defendants be dismissed with costs of suit incurred herein;

3.      For reasonable attorneys' fees; and

4.      For such other and further relief as the court deems just and proper.

Dated:  July 22, 2011.                          ANDRADA & ASSOCIATES

                                                                /s/ Nicole Roman
                                                By _____
                                                        NICOLE ROMAN
                                                        Attorneys for Defendants

{00074617.DOC/}  0922                                                   *Ashker/Troxell. v. Brown, et al.*
DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL          C 09 05796 CW

**PROOF OF SERVICE**

<u>Todd Ashker, et al. v.Governor Edmund g. Brown, Jr., et al.</u>
U. S. District Court, Northern District of California Case No.  4:09-cv-05796-CW

I, the undersigned, declare that I am over the age of 18 years and not a party to the within

action; that my business address is 180 Grand Avenue, Suite 225, Oakland, California 94612, and

that on July 22, 2011, I served a true copy of the foregoing document(s) entitled:

**ANSWER OF DEFENDANTS ROBERT DOYLE, SUSAN FISHER, HOLLIS
GILLINGHAM, ROBERT HARMON, DENNIS SMITH, AND STEVE TUCKER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Todd Ashker  C58191                              **In Pro Per**
Pelican Bay State Prison
P. O. Box 7500/D1-SHU
Crescent City, CA  95532

Danny Troxell  B76578                            **In Pro Per**
Pelican Bay State Prison
P. O. Box 7500/D1-120
Crescent City, CA  95532

___X___     (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection
              and mailing following the ordinary business practices of Andrada & Associates.

_____     (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____     (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

_____     (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to
              the person(s) indicated above.

        I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.  Executed on July 22, 2011, at Oakland, California.


                                    /s/ Georgia Lee
                                    _____
                                    GEORGIA LEE

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

{00074617.DOC/}  0922                                                    *Ashker/Troxell. v. Brown, et al.*
DEFENDANTS' ANSWER TO FAC & DEMAND FOR JURY TRIAL                        C 09 05796 CW