IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | No. 09-05796 CW<br><br>ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR TAPED DEPOSITIONS |

   Pro se Plaintiffs Todd Ashker and Danny Troxell, inmates at Pelican Bay State Prison (PBSP), renew their motion for taping the depositions of Defendant G.H. Wise and Defendants' agent, Devan Hawkes.  On May 5, 2011, the Court denied Plaintiffs' original motion as premature because Defendants had not yet answered the complaint.  On May 5, 2011, Defendants filed their answer and Plaintiffs have filed this renewed motion.  Defendants have filed an opposition.

   Federal Rule of Civil Procedure 30 governs notice and requirements for taking depositions.  Rule 30(3)(A) provides:
> The party who notices the deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by

audio, audiovisual, or stenographic means.  The noticing party bears the recording costs.  Any party may arrange to transcribe a deposition.

Under Rule 30(3)(A), Plaintiffs may decide whether to record deposition testimony by any of three methods listed therein and Plaintiffs have chosen to record it by audio recorder.  However, Defendants insist that there is only one way for Plaintiffs to take depositions, and that is using a stenographer.

Defendants argue that Plaintiffs have failed to provide any evidence that they do not have access to a stenographer or that they cannot afford one.  However, Rule 30 provides that any one of three recording methods is proper; there is no preference for a stenographer or need for parties to prove they cannot access or afford a stenographer in order to notice a deposition using one of the other two recording methods.

Defendants argue that taking depositions by tape recorder would impose significant expenses on them because they would have to employ extra staff to transport Plaintiffs to and from the depositions, provide security for the depositions, provide the means of recording the depositions, transcribe the depositions and incur the expense of defense counsel traveling to PBSP in Crescent City.  Defendants do not provide evidence that taking the depositions by recorder would cost them more than by stenographer. Using either recording method, the expenses for transportation, security and transcribing should be the same.  Furthermore, Plaintiffs have suggested that the recording take place in the PBSP Secured Housing Unit Parole Board Hearing Room, so that efforts to transport Plaintiffs would be minimal.  Plaintiffs state that they

2

have access to a recorder from the PBSP litigation department. Plaintiffs' suggestion that the depositions be recorded by two recorders simultaneously, thus providing all parties with the same tapes, seems reasonable.

According to Plaintiffs, Defendants argue that recording is improper because Federal Rule of Civil Procedure 30(b)(5) requires that an officer authorized under Rule 28 administer the oath or affirmation of the deponent and state certain information at the beginning of each unit of the recording medium and at the end of the deposition. Plaintiffs suggest that the PBSP notary or defense counsel undertake the tasks required by Rule 30(b)(5). This is a reasonable solution because Rule 30 allows the parties to stipulate that an individual other than one authorized by Rule 28 may perform the required duties.

Defendants also argue that Plaintiffs are not permitted to be in the same room together because of security concerns. This would be an issue whether the depositions are recorded by tape or stenographer. Under either recording method, the parties, in conjunction with PBSP staff, must devise logistics to ameliorate any security concerns.

In summary, Defendants' arguments for requiring the use of a stenographer to record depositions instead of an audio recorder are without merit. If Defendants wish to use a stenographer, they may do so if they provide and pay the stenographer and provide a copy of the transcripts of the depositions to Plaintiffs.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to record the

3

depositions of Wise and Hawkes by audio recorder is granted.

IT IS SO ORDERED.

Dated: 10/11/2011

CLAUDIA WILKEN  
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: October 11, 2011

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk

5