IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | No. 09-05796 CW<br><br>ORDER FOR FURTHER BRIEFING ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PROHIBITING RETALIATORY ACTS AND FOR RETURN OF PROPERTY |

    Pro se Plaintiffs Todd Ashker and Danny Troxell, inmates at Pelican Bay State Prison (PBSP), move for a protective order prohibiting retaliatory acts and for return of property. Defendants have filed an opposition and Plaintiffs have filed a reply. The matter was taken under submission on the papers. Having considered all the papers filed by the parties, the Court denies the motion, in part, and orders further briefing.

## BACKGROUND

    On June 6, 2011, PBSP Sergeants J. Frisk and J. Pieren and Officers Morgan, Pimental and Knight of the Institutional Gang Investigation Unit (IGI) searched Plaintiffs' cells and removed Plaintiffs' papers, books, magazines, internet articles and personal items. On June 15, 2011, Sgts. Frisk and Pieren returned some of the items they had taken. Sgt. Pieren issued Mr. Ashker a serious rule violation report, also known as a CDC Form 115, for having a picture of a phoenix, which Sgt. Pieren states is a gang symbol. Mr. Ashker claims it was an exhibit in one of his legal cases.

    Plaintiffs state that the items are newspaper articles,

magazines and legal booklets that are important to this case and letters, wall calendars, body lotion, and other personal items that are not gang-related or related to this case.  Plaintiffs claim that the IGI officials retaliated against them for filing this lawsuit, in violation of the First Amendment, and that they need a protective order to prevent IGI officials from confiscating their legal material in the future.  Plaintiffs also seek an order requiring Defendants to return their property to them.  Defendants state that they searched Plaintiffs' cells to ensure institutional security and safety in light of the impending state-wide hunger strike.  Defendants claim that the IGI officials followed prison regulations and properly confiscated altered magazines, altered clothing, altered newspaper clippings and books and magazines possessed in excess of institutional rules.

## DISCUSSION

The Court notes that the IGI officials who confiscated Plaintiffs' property are not named Defendants in this action and, therefore, the Court does not have jurisdiction over them.  No First Amendment claim against these individuals can be brought in this lawsuit.  Similarly, Mr. Ashker's claim that the CDC Form 115 violation report was unwarranted would have to be litigated in a separate lawsuit after he exhausted his administrative remedies.

However, the Court can determine if Plaintiffs' ability to litigate this lawsuit is being impeded by the improper confiscation of materials related to this action.  Sgts. Frisk and Pieren state that they confiscated many of the items because they were "altered." However, they do not define, "altered," or indicate how the

2

"alteration" turns the items into contraband. They claim they confiscated papers belonging to other inmates but do not explain how they knew this to be the case, why that required confiscation and what they did with the papers. Defendants cite PBSP regulations that they claim allow the IGI officials to confiscate the items they took from Plaintiffs. However, without more information about these items, the Court cannot determine whether the IGI officials acted properly. See 28 C.F.R. § 543.11(d)(2) (staff may allow inmate to possess legal materials necessary for inmate's own legal actions; staff may allow inmate to possess legal materials of another inmate).

Therefore, Defendants are ordered to submit to the Court a further explanation of the basis for confiscating any documents that may be related to this case. They must describe the confiscated materials individually, along with the factual and legal basis for confiscation. If certain excess books or papers were placed in storage, they must be logged. Defendants' explanation must be submitted fourteen days from the date of this order. Plaintiffs may respond within fourteen days thereafter.

IT IS SO ORDERED.

Dated: 10/12/2011

_____
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER et al,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: CV09-05796 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny Troxell
Pelican Bay State Prison
B76578
P.O. Box 7500
D1-120
Crescent City, CA 95532

Todd Ashker C58191
Pelican Bay State Prison
P.O. Box 7500
D1-SHU
Crescent City, CA 95532

Dated: October 12, 2011

                                         Richard W. Wieking, Clerk
                                         By: Nikki Riley, Deputy Clerk

4