## SECOND CAUSE OF ACTION
### First Amendment and Equal Protection Clause Right To The Association With Ones Own Ethnic Group & Equal Treatment As Those Similarly Situated
### (AGAINST ALL DEFENDANTS EXCEPT BARLOW and HERNANDEZ)

204) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

205) This is an action for violations of 42 USC §1983 based on Defendants' violations of the Plaintiffs right to associate with members of their own ethnic group - without being punished, and to equal treatment as those similarly situated, under the First and Fourteenth Amendments to the U.S. Constitution.

206) Defendants Cate, Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez, Lewis, Williams, Johnson, Bradbury, McKinney, Marquez, Rice, Harrison, Thornton, and Wise, have each violated Plaintiff's First and Fourteenth Amendment right to associate with members of their own ethnic group by promulgating, condoning, enforcing, and applying the unconstitutional policies, custom, and practices that penalize PBSP-SHU inmates, including Plaintiffs, for innocuous associational activity with members of their own ethnic group. Said policies, custom, and practices penalize PBSP-SHU inmates for innocent contact with alleged gang-affiliats of ones own ethnic group [ speaking to, having artwork from, alleged gang-affiliats of your own race is a violation; while the same activity with alleged gang-affiliats from other races, is not], by using such to document that the inmates are engaged in "gang-activity," and thereby deny them inactive status, and parole [with multi-year deferals].

207) Defendants have each participated in, condoned, and applied the above referenced unconstitutional policies, custom, and practices specified in the complaint; wherein, they revalidated Plaintiffs as active members of the A.B. prison gang, based in part on innocuous associational activity, and possession of

80

copies of art [re: members of their own race, while the same activity - cross-race is not] Each Defendant has been put on notice that such policies, custom, and practices, violated the U.S. Const.; and each of them failed to take corrective action, and in fact condoned such practices, via mutual support of each others acts and ommissions -

208) Additionally, the above named Defendants, have violated Plaintiffs First Amend. right to associate, and Fourteenth Amendment, Equal Protection Clause right to be treated equally to similarly situated inmates [and, right to be free of punishment when choosing not to speak], by promulgating, condoning, enforcing, and applying the unconstitutional, vague, contradictory, overbroad, arbitrary, policies, customs, and practices, that unjustifiably curtail, and punish Plaintiffs, the exercise of their limited constitutional right of free association and speech [including right to be free of punishment for choosing not to, or being unable to, speak], by subjecting Plaintiffs to (24) years of indefinite SHU-confinement, denying inactive status, and parole [with multi-year deferals; and other, related harm summarized in para's #88-91, 134-161], under the pretext that such is justified based on a CDCR-gang validation, when in fact Defendants:

(a) Claim their validation classification alone, <u>mandates</u> SHU-status indefinitely, untill they debrief [via known informant status]; while giving an exception to this mandate, to thousands of other inmates [without written criteria for an exception];

(b) know their validations are based on innocuous association, and unsupported allegations of illegal activity [by unreliable, confidential inmate informants; if they were credible - CDCR rules mandate issuance of rule violation report(s)]; yet, Plaintiffs have never been charged/found guilty of any illegal, gang-related acts;

(c) Punish them via progressive punitive measures, and deny parole [with multi-year deferals], for choosing not to and not being able to speak [debrief];

(d) Claim to review them for "inactive gang-status", every (6) years [without any substantive review; and, making it clear that "inactive status" does not apply, and absent reliable evidence of Plaintiffs ever being "active"];

<21> 81)

82

(e) Claim Plaintiffs' are reviewed for "inactive gang-status" every (6) years, while reviewing "active gang members/associates" in general population prisons for "inactive status", every (2) years [see and compare: CCR-Title 15 §§ 3378(d), with 3378(e)].

209) Def. Brown, has contributed to the above violations in same way, per. above [para.# 201]

210) Defs' Doyle, Fisher, Harmon, Gillingham, Smith, and Tucker, contributed to and applied the above referenced U.S. Const. violations, and related harm therefrom to the plaintiffs, in same manner, per. above [para.# 202]. Additionally, the equal protection aspect is based on being treated arbitrarily, when compared to other CDCR inmates serving term-to-life sentences [e.g., denied individualized consideration and issued multi-year deferrals, based on status, and related refusal to become an informant; compared to the more than 3200, general population lifers deemed suitable for parole, most of whom were not compelled to become state informants beforehand [re: period of 1989 to present]] [See above paras# 141-161]

211) As a proximate cause of Defendants' acts/omissions, Plaintiffs' have suffered and continue to suffer harm [i.e., paras# 88-91, 134-161], and general damages in an amount according to proof, but in excess of 1 million dollars re: loss of parole opportunities and (24) years of punitive confinement in SHU

212) In acting as described herein above, Defendants' acted knowingly, willfully, and maliciously, or with reckless or callous disregard for Plaintiffs' federally protected rights, entitling them to an award of exemplary and punitive damages. Wherefore, Plaintiffs' pray for relief as follows.

### THIRD CAUSE OF ACTION

First Amendment And Equal Protection Clause Right To Court-Access And Free Speech (Against Defendants Cate, and Horel)

213) Plaintiffs' reallege and incorporate by reference herein the allegations in above paras# 1 through 194, inclusive.

214) Defendants' Cate, and Horel, have each violated Plaintiffs' First and Fourteenth

<82>

83

Amendment Equal Protection Clause, right to professional representation on their civil rights claims, and right to confidential communication(s) with attorneys, via their policies, customs, and practices of interference; and/or condoning their agents interference with, their confidential communications - to and from- attorneys and the Courts; causing Plaintiffs harm and damaging their ability to maintain and, obtain, legal assistance from attorney(s), which was the cause, wholly, or in part, for most of their civil claims to be dismissed in USDC-N.D.Cal. C05-3286CW.

215) Additionally, Defendants unconstitutional policies, customs, and practices of condoning their agents, interference with the Plaintiffs relationships with their attorneys, via harrassment, and unduly delaying the processing of their incoming and outgoing confidential legal-mail (and even trashing such mail); plus, opening confidential legal mail- outside of Plaintiffs presense, has violated their First Amendment Free Speech rights, causing harm, because Defendants acts and omissions have inhibited, chilled, and interfered with their confidential communications with attorneys (e.g., Defendants pattern and practice has inhibited and chilled Plaintiffs from openly speaking, protesting, complaining, and discussing legal strategies and personal confidential information, via mail to attorneys].

216) As a proximate cause of Defendants' acts and omissions, Plaintiffs have suffered and continue to suffer harm and general damages in an amount according to proof, but in excess of twenty five thousand dollars in terms of lost costs and loss of professional legal representation in the prior action; and violations affects on other attorney communications.

Wherefore, Plaintiffs pray for relief as follows.

### FOURTH CAUSE OF ACTION

First Amendment And Equal Protection Clause Right To Prepare And Prosecute Claims and Free Speech
⟨AGAINST DEFENDANTS CATE, HOREL, BARLOW, JOHNSON, & BRADBURY⟩

⟨~~85~~⟩ 83

217) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

218) Defendants Cate, Horel, Barlow, Johnson, and Bradbury, have each violated Plaintiffs First Amendment and Fourteenth Amendment Equal Protection Clause right to investigate, prepare, and prosecute their legitimate legal claims in USDC-N.D.Cal. #C05-3286 CW, via the Defendants November 2007, reinterpretation [or, change in interpretation-application] of P.B.S.P.-Operational Procedure #205, re: inmates ability to obtain declarations and legal exhibits, from each other [i.e., permitting no follow up communication with inmate witnesses; and, prohibiting the return of inmate witness documents, or copies of their declaration(s)]; which in turn, has contributed to harming Plaintiffs ability to obtain evidence in support of their valid legal claims [resulting wholly, or partly, in some of their claims to be denied/dismissed]; and, such policies, custom, and practices, have interfered, inhibited, and chilled Plaintiffs' limited free speech right to contact and obtain evidence from inmate witnesses, to the extent that many inmates no longer send supportive legal documents to Plaintiffs, because they can't get them back. Such policies, customs, and practices are unconstitutional [on their face and/or, as applied], they are not reasonably related to a legitimate penological interests [or alternatively, is an exaggerated response to such interest].

219) As a proximate cause of Defendants' acts and omissions, Plaintiffs have suffered and continue to suffer harm, summarized above, and general damages in an amount according to proof, but in excess of ten thousand dollars in terms of the harm caused to their litigation efforts and the violation of their First Amendment free speech rights.

Wherefore, Plaintiffs pray for relief as follows.

<84>

## FIFTH CAUSE OF ACTION

First Amendment And Equal Protection Clause Right To Court Access, and To Prepare And Prosecute Legitimate Legal Claims and Free Speech
<AGAINST DEFENDANTS CATE, JACQUEZ, BARLOW, JOHNSON, BRADBURY, HERNANDEZ>

220) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

221) Defendants Cate, Jacquez, Barlow, Johnson, Bradbury, and Hernandez, have each violated Plaintiffs' First Amendment and Fourteenth Amendment Equal Protection Clause right to investigate, prepare, and prosecute their legitimate legal claims, via their policies, custom, and practices of condoning, enabling, and personally interfering with, and confiscating Plaintiffs legitimate legal-material(s), sent to them from approved inmate witnesses - in response to Plaintiffs request for the information, directly on point with their claims. Defendants Hernandez, and Barlow, personally confiscated the material; and Defendants Johnson, Bradbury, Jacquez, and Cate, were each put on notice of the unconstitutional action, and each had the authority, and duty, to take corrective action. Instead of doing so, all of the above defendants condoned and supported the action, falsely claiming the confiscated material was "gang-activity" and "posed a threat to safety and security", as a pretext, so they could prevent Plaintiffs from investigating, and obtaining support evidence, relevant to their claims challenging their gang-validation(s). Such acts and omissions regarding these unconstitutional policy(s), custom, and practices caused harm to Plaintiffs because it interfered, inhibited, and chilled their ability to obtain such evidence, which was wholly, or partly, responsible for their claims being denied/dismissed [in USDC-ND Cal #C05-3286 CW; and #C05-3759 CW]; and it was used against Ashker, at his [2005] parole hearing.

222) Additional harm caused by Defendants acts and omissions, is such interfered,

<85>
<~~85~~>

86

inhibited and chilled the Plaintiffs' limited free speech right to contact and obtain information and evidence, relevant and necessary to prosecute their legitimate legal claims, from inmate witnesses [they don't want to risk receiving additional documentation, accussing them, and their witnesses, of "promoting gang-activity"] such policies, custom, and practices are without penological justification [or, were exaggerated, pretextual reasons, for blatant violations]

223) As a proximate cause of Defendants' acts and omissions, Plaintiffs have suffered and continue to suffer harm, summarized above, and general damages in an amount according to proof, but in excess of twenty five thousand dollars in terms of the harm caused to their litigation efforts and violation of their First Amendment free speech rights.

Wherefore, Plaintiffs pray for relief as follows.

## Sixth Cause Of Action
### First Amendment And Equal Protection Clause Right To Free Speech, Expression and Equal Treatment
### ⟨AGAINST DEFENDANTS CATE & HOREL⟩

224) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

225) Defendants Cate, and Horel, have each violated Plaintiff Troxell's First Amendment and Fourteenth Amendment Equal Protection Clause right to freedom of speech and expression; and to be treated equally, as other CDCR-inmates are treated, via their policy, custom, and practice of denying all PBSP-SHU inmates, including Troxell's, reasonable request to be permitted to post his artwork on internet sites, and seek donations for the posted artwork, so he could afford books and postage costs, and be able to take some community college courses. While other CDCR prisons allow inmates to sell their art; and, Defendants denial was arbitrary, it is an unconst-

⟨86⟩
⟨86⟩

87

itutional suppression of Troxell's right to free speech and expression; and said policy, custom, and practice violates state created liberty interests and equal protection [per. Calif. Penal Code § 2601(a), 'prisoners' right to inherit, own, sell, or convey real or personal property'], and is part of CDCR-PBSP-SHU, policy, custom, and practice of being excessively punitive, in order to coerce SHU-inmates to debrief [See para's #138-140]. Defendants' acts and omissions, also resulted wholly, or in part, in Troxell's inability to participate in the College courses offered to PBSP-SHU inmates, who had funds for books; and said denial was without legitimate-penological interest [or, was a rote, pretextual and exaggerated response].

226) As a proximate cause of Defendants' acts and omissions, Plaintiff has suffered, and continues to suffer harm, summarized above, and general damages in an amount according to proof, but in excess of ten thousand dollars in terms of the harm caused to Troxell's right to free speech, expression, and equal treatment. Wherefore, Plaintiff prays for relief as follows.

### SEVENTH CAUSE OF ACTION
### First Amendment And Equal Protection Clause Right To Sexually Explicit Material and Equal Treatment
### ⟨AGAINST DEFENDANTS CATE, JACQUEZ, JOHNSON⟩

227) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

228) Defendants Cate, Jacquez, and Johnson, have each violated Plaintiffs' First Amendment and Fourteenth Amendment Equal Protection Clause right to purchase and possess sexually explicit material, and to equal treatment as that of other CDCR-inmates; via their promulgation, condoning, and application of the unconstitutional [on its face, and as applied] policy, custom, and practice of refusing to allow Plaintiffs to purchase and possess books containing written, adult

⟨87⟩
⟨87⟩

erotic material [without any pictures of frontal nudity]; and, their refusal to allow any exceptions to the ban on nude pictures - such as "how-to-art" books. While other CDCR-prisons allow similarly situated inmates both types of material. And, such policy, custom, and practice is part of CDCR-PBSP-SHU, agenda - to make conditions progressively more punitive, as part of coercion to debrief; and is without legitimate penological interest [or, is a rote, pretextual, exaggerated response]

229) As a proximate cause of Defendents' acts and omissions, Plaintiffs have suffered, and continue to suffer harm, and general damages in an amount according to proof, but in excess of ten thousand dollars in terms of the harm caused to Plaintiffs First Amendment and Equal Protection rights [i.e., denied a whole range of reading material, and artist material]

Wherefore, Plaintiffs pray for relief as follows.

### EIGHTH CAUSE OF ACTION
### Fifth Amendment Right Against Coercive Incrimination Of Self And Others, Loss Of Conditional Liberty
### ⟨AGAINST ALL DEFENDANTS EXCEPT BARLOW & HERNANDEZ⟩

230) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

231) Defendants Cate, Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez, Lewis, Johnson, Bradbury, McKinney, Marquez, Rice, Harrison, Thornton, and Wise, have promulgated, condoned, and have each personally participated in, contributed to, and applied, the policies, customs, and practices, at issue and in violation of, Plaintiffs U.S. Constitutional Fifth Amendment right against coerced incrimination of one's self and others; and Fourteenth Amendment right to conditional liberty are implicated by way of related procedural and substantive due process violations, [pursuant to provisions of 42 U.S.C. §1983], to wit as follows.

⟨88⟩

89

232) Defendants have each been party(s) to the promulgation, upholding, enforcement, and personal application of, the unconstitutional policy, custom, and practice of indefinitely confining Plaintiffs, and similarly situated inmates, in SHU [for over (24) yrs] to date, subject to progressively more punitive conditions [in PBSP-SHU for over (20) years, to date], resulting in harm, including loss of parole opportunities and multi-year deferrals [see complaint para's #88-91, 134-161], based on a CDCR-Gang Validation, which Plaintiffs have always contested and is noteable for the fact that the label is absent of any finding of guilt of committing an illegal, gang-related act; and predicating their release from SHU [and relief from the coercive measures therein i.e., punitive, harmfulness, and no parole], is upon Plaintiffs' agreement to successfully "debrief" [per Defendants policy, custom, and practice, "successful debriefing" requires the inmate to provide Def's with, "sufficient verifiable information that has an adverse impact on the gang, gang-members/assoc's, so they will never accept him back." This equates to requiring inmates to become "known-informants", who's statements are used to keep others in SHU-indefinitely and deny them parole, as well as other harm [Id., above ref'd para's]; with the informant, and possibly family, facing serious danger of harm from retaliation for informing]; Defendants acts/omissions are coercive-compulsion in violation of 5th & 14th Amend.

233) Defendants Schwarzenegger, Dolle, Fisher, Harmon, Gillingham, Smith, and Tucker, are each personally involved, and responsible for violating Plaintiffs Fifth and Fourteenth Amendment rights, in the same manner as above [see para's # 201, 202, 231-232].

234) Plaintiffs have denied gang-affiliation; and have been isolated in SHU-for (24) years, wherein Defendants policy has been to isolate them as much as possible. Plaintiffs have no information to provide; thus, the only way they could debrief would be to make up stories, which they refuse to do, and therefore have no hope of getting out of SHU, or a parole date.

<89>

90