235) Defendants' acts and omissions have caused Plaintiffs to suffer continued harm and injuries for exercising their rights to remain silent and refusal to falsely implicate others in gang activity [see paras # 88-91, 134-161 re: harm]; including subjection to progressively punitive conditions and loss of conditional liberty and mental-emotional distress, which is compulsion, and violation of procedural and substantive due-process, violating U.S. Const., Fifth and Fourteenth Amendments.

236) As a proximate cause of Defendants' acts and omissions, Plaintiffs have suffered and continue to suffer harm [Id., paras # ref'd above], and general damages in an amount according to proof, but in excess of one million dollars in terms of loss of parole opportunities, and continuous punitive SHU-confinement [for (24) years, and counting].

237) In acting as described above, Defendants acted knowingly, willfully, and maliciously, or with reckless or callous disregard for Plaintiffs' federally protected rights, entitling them to an award of exemplary and punitive damages.

Wherefore, Plaintiffs pray for relief as follows.

### NINTH CAUSE OF ACTION
### Eighth Amendment Right Violation(s) By Way Of Deliberate Indifference - Cruel & Unusual Punishment
### ⟨AGAINST ALL DEFENDANTS EXCEPT BARLOW & HERNANDEZ⟩

238) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs # 1 through 194, inclusive.

239) This is a claim for relief under 42 U.S.C. §1983 against Defendants ~~Schwarzenegger~~ BROWN, Cate, Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez, ~~Sullivan~~ LEWIS, Johnson, Bradbury, McKinney, Marquez, Rice, Harrison, Thornton, Wise, Doyle, Fisher, Harmon, Gillingham, Smith, and Tucker, for violating Plaintiffs' rights under the Eighth Amendment's prohibition of cruel and unusual punishment [and International Treaty Law, United Nation 1984 Convention Against Torture [C.A.T.], ratified by U.S.A. [1994], defining torture

⟨90⟩
⟨~~90~~⟩
91

as "Any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information, or a confession, punishing him for an act he or a third person has committed or is suspected of having committed, or coercing or intimidating him or a third person... when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" [C.A.T., article 1; per article 6, of the U.S. Const.,... Treaty law is the supreme law of the land].

240) The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain, and other forms of cruel and unusual punishment(s), and punishment that is "grossly disproportionate to the severity of the crime".

241) Plaintiffs submit that the "debriefing process" [that Defendants require them to "successfully complete" in order to be released from SHU, as well as being able to have any chance of release on parole], is cruel and unusual punishment. This is because, pursuant to Defendants policy, custom, and practice, "successful debriefing" requires an inmate to become a notorious informant [one who other alleged gang affiliates know has told on and harmed them]; which puts the debriefer [informant], and possibly his family, at risk of serious harm, in retaliation for informing on others.

242) Defendants are each personally aware of the fact that "informants" are targets, as are informants' family members. Each of these Defendants knows of [and/or is responsible for knowing per official duty(s)] numerous incidents of informants, and/or their family members on the streets, being threatened, attacked, subjected to physical harm, and killed. These Defendants all know that is simply not possible to ensure the safety of inmate informants — even those in CDCR's protective housing units [have been attacked, injured, and killed]. And they have no way of assuring the safety of family(s) outside CDCR walls.

⟨91⟩
⟨84⟩

92

243) Additionally, Plaintiffs' submit that Defendants' policy, custom, and practice of confining them in SHU-indefinitely, for (24) plus, years [more than (21) years of which has been in the P.B.S.P.- SHU isolation - subject to sensory deprivation and related harm, and progressively more harsh- punitive conditions therein, as summarized in paras # 88-91, 134-140; without ever being found guilty of an illegal, gang-related act/ based upon the exercise of their first and Fifth Amendment right to remain silent [and having been in isolation over (24+) years, they have no information to provide], and related decision to not risk the inherent dangers associated with debriefing, has had a detrimental impact on their mental health, and continued confinement therein, places them at serious risk of severe mental illness over time, constituting cruel and unusual punishment in violation of the Eighth Amendment [and U.N.'s C.A.T., because said conditions amount to torture for purpose of coercion].

244) The combination of Defendants' policies, customs, and practices, enhance the threat that each poses to Plaintiffs' well being [personal safety for self and family, and physical-mental health]. Such policies, customs, and practices are vague, contradictory, and arbitrarily applied; they are unconstitutional [on their face, and as applied], and they violate the Plaintiffs' U.S. Constitutional First, Fifth, and Eighth Amendment [and related Fourteenth Amendment protected liberty interest in not being subject to known informant status], as both, individual, as well as combined together, violations [e.g., Plaintiffs' are essentially permanently subject to the harsh SHU-conditions, denied parole,... based on a CDCR-gang label alone [status-associational based punishment- with no overt, illegal acts being charged]; such S.H.U.- conditions, and multi-year parole deferrals - progressively more punitive and harsh [based on refusal to "speak"- "debrief", and thus face danger to self, and family; and, thereby continue to suffer, and be at serious risk of severe mental health problems [paras # 88-91, 134 to 161]

245) As a proximate cause of Defendants' acts and omissions, Plaintiffs' have

⟨92⟩

93

suffered and continue to suffer harm [referenced above], and general damages in an amount according to proof, but in excess of one million dollars in terms of loss of parole opportunities, and continuous punitive SHU-confinement [for (24) years, and counting, of torture].

246) In acting as described above, Defendants acted knowingly, willfully, and maliciously, or with reckless or callous disregard for Plaintiffs federally protected rights, entitling them to an award of exemplary and punitive damages. Wherefore, Plaintiffs pray for relief as follows,

## TENTH CAUSE OF ACTION
### Fourteenth Amendment Violations State Created Liberty-Interests, Due Process, Equal Protection, Ex Post Facto
(AGAINST ALL DEFENDANTS EXCEPT BARLOW & HERNANDEZ)

247) Plaintiffs reallege and incorporate by reference herein the allegations in paragraphs #1 through 194, inclusive.

248) The Fourteenth Amendment imposes an obligation for the state(s) to safeguard the rights under the U.S. Constitution. Plaintiffs each state a Fourteenth Amendment claim for relief, based on four violations, each of which constitutes a seperate violation, and they are a further violation - cumulatively, when combined. The four claims for relief are : (a) Deprivation of state created liberty interests; (b) Violation of procedural and substantive due process; (c) Violation of the Equal Protection Clause; (d) Violation of the Ex Post Facto Clause [art. 1, §9 U.S Constitution - bar on retroactive-increase in punishments]; presented in order, as follows.

(a) State Created Liberty Interest(s)

249) Defendants ~~Schwarzenegger~~ BROWN, Cate, Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez ~~Williams~~ LEWIS, Johnson, Bradbury, McKinney, Marquez, Rice, Harrison, Thornton, Wise [CDCR-DEFENDANTS]; Doyle, Fisher, Harmon, Gillingham, Smith, and

<93>
94

Tucker [BPH-DEFENDANTS], have each deprived Plaintiffs of their state created liberty interests, via their promulgation or approval of, application, mutual support and condonement of, the policies, customs, and practices [detailed in the complaint], via their personal acts and omissions, when Defendants:

(1) Refused to release Plaintiffs from SHU, although they pose no immediate, severe threat to safety of people or institution security [CCR-Tit.15 §§ 3335, 3339(a), and 3341.5(c)(3)];

(2) Failed to give Plaintiffs prior notice and a full hearing in order to present evidence and witnesses to refute the gang-validations, prior to being validated and subject to indefinite-SHU terms [Title 15 § 3338(d)(e)(h) and (I)];

(3) Used unreliable information to retain Plaintiffs in SHU [and deny parole] [Tit.15 § 3321(b)(1)];

(4) Failed to provide Plaintiffs with mandatory procedural protections when alleging that Plaintiffs are involved in unlawful misconduct, including illegal gang-activity [Title 15 §§ 3312(a)(3), 3000 "Gang", 3023 "Gang Activity", and 3310-3320 "Inmate Discipline"];

(5) Failed to interpret and apply statutory law [Cal. Penal Code §§ 186.21, 186.22] as intended by the legislature, and interpreted by the Calif. Supreme Court [by sanctioning the Plaintiffs for innocuous associational activity - without ever being charged, and found guilty of an illegal gang-act [Tit.15 §§ 3000 "Gang", and 3023 "Gang Activity", at "authority"];

(6) Failed to articulate a "nexus" linking the factors cited to issue multi-year parole denials, with finding Plaintiffs are a current danger to the public [Cal. P. Code § 3041, per Cal. Supreme Ct];

(7) Failed to provide a neutral, non-biased, parole consideration hearing process; and related failure to base parole decisions, based on Plaintiffs individualized factors, per consideration of all relevant-reliable evidence [per Cal. P. Code § 3041, as interpreted by Calif. Supreme Court]

(b) <u>Federal Due Process</u> [procedural, substantive; equal protection; ex post facto]

250) Plaintiffs indefinite SHU-confinement, and related denial of parole, for alleged gang-affiliation and refusal to become informants, is a significant and atypical hardship.

⟨94⟩

251) Defendants, via their acts and omissions summarized in [para's #26-28, 32-33, 37-41, 247-249], related to their policies, customs, and practices of permanently confining Plaintiffs in SHU for (25) years, and related denial of parole [with multi-year deferals], violates their Due Process Liberty Interests and Ex Post Facto Clause of the 14th Amendment to U.S. Const., in that Defs':

① Initially placed, and then revalidated Plaintiffs, on indefinite SHU confinement - based on erroneous, unreliable, false information, that did not constitute "some-evidence" of gang-affiliation; nor establish that they pose "an individual, immediate, severe threat to other inmates, staff, or institutional security";

② Initially failed to give Plaintiffs prior notice, and opportunity to respond, dispute, and present their defense to the officials making the determinations about their gang-status; and, failed to provide any "substantive" reviews [re: initial gang-classification, revalidations, committee reviews, and 602 appeals - between 1982 and 2006]

③ Failed to conduct meaningful, substantive reviews/investigations, into the validity of the information [evidence] used [re: initial gang status, revalidations, committee, and 602 appeal, reviews; nor their written rebuttals to the 2007, inactive review allegations], between 1988 and today.

④ Violated their protected Liberty interests in not being subject to known informant status because, such status poses a serious danger to inmates and their families, via subjection of Plaintiffs' to a <u>catch 22</u> position of: predicating release from SHU, and chance for parole, upon their agreement to become "notorious informants" [known to have informed on, and caused harm to, other alleged gang-affiliates; and thereby, placing themselves and family, in serious danger of retaliation for informing], even though there's no evidence that they have info. to provide; <u>or</u> staying in SHU until developing mental illness, or death. This policy was enacted after Plaintiffs' were labelled as gang affiliates, thus - no prior notice of consequences [violating due process and ex post facto principles] [<u>See above para's</u> #238-244, <u>re:</u> related Eighth Amendment violations - relating to Liberty interest issue(s)]

⑤ Implemented a custom and practice of subjecting Plaintiffs' to daily torture, in order to coerce them to implicate themselves & others in gang activity [<u>violation related to #4, above</u>]

⑥ Utilized an arbitrarily imposed system of gang-validation and debriefing, as a

⟨95⟩

96

pretext to justify indefinite SHU-status, with no chance for parole;
(7) Predetermined the outcome of Plaintiffs' parole hearings, with multi-year deferrals, based on their refusal to become informants, and other categorical basis, rather than individual review of all relevant, reliable factors, re: current danger question.

252) Defendants named above, and as stated therein [para.# 249], have also violated Plaintiffs' Fourteenth Amendment due process, equal protection, and ex post facto rights, via their promulgation, and continued use of policies, customs, and practices re: arbitrary, vague, contradictory rules and regulations that:
(a) Allow tens of thousands of active gang-affiliates to remain in CDCR general population prisons; while arbitrarily confining a few hundred in SHU-indefinitly, including Plaintiffs [See above para's # 18 to 35, for reference to specific rules and regulations];
(b) Reviewing SHU-inmates for "inactive" gang-status, every (6) years; while they review general population inmates for "inactive" gang-status, every (2) years [compare Tit. 15 §§ 3378(d), and 3378(e)]; (c) Failed to give Plaintiffs prior adequate notice of what conduct was proscribed, and what is permitted - prior to sanctions; (d) Lack clarity for their enforcement; (e) Delegate unbridled discretion to Defendants; (f) Reach a broad range of innocent conduct; (g) Lack sufficient minimal standards for substantively investigating Plaintiffs' denials, disputes, and rebuttal arguments in response to allegations of gang-affiliation, and activity [re: validation and committee, and 602 reviews]; (h) Fail to establish reasonable, minimul standards, to guide the Defendants in fairly judging whether, or not, Plaintiffs present an immediate, severe threat to the safety of others or the security of the institution [warranting SHU-status]; (i) Subject Plaintiffs to progressively more punitive SHU-conditions, than those of similarly situated inmates [in long term segregation in CDCR, and other state, and federal supermax's], in order to coerce PBSP-SHU inmates to become informants.
(j) Cumulative changes to [BPH] rules and regulations re: lifer's parole [1979 to 2010] is ex post facto-violation.

⟨96⟩
⟨96⟩

97

253) As a proximate cause of defendants' acts and omissions, Plaintiffs' have suffered and continue to suffer harm [i.e., paras # 88-91, 134-161], and general damages in an amount according to proof, but in excess of one million dollars in terms of loss of parole opportunities, and continuous punitive SHU-confinement [24, plus, years of torture].

254) In acting as described above, Defendants' acted knowingly, willfully, and maliciously, or with reckless/callous disregard for Plaintiffs' rights, entitling them to an award of punitive damages. Wherefore, Plaintiffs pray for relief as follows.

## ELEVENTH CAUSE OF ACTION
### Failure To Lawfully Administer, Train, & Supervise
### [AGAINST BELOW NAMED DEFENDANTS]

255) Plaintiffs reallege and incorporate by reference herein the allegations in paras # 1 to 254, inclusive.

256) Defendants Brown, Cate, Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez, Lewis, and Doyle, in their chief executive and supervisory capacities, each had/have a duty to establish policies and practices for the lawful administration of CDCR, PBSP, and BPH. As Supervisory Defendants [in addition to their personal involvement, as detailed in paras # 1-254], each had/has a duty to perform, and to execute their duties in a manner consistent with state and federal law. Supervisory Defendants have a duty to properly train and supervise subordinate employees. Said Supervisory Defendants have breached and/or failed to perform their duties, thereby contributing wholly, or partly, to the continuing U.S. Constitutional violations at issue [Id, paras # 1-254] as follows,

257) The system of CDCR underground regulations existing prior to January 1999, violated Plaintiffs' rights as described in the preceeding causes of action.

258) The system of regulations promulgated between Jan. 1999 and today, violate Plaintiffs' rights as described in the preceeding causes of action.

259) The system of the [BPH] and Defendant Brown's underground policy [re: categorical-status based-parole denial(s), with multi-year deferrals, based on questionable, CDCR-gang classifications and related SHU-housing; and the catch 22-illegal-debriefing requirement, for a chance to parole] violate Plaintiffs' rights as described in the above causes of action.

260) Supervisory Defendants breached their duties to legally administer the CDCR, PBSP, and BPH, and to train and supervise their subordinates, where Plaintiffs' rights were violated as a result of the application and enforcement of the underground regulations, and official policies and practices challenged herein and harming Plaintiffs' as stated in [paras #88-91, 134-161] to the extent Defendants had actual and constructive knowledge of the violations and did nothing to prevent or correct them [as stated in above paras #1-254].

261) As a proximate cause of Defendants' acts and omissions, Plaintiffs' have suffered and continue to suffer harm and general damages in an amount according to proof, as well as punitives. Wherefore, Plaintiffs' pray for relief as follows.

## VI. Prayer For Relief

Wherefore, Plaintiffs' respectfully pray for relief as follows:

1) For declaratory and injunctive relief, as deemed just, proper, and equitable.
2) Ashker, and Troxell, each seek compensatory damages from each and all of the CDCR-Defendants, according to proof, in excess of (a) one million dollars, re: Causes of Action #1, 2, 8 to 11; (b) twenty five thousand dollars, re: Causes of Action #3, 5; (c) ten thousand dollars, re: Causes of Action #4, 6, 7.
3) For punitive damages against each and all of the CDCR-defendants, according to proof.
4) For attorney's fees according to proof per. 42 USC §1988.
5) For costs of the suit.
6) For trial by jury on all issues triable.

Dated: May 12, 2011

Respectfully Submitted,
_Todd Ashker_ & _Danny Troxell_
Todd Ashker    Danny Troxell
— Plaintiffs, In pro-se —

⟨98⟩

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

Todd Ashker, C58191

I, ~~DANNY Troxell, B76578~~, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __12__ day of __Oct__, in the year of 20__11__, I served the following documents: (set forth the exact title of documents served)
RE: #C09-5796 CW

① Plt's Notice & Motion For Leave To File A Second Amended Complaint
② Proposed Second Amended Complaint ③ Plt Ashker & Troxell's Support Decls —

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

| | |
|---|---|
| U.S. District Court | Nicole Roman |
| 1301 Clay St, Ste 400S | atty at law |
| Oakland, Ca 94612-5212 | 180 Grand Ave, Ste 225 |
| | Oakland, Cal 94612 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __12__ day of __Oct__, 20__11__.

Signed: ~~Danny Troxell~~ T. Ashker
(Declarant Signature)

Rev. 12/06