FILED

DEC - 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Todd Ashker, C58191

Danny Troxell, B76578

Box 7500/D1-SHU

Crescent City, Ca. 95532

Plaintiffs, In pro-se --

## UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,

              Plaintiffs,

        vs.

EDMUND G. BROWN, JR., et. al.,

              Defendants.

Case No. C09-5796 CW

Plaintiffs' Notice and Motion For An Order Compelling The Defendants To Answer Interrogatories and Produce Documents

[pursuant to Rules 33, 34, 37 FRCP]

# TABLE OF CONTENTS

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

PAGE

I. Statement Of The Case ..... 2

II. Procedural Background ..... 3

III. Argument ..... 4

Point 1 - The Court Should Compel Defendants To Produce
The Documents At Issue Below ..... 5

A. The Court Should Compel Defendants To Produce The
Documents At Issue Based On Below Points & Authorities ..... 6

B. Plts' Dispute The Legitimacy Of Memos "Confidential"
Designations, & Point To A Remedy re: Confidential Issues ..... 9

C. Plts' Dispute Defs' Claim re: Prior Disclosure Of Permissable
Parts of Confidential Memos ..... 10

Point 2 - The Court Should Compel Defendants To Answer
Interrogatories and Produce Documents ..... 11

A. Def. Jacquez' - Interrogatory & Document Requests ..... 11

B. Def. Hernandez' - Interrogatory & Document Requests ..... 16

IV. Conclusion ..... 21

i

3

# TABLE OF AUTHORITIES

PAGE

Bogle v. McClure, 332 F 3d 1347, 1358 [11th Cir. 2003]  15

Booth Oil Site Admin. Grp. v. Safety-Kleen Corp., 194 FRD 76, 80 [WDNY 2000]  20

Brown v. U.S., 179 FRD 101 [WDNY 1998]  11

Cox v. McClellan, 174 FRD 32, 34 [WDNY 1997]  17

Green v. Baca, 226 FRD 624, 651 [clarified 2005 WL 283361 C.D. Cal 2005]  15

Hoptowit v. Ray, 682 F 2d 1237, 1262 [9th Cir. 1982]  15

In re Grand Jury Subpoena, 357 F 3d 900, 907-08 [9th Cir. 2004]  15

In re Jackson, 233 Cal. Rptr. 911, 918 (fn 9), 920  8

Kyle v. Hanberry, 677 F. 2d 1386, 1390 [11th Cir. 1982]  9

Lucero v. Valdez, 240 FRD 591, 594 [DNM 2007]  16

McCollum v. Miller, 695 F 2d 1044, 1049 [7th Cir. 1982]  9

Oakes v. Halvorsen Marine Ltd, 179 FRD 281 [CD Cal 1998]  11, 12

Ramirez v. County of Los Angeles, 231 FRD 407, 410-12 [C.D. Cal 2005]  15, 17

Redland Soccer Club v. Dept of Army, 55 F 3d 827, 856 [3d Cir. 1995]  14

Scaife v. Boenne, 191 FRD 590, 595-96 [ND Ind, 2000]  17

Smith v. Goord, 222 FRD 238, 242 [NDNY 2004]  19

Soto v. City of Concord, 162 FRD 603, 613-14 [ND Cal 1995]  19

U.S. v. Adlman, 134 F. 3d 1194, 1195 [2d Cir. 1998]  15

Windsor v. Martindale, 175 FRD 665, 671-72 [1997]  19


Lira v. Cate, USDC-N.D. Cal # C00-0905 SI

Order Sept. 30, 2009 - Findings of Fact & Conclusions of Law  6, 7, 8

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

## TABLE OF AUTHORITIES

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Fed.R.Civ.Procedure                                             PAGE

Rule 26                                                         1,2,15

Rule 33                                                         1,11

Rule 34                                                         1,5,11

Rule 37                                                         1,4,11


Cal.Pen.Code § 2932 (c) (1)                                     11


Cal.Code of Regs, Title 15 § 3321                              6


Cal. Dept. of Corrs & Rehab., Dept. Operations Manual [D.O.M]

DOM § 5270.1 et seq.                                           14

DOM § 5270.6, § 5270.23 - .24                                  13

DOM § 54058.3                                                  6,9,14

5

Todd Ashker, C58191

Danny Troxell, B76578

Box 7500/D1-SHU

Crescent City, Ca. 95532

Plaintiffs, In pro-se →

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

## United States District Court,
## The Northern District Of California
## Oakland-Division

Todd Ashker and Danny Troxell,

Plaintiffs,

vs.

Edmund G. Brown, Jr., et al.,

Defendants.

Case No. C09-5796 CW

Plaintiffs' Notice and Motion For An Order Compelling The Defendants To Answer Interrogatories and Produce Documents [per F.R.C.P.# 33,34,37]

To Defendants and their counsel of record, Please Take Notice:

The pro-se prisoner Plaintiffs Todd Ashker, and Danny Troxell, hereby move pursuant to Rule 33, 34, and 37(a), Fed. R. Civ. P., for an order compelling the defendants to answer interrogatories, and to produce for inspection and copying the documents requested on April 4, 2011.

The parties have attempted to resolve the discovery disputes via the exchange of "meet and confer" correspondence, unsuccessfully.

This motion is made, based, and supported below, as follows

〈1〉

# I. STATEMENT OF THE CASE

This is a 42 USC §1983 action filed by pro-se prisoners Todd Ashker, and Danny Troxell, challenging California Dept. of Corrections & Rehabilitation [CDCR], and Pelican Bay State Prison - Security Housing Unit [PBSP-SHU], conditions, policies and practices, re: 26+ years of status based-indefinite [SHU] confinement; and related challenge to the Board of Prison Hearings [BPH], status based - no parole policy for (SHU) lifers.

Plaintiffs are incarcerated at [PBSP-SHU], — for close to (22) years now. Todd Ashker was serving a (6) year term, and subsequently convicted of second degree murder in (1990), as a result of a (1987) in-prison incident, and is serving a sentence of 21-years-to-life; he has been eligible for parole since [2004]. Housed in (SHU) units, since [1986]. Danny Troxell plead guilty to first-degree murder in [1979] and is serving a 26-years-to-life sentence; he has been eligible for parole since [1996]. Housed in (SHU) units, since [1985].

Both plaintiffs have been placed on indefinite (SHU) status because of their alleged association/membership in the Aryan Brotherhood gang. Both deny association or membership; neither plaintiff has ever been found guilty of an illegal gang-related act. Both have been deemed unsuit-able for parole, and issued multi-year deferrals between suitability hearings, based in whole, or part, on their CDCR gang-validation and related (25+) years of (SHU) confinement.

Plaintiffs allege that the State of California, the [CDCR] and the [BPH] have violated their First, Fifth, Eighth, and Fourteenth Amendment rights, under 42 USC §1983; and Article 6, of the U.S. Constition, via violation of the United Nations

<2>

7

1984 Convention Against Torture [CAT] and other cruel, inhuman, or degrading treatment [ratified by U.S.A., 1994]. The alleged violations stem from defendants policies, customs, practices, and/or acts and omissions re: Plaintiffs' [25-26+] years of SHU-confinement and related harm therefrom, including multi-year parole deferals.

Defendants have arbitrarily and wrongly retained them in (SHU), and issued multi-year parole denials, on the basis of status [re CDCR gang-label]: (a) without due process; (b) when they deny membership, and have never been found guilty of an illegal, gang-related act; (c) On the basis of innocent association; (d) On the basis of coerced, erroneous, false, and unreliable information; (e) As part of defendants informant procurement custom, via the use of torture, and cruel, unusual, and dehumanizing treatment; (f) For more than [25-26+] years, in conditions that seriously impact Plaintiffs physical and mental health; (g) And predicating their release from (SHU), and chance for parole, upon their agreement to become known informants, and thereby subject themselves [and family], to serious risk of retaliatory danger.

As well as claims stemming from defendants acts/omissions re: U.S. Constitution First Amendment violations of Plaintiffs protected rights to: free speech, access to courts, and reading material. They seek injunctive and compensatory relief. Defendants deny-dispute all claims and damages. [FAC, para's # 15-17]

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their first amended complaint [FAC], ~~Pursuant~~ on May 21, 2010. The case is before Hon. Judge Claudia Wilken, who issued an order on Dec. 20, 2010, screening the [FAC], and granting Plaintiffs leave

⟨3⟩

8

To Serve Defendants [DOC 12] Defendants filed Answers, on behalf of different defendants on May 5, 2011; June 15, 2011; and July 22, 2011.

On April 4, 2011, Plaintiffs' served their First Request For Production of Documents; as well as Interrogatories and Request For Production of Documents To Def. Hernandez, and Def. Jacquez. [Troxell Decl., para's # 4-6]

Responses were served re: First Req. For Production, and Jacquez' Interrogs, on June 10, 2011; and re: Hernandez' Interrogatories on June 20, 2011.

Civil Local Rule 37-1 (a) requires that parties involved in a discovery dispute meet and confer before seeking the court's intervention. Prior to filing this motion, Plaintiffs' notified defendants that they were not satisfied with most of their discovery replies, via a "meet and confer" Letter, served July 5, 2011 [Id., Decl, para's # 7-11]

On, or about August 15, 2011, Plaintiffs received defendants Aug. 10, 2011, response to their "meet and confer" Letter, informing them that defendants "intend to stand by the objections we raised in response to your document demands" [with inclusion of interrogatory issues] [Id, Decl, para # 11]

Plaintiffs have thus complied with Civil Local Rule 37-1 (a), and have no alternative other than moving the Court to compell production, and interrogatory answers, via this motion.

The timeliness of this motion is addressed in Plaintiffs' accompanying declarations [Ashker Decl, para's # 1-3 ; Troxell Decl, para's # 1-3]


### III. ARGUMENT


Pro-se prisoner plaintiffs hereby move the Hon. Court to compell defendants to produce documents and answer interrogatories, pursuant to Rule 37(a)(2), Fed. R. Civ. P., based on and supported by the following points and authorities.

⟨4⟩

9

## POINT 1 The Court Should Compell Defendants To Produce The Documents At Issue Below

Plaintiffs' asked defendants to produce the following documents pursuant to Rule 34, Fed.R.Civ.P. __ [Troxell Decl., para #4, exh.]

Request #1: Produce the following confidential memos re: Ashker's gang activity and status: 4/18/86, 8/6/87, 11/3/87, 12/2/87, 1/25/88, 2/8/88, 3/11/88, 3/22/88, 6/29/01, 6/18/01, 6/19/01, 7/18/01, 8/30/01, 8/22/01, 2/23/01, 7/22/01, 3/29/06, 4/4/06, 7/7/06, 9/18/06 [note: you can redact the informants' name from said memos - at this time, plaintiffs' reserve their right to compel disclosure of the informants identities]

Request #2: Produce the following confidential memos re: Troxell's gang-activity and status: 5/2/88, 7/26/88, 8/5/88, 8/10/88, 1/9/89, 9/20/99, 8/3/00, 3/3/04, 5/4/04, 8/26/04, 4/2/05, 4/25/05, 7/11/05, 7/12/05, 9/18/06 [see above note re: informant identities]

Defendants' response was the same for both requests __ "Responding party objects to this request on the grounds and to the extent that the request seeks documents which are confidential or otherwise restricted for the purpose of preserving the security of the institution, staff, and other inmates. Subject to and without waiving said objections, Responding Party responds as follows: To the extent that the plaintiffs are entitled to the information contained within the confidential memorandum, such information has already been disclosed through conf. info. disclosure forms or other documents available to plaintiffs in their central files [Troxell Decl., para #7, exh D]

<5>

10

Plaintiffs' meet and confer letter, informed defendants of their dissatisfaction re: response, as follows: (a) The confidential memos are directly related to all claims re: gang-classification and status — thus, such are crucial to the case and plaintiffs' ability to subject the allegations in the memos to substantive investigation(s) and (b) Defs' alleged basis for non-production is without merit, and/or, any alleged safety-security issues can be remedied by redacting the informants names [many of whom are known to Pltfs' via Defs' debriefing policy — e.g., CDCR-D.O.M., rev'd 12-21-09, §54058.3 — Koobah informant requirement] [Troxell Decl, para #10, exb G]

Defendants refused to produce the documents again, stating — "Inmates are prohibited from possessing such confidential documents per 15 CCR §3321" [Id, Decl, para #11, exb H]

A. The Court Should Compel Defendants To Produce The Documents At Issue Based On Below Points and Authorities

The documents at issue are at the heart of plaintiffs claims challenging CDCR defendants initial gang classification label, subsequent re-validations and denial of inactive gang status [See FAC, para's #18-35, 42-87, 92-133]

Plaintiffs allege that they have been denied "procedural due process" re: gang-classification issues, between 1985 - 2007 [FAC, para's #23, 42-87, 92-133]; as well as denial of "substantive due process" between 1985 to the present, support-ed by defendant McGrath's trial testimony in Lira v. Cate, et al, "... inmates who are wrongly validated will find it next to impossible to overturn such validations; and, the subsequent reviews of inmates gang-validation-for re validation-active/inactive purposes are void of any type of

<6>

substantive investigative process - by gang unit staff [nor by committee staff, conducting Fed. Ct. mandated 180 day reviews re: need for cont'd SHU-status; nor by staff reviewing inmate 602 appeals - challenging such issues]" [see, FAC, para's # 23-25, incl. ref. to USDC-N.D.Cal # C00-0905 ST, Lira v. Cate, "Findings of Fact and Conclusions of Law" Sept. 30, 2009 (@ pp. # 40-42]

   Plaintiffs complaint includes specific allegations about inmate informants being unreliable, notorious manipulators, who are assisted by prison-staff, so as to appear credible [FAC, para's 36, 41]; as well as specific-examples of known inmate informants used to @ initially validate Ashker in 1988, and ⓑ re-validate him in 2001, in spite of specific-serious credibility problems [FAC, para's # 42-45, 47, 183(c)-188]

   As well as, specific allegations against defendant Wise, re: manipulation(s)/fabrication(s) of alleged confidential material he claims he found in plaintiffs files in (2001), used by defendants to revalidate them as active gang-members, .... with references to contradictory evidence in support of plaintiffs allegations against defendant Wise [FAC, re: Ashker, para's # 48-62; and, FAC, re: Troxell, para's # 103-109, 113]

   The confidential memos, are thus at the heart of plaintiffs' procedural and sub-stantive due process claims, which involve very important liberty interests re: right not to be kept in (SHU) beyond (11) months [FAC, para. # 35(g), (pg 11], citing CCR, Title 15, § 3341.5(c)(3)], and effect on parole and frequency of parole hearings [FAC, para's # 141-161]; and, pursuant to the Hon. Judge Ilston's findings of fact, in Lira v. Cate, supra, # C00-0905 ST, Order of 9/30/09, relying on the testimonial admissions by former PBSP-Warden McGrath [a defend-ant in this case], as well as other CDCR administrators and gang investigators the Court noted the critical importance of substantive-meaningful-

〈7〉

1-2

investigations and subsequent reviews of gang-validation issues, by gang-investigators, committee(s), and the 602 inmate appeals process ___ and defendant McGrath, et al., admitted, ` once an inmate is validated, it is virtually impossible to overturn the validation´; and, `no type of substantive reviews are done´ Held to be a due process violation [Jt. Lira Order, pp #40-42]

The Court then does an indepth analysis of the confidential, and non-conf. information, used to validate and re-validate Mr. Lira, based on a very thorough-substantive investigation [conducted by Mr. Lira's counsel - which required access to all of the information], which exposed the information as not credible nor valid evidence of gang affiliation - and, the Court Ordered such expunged ___ although, this was after Lira, spent (8) years in (SHU), and suffered serious mental illness as a result [Lira Order, pp #40-49]

Plaintiffs have been in (SHU) for more than (25) years now, and repeatedly denied parole, with related multi-year deferals, based on alleged gang-validations/re-validations that have been made without due process; they need copies of all of the memos at issue, in order to investigate, and be able to prove the allegations are false [as was done in the Lira case]

This is critical, in lieu of defendant McGrath's testimony in Lira, supra, and plaintiffs' undisputed allegations re: two of CDCR's confidential informants used in Ashkers' initial validation were not credible per prosecutor [EAC, paras #45,47 noteably, when Ashker presented the court transcripts as part of his 602 appeal, CDCR, refused to substantively review the info. Id, EAC, para # 47] [See also: Jo re Jackson, 233 Cal. Rptr. 911, 918 fn.9 ... "D.V.I., superintendent stated inmate informants information only about 10% reliable;" and, at p. #920 ___ Toussaint spec. master stated ___ in most instances prison officials rely on shadowy confidential info. gleaned from so-called "confidential" inmate

⟨8⟩

sources, who deliver their damaging allegations free from cross-exam in a context prone to manipulative deception". _See also_ _Kyle v. Hanberty_, 677 F.2d 1386, 1390 [11th Cir. 1982]; _McCallum v. Miller_, 695 F.2d 1044, 1048 [7th Cir. 1982]

B. Plaintiffs' Dispute The Legitimacy Of The Memos' "Confidential" Designations, and Point To A Remedy Re: Confidential Issues.

Plaintiffs' dispute the legitimacy of the memos' "confidential" designations and point to a remedy for addressing any confidential issues, that the Court may identify as being legitimate, as presented below.

(1) Plaintiffs' dispute the legitimacy of the memos' "confidential" designations based on the following:

a) CDCR Dept. Operations Manual [D.O.M.], §54058.3 states "the 1st part of the debriefing process is designed to obtain sufficient verifiable information from the inmate about the gang, gang-members and associates, that adversely impacts them, so they will never accept the inmate back as a member or associate".

this equates to a requirement for inmates who seek to success-fully debrief, --- to become known informants [other inmates must know the debriefer informed on and harmed them]

Thus, any "confidential memos" based on "debriefs", are not confidential per "need to protect identity" reason, because debriefers identities must be known - prior to being deemed successful.

b) Plaintiff Ashker has identified (3) informant/debriefers' in the FAC, para's* 45(c)&(e), 183(c) [inmates Rowland, Larson, and

〈9〉

14

Whalley], and, he can name many more, thus, no basis for "confidential" designation(s). [Ashker Decl., paras # 2,4-9]

c) Any "confidential" memos based on "staff information", are not actually "confidential"; these would be based on staff claim(s) that they observed - over heard conversations - they felt were gang-related.

(2) Should The Court Find A Legitimate Basis for Designating Any Of The Memos "Confidential" There Are Remedies To Allow Disclosure.

a) The name(s) of the inmate informant(s) can be redacted.

b) The Court can appoint a neutral party who can receive all information re: confidential memo allegations - subject to a non-disclosure protective order - for investigation and report to the Court.

C. Plaintiffs Dispute Defendants Claim Re: Previous Disclosure of Permissable Parts of Confidential Memos.

Plaintiffs deny defendants claim re: previous disclosure of permissable parts of the confidential memos at issue via, --- "confidential information disclosure forms," and other documents [Troxell Decl., para # 2,10 exh G]. The documents referenced by defendants are: CDC-1030 Confidential Disclosure Forms, and CDC 128 B-2's; and, Plaintiffs' FAC [paras # 47(8), 52-55, 74, 100-101, 106-109, 123-124], recite specific quotes from the "CDC-1030 disclosure forms" re: confidential memos at issue. Notably missing from said 1030 disclosures is the following --- "specific date(s), time(s), place(s), of an alleged violation." Such information is mandated if confidential information is used against

15

inmates in disciplinary proceedings [per Cal. Pen. Code § 2932 (c)(1)], and such information should be disclosed in civil litigation involving major liberty interests as well. [See Title 15 § 3321 (b)(3)(B) re: disclosure of as much as possible]

Plaintiffs' also point out, the "confidential memos" will also include info. re: supervisor-administrators review(s), dates they made decision(s) to classify memo(s) confidential. These are potential defendants/witnesses, as well as possibly leading to additional evidence, and is discoverable.

Oakes v. Halvorsen-Marine Ltd., 179 F.R.D. 281 [S.D.N.Y. 1998]; Brown v. U.S. 179 F.R.D. 101 [W.D.N.Y 1998]


## POINT 2  The Court Should Compel Defendants To Answer Interrogatories and Produce Documents


Plaintiffs' asked defendants Jacquez, and Hernandez, to answer interrogatories and produce documents pursuant to Rules # 33, & 34, Fed. R. Civ. P.; defendants responded to the requests unsatisfactorily, and the same is true re: the plaintiffs attempt at informal resolution via meet and confer letter [see Troxell Decl, para's # s-11], thus, the plaintiffs' move the Court to compel defendants to answer the interrogatories and produce documents related thereto, as described below. [per Rule # 37 (a)(2), Fed. R. Civ. P.]


## A. Defendant Jacquez' Interrogatories - Document Requests


Defendant Jacquez, is a longterm CDCR-employee-administrator [at PBSP since 2006, at least]; and he is named in this case re: personal acts/omissions

during his tenure as PBSP- Acting Warden [9/2/08 - 1/27/10], and he currently holds a position as a Chief Deputy Warden [Re: Specific allegations against Def. Jacquez, please see FAC, para's #7, 12, 31-32, 34-41, and para's ref'd therein; 187-188, 189-194].

The following points and authorities support Plaintiffs' Motion To Compel:

(1) Interrogatories and Document Production Requests #1 and 2, sought information re: education, employment history and training. Defendants refused to provide any education information; and only provided CDCR-employment history from 7/11/06 - present. Their responses re: "training" was so vague and general, so as to be non-responsive ["... like all CDCR employees receives continuous training in institutional safety and security"], and no documents were produced [Troxell Decl, para's #6, 8, exh's B, 2, re: requests and responses to interrogatories #1 & 2]

Plaintiffs' require the information and documents based on relevance to, and/or possible impeachment, re: Def. Jacquez', intelligence, qualifications, and training issues [e.g. see FAC, para's #255-263 re: Eleventh Cause of Action - Failure to Lawfully Administer, Train, and Supervise].

Rule 26, F.R.C.P., permits discovery of information which may simply relate to credibility of witnesses or other evidence in case. Oakes v. Halvorsen Marine, Ltd., supra, 179 F.R.D. 281

(2) Interrogatories and Document Production Requests #3 and 4, sought information re: CDCR-PBSP policies and procedures regarding balance of all CDCR - level 3 & 4, institutions, by race/group; and to state the current number of CDCR inmates classified as gang members or associates, by group/gang, for each and all of CDCR's prison facilities [with examples

<12>

included. See Troxell Decl, para # 5, exh B, re: # 3 & 4] As to #3, defendants'
made general, non-meritorious objections [ vague, ambiguous,
burdensome]; and, As to #4, defendants again made very vague, general
non-meritorious objections [ it is compound, overbroad and burdensome,
and ... "the interrogatory seeks info. which is confidential in light of the
security interests of the institution"] [Id, Troxell Decl, exh E, re: # 3 & 4]
 Plaintiffs' position (s) are, the requests are clear, and are not burdensome —
the information is maintained, and available, per, Dept. Operations Manual
[D.O.M.] mandates that" CDCR ___ shall identify gang affiliated inmates/parol-
ees, track them, monitor their conduct, ..." [D.O.M. § 5-2670.6]
 And the "Gang Data Base", ... " maintained by the Gang Intelligence Operations
section, SSU. Shall contain the names and identifiers of CDCR inmates, parolees,
dischargees, and others whose central Files or other gang Files may contain document-
ation indicative of specified gang affiliation" [D.O.M. § 5270.23]
"Access to the SSU Gang Data Base and/or other gang records", is also available
via Critical Case Mgt System [CCMS] Computer Program [D.O.M. § 5270.24]
 Plaintiffs' requests are not seeking "confidential" information, nor information
threatening prison (s) security; they seek general information in the Form of
race/group-gang, numbers. Information defendants maintain, and is
directly relevant, and required to support specific allegations challenging
defendants policies and practices [detailed at FAC, paras #35 (d) to (g); see
Also Second Cause of Action, paras #204-212 and, Tenth Cause of Action, para #252];
the denial of the information sought will severely harm Plaintiffs' case


 (3) Interrogatory and Document Request #5, seeks ... " the # of inmates
classified as "gang dropouts" [via debriefing], and/or "inactive status" who have

18

been assaulted, during the past (25) years. ..." Defendants again make vague, general objections ["overbroad and unduly burdensome. ... not calculated to lead to the discovery of admissible evidence."] [Id, Troxell Decl, exh E, re: #5]

In defendants Aug. 10, 2011, response to plaintiffs meet and confer letter, they also claim #5, "... calls for confidential information, whose disclosure could threaten the safety and security of the institution, and, it exceeds time frame at issue in the complaint and is therefore not relevant. ..." [Id, Troxell Decl, exh H, at p.2, para #3]

Plaintiffs' position is similar to that re #'s 3 & 4, above, ... the request is clear, and not a burden - CDCR is mandated to maintain the type of information sought via computerized Gang Data Base system [D.O.M. § 5270.1, et seq]. The information sought is not "confidential", nor a "threat to institutional-security." Plaintiffs are asking for the numbers of gang-dropouts/inactive gang inmates who have been victimized; they are not asking for any person-al information [about individual inmates, or institutions].

The information is directly relevant to Plaintiffs claims and causes of action re: CDCR-PBSP informant procurement agenda - coercing [SHU] inmates into agreeing to become known informants against other inmates [a requirement for "successful debriefing" per D.O.M. § 54058.3], and defendants are incapable of protecting inmates, or their families, who have dropped out of gangs via debrief/inactive status. [see EAC, para's #20, 22, 26-28, 32 (e)-(g), 36-41; and, Causes of Action: (Eighth) & (Ninth), (Tenth) and (Eleventh), para's #230 - 263].

Denial of the information will severely harm Plaintiffs' case. Also, defend-ants generalized objections of: "overbroad, burdensome, confidential", etc, waive such objections. Redland Soccer Club v. Dept of Army, 55 F.3d 827, 856 [3d Cir 1995]

〈14〉

19

_Ramirez v. Co. of Los Angeles_, 231 F.R.D. 407, 410-12 [C.D. Cal. 2005].

⟨4⟩ _Interrogatory_ and Document Requests #6 and 7, sought information relied upon to support defendant's denial of allegations in the FAC, para's [# 140(e), and # 189-194]; defendants' response was "the request is premature due to early stage of litigation, and any response would violate the attorney work product privilege and attorney/client privilege." [Id, Troxell Decl, exb E, re: #'s 6 & 7]

Plaintiffs' position is (a) As of today, defendants have had more than (6) months since filing the 5/5/11, _Answer_ to the [FAC], and have yet to produce any responsive answers, or documents; and (b) defendants' general claim re: "violate the attorney work product privilege and attorney/client privilege", is not sufficient. They will have to file a specificly worded claim of privilege/privilege log, spelling out ... who was involved or present at the communication and the nature of the communication to permit assessment of the claimed privilege" _Bogle v. McClure_, 332 F.3d 1347, 1358 [11th Cir. 2003]; _Green v. Baca_, 226 F.R.D. 624, 651 [C.D. Cal 2005] clarified, 2005 WL 283361 [C.D. Cal, 1/31/05]. Also, the "work product" privilege does not include information and documents compiled in the ordinary course of running the prison. _U.S. v. Adlman_, 134 F.3d 1194, 1195 [2d Cir. 1998]; _In re Grand Jury Subpoena_, 357 F.3d 900, 907-08 [9th Cir. 2004]; _Haptowit v. Ray_, 682 F.2d 1237, 1262 [9th Cir. 1982]; _Miller v. Panucci_, 141 F.R.D. 292, 303 [C.D. Cal. 1992].

The work product doctrine may be overcome by a showing of substantial need and inability reasonably to obtain the information by other means. _Rule 26(b)(3), Fed. R. Civ. P._

The Plaintiffs' Interrogatories #6 & 7, are intended to try and "... clarify and/or narrow the scope of the dispute, and possibly expose a substantial basis for a

⟨15⟩

motion for summary judgment." See Lucero v. Valdez, 240 F.R.D. 591, 594 [D.N.M. 2007]

## B. Defendant Hernandez' Interrogatories-Document Requests

Defendant Hernandez, has been a CDCR-employee since May 2002, and she is named in this case re: personal acts/omissions while performing duties as a PBSP-Correctional Officer, including processing and reviewing SHU-inmate-to-inmate, approved legal correspondence exchanges-from approximately Jan. 1, 2008 - Dec. 2009. Since Dec. 2009, she has been a correctional counselor in PBSP-D Facility SHU [RE: Specific allegations against Def. Hernandez, please see: FAC, para's # 10, 183(c) - 188, and Fifth Cause of Action, para's # 220 - 223]

The following points and authorities support Plaintiffs' Motion To Compell:

(1) Requests # 1 and 2, sought the same background information re: education, CDCR-employment history and training, as def. Jacquez'; and Plaintiffs' position(s) are the same [see above pg # 12]. Def. Hernandez does not answer request # 1 re: education, and she makes vague-general responses re: "training" part of request # 2 [and produces no documents] [Troxell Decl., exh F]

(2) Request # 3, sought information re: other cases naming Ms. Hernandez, as a defendant. She refused to provide this info., claiming such "wasn't reasonably calculated to lead to discovery of admissible evidence"; and "irrelevant" [Id. Troxell Decl., exh E] In plaintiffs' "meet and confer" letter, they stated the info. was discoverable/relevant re: "pattern, habit, veracity, potential witnesses, etc." [Id. exh G, pg 3] Defendants refused again [Id. exh H, pg # 3]

⟨16⟩

21

The material is discoverable/relevant. <u>See</u>: <u>Cox v. McClellan</u>, 174 F.R.D. 32, 34 [W.D.N.Y. 1997]; <u>Ramirez v. Co. of Los Angeles</u>, 231 F.R.D. 407, 411-12 [C.D.Cal 2005] <u>Scaife v. Boenne</u>, 191 F.R.D. 590, 595-96 [N.D. Ind. 2000]

⟨3⟩ <u>Request #4</u>, sought the procedure re: review/processing of inmate-to-inmate approved legal correspondence between Jan. 1, 2008 - July 30, 2008. Plaintiffs' are not satisfied with defendant's respond, based on the failure to identity/produce any responsive documents [<u>Troxell Decl.</u>, exh E, p. 4-5; and, exh G, p. #3]

⟨4⟩ <u>Request #5</u>, asked. "... Identify by description and current Location, any/all documents relevant to the claims in the <u>FAC</u>, paras # 183(c) - 188, re: your decision to confiscate Ashker's initial requests and the responses from Cole and Haddix. Produce a copy of all such documents [including the confiscated docs]."

Defendants objected in non-specific, general terms [vague & ambiguous; ... improper request for content & document production; ... seeks information which is confidential in light of security interests]; and, non-response of, "... Any & all non-confidential documents were placed in the plaintiffs central file." [Id., Decl., exh F, #5]

Plaintiffs meet and confer Letter, expressed dissatisfaction based on ... non-responsive & meritless objections; def. fails to specifically ID the relevant documents & makes vague, rote assertions re: confidential information & security interests of the institution. ..." [Id, Decl, exh G, p. 3] Defendants again refused to provide an acceptable response claiming ... the non-conf. info. sought is equally accessible via review of your C-File. Confidential documents

<17>

22

will not be produced. --- You were denied access to these docum-
ents in N.D. Case# 05-3286, in the "Order Denying Motion For Protect-
ive Order" [DOCKET #322]. ---" [Id, Troxell Decl, Exh, #3]

Plaintiffs' position is the defendants' reference to the Hon. Mag.
Larson's ruling in above referenced case, takes the issue(s) out of
proper context, and the ruling in N.D. Case# 05-3286 CW, is not
dispositive to the issue(s) before the Court in this present case.

Basically, Mag. Larson refused to compel production of the
documents at issue here [Ashker's questions, and Cole, and
Haddix' replies], without ever examining the documents;
and, Ashker's failure to fully exhaust a 602 inmate appeal of the
issue, prior to filing the motion [in the middle of limited discovery
to oppose summ, judgment].

The allegations, cause of action, and naming of defendants
Hernandez, et al, are distinct to this case presently before the
Court. The documents alleged to be confidential by defendants are
critical to the entire cause of action at issue here now, in this
case [EAC, paras# 183(c)-188, 220-223]

Plaintiffs' position is; the documents are not "confidential", the
questions posed to Cole and Haddix, were in re: known inmate
informant Whalley [and potential witness "wino-bob"]; Def.
Hernandez, gave the questions to Cole and Haddix. She did
not confiscate anything until receiving their replies, --- then
Defs' claim such is "gang-activity", and place documents to
that effect in all (3) inmates files.

Plaintiffs' respectfully move the Court to order defendants
to produce Ashker's original questions, and original replies

<18>

From Cole and Haddix, as well as all related documents, for in-camera review. After which the Court can order full disclosure, and/or partial disclosure - with parts deemed confidential, redacted.

Of course this should only be done upon defendants' making a persuasive showing of "confidentiality" requirements in the First Place. [see: Smith v. Goord, 222 F.R.D. 238, 242 [N.D.N.Y. 2004]; Soto v. City of Concord, 162 F.R.D. 603, 613-14 [N.D. Cal. 1995]; Windsor v. Martindale, 75 F.R.D. 665, 671-72 [1997]

Additional applicable support for plaintiffs' position is presented in this motion at above pgs #9-14,... defendants' general objections/confidential-security excuses are not satisfactory.

Defendants must identify - specifically - all related documents and their Location(s), ... non-confidential and confidential.

Should the Court order in camera review, plaintiffs' will move to submit evidence in support re: inmate Whalley being a longtime [going back to late 80's], known informant [presently the # of pages would require a court order for PBSP - to photo copy them, if attached here. Ashker Decl, paras #6-9]


〈5〉 Request #7 asked for... all facts you relied upon to claim "Ashker's initial requests, and the responses from Cole and Haddix pose a risk threat to safety and security", and, ..."gang-activity", requiring confiscation....
If there are any documents related to your decision, identify and produce.

Defendants objected on basis"...improperly calls for content and production of documents". And, general objection :"... seeks information which is confidential in light of security interests..." Both of which are not valid-proper objections, for same reasons plaintiffs presented above re: identical objections made by Hernandez and Jacquez

〈19〉

24

Defendants additionally responded with "... The document speaks for itself." This is not a valid response, as documents do not speak. See Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D., 76, 80 [W.D.N.Y. 2000]

Defendant should be compelled to "... state all facts relied upon... and to specifically identify and produce all requested documents." [Troxell Decl, paras #9-11, exhs F, G, H]

⟨6⟩ Request #8 asked for Ms. Hernandez, to "... identify" all persons you claim have any knowledge of or information concerning your confiscation of the legal material at issue in the [EAC, pp #73-75]."

Defendants response(s) are not valid and general; also, they claim... "persons with knowledge of the issue are identified in responses to appeal 08-01998." [Id, Decl, exh F, p.6]

As pointed out in plaintiffs' "meet and confer" letter, the response is contradictory to Ms. Hernandez' responses to #4 and #6 ... specifically at #4, she states ... "If concerns arose, defendant would present the document to the IGI [gang staff] Unit for their review ... delivery or confiscation of the correspondence based on the IGI Units determination" [Id, Decl, exh F, pp 4-5]

The responses to appeal #08-01998. and related documents referenced therein, contain no mention about any I.G.I. Unit staff being consulted, or involved in Ms Hernandez' confiscation, and claims re: "gang activity," as to documents at issue [Ashker Decl, paras #2, 8]

⟨7⟩ Request #9 ask Ms Hernandez to "... Describe fully any conversation you had with CDCR - PBSP staff about the legal material at issue in the [EAC, pp. #73-75], including: a. The date, time and place of each conversat

⟨20⟩

25

b. What you stated to each staff member, if you cannot recite the statement(s) verbatim.  c. What each staff member stated to you - - - -

Defendant's response(s) are the same as their other response(s) - objection(s), recited above, and are not acceptable for the same reasons.  [Troxell Decl, exh E]

## IV. CONCLUSION

Based on the foregoing, supported by the accompanying declarations, and the file-record of the case, the pro-se prisoner plaintiffs respectfully request the Honorable Court to grant this motion and thereby compell defendants to produce the documents and answer the interrogatories at issue.

Dated: November 20, 2011

Respectfully Submitted,

T. Ashk                    & Danny Troxell

Todd Ashker        Danny Troxell

Plaintiffs, In pro-se

26