Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca. 95532
Plaintiffs, In pro-se

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

| TODD ASHKER and DANNY TROXELL, | CASE No. C09-5796 CW |
|---|---|
| Plaintiffs, | Declaration Of Todd Ashker, In |
| vs. | Support Of Motion To Compell |
| EDMUND G. BROWN, JR., et. al., | Answers To Interrogatories |
| Defendants. | and Produce Documents. |

I, Todd Ashker, declare:

1) That I am a pro-se prisoner plaintiff in the above numbered case and I submit this declaration in support of the "Motion For An Order Compelling The Defendants To Answer Interrogatories and Produce Documents", based on personal knowledge.

2) I have read the "motion for an order...", and I verify the statements therein are true and correct pursuant to penalty of perjury.

3) That I was not able to file the "motion...", sooner is because I was deprived of my property, including legal material related, and needed to prepare the motion, during time period of 6/6/11 to 6/15/11, and 9/29 to 10/17/11;

⟨1⟩

I was also not able to work with my co-plaintiff on the case, between 9/29 to 10/26/11. Plus, we've had to deal with (2) reply-briefs, and a motion for leave to seek reconsideration of the order filed 10/11/11. Also, the motion to compel required alot of research and effort.

4) That I've been housed at PBSP-SHU, since May 2, 1990; and, based on my personal experience(s) here in PBSP-SHU, it's common knowledge when inmates have debriefed their way out of (SHU). Staff will often tell inmates things like "...hey so and so's in 12 Block now, what's going on with that?" [12 Block in PBSP-SHU, C-Facility, is where debriefers are housed - after they have completed the first stage - writing out all they can dream up about others, for gang-unit staff]

5) That I've had staff make the above statement to me, and tell me straight out - "you know so and so is debriefing now?" Staff told me such things about inmate's: Wayne Smith, Sean Bromley, Steve Olivares, Mark Foley, Eddie Mills; just a few examples between 2006-2010.

6) That I know inmate Whalley, has been an informant going back to the 1980's; he was housed at CSP-SC [New Folsom], A-Facility - working as an asst. x-ray Tech., at A-Facility clinic in late 1980's - early 1990's. I know this because I saw him there, when I'd be going to court there; I was in Ad/Seg., and it was common knowledge that A-Facility, general population was solely for housing inmate informants. Also, PBSP-SHU, has shown a yearly T.B. testing video - since early 1990's, made at CSP-SC, A-Facility, that includes Whalley, in the x-ray room.

7) That I have a transcript of Whalley's interview with Del Norte Dist. Attorney re: inmate Haddix prosecution; wherein Whalley's

⟨2⟩

28

making up things about me, and includes references to inmate Cole. This transcript is a public record, on file in Del Norte Superior Court, and I received a copy from someone who's attorney received it from Haddix [based on what I was told].

8) That exhibit 'C', attached to my co-plaintiff Mr. Troxell's, declaration, includes a true and correct copy of my 602 Appeal, Log # D08-01998, challenging the issue(s) re: defendant Hernandez, et al, confiscation of my written questions to, and responses from, Cole and Haddix; and, I verify my hand-written statements in the 602 Appeal, at sections A, B, D, F, and H, are true and correct per. penalty of perjury. [There's no mention of "I.G.I" by respondents]

9) That CDCR-PBSP has imposed restrictions re: number of pages inmates can get photocopies of, absent a detailed written statement as to why the specific copies are needed to advance litigation [for 50-99 pgs], and a court order to copy 100 pages, or more. I will file Whalley's court transcript, and related material, if required by the court to resolve discovery dispute - I'm not able to do so with the motion due to (a) page number - copy issues, and (b) I'm worried PBSP staff will confiscate such documents and write me up, as was done previously by defendant Hernandez, et al.

I hereby swear the aforementioned is true and correct pursuant to penalty of perjury, executed on November 20, 2011, at Crescent City, California.

/s/ T. Ashker

   Todd Ashker, Plaintiff

     In pro-se #

<3>