Todd Ashker, C58191

Danny Troxell, B76578

Box 7500/D1-SHU

Crescent City, Ca 95532

Plaintiffs, In pro-se +

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND-DIVISION

| TODD ASHKER and DANNY TROXELL, Plaintiffs, vs. EDMUND G. BROWN, JR., et. al., Defendants. | CASE No. C09-5796 CW Declaration Of Danny Troxell, In Support Of Motion To Compell Answers To Interrogatories and Produce Documents. |

I, Danny Troxell, declare:

1) That I am a pro-se prisoner plaintiff in the above numbered case and I am submitting this declaration in support of the accompanying "Motion For An Order Compelling The Defendants To Answer Interrogatories and Produce Documents," based on personal knowledge.

2) I have read the motion and I verify the statements therein are true and correct pursuant to penalty of perjury.

3) That the basis for not filing the "Motion To Compell ..." sooner is due to defendants' agents depriving me of my property, including legal-materials related to, and needed to prepare, the motion, during the time periods

⟨1⟩

30

of June 6th – 15th, 2011; and Sept. 29th to Oct. 31st, 2011. And, during the past (3) weeks my co-plaintiff and I, have had to prepare and file our reply-briefs re: Second Amend. Comp, and properly filed a motion for Leave to move for reconsideration.

4) That attached hereto as [EXHIBIT A], is plaintiffs' Request for Product of Documents, dated April 3, 2011.

5) That attached hereto as [EXHIBIT B], is plaintiffs' Interrogatories and Request for Production of Documents, to defendant Jacquez, dated April 3, 2011.

6) That attached hereto as [EXHIBIT C], is plaintiffs' Interrogatories and Request for Production of Documents, to defendant Hernandez, dated 4/3/11.

7) That attached hereto as [EXHIBIT D], is a true and correct copy of "Defendants Response To Plaintiffs' First Request For Production Of Documents".

8) That attached hereto as [EXHIBIT E], is a true and correct copy of "Defendant Jacquez's Response To Plaintiffs' Interrogatories And Request For Production Of Documents".

9) That attached hereto as [EXHIBIT F], is a true and correct copy of "Defendant Hernandez's Response To Plaintiffs' Interrogatories And Request For Production Of Documents".

10) That attached hereto as [EXHIBIT G], is a true and correct copy of plaintiffs' "Meet and Confer Letter To Opposing Attorney Roman Re: Discovery" 7/5/11.

11) That attached hereto as [EXHIBIT H], is a true and correct copy of attorney Roman's, Aug 10, 2011, reply letter re: meet and confer letter above.

I hereby swear the aforementioned is true and correct pursuant to penalty of perjury, executed on November 20, 2011, at Crescent City, California.

/s/ Danny Troxell

DANNY TROXELL, Plaintiff, In pro-se      <2>

31

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1



G-9

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, _Danny Troxell, B76578_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __4__ day of __April__, in the year of 20_11_, I served the following documents: (set forth the exact title of documents served)

RE:#C09-5796CW

① Plts Request For Production of Documents

② Plts Interrogatories & Req For Production To Def. Hernandez

③ " "   "   "   "   "   " Def. Jacquez

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

Nicole Roman

atty at law

180 Grand Ave, Ste 225

Oakland, Cal 94612

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __4__ day of __April__, 20_11_.

Signed: _Danny Troxell_
(Declarant Signature)

Rev. 12/06

Due By May 9th

Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca 95532
Plaintiffs, In pro-se +

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,
                    Plaintiffs,

                VS.

EDMUND G. BROWN,
~~~~~ ~~~~~~~~~~~~~~, et al.,
                    Defendants,

CASE No. C09-5796CW

Plaintiffs' First Request For
Production Of Documents
[per F.R.C.P. # 34]

    Pursuant to Rule 34, F.R.C.P., the plaintiffs' request CDCR-PBSP defendants'
Cate, G.D. Lewis, Horel, Jaquez, Barlow, Johnson, Bradbury, et al., to produce the
documents listed within (30) days, either by providing the plaintiffs with
copies or by making them available to the plaintiffs for inspection and
copying [The term "documents" includes copies of electronically stored/
computerized material responsive to the requests; as well as, meaning the
same as the term "writings" defined by Fed Rule of Evidence # 1001]
    Request # 1
Produce the following confidential memos re: Ashker's gang activity &

⟨1⟩

status: 4/18/86, 8/6/87, 11/3/87, 12/2/87, 1/25/88, 2/8/88, 3/11/88, 3/22/88, 6/29/01, 6/18/01, 6/19/01, 7/16/01, 7/30/01, 8/22/01, 2/23/01, 7/22/01, 3/29/06, 4/4/06, 7/7/06, 9/18/06. [note: you can redact the informants' name from said memos - at this time, plaintiffs' reserve their right to compel disclosure of the informants identities]

Request #2
Produce the following confidential memos re: Troxell's gang activity - and status: 5/2/88, 7/26/88, 8/5/88, 8/10/88, 1/9/89, 9/20/99, 8/3/00, 3/3/04, 5/4/04, 8/26/04, 4/2/05, 4/25/05, 7/11/05, 7/12/05, 9/18/06 [see above note re: informant identities]

Dated: April 3, 2011

Submitted by,
T. Ashker      & Danny Troxell
Todd Ashker     Danny Troxell
Plaintiffs' In pro-se

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

B

Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca 95532
Plaintiffs, In pro-se

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

TODD ASHKER and DANNY TROXELL,
        Plaintiffs,

        VS.

EDMUND G. BROWN, etal,
        Defendants.

CASE No. C09-5796 CW

Plaintiffs' Interrogatories
And Request For Production
Of Documents [per FRCP#33&34]

Propounding Party: Plaintiffs' Ashker & Troxell

Responding Party: Defendant F. Jacquez
Set Number #1
        Pursuant to Rules #33 and 34, F.R.C.P., the Plaintiffs' submit
the following interrogatories and requests for documents to the defendant
F. Jacquez, administrator, Pelican Bay State Prison. You are directed to
answer each of the interrogatories in writing under oath, and provide the plaintiffs
with copies of each of the requested documents or make them available to the
Jacquez' R065                    (1)

plaintiff for inspection and copying. Your answers are due within (35) days from the date on the accompanying proof of service. [The term "documents" includes copies of electronically stored/computerized material responsive to the requests; as well as, meaning the same as the term "writings" defined by Federal Rule of Evidence #1001]

## Interrogatory 1:

State your highest level of education, with inclusion of reference to any degrees and certificates of course completion that you have earned.

## Interrogatory 2:

Describe your employment history with CDCR, including any/all training you have received relating to PBSP-SHU safety and security issues. If such training was set forth in any document(s), identify and produce the document(s).

## Interrogatory 3:

Fully describe CDCR-PBSP policies and procedures related to balancing the inmate population(s), by race, and group [e.g., PBSP, A-Facility, General Population tries to maintain a balance composed of 25% Black, 25% White, 30% Southern Mexican, 20% Northern Mexican, inmates; PBSP, B-Facility tries to maintain a balance, ....]. This request is for the time period spanning the past (5) years, and applies not only to PBSP, but to all CDCR level 3 & 4, institutions. If such policies and procedures are set forth in, or discussed in, any document(s), identify and produce the document(s).

Jacquez' ROGS                                    (2)

**Interrogatory 4:**

State the current number of CDCR inmates classified as gang members or associates, by group/gang, for each and all of CDCR's prison facilities [e.g., CSP-SC, B-Facility has (20) crips (10) skinheads (2) Hells Angels (200) Sureños (75) Norteños (6) Asian Boys. CSP-SC, A-Facility has, ____] If such data is documented, identify and produce the document(s).

**Interrogatory 5:**

State the number of inmates classified as "gang dropouts" [via debriefing], and/or "inactive status" who have been assaulted, during the past (25) years. If such data is documented, identify and produce the document(s).

**Interrogatory 6:**

If you deny/dispute plaintiff Troxell's claim(s), stated in the First Amended Complaint [FAC, at para.# 140 (s), pp# 48-50], state all facts you rely upon to support your position and, include reference to specific evidentiary—support. If any part(s) of your denial/dispute is supported by documents, identify and produce any/all related documents. ["related" means - related to subject]

**Interrogatory 7:**

If you deny/dispute plaintiffs' claims, stated in their [FAC, para's# 189 through 194, pp# 75-76], state all facts you rely upon to support your position(s) and, include reference to any/all specific evidentiary support. If any part(s) of your denial/dispute is supported by documents, identify and produce any/all related documents ["related" means - related to the subject(s) at issue].

Dated: April 3, 2011          Submitted by T. Ashker    & Danny Troxell

Jacquez' ROG'S                    〈3〉          Plaintiffs, In pro-se +

...ICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

C

Todd Ashker, C58191
Danny Troxell, B76578
Box 7500/D1-SHU
Crescent City, Ca 95532
Plaintiffs, In pro-se —

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND-DIVISION

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br>                    Plaintiffs, | CASE No. C09-5796 CW<br>Plaintiff Ashkers' Interrogatories<br>And Request For Production OF<br>Documents [per. F.R.C.P.# 33 and #3] |
| VS.<br>EDMUND G. BROWN,<br>~~Arnold Schwarzenegger~~, etal.,<br>                    Defendants. | |

Propounding Party: Plaintiff Todd Ashker

Responding Party: Defendant A. Herrandez
Set Number #1 .
            Pursuant to Rules #33 and 34, F.R.C.P., Plaintiff Ashker submits the
following interrogatories and requests for documents to the defendant A.
Herrandez, correctional counselor, Pelican Bay State Prison. You are directed to
answer each of the interrogatories in writing under oath, and provide the
plaintiff with copies of each of the requested documents or make them

Herrandez: ROGS                            ⟨1⟩

available to the plaintiff for inspection and copying. Your answers are due within (35) days from the date on the accompanying proof of service [The term "documents" includes copies of electronically stored/computerized material responsive to the requests; as well as, meaning the same as the term "writings" defined by Federal Rule of Evidence #1001]

## Interrogatory 1:
State your highest level of education, with inclusion of reference to any degrees and certificates of course completion that you have earned

## Interrogatory 2:
Describe any/all training you have received during you CDCR employment, including but not limited to the subject of "inmate-to-inmate communication threatening the safety and security of the institution, staff, and inmates".

## Interrogatory 3:
Identify by case title and case number any/all cases in which you have been named as a defendant [note: this request is based on your statement to Mr. Ashker, on March 28, 2011, ___ "Do you think you're the first one to sue me?]

## Interrogatory 4:
State the procedure in effect during January 1, 2008 through July 30, 2008, for your review, and processing of, PBSP-SHU inmate(s) - inmate-to-inmate approved legal correspondence exchanges. If this procedure was set forth in any document(s), produce the document(s)

Hernandez' ROG's                    〈2〉                               45

Interrogatory 5:

Identify by description and current location, any/all documents relevant to the claims in the First Amended Complaint, paragraphs #183(c) through #188 [FAC, pp 73-75], re: your decision to confiscate Ashker's initial requests and the responses from Cole and Haddix. Produce a copy of all such documents [including the confiscated documents]

Interrogatory 6:

Fully describe the basis for your delivery of Ashker's initial requests for information about inmate informant Whalley, to inmate's Cole and Haddix, in 2008.

Interrogatory 7:

State all facts you relied upon to claim "Ashker's initial requests, and the responses from Cole and Haddix pose a threat to safety and security," and, "...- gang-activity", requiring confiscation [refer to attached Ex. A, copy of your 7/9/08, CDC 128-B-Chrono, and copy of Ashker's 7/10/08, 602 Appeal #D08-01998, at your 7/10/08, response] If there are any documents related to your decision, identify and produce the documents.

Interrogatory 8:

State the names and addresses of all persons you claim have any knowledge of or information concerning your confiscation of the legal material at issue in the [FAC, pp #73-75]

Interrogatory 9:

Hernandez' ROGS

Describe fully any conversation you had with CDCR-PRISON staff about the legal material at issue in the [EAC, pp 73-75], including:

a. The date, time, and place of each conversation;

b. What you stated to each staff member; if you cannot recite the statement verbatim, state the substance;

c. What each staff member stated to you, if you cannot recite the statement(s) verbatim, state the substance.

Dated: April 3, 2011                    Submitted by T. Ashker

                                        Todd Ashker, Plaintiff

                                        In pro-se *

Hernandez'ROG'S                (4)                            4

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128B (Rev. 4/74)

**Number: C-58191      Name: ASHKER**                                                  **Housing: D1-119L**

On June 17, 2008 while I was reviewing one time legal correspondence that was coming back from HADDIX, H73897, D3-111L and COLE B77585, D6-102L going back to ASHKER, C58191, D1-119L. While reviewing this material it was determined that both the initial requests from ASHKER and the responses from COLE and HADDIX pose a threat to the institutional safety and security of the institution. This threat stems from statements in ASHKERS request regarding an inmate who he alleges testified against the Aryan Brotherhood Affiliates.

Per OP 222 inmates are allowed to correspond with other inmates to obtain legal affidavits for ongoing litigation. This privilege is one time only and is approved by a facility captain. The correspondence is not considered to be confidential in nature and is reviewed by staff for potential threats and possible hidden information, which constitutes gang activity.

Due to the threat against institutional security the responses to ASHKER from COLE and HADDIX will be disallowed.

ORIG: C-FILE
cc: AWC
    INMATE
    PROGRAM
    CCI
    UNIT (2)

CORRECTIONAL OFFICER
A. HERNANDEZ

**DATE: 7-9-2008**               **INFORMATIONAL CHRONO**                    **Inst: PBSP**

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

*CONFIDENTIAL —
DUE TO SECURITY THREAT*

STATE OF CALIFORNIA

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.                    Category

1. **PBSP**          1. DO8-01998          3/11

2.                   2.

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Todd Ashker | C58191 | SHU | D1-119 |

A. Describe Problem: On 7-10-08 c/o Hernandez gave me a chrono stating that inmates Haddix & Cole's response(s) to my "Approved Legal Correspondence" are being withheld because my requests & their responses were about an inmate informant & such posed a threat to institutional safety & security. C/o Hernandez told me CCII Barlow was also involved in this action! The informant in question is Whalley c# 47594! This is not speculation — I have the transcript referenced in my letters to Haddix & Cole!! The fact whalley is an informant is not a secret secret & thus — no valid reason to keep Haddix & Cole's responses — & c/o Hernandez does not articulate the alleged safety — security reason for keeping the

see attached page →

If you need more space, attach one additional sheet.

B. Action Requested: To be given the legal correspondence from Haddix & Cole

**PELICAN BAY STATE PRISON**
**SECURITY HOUSING UNIT**
**UNIT D-1**

Inmate/Parolee Signature: T. Ashker          Date Submitted: 7-10-08

C. INFORMAL LEVEL (Date Received: 7-10-08 )

Staff Response: Per my conversations with CCII B. Barlow it was decided that you would not receive these correspondences back. The information was deemed to be gang activity.
                    Action Denied

Staff Signature: A Hernandez c/o          Date Returned to Inmate: 7-10-08

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied! C/o Hernandez & CCII Barlow are interfering with my ability to investigate & obtain evidence directly related to one of my civil claims [RE: active/inactive SHAM reviews & reliance on unsubstantiated allegations (false allegations) by inmate informants & /or not following rules & regs re: issuing rule violations] CCII Barlow is personally aware of such claims & the info from Cole & Haddix is on point & not "gang Activity" period! T. Ashker

Signature: T. Ashker          Date Submitted: 7-17-08

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

JUL 18 2008          AUG 19 2008

1ST AW-SHU          2ND APPEALS

First Level: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 7/18/08   Due Date: _____

Interviewed by: _____   _____

Staff Signature: _____   Title: _____   Date Completed: _____
Division Head Approved: _____   Title: _____   Returned _____
Signature: _____   Date to Inmate: 8/6/08

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*THE ACTION TAKEN VIOLATES STATE & FEDERAL LAW Dissatisfied! Respondent's claims such legal material constitutes gang-activity etc & noting I warn respondent's staff will review responses (when such is also included or approved & corresponded) is without merit & used to cover for obvious attempt to delay & deny my ability to investigate issues directly related to ur civil case! This has had a chilling effect - as it has meant I can't get at other sources plus (this) was also used against me at my 8-14-08 BPH Hearing!   T. Ashker   Date Submitted: 8-17-08*

Signature: _____

Second Level: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other   8/19/08

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8/19/08   Due Date: 9/7/08
☒ See Attached Letter

Signature: N Thum  CCII   Date Completed: 9-3-08
Warden/Superintendent Signature: _____ WARDEN (A)   Date Returned to Inmate: SEP 09 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Dissatisfied! PBSP staff's actions are inappropriate & illegal interference with my ability to investigate & present my legitimate legal claims in my civil action - specifically challenging gang-validation /use of fabricated inmate informant - unsubstantiated allegations!! It makes no sense on why staff would give my approved correspondence w/ questions to the (2) inmates then make an issue out it. After they respond!! Also the chrono was specifically referenced & used against me, when I went for my BPH Parole Hearing on 8-14-08!! I want the legal material & the chrono rescinded!!   T. Ashker   Date Submitted: 9-24-08*

Signature: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0807981

C58191

DEC 18 2008

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☒ See Attached Letter   Date: _____
CDC 602 (12/87)

approved legal correspondence — which is directly related to issues in my civil case!

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-

... CAL STATE PRISON
... TY HOUSING UNIT
UNIT D-1

D

1   J. RANDALL ANDRADA (SBN 70000)
    randrada@andradalaw.com
2   NICOLE ROMAN (SBN 267730)
    nroman@andradalaw.com
3   **ANDRADA & ASSOCIATES**
    **PROFESSIONAL CORPORATION**
4   180 Grand Avenue, Suite 225
    Oakland, California 94612
5   Tel.:   (510) 287-4160
    Fax:   (510) 287-4161
6
    Attorneys for Defendants
7   GOVERNOR EDMUND G. BROWN, JR., WILLIAM BARLOW,
    DARRIN BRADBURY, MATTHEW CATE, JOHN HARRISON.
8   AMANDA HERNANDEZ, ROBERT HOREL, FRANCISCO
    JACQUEZ, RICHARD JOHNSON, GREG LEWIS, JOE MCGRATH,
9   JOHN MCKINNEY, ROBERT RICE, BRYAN THORNTON,
    GARY WISE, AND JEANNE WOODFORD
10

11              UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  OAKLAND DIVISION

14
    TODD L. ASHKER and DANNY TROXELL,        Case No.:  4:09-cv-05796-CW
15
                Plaintiffs,
16                                           **DEFENDANTS' RESPONSE TO**
         v.                                  **PLAINTIFFS' FIRST REQUEST FOR**
17                                           **PRODUCTION OF DOCUMENTS**
    GOVERNOR EDMUND G. BROWN, JR.,
18  MATHEW CATE,RODERICK HICKMAN,
    JEANNE WOODFORD, JOE MCGRATH,
19  RICHARD KIRKLAND, ROBERT HOTEL,
    FRANCISCO JACQUES, WILLIAM
20  BARLOW, R.L. JOHNSON, D.W.
    BRADBURY, J. MCKINNEY, ROBERT
21  MARQUEZ, R. RICE, JOHN HARRISON, B.
    THORNTON, G.H. WISE, A. HERNANDEZ,
22  ROBERT DOYLE, SUSAN FISHER, ROBERT
    HARMON, HOLLIS, GILLINGHAM, D.
23  SMTH, AND S. TUCKER, et al.,

24              Defendants.

25  **PROPOUNDING PARTY:**        Plaintiffs TODD L. ASHKER and DANNY TROXELL

26  **RESPONDING PARTY:**         Defendants CATE, G.D. LEWIS, HOREL, JAQUEZ,
27                                BARLOW, JOHNSON, BRADBURY, et al.

28  **SET NUMBER:**               ONE

                                    1

{00073742.DOC/} 0922                              *Ashker/Troxell. v. Brown, et al.*
DEFENDANTS' FIRST RESPONSE TO REQUEST FOR DOCUMENTS      C 09 05796 CW

1  Pursuant to Fed.R.Civ.P. 33 and Civil L.R. 250.2, Defendants respond to Request for

2  Production of Documents, Set No. One, propounded by Plaintiffs TODD L. ASHKER and DANNY

3  TROXELL as follows:

4  ### GENERAL OBJECTIONS

5  Defendants object to each of Plaintiffs' requests for production to the extent that it purports to

6  request communications between defendants and their attorneys on grounds that those communications

7  are protected by the attorney-client privilege.  Defendants assume that Plaintiffs' requests for production

8  were not intended to encompass the foregoing materials and responds herein on that basis

9  A full or partial production of documents in any or all categories of Plaintiffs' demand for

10  production of documents shall not be deemed a waiver of any rights of Defendants to object to the

11  further production of documents.

12  This response and the production of documents hereunder are based upon the information

13  presently known to Defendants.  Further investigation or discovery may reveal additional documents

14  not produced herein and presently unavailable.  Accordingly, this response is provided without

15  prejudice to the right of Defendants to present additional evidence hereafter obtained as a result of

16  such investigation or discovery.

17  These introductory comments shall apply to each and every response provided herein, and

18  shall be incorporated by reference as though fully set forth in all of the responses provided herein.

19  ### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

20  **REQUEST NO. 1:**

21  Produce the following confidential memos re: Ashker's gang activity & status:  4/18/86,

22  8/6/87, 11/3/87, 12/2/87, 1/25/88, 2/8/88, 3/11/88, 3/22/88, 6/29/01, 6/18/01, 6/19/01, 7/16/01,

23  7/30/01, 8/22/01, 2/23/01, 7/22/01, 3/29/06, 4/4/06, 7/7/06, 9/18/06.  [Note:  you can redact the

24  informants' name from said memos – at this time, plaintiffs' reserve their right to compel disclosure

25  of the informants identities.]

26  **RESPONSE TO REQUEST NO. 1:**

27  Responding Party objects to this request on the grounds and to the extent that the request

28  seeks documents which are confidential or otherwise restricted for the purpose of preserving the

---

{00073742.DOC/} 0922

DEFENDANTS' FIRST RESPONSE TO REQUEST FOR DOCUMENTS

*Ashker/Troxell. v. Brown, et al.*

C 09 05796 CW

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  security of the institution, staff, and other inmates.  Subject to and without waiving said objections,

2  Responding Party responds as follows:

3       To the extent that the plaintiffs are entitled to the information contained within the

4  confidential memorandum, such information has already been disclosed through confidential

5  information disclosure forms or other documents available to the plaintiffs in their Central Files.

6  **REQUEST NO. 2:**

7       Produce the following confidential memos re: Troxell's gang activity – and status:  5/2/88,

8  7/26/88, 8/5/88, 8/10/88, 1/9/89, 9/20/99, 8/3/00, 3/3/04, 5/4/04, 8/26/04, 4/2/05, 4/25/05, 7/11/05,

9  7/12/05, 9/18/06 [see above note re: informant identities].

10 **RESPONSE TO REQUEST NO. 2:**

11      Responding Party objects to this request on the grounds and to the extent that the request

12 seeks documents which are confidential or otherwise restricted for the purpose of preserving the

13 security of the institution, staff, and other inmates.  Subject to and without waiving said objections,

14 Responding Party responds as follows:

15      To the extent that the plaintiffs are entitled to the information contained within the

16 confidential memorandum, such information has already been disclosed through confidential

17 information disclosure forms or other documents available to the plaintiffs in their Central Files.

18

19 Dated:  June 10, 2011                                    ANDRADA & ASSOCIATES

20

21                                                     By  _Nicole Roman_

22                                                         NICOLE ROMAN
                                                          Attorneys for Defendants

23

24

25

26

27

28

3

{00073742.DOC/}  0922
DEFENDANTS' FIRST RESPONSE TO REQUEST FOR DOCUMENTS

Ashker/Troxell. v. Brown, et al.
C 09 05796 CW

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Ɛ

1   J. RANDALL ANDRADA (SBN 70000)
    randrada@andradalaw.com
2   NICOLE ROMAN (SBN 267730)
    nroman@andradalaw.com
3   **ANDRADA & ASSOCIATES**
    **PROFESSIONAL CORPORATION**
4   180 Grand Avenue, Suite 225
    Oakland, California  94612
5   Tel.:   (510) 287-4160
    Fax:    (510) 287-4161
6
    Attorneys for Defendants
7   GOVERNOR EDMUND G. BROWN, JR., WILLIAM BARLOW,
    DARRIN BRADBURY, MATTHEW CATE, JOHN HARRISON.
8   AMANDA HERNANDEZ, ROBERT HOREL, FRANCISCO
    JACQUEZ, RICHARD JOHNSON, GREG LEWIS, JOE MCGRATH,
9   JOHN MCKINNEY, ROBERT RICE, BRYAN THORNTON,
    GARY WISE, AND JEANNE WOODFORD
10

11

12              UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15  TODD L. ASHKER and DANNY TROXELL,      Case No.:  4:09-cv-05796-CW

16          Plaintiffs,

17      v.                                 **DEFENDANT FRANCISCO JACQUEZ'S**
                                           **RESPONSE TO PLAINTIFFS'**
18                                         **INTERROGATORIES AND REQUEST**
    GOVERNOR EDMUND G. BROWN, JR.,         **FOR PRODUCTIONOF DOCUMENTS,**
19  MATHEW CATE, RODERICK HICKMAN,         **SET ONE**
    JEANNE WOODFORD, JOE MCGRATH,
20  RICHARD KIRKLAND, ROBERT HOTEL,
    FRANCISCO JACQUES, WILLIAM
21  BARLOW, R.L. JOHNSON, D.W.
    BRADBURY, J. MCKINNEY, ROBERT
22  MARQUEZ, R. RICE, JOHN HARRISON, B.
    THORNTON, G.H. WISE, A. HERNANDEZ,
23  ROBERT DOYLE, SUSAN FISHER, ROBERT
    HARMON, HOLLIS, GILLINGHAM, D.
24  SMTH, AND S. TUCKER, et al.,

25          Defendants.

26

27

28
                            1

**PROPOUNDING PARTY:**     Plaintiffs TODD L. ASHKER and DANNY TROXELL

**RESPONDING PARTY:**     Defendant FRANCISCO JACQUEZ

**SET NUMBER:**     ONE

    Pursuant to Fed.R.Civ.P. 33 and Civil L.R. 250.2, Defendant FRANCISCO JACQUEZ responds to Interrogatories, Set No. One, propounded by Plaintiffs TODD L. ASHKER and DANNY TROXELL as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

    Responding Party expressly reserves all objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided.  Responding Party also expressly reserves all objections as to vagueness, ambiguity, unintelligibility and overbreadth.

    Responding Party provides the responses herein without prejudice to further discovery. Responding Party has not completed his investigation, discovery or preparation for trial in this matter, and the responses set forth below are based solely upon information available to Responding Party at the time of the preparation of these responses.  Discovery will continue as long as permitted by statute or stipulation of the parties, and investigation by the attorneys and/or agents of Responding Party will continue throughout the trial of this action.  Responding Party therefore specifically reserves the right at the time of trial to introduce any evidence from any source which may hereinafter be discovered.

    These responses are accurate as of the date of these responses.  However, Responding Party is continuing to investigate this matter and, therefore, cannot exclude the possibility of obtaining more complete information or information indicating the responses supplied herein are incorrect.

    If any information has unintentionally been omitted from these responses, Responding Party reserves the right to supplement its responses per Federal Rule of Civil Procedure 26(e)(2).

    Responding Party objects to Plaintiffs' interrogatories on the ground and to the extent they seek information subject to the attorney-client privilege, the work product doctrine, and/or any other lawful privilege.  Defendant objects to each of Plaintiffs' requests for production to the extent that it purports to request communications between defendant and its attorneys on grounds that those communications are protected by the attorney-client privilege.  Defendant assumes that Plaintiffs'

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

2

1  requests for production were not intended to encompass the foregoing materials and responds herein

2  on that basis

3        A full or partial production of documents in any or all categories of Plaintiffs' demand for

4  production of documents shall not be deemed a waiver of any rights of Defendant to object to the

5  further production of documents.

6        This response and the production of documents hereunder are based upon the information

7  presently known to Defendant.  Further investigation or discovery may reveal additional documents

8  not produced herein and presently unavailable.  Accordingly, this response is provided without

9  prejudice to the right of Defendant to present additional evidence hereafter obtained as a result of

10  such investigation or discovery.

11        These introductory comments shall apply to each and every response provided herein, and

12  shall be incorporated by reference as though fully set forth in all of the responses provided herein.

13

14                    **RESPONSES TO INTERROGATORIES**

15  **INTERROGATORY NO. 1:**

16        State your highest level of education, with inclusion of reference to any degrees and

17  certificates of course completion that you have earned.

18  **RESPONSE TO INTERROGATORY NO. 1:**

19        Defendant objects to this request on the grounds that it is not reasonably calculated to lead to

20  the discovery of admissible evidence.

21  **INTERROGATORY NO. 2:**

22        Describe your employment history with CDCR, including any/all training you have received

23  relating to PBSP-SHU safety and security issues.  If such training was set forth in any document(s),

24  identify and produce the document(s).

25  **RESPONSE TO INTERROGATORY NO. 2:**

26        Defendant objects to the interrogatory on the ground that it is vague and ambiguous.  It is

27  unclear what is meant by or included within the term "employment history."  Defendant further

28  objects to the request on the grounds that it is compound. Defendant also objects to this request on

3

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  the basis that the interrogatory improperly calls for content and production of documents.

2  Without waiving said objections, Defendant responds as follows:

3  Responding Party has held the following positions in the CDCR since 2006:

4  7/11/2006 – 9/2/2008: Chief Deputy Warden

5  9/2/2008 – 1/27/2010: Acting Warden

6  1/27/2010 – Present:   Chief Deputy Warden

7  Responding Party, like all CDCR employees, receives continuous training in institutional

8  safety and security.

9  **INTERROGATORY NO. 3:**

10  Fully describe CDCR-PBSP policies and procedures related to balancing the inmate

11  population(s), by race and group [e.g., PBSP, A-Facility, General Population tries to maintain a

12  balance composed of 25% Black, 25% White, 30% Southern Mexican, 20% Northern Mexican,

13  inmates; PBSP, B-Facility tries to maintain a balance, . . .].  This request is for the time period

14  spanning the past (5) years, and applies not only to PBSP, but to all CDCR Level 3 & 4, institutions.

15  If such policies and procedures are set forth in, or discussed in, any document(s), identify and

16  produce the document(s).

17  **RESPONSE TO INTERROGATORY NO. 3:**

18  Defendant objects to the interrogatory on the ground that it is vague and ambiguous.  It is

19  unclear what is meant by "balancing the inmate populations."  The request is likewise unclear in that

20  it requests a description of "PBSP policies" but states that the request "applies not only to PBSP."

21  Furthermore, defendant objects to the request on the grounds that it is unduly burdensome and not

22  reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this

23  request on the basis that the interrogatory improperly calls for content and production of documents

24  **INTERROGATORY NO. 4:**

25  State the current number of CDCR inmates classified as gang members or associates, by

26  group/gang, for each and all of CDCR's prison facilities [e.g., CSP-SC, B-Facility has (20) Crips

27  (10) Skinheads (2) Hells Angels (200) Surenos (75) Nortenos (6) Asian Boys, CSP-SC, A-Facility

28  has, . . .]  If such data is documented, identify and produce the document(s).

4

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request on the grounds that it is compound. Responding Party further objects to this interrogatory on the grounds and to the extent that the interrogatory seeks information which is confidential in light of the security interests of the institution. Defendant further objects on the grounds that the request is overbroad and unduly burdensome. Defendant also objects to this request on the basis that the interrogatory improperly calls for content and production of documents.

**INTERROGATORY NO. 5:**

State the number of inmates classified as "gang dropouts" [via debriefing], and/or "inactive status" who have been assaulted, during the past (25) years. If such data is documented, identify and produce the document(s).

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant further objects on the grounds that the request is overbroad and unduly burdensome. Furthermore, defendant objects to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the basis that the interrogatory improperly calls for content and production of documents.

**INTERROGATORY NO. 6:**

If you deny/dispute plaintiff Troxell's claim(s), stated in the First Amended Complaint [FAC, at para. #140(E), pp. #48-50], state all facts you rely upon to support your position and, include reference to specific evidentiary support. If any part(s) of the denial/dispute is supported by documents, identify and produce any/all related documents. ["related' means – related to subject]

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant denies the claims. Discovery has only recently begun and significant investigation remains to be done. Thus, this request is premature and any response would violate the attorney work product privilege and attorney/client privilege. Defendant also objects to this request on the basis that the interrogatory improperly calls for content and production of documents.

**INTERROGATORY NO. 7:**

If you deny/dispute plaintiffs' claims, stated in their [FAC, para's #189 through 194, pp #75-

5

1   76], state all facts you rely upon to support your position(s) and, include reference to any/all specific

2   evidentiary support.  If any part(s) of your denial/dispute is supported by documents, identify and

3   produce any/all related documents ["related" means – related to the subject(s) at issue.]

4   **RESPONSE TO INTERROGATORY NO. 7:**

5       Defendant denies the claims.  Discovery has only recently begun and significant

6   investigation remains to be done.  Thus, this request is premature and any response would violate the

7   attorney work product privilege and attorney/client privilege.  Defendant also objects to this request

8   on the basis that the interrogatory improperly calls for content and production of documents.

9

10  Dated:  June 10, 2011                         ANDRADA & ASSOCIATES

11

12                             By _____

13                               NICOLE ROMAN
                                 Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing **FRANCISCO JACQUEZ'S RESPONSE TO PLAINTIFFS' SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** and know its contents.  The statement following the box checked is applicable.

[x]   I am a party to this action.  The matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [__] an officer [__] a partner [ ] an agent of defendant California Department of Corrections and Rehabilitation, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I am informed and believe and on that ground allege that the matters stated in the document described above are true.

Executed on August 8th, 2011 at Crescent City, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

FRANCISCO JACQUEZ

_Ashker, et al. v. Brown, et al._
United States District Court – Northern District of California Case No.: 4:09-CV-5796-CW

1

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

F

1  J. RANDALL ANDRADA (SBN 70000)
   randrada@andradalaw.com
2  NICOLE ROMAN (SBN 267730)
   nroman@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  180 Grand Avenue, Suite 225
   Oakland, California 94612
5  Tel.:   (510) 287-4160
   Fax:    (510) 287-4161
6
   Attorneys for Defendants
7  GOVERNOR EDMUND G. BROWN, JR., WILLIAM BARLOW,
   DARRIN BRADBURY, MATTHEW CATE, JOHN HARRISON.
8  AMANDA HERNANDEZ, ROBERT HOREL, FRANCISCO
   JACQUEZ, RICHARD JOHNSON, GREG LEWIS, JOE MCGRATH,
9  JOHN MCKINNEY, ROBERT RICE, BRYAN THORNTON,
   GARY WISE, AND JEANNE WOODFORD
10

11

12               UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15
   TODD L. ASHKER and DANNY TROXELL,          Case No.: 4:09-cv-05796-CW
16
              Plaintiffs,
17
        v.                                    **DEFENDANT AMANDA HERNANDEZ'S**
18                                            **RESPONSE TO PLAINTIFFS'**
   GOVERNOR EDMUND G. BROWN, JR.,             **INTERROGATORIES AND REQUEST**
19  MATHEW CATE, RODERICK HICKMAN,            **FOR PRODUCTIONOF DOCUMENTS,**
   JEANNE WOODFORD, JOE MCGRATH,             **SET ONE**
20  RICHARD KIRKLAND, ROBERT HOTEL,
   FRANCISCO JACQUES, WILLIAM
21  BARLOW, R.L. JOHNSON, D.W.
   BRADBURY, J. MCKINNEY, ROBERT
22  MARQUEZ, R. RICE, JOHN HARRISON, B.
   THORNTON, G.H. WISE, A. HERNANDEZ,
23  ROBERT DOYLE, SUSAN FISHER, ROBERT
   HARMON, HOLLIS, GILLINGHAM, D.
24  SMTH, AND S. TUCKER, et al.,

25              Defendants.

26

27

28

{00073755.DOC/} 0922
A. HERNANDEZ'S RESPONSE TO INTERROGATORIES AND REQUEST FOR DOCS, SET ONE   C 09 05796 CW

*Ashker/Troxell. v. Brown, et al.*

1 | **PROPOUNDING PARTY:**      Plaintiffs TODD L. ASHKER and DANNY TROXELL

2 | **RESPONDING PARTY:**      Defendant AMANDA HERNANDEZ

3 | **SET NUMBER:**      ONE

4 |      Pursuant to Fed.R.Civ.P. 33 and Civil L.R. 250.2, Defendant AMANDA HERNANDEZ

5 | responds to Interrogatories, Set No. One, propounded by Plaintiffs TODD L. ASHKER and DANNY

6 | TROXELL as follows:

7 | **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

8 |      Responding Party expressly reserves all objections regarding the competency, relevance,

9 | materiality, probative value and admissibility of all information provided.  Responding Party also

10 | expressly reserves all objections as to vagueness, ambiguity, unintelligibility and overbreadth.

11 |      Responding Party provides the responses herein without prejudice to further discovery.

12 | Responding Party has not completed his investigation, discovery or preparation for trial in this matter,

13 | and the responses set forth below are based solely upon information available to Responding Party at the

14 | time of the preparation of these responses.  Discovery will continue as long as permitted by statute or

15 | stipulation of the parties, and investigation by the attorneys and/or agents of Responding Party will

16 | continue throughout the trial of this action.  Responding Party therefore specifically reserves the right at

17 | the time of trial to introduce any evidence from any source which may hereinafter be discovered.

18 |      These responses are accurate as of the date of these responses.  However, Responding Party

19 | is continuing to investigate this matter and, therefore, cannot exclude the possibility of obtaining

20 | more complete information or information indicating the responses supplied herein are incorrect.

21 |      If any information has unintentionally been omitted from these responses, Responding Party

22 | reserves the right to supplement its responses per Federal Rule of Civil Procedure 26(e)(2).

23 |      Responding Party objects to Plaintiffs' interrogatories on the ground and to the extent they

24 | seek information subject to the attorney-client privilege, the work product doctrine, and/or any other

25 | lawful privilege.  Defendant objects to each of Plaintiffs' requests for production to the extent that it

26 | purports to request communications between defendant and its attorneys on grounds that those

27 | communications are protected by the attorney-client privilege.  Defendant assumes that Plaintiffs'

28 |

PELICAN BAY STATE PRISON SECURITY HOUSING UNIT UNIT-1

*(margin, left side)* ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

2

1   requests for production were not intended to encompass the foregoing materials and responds herein

2   on that basis

3          A full or partial production of documents in any or all categories of Plaintiffs' demand for

4   production of documents shall not be deemed a waiver of any rights of Defendant to object to the

5   further production of documents.

6          This response and the production of documents hereunder are based upon the information

7   presently known to Defendant.  Further investigation or discovery may reveal additional documents

8   not produced herein and presently unavailable.  Accordingly, this response is provided without

9   prejudice to the right of Defendant to present additional evidence hereafter obtained as a result of

10  such investigation or discovery.

11         These introductory comments shall apply to each and every response provided herein, and

12  shall be incorporated by reference as though fully set forth in all of the responses provided herein.

13

14                                    **RESPONSES TO INTERROGATORIES**

15  **INTERROGATORY NO. 1:**

16         State your highest level of education, with inclusion of reference to any degrees and

17  certificates of course completion that you have earned.

18  **RESPONSE TO INTERROGATORY NO. 1:**

19         Defendant objects to this request on the grounds that it is not reasonably calculated to lead to

20  the discovery of admissible evidence.

21  **INTERROGATORY NO. 2:**

22         Describe any/all training you have received during your CDCR employment, including but

23  not limited to the subject of – "inmate-to-inmate communication threatening the safety and security

24  of the institution, staff, and inmates."

25  **RESPONSE TO INTERROGATORY NO. 2:**

26         Defendant objects to the request on the grounds that it is vague and ambiguous.  It is unclear

27  what type of "training" Plaintiff refers.  Likewise, it is unclear what is meant by or included within

28  the term "inmate-to-inmate communication threatening the safety and security of the institution,

3

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1 | staff, and inmates." Defendant further objects to the request on the grounds that it is compound.

2 | Subject to and without waiving said objections, Defendant responds as follows:

3 | Defendant has been employed by the CDCR since May, 2002. Defendant was employed as a

4 | correctional officer from May, 2002 through December, 2009. Defendant has been employed as a

5 | correctional counselor since December, 2009.

6 | Defendant attended in-depth gang task force training on several occasions. Defendant has

7 | also undergone extensive annual training regarding all aspects of prison administration and safety

8 | over the course of her employment.

9 | **INTERROGATORY NO. 3:**

10 | Identify by case title and case number any/all cases in which you have been named as a

11 | defendant [note: this request is based on your statement to Mr. Ashker, on March 28, 2011, . . . 'Do

12 | you think you're the first one to sue me?']

13 | **RESPONSE TO INTERROGATORY NO. 3:**

14 | Defendant objects to this request on the grounds that it is not reasonably calculated to lead to

15 | the discovery of admissible evidence. Any other lawsuits brought against the defendant are

16 | irrelevant to the instant action.

17 | **INTERROGATORY NO. 4:**

18 | State the procedure in effect during January 1, 2008 through July 30, 2008, for your review,

19 | and processing of, PBSP-SHU inmate(s) – inmate-to-inmate approved legal correspondence

20 | exchanges. If this procedure was set forth in any document(s), produce the document(s).

21 | **RESPONSE TO INTERROGATORY NO. 4:**

22 | Defendant objects to the request on the grounds that it is vague and ambiguous. It is unclear

23 | what is meant by "legal correspondence exchanges." Defendant also objects to this request on the

24 | basis that the interrogatory improperly calls for content and production of documents

25 | Subject to and without waiving said objections, Defendant responds as follows:

26 | Defendant would receive the correspondence from the inmate sender. Defendant would

27 | review the correspondence for any institutional safety concerns. If no such concerns were apparent,

28 | Defendant would issue the correspondence to the intended recipient. If concerns arose, Defendant

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

4

1  would present the document to the IGI Unit for their review.  Defendant would then either deliver or

2  confiscate the correspondence based on the IGI Unit's determination.  After the recipient prepared

3  their response, Defendant would retrieve the correspondence. Defendant would review the

4  correspondence for any institutional safety concerns.  If no such concerns were apparent, the

5  correspondence would be returned to the initial sender.  If concerns arose, Defendant would present

6  the document to the IGI Unit for their review.  Defendant would then either deliver or confiscate the

7  correspondence based on the IGI Unit's determination.

8  **INTERROGATORY NO. 5:**

9       Identify by description and current location, any/all documents relevant to the claims in the

10  First Amended Complaint, paragraph #183(c) through #188 [FAC, pp #73-75], re: your decision to

11  confiscate 'Ashker's initial requests and the responses from Cole and Haddix.'  Produce a copy of all

12  such documents [including the confiscated documents].

13  **RESPONSE TO INTERROGATORY NO. 5:**

14       Defendant objects to the request on the grounds that it is vague and ambiguous. Defendant

15  also objects to this request on the basis that the interrogatory improperly calls for content and

16  production of documents.  Responding Party objects to this interrogatory on the grounds and to the

17  extent that the interrogatory seeks information which is confidential in light of the security interests

18  of the institution.

19       Subject to and without waiving said objections, Defendant responds as follows: Any and all

20  non-confidential documents were placed in the plaintiff's Central File.

21  **INTERROGATORY NO. 6:**

22       Fully describe the basis for your delivery of Ashker's initial requests for information about

23  inmate informant Whalley, to inmate's Cole and Haddix, in 2008.

24  **RESPONSE TO INTERROGATORY NO. 6:**

25       Defendant objects to the request on the grounds that it is vague and ambiguous.  It is unclear

26  what is meant by "basis for your delivery."

27       Subject to and without waiving said objections, Defendant responds as follows:  The

28  document was delivered pursuant to O.P. 222.

5

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**INTERROGATORY NO. 7:**

State all facts you relied upon to claim "Ashker's initial requests, and the responses from Cole and Haddix pose a threat to safety and security," and, ". . . gang-activity, requiring confiscation [refer to attached Ex. A., copy of your 7/9/08, CDC 128-B Chrono, and copy of Ashker's 7/10/08, 602 Appeal #D08-01998, at your 7/10/08, response.] If there are any documents related to your decision, identify and produce the documents.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this request on the basis that the interrogatory improperly calls for content and production of documents. Responding Party also objects to this interrogatory on the grounds and to the extent that the interrogatory seeks information which is confidential in light of the security interests of the institution.

Subject to and without waiving said objections, Defendant responds as follows: The document speaks for itself. Any and all non-confidential documents were placed in the plaintiff's Central File.

**INTERROGATORY NO. 8:**

State the names and addresses of all persons you claim have any knowledge of or information concerning your confiscation of the legal material at issue in the [FAC, pp #73-75].

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request on the grounds that it is compound. Defendant further objects on the grounds that the request is vague and ambiguous. It is unclear what is meant by "legal material." Defendant further objects to the interrogatory on the grounds that it calls for speculation and assumes facts not in evidence, namely, that defendant confiscated any "legal material."

Subject to and without waiving said objections, Defendant responds as follows: persons with knowledge of the issue are identified in responses to Appeal Log No. 08-01998. Defendant will not provide their addresses, which are irrelevant and information protected by third party Constitutional rights of privacy.

**INTERROGATORY NO. 9:**

Describe fully any conversation you had with CDCR-PBSP staff about the legal material at

6

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  issue in the [FAC, pp #73-75], including:

2     a.  The date, time, and place of each conversation.

3     b.  What you stated to each staff member; if you cannot recite the statement(s) verbatim,

4        state the substance.

5     c.  What each staff member stated to you; if you cannot recite the statement(s) verbatim,

6        state the substance.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8        Defendant objects to this request on the grounds that it is compound.  Defendant further

9  objects on the grounds that the request is vague and ambiguous.  It is uncial what is meant by "legal

10 material."  Defendant further objects to the request as overbroad and unduly burdensome.

11       Responding Party further objects to this interrogatory on the grounds and to the extent that

12 the interrogatory seeks information which is confidential in light of the security interests of the

13 institution.  Responding Party further objects on the grounds and to the extent that the information

14 sought is already available to the plaintiff.  Any and all non-confidential information regarding the

15 issue is contained within the plaintiff's Central File.

16

17 Dated: June 20, 2011                          ANDRADA & ASSOCIATES

18

19                                       By _____

20                                          NICOLE ROMAN
                                           Attorneys for Defendants

21

22

23

24

25

26

27

28

7

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

<u>VERIFICATION</u>

I, the undersigned, certify and declare that I have read the foregoing **DEFENDANT AMANDA HERNANDEZ'S RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,** and know its contents. The statement following the box checked is applicable.

[x]   I am a party to this action. The matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [__] an officer [__] a partner [ ] an agent of defendant California Department of Corrections and Rehabilitation, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the document described above are true.

Executed on June _20_ , 2011 at Crescent City, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Amanda Hernandez_
AMANDA HERNANDEZ

_Ashker, et al. v. Brown, et al._
United States District Court – Northern District of California Case No.: 4:09-CV-5796-CW

1

{00073905.DOC/}DOC 0821
VERIFICATION OF A. HERNANDEZ. – SPECIAL INTERROGATORIES, SET ONE

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

G

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, _DANNY Troxell, B76578_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is:  P.O. Box 7500, Crescent City, CA 95531.

On the ___6th___ day of ___July___, in the year of 20_11_, I served the following documents: (set forth the exact title of documents served)

___Meet & Confer Letter To Opposing Atty Roman Re discovery___

_____

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

___Nicole Roman___
___atty at law___
___180 Grand Ave, Ste 225___
___Oakland, Ca 94612___

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __6th__ day of ___July___, 20_11_.

Signed: ___D. Troxell___
(Declarant Signature)

Rev. 12/06

Nicole Roman, atty
180 Grand Ave, Ste. 225
Oakland, Cal. 94612

Todd Ashker, C58191
Danny Troxell, B76578
Box 7500 / D1-119/120
Crescent City, Ca. 955
Plaintiffs pro-se

July 5, 2011

Re: Ashker & Troxell v. Brown, etal
    *USDC-ND Cal*C09-5796CW~ Meet & Confer-Discovery

Dear Ms. Roman ~
  Thanks for your responses to our discovery requests,... Let this Letter
serve as our meet & confer attempt at informal resolution of our disputes
with defendants' responses, as specified below.


1) Defs' Response To Plts' 1st Req. For Prod. Of Docs

    Plaintiffs' dissatisfaction with defs' refusal to produce the (2)
document requests is based on: (a) The confidential memos sought
are directly related to all claims re: gang-classification & status —
thus, such are crucial to the case & Plts' ability to subject the allegations
in the memos to substantive investigation(s) (b) Defs' alleged basis for
non-production is without merit, and/or, any alleged safety-security
issues can be remedied by redacting the informants names [many of
whom are known to Plts' based on defs' debriefing policy e.g., debriefing
requires inmates seeking to successfully debrief, to be on known informant

〈1〉

status by other (SHU) inmates [e.g., CDCR - D.O.M. rev'd 12-21-09 §54058.3]

In the future, plts' will move for the informants' names ~~too~~

2) Def. Jacquez' Resp. To Plt's ROGS & Req. For Docs.

Plaintiffs' dissatisfaction with def's response to interrogatories & req. for documents, set one, is set forth below:

Response #1 is non-responsive - & clearly the question is relevant e.g. def's education info. can indicate levels of intelligence, competence, qualification(s) etc.

Response #2 - is non-responsive, & the responses given are vague & ambiguous. The request is clear, & not compound - please answer the interrogatory completely, & produce the relevant documents.

Response #3 - is non-responsive, the request is clear, & is not vague or compound ["balancing the inmate population", by race & groups, with an example included, is not unclear. Likewise, the request is -- "Fully describe CDCR - PBSP policies ..." Not "PBSP policies"]

Also, def's rote claim that the request is "burdensome" is meritless & an abuse of discovery rules [if the past (5) years worth of such policy(s) & procedures is a chore, plts' will accept the current ones now, while reserving the right to move for the others at a later date]

The relevance to the case re: group/racial makeup & balance of CDCR. general populations vs. (SHU) & alleged justification for indefinite SHU - placement, etc, would be clear to all who've read our FAC.

If relevant documents responsive to this request exist, please describe &

<2>

produce them.

Response #4: is non-responsive, & without merit. Please respond, & also identify - produce any/all related documents [this data is on computer]

Response #5: is non-responsive, & without merit. Please respond, & also identify - produce any/all related documents [the data is on computer)

Response #6: is non-responsive - please respond, & also identify - produce any/all related documents.

Response #7: same dissatisfaction as with #6, above.

Also, we await def. Jacquez' "verification"

## 3) Def. Hernandez' Resp. To Plts' Rogs & Req. For Docs

Plaintiffs' dissatisfaction with defs' response to interrogatories & req. for documents, set one, is set forth below:

Response #1: dissatisfaction is the same as stated re: def. Jacquez' Resp. 1, above.

Response #2: dissatisfaction is the same as stated re: def Jacquez' Resp. 2

Response #3: is non-responsive & without merit, & an abuse of discovery rules - plts' have the right to the information re: possible pattern, habit etc., this relates to related subject matter, defs' veracity, potential witnesses etc.

Response #4: dissatisfied - in part, please identify - produce any/all related documents.

Response #5: non-responsive, & meritless objections; def. fails to specifically identify the relevant documents & makes vague, rote assertions re: confidential information & security interests of the institution as basis of non-response. Please respond, & also identify - produce any/all related documents.

〈5〉

Response #6: satisfactory – at this time.

Response #7: non-responsive, & meritless; especially in lieu of def's responses to interrogatories #4, #6. Please respond, & identify-produce any/all related documents. Plts' dissatisfaction is also based on same basis as stated re: response #5, above.

Response #8: non-responsive, & meritless; especially in lieu of def's responses to interrogatories #4, #6.

Response #9: non-responsive, & meritless; especially in lieu of def's responses to interrogatories #4, #6.

Thank you for your time & anticipated cooperation – please reply to the above within (35) days of today's date.

Sincerely, T. Ashker   & Danny Troxell

Todd Ashker   Danny Troxell

Plaintiffs'

BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

H

**J. RANDALL ANDRADA**
(510) 287-4163

**TEL:**   **(510) 287-4160**
**FAX:**   **(510) 287-4161**

www.andradalaw.com



**Andrada**
**A&A**
**& Associates**

LYNNE G. STOCKER*    (510) 287-2910
NICOLE ROMAN         (510) 287-2909
MATTHEW ROMAN        (510) 287-4170
VALERIE LY           (510) 287-4165
TERESA R. MORIMOTO   (510) 287-4187
                     *Of Counsel

August 10, 2011

Todd Ashker, C58191
Pelican Bay State Prison
Box #7500/D1-119
Crescent City, CA 95532

By U.S. Mail

Danny Troxell, B76578
Pelican Bay State Prison
Box #7500/D1-120
Crescent City, CA 95532

Re:   *Ashker v. Brown, et al.*
      USDC, Northern District Case No. C-09-5796-CW
      Our File No.:            DOC 0922

Gentlemen:

I am in receipt of your letter of July 5, 2011.  We intend to stand by the objections we raised in our response to your document demands.   Let us review.

#### Document Demand to All Defendants

The confidential memorandum will not be produced.  Inmates are prohibited from possessing such confidential documents pursuant to 15 CCR § 3321.  To the extent any such documents are available for your review, they are equally available to you in your C-File.

#### Interrogatories & Document Demand to Mr. Jacquez

You claim that Response #1 is "non-responsive."   However, Mr. Jacquez's "highest level of education" is irrelevant to the instant action.   Your claims against Mr. Jacquez have nothing to do with his educational background, nor would knowing his educational background lead to the discovery of relevant evidence.

You claim that Response #2 is "non-responsive."   However, Mr. Jacquez provided employment history.  Please explain your concerns.

Todd Ashker, C58191
Danny Troxell, B76578
August 10, 2011
Page 2

You claim that Interrogatory #3 is not vague and ambiguous. However, the term "balancing the inmate populations...by groups" is in fact vague. What kind of groups? In any event, your request calls for confidential information, whose disclosure could threaten the safety and security of the institution.

You claim that Response #4 is "non-responsive and without merit." However, you do not explain how it is "non-responsive and without merit." Please explain why you believe the answer is "non-responsive and without merit."

You claim that Response #5 is "non-responsive and without merit." However, you do not explain how it is "non-responsive and without merit." Your request calls for confidential information, whose disclosure could threaten the safety and security of the institution. Furthermore, it exceeds the time frame at issue in the complaint and is therefore not relevant to the claims or defenses of any party. Thus, the information will not be produced.

You claim that Response #6 is "non-responsive." However, you do not explain how it is "non-responsive and without merit." The request is not only premature, but also improperly demands admissions to allegations in the complaint.

You claim that Response #7 is "non-responsive." However, you do not explain how it is "non-responsive and without merit." The request is not only premature, but also improperly demands admissions to allegations in the complaint.

I apologize for the delay in providing Mr. Jacquez's verification. The verification is enclosed herewith.

<u>Interrogatories & Document Demand to Ms. Hernandez</u>

You claim that Response #1 is "non-responsive." Ms. Hernandez 's "highest level of education" is irrelevant to the instant action. Your claims against Ms. Hernandez have nothing to do with her educational background, nor would knowing her educational background lead to the discovery of relevant evidence. Please explain how you believe her level of education is relevant to your claim against her.

You claim that Response #2 is "non-responsive." However, Ms. Hernandez provided employment history. Please explain your concerns.

Todd Ashker, C58191
Danny Troxell, B76578
August 10, 2011
Page 3

You claim that Response #3 is "non-responsive."  You claim to need the evidence to prove a "pattern" of behavior.  However, other lawsuits do not prove a "pattern."  Your request is so broad as to include any type of lawsuit.  In any event, any lawsuit brought by another plaintiff is irrelevant to your claim against Ms. Hernandez.

You claim that you are "dissatisfied" with Response #4, but fail to explain why you are dissatisfied or why you believe you are entitled to the information.  Please identify how you are dissatisfied with the response and why you believe you are entitled to a supplemental response.

You claim that Response #5 is "non-responsive and meritless."  However, as stated, the non-confidential information sought is equally accessible through review of your C-File.  Confidential documents will not be produced.  This matter has been already been dealt with at length.  You were denied access to these documents in Northern District Case No. 05-3286, in the "Order Denying Motion for Protective Order" (Docket No. 322).  The documents are confidential and will not be produced.

You claim that Response #6 is "non-responsive and meritless."  However, as stated, the 128-B speaks for itself. Any and all non-confidential documents were placed in the plaintiff's Central File, and are thus equally available to you.

You claim that Response #7 is "non-responsive and meritless."  However, you fail to state how or why it is "non-responsive and meritless."  Response #7 responds to the question:  Persons with knowledge of the issue are identified in responses to Appeal Log No. 08-01998.  Defendant will not provide their names or addresses.  Their names are already accessible to you through review of the document.

Thank you.

Very truly yours,

ANDRADA & ASSOCIATES

NICOLE ROMAN

NR/hs
Enclosure

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _DANNY TROXELL, B76578_ declare:

I am over 18 years of age and a party to this action. I am a resident of _Crescent City_

_PELICAN BAY STATE_ Prison,

in the county of _DEL NORTE_

State of California. My prison address is: _Box 7500/ D1-120_

_Crescent City Ca 95532_

On _November 23, 2011_,
  (DATE)

I served the attached: _Plts' Notice & Motion For An Order Compelling Defendants_

_To Answer Interrogatories & Produce Documents / Ashker Decl / Troxell Decl_
  (DESCRIBE DOCUMENT)   _[w/ Exhs A-H]_

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

_US District Court_          _Nicole Roman, Atty At Law_
_1301 Clay St, #400S_        _180 Grand Ave, Ste #225_
_Oakland, Ca._              _Oakland, Ca, 94612_
_94612-5212_

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _Nov. 23, 2011_          _Danny Troxell_
  (DATE)                                (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                    -9-                    ::ODMA\PCDOCS\WORDPERFECT\22832\1