IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | No. C 09-5796 CW<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket No. 75) |

Plaintiffs Todd Ashker and Danny Troxell, inmates at Pelican Bay State Prison (PBSP), move for leave to file a motion for reconsideration of the Court's October 11, 2011 Order Denying Plaintiffs' Motion for Relief from Interference (docket no. 61). Defendants have filed an opposition. The motion was taken under submission and decided on the papers. Having considered the papers filed by the parties, the Court denies Plaintiffs' motion.

In the October 11, 2011 Order, the Court concluded that the PBSP librarian did not misapply Title 15, California Code of Regulations (CCR) section 3162(c)[1] or the California Department of Corrections and Rehabilitation (CDCR) Department Operations Manual

---

[1] Section 3162(c) provides that a legal document to be duplicated for any inmate, including exhibits and attachments, is not to exceed fifty pages, except when necessary to advance litigation. The inmate must provide a written explanation of the need for excess document length.

(DOM) section 101120.15[2] because Plaintiffs' legal briefs should generally not be in excess of fifty pages.  The Court pointed out that the civil local rules limit motions to twenty-five pages.  The Court also ruled that the librarian did not misapply DOM section 54010.22[3] because Plaintiffs need not send to potential inmate witnesses a summary of the case, but only need to send, with the warden's approval, a list of questions for witnesses to answer under penalty of perjury.

Under Civil Local Rule 7-9, a party may ask a court to reconsider an interlocutory order if the party can show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

First, Plaintiffs argue that the Court should reconsider its ruling regarding the duplication of their legal documents

---

[2] DOM section 101120.15 similarly provides that the inmate must provide a written explanation of the need to duplicate legal documents exceeding fifty pages.  It also requires a court order to duplicate a legal document exceeding 100 pages.

[3] DOM section 54010.22 provides that inmates wishing to correspond with other inmates must obtain written authorization from the warden or his or her designee.

2

because the page limits in the local rules that apply to briefs may not apply to declarations and exhibits.  This is an insufficient ground for reconsideration.  Plaintiffs must be more concise in all of their Court filings.  Filing documents in excess of fifty pages is discouraged.  In the event that a brief, together with exhibits and declarations, is longer than 100 pages, Plaintiffs must file a motion with the Court for an order allowing such a lengthy filing.

Second, Plaintiffs argue that the Court should reconsider its ruling regarding their ability to communicate with other inmates because DOM section 54010.22 has been repealed.  They argue that now, absent a court order, they will not be able to contact other similarly situated inmates to obtain evidence relevant to their claims.  Defendants respond that DOM section 54010.22 has not been repealed and that there has been no change in the law that warrants reconsideration of the Court's order.

The online version of the DOM indicates that section 54010.22 has not been repealed.  Further, like DOM section 54010.22, California Code of Regulations, title 15, section 3139 provides that inmates must obtain written authorization from the warden or his or her designee to correspond with other inmates and instructs inmates how to initiate such requests.  Because there has been no change in the relevant

3

law, reconsideration of the issue of corresponding with other inmates is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a motion for reconsideration is denied (docket no. 75). Further, because Plaintiffs are now represented by counsel, they should no longer need to duplicate documents or correspond with witnesses themselves.

IT IS SO ORDERED.

Dated: 3/13/2012

CLAUDIA WILKEN
United States District Judge