1

2

JULES LOBEL, (PRO HAC VICE)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor

3

New York, New York 10012
Tel: 212.614.6464

4

Fax: 212.614.6229

5

(Other counsel listed on pg. 2)

6

7

8

9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

12

13

14

15

TODD ASHKER and DANNY TROXELL,

Plaintiffs

16

17

v.

18

GOVERNOR EDMUND G. BROWN, Jr.,
MATTHEW CATE, RODERICK Q.

19

HICKMAN, JEANNE WOODFORD, JOE
MCGRATH, RICHARD KIRKLAND,

20

ROBERT HOREL, FRANCISCO
JACQUEZ, WILLIAM BARLOW, R.L.

21

JOHNSON, D.W. BRADBURY, J.
McKINNEY, ROBERT MARQUEZ, R.

22

RICE, JOHN HARRISON, B. THORTON,

23

G.H. WISE, A. HERNANDEZ, ROBERT
DOYLE, SUSAN FISHER, ROBERT

24

HARMON, HOLLIS GILLINGHAM, D.

25

SMITH, S. TUCKER, and DOES, 1-20,
inclusive,

26

27

Defendants.

28

No. 4:09-cv-05796-CW

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

(FED. R. CIV. P. 26(f) and CIV. L. R. 16)

Date:  March 28, 2012
Time:  2:00 p.m.
Dept.: Courtroom 2

1

ANNE BUTTERFIELD WEILLS (SBN 139845)

2

SIEGEL & YEE

499-14th Street, Suite 300

3

Oakland, California 94612

Tel: 510.839.1200

4

Fax: 510.444.6698

5

6

CHARLES FRANCIS-ANTONIO CARBONE (SBN 206536)

EVAN CHARLES GREENBERG (SBN 271356)

LAW OFFICE OF CHARLES CARBONE

7

P.O. Box 2809

San Francisco, California 94126

8

Tel: 415.981.9773

Fax: 415.981.9774

9

10

Attorneys for Plaintiffs

TODD ASHKER and DANNY TROXELL

11

12

J. RANDALL ANDRADA (SBN 70000)

13

randrada@andradalaw.com

NICOLE ROMAN (SBN 267730)

14

nroman@andradalaw.com

**ANDRADA & ASSOCIATES**

15

**Professional Corporation**

180 Grand Avenue, Suite 225

16

Oakland, California 94612

17

Tel:     510.287.4160

Fax:     510.287.4161

18

19

Attorneys for Defendants

GOVERNOR EDMUND G. BROWN, Jr., WILLIAM BARLOW, DARRIN BRADBURY,

20

MATTHEW CATE, ROBERT DOYLE, SUSAN FISHER, HOLLIS GILLINGHAM,

ROBERT HARMON, JOHN HARRISON, AMANDA HERNANDEZ, ROBERT HOREL,

21

FRANCISCO JACQUEZ, RICHARD JOHNSON, ROBERT KIRKLAND, GREG LEWIS,

ROBERT MARQUEZ, JOE MCGRATH, JOHN MCKINNEY, ROBERT RICE, DENNIS

22

SMITH, BRYAN THORNTON, STEVE TUCKER, GARY WISE, AND JEANNE

WOODFORD.

23

24

25

26

27

28

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In accordance with Civil Local Rule 16-9, Plaintiffs TODD ASHKER and DANNY

TROXELL and Defendants GOVERNOR EDMUND G. BROWN, Jr., MATTHEW CATE,

RODERICK Q. HICKMAN, JEANNE WOODFORD, JOE MCGRATH, RICHARD

KIRKLAND, ROBERT HOREL, FRANCISCO JACQUEZ, WILLIAM BARLOW, R.L.

JOHNSON, D.W. BRADBURY, J. McKINNEY, ROBERT MARQUEZ, R. RICE, JOHN

HARRISON, B. THORTON, G.H. WISE, A. HERNANDEZ, ROBERT DOYLE, SUSAN

FISHER, ROBERT HARMON, HOLLIS GILLINGHAM, D. SMITH, and S. TUCKER

submit their Joint Case Management Statement in the above-entitled matter set for

hearing on March 28, 2012, at 2:00 p.m. in Courtroom 2 before the Honorable Claudia

Wilken in the Oakland Division of the above-entitled Court.

**1) Jurisdiction and Service**:

This action was originally filed in the United States District Court for the

Northern District of California, Oakland Division, on December 9, 2009, based on the

federal questions raised in plaintiffs' causes of action against Defendants.

All defendants have been served and timely appeared in this matter.

**2)  Facts**:

a) PLAINTIFFS' CONTENTIONS:

Plaintiffs Ashker and Troxell have been held in solitary confinement at

California's Pelican Bay Security Housing Unit and other California Prisons for an

extraordinary long period of time.  Ashker and Troxell have been in solitary

confinement for 22 and 27 years respectfully.  During that period of time they have

committed virtually no disciplinary infractions.  Their conditions of confinement are

draconian and stark: they are confined alone to cells measuring 80 square feet,

1
2
3
4
5
6
7
8
9
deprived of any normal human contact, deprived on any meaningful exercise, of all telephone calls, contact visits, vocational, recreational or educational programming. They sit in their small concrete cells for 22.5 hours each day.  Moreover there is an unwritten, but strictly enforced CDCR practice prohibiting the grant of parole to any prisoner incarcerated in the SHU, and SHU prisoners also now cannot receive the good- time credits that other California prisoners can earn.  Their only way out of isolation is to debrief by reporting on the gang activity of other prisoners, thus placing themselves and their families in great danger.

10
11
12
13
14
15
California, alone out of any state in the country, and most other jurisdictions in the world, holds plaintiffs and hundreds of others in these tortuous conditions for decades, based merely on their association with a prison gang, without consideration of whether plaintiffs have ever undertaken an illegal act on behalf of a gang.  California's practices are not only cruel, they are unusual.

16
17
b) DEFENDANTS' CONTENTIONS:

18
19
20
21
Defendants are unable to provide a relevant summary of the operative facts at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or plaintiffs, and also dismiss certain causes of action and/or defendants.

22
23
24
25
Based on Plaintiff's counsel's representations, Defendants believe Plaintiffs' allegations to be based upon their confinement in the Security Housing Unit (SHU).  As the Court is well aware, both plaintiffs are validated members of the Aryan Brotherhood prison gang (AB).

26
27
28
Mr. Ashker has been incarcerated since October, 1984.  He was initially imprisoned for burglary.  He was convicted of second degree murder of another prisoner in 1990.  The murder was believed to be a gang "hit."  Mr. Ashker was thus sentenced to

1   twenty-one years to life.  He has been incarcerated in the PBSP SHU since 1990 based

2   on his gang validation.  He was most recently re-validated in 2007.

3        Mr. Troxell has been incarcerated since January, 1979.  He was convicted of

4   murder and sentenced to twenty-six years to life.  He has been housed continuously in

5   the SHU at various prisons since 1985 based on his gang validation.  He has been

6   housed in the PBSP SHU since 1989.  Mr. Troxell was most recently re-validated in

7   2007.

8        Mr. Ashker and Mr. Troxell have each been validated and re-validated as AB

9   members on several occasions.  This re-validation was based on standards set forth in

10  CDCR regulations.  They have remained housed in the SHU based on their gang

11  validation.  Pursuant to CDCR regulations, they each receive on-going SHU

12  reclassification reviews.

13       Additionally, the Board of Parole Hearings has held numerous parole hearings for

14  each of them.  The Board denied each of them parole on every occasion.  The Board's

15  decisions were based on numerous concerns.  They included commitment offenses, a

16  failure to demonstrate evidence of positive change, and escalating patterns of criminal

17  contact.  The Board concluded that they were not suitable for parole and would pose an

18  unreasonable risk of danger to society or a threat to public safety if released from prison.

19  The panel did not deny parole on the basis of the SHU placement or the lack of

20  programs available to SHU inmates.

21

22

23  **3.  <u>Amendment of Pleadings and Legal Issues:</u>**

24  <u>LEGAL ISSUES OF PLAINTIFFS</u>

25       Until recently, plaintiffs were unrepresented and have appeared pro se

26  throughout the course of this lawsuit.  Plaintiffs have sought counsel for the purpose of

27  amending their complaint.  Counsel intends to file a motion seeking leave to file a

28

1    Second Amended Complaint. That motion would attach a proposed new complaint

2    which would:

3          a)  Withdraw some of the claims contained in the plaintiffs' First Amended

4    Complaint and focus on two claims:

5          1)  CDCR's extraordinarily long-term detention of plaintiffs in solitary

6    confinement and in extremely harsh conditions has deprived plaintiffs of a number of

7

8    basic human needs in violation of the Eighth and Fourteenth Amendments to the United

9    States Constitution.  Defendants have been deliberately indifferent to the deprivation of

10   those human needs.

11
          2)  CDCR's continued and long-term confinement of plaintiffs in
12
     isolated, solitary conditions constitute an atypical and significant hardship and
13
     defendants have failed to accord them notice and meaningful review in violation of the
14

15   Due Process Clause of the Fourteenth Amendment.

16         b)  Withdraw claims for damages and solely seek injunctive relief.

17         c)  Add a number of individual plaintiffs who are incarcerated at the Pelican
18
     Bay SHU and add pattern and practice, SHU-wide allegations.  Many of the new
19
     individual plaintiffs will have had no significant disciplinary violations at any time
20

21   during their incarceration in California prisons. They all will have been in the SHU for

22   exceedingly lengthy periods of time – over 13 years.  Few, or none of the plaintiffs will

23
     have any evidence whatsoever of gang activity (as opposed to mere association or
24
     inactive membership in a gang) presented by CDCR officials in their most recent 6-year
25

26   inactive review.  Yet all were denied status as an inactive gang member at that 6-year

27   review and retained at the SHU for an indeterminate and continuing period of time.

28

Some have been eligible for parole, but have been informed by their parole boards on various occasions that they will never be paroled unless they can get out of the SHU.

All of the plaintiffs will be able to establish that they have been deprived of basic human needs during their prolonged confinement in the SHU, that all are suffering serious mental harm from their prolonged solitary confinement, and that they have a significant risk of suffering even greater future mental harm if they continue to be detained in the SHU. All will raise Eighth Amendment and Due Process claims similar to those initially raised by Ashker and Troxell. All will have exhausted their internal grievance remedies challenging their retention in solitary confinement at the Pelican Bay SHU.

LEGAL ISSUES OF DEFENDANTS

Defendants are unable to provide a relevant summary of the legal issues at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or plaintiffs, and also dismiss certain causes of action and/or defendants.

Defendants' actions were, and remain, appropriate, consistent with CDCR regulations and constitutional. Defendants believe that some of Plaintiffs' claims should be dismissed sua sponte, as they are barred by the doctrines of res judicata, issue preclusion, and/or the statute of limitations. Defendants will oppose any motion to include additional plaintiffs.

**4. Motions**

PLAINTIFFS' MOTIONS

---

1   Plaintiffs intend to move for preliminary injunctive and declaratory relief on

2   behalf of the individual plaintiffs if this Court grants permission to file the Second

3   Amended Complaint.

4                              DEFENDANTS' MOTIONS

5

6   Defendants are unable to state what motions they intend to file at this time due to

7   Plaintiffs' counsel's representation that they intend to move for leave to amend the

8   complaint to include additional causes of action and/or plaintiffs, and also dismiss

9   certain causes of action and/or defendants.  In any event, Defendants will likely file a

10  motion to dismiss and for summary judgment.

11  Currently pending before the Court is Plaintiffs' Motion to Compel Further

12  Discovery Responses [Docket No. 81].  Plaintiff's Motion for Protective Order [Docket

13  No. 51] is likewise pending.  Plaintiffs' counsel has indicated that they will consider

14  withdrawing the motions after conferring with their clients.

15

16      **5.  Amendment of Pleadings**

17      (For Plaintiffs: See number 3.  Legal Issues)

18      Defendants do not anticipate amending their pleadings at this time.

19

20      **6.  Evidence Preservation:**

21      Both parties have fulfilled their duties to preserve electronically stored

22  information as well as with other methods of storage.

23      **7.  Disclosures:**

24      The parties have not yet exchanged initial disclosures in accordance with Federal

25
26  Rules of Civil Procedure (FRCP) 26(a)(1).  In accordance with FRCP 26(a)(C), the Court

27  should decide that, given the nature of the case, whether initial disclosures are

28

1  appropriate in this action, and if so, what disclosures are to be made and the date for

2  disclosure.

3    **8. Discovery:**

4    PLAINTIFFS

5    The pro se plaintiffs have served discovery requests on defendants and there is an

6  outstanding motion to compel by the plaintiffs to compel interrogatory answers from

7

8  the defense.  Plaintiffs' counsel anticipates serving supplemental requests for production

9  of documents, interrogatories, admissions and depositions of named defendants and

10 other witnesses.  Counsel will evaluate whether to continue or withdraw some of the

11 pending discovery requests.

12

13   Plaintiffs wish to discuss future discovery and motion issues, as well as

14 appropriate hearing dates for the outstanding motion to compel answers to plaintiffs'

15 interrogatories.  Plaintiffs requests the Court's assistance in getting 1) access to

16 plaintiffs' prison files; 2) regularly scheduled telephone calls twice a month between

17 lead counsel and lead plaintiffs; 3) medical files for plaintiffs' experts; 4) a tour and

18 inspection of the PBSP Security Housing Unit; 5) contact visits and prolonged visitation

19 days for plaintiffs' experts when interviewing individual plaintiffs; and 6) other related

20 requests regarding attorney or expert access to plaintiffs.

21   DEFENDANTS

22   The parties have each propounded and responded to written discovery.

23 Defendants are unable to provide a proposed discovery plan at this time due to

24 Plaintiffs' counsel's representation that they intend to move for leave to amend the

25 complaint to include additional causes of action and/or plaintiffs, and also dismiss

26 certain causes of action and/or defendants.  Defendants will oppose any motion for

27 access to confidential documents and/or contact beyond what is permitted in CDCR and

28 PBSP rules and regulations.

---

**9.  Class Actions**:

PLAINTIFFS

Plaintiffs' intend to amend the complaint to add class action allegations that the defendants have engaged in an unconstitutional pattern and practice to keep hundreds of prisoners in prolonged solitary confinement under cruel and unusual conditions and without according them notice and meaningful review.  Plaintiffs also intend to file a motion for a preliminary injunction on behalf of the individual plaintiffs and will seek a hearing and decision by this Court on that motion before moving to certify any class. This procedure is permitted by Rule 23(c)(1)(A) of the F.R.C.P.

DEFENDANTS

The case is not a class action.  Defendants will oppose any motion to certify the case as a class action.

**10.  Related Cases**:

PLAINTIFFS

Plaintiffs' counsel in unaware of any pending related cases or proceedings at this time.

DEFENDANTS

Defendants are unable to identify all potential related cases at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or plaintiffs, and also dismiss certain causes of action and/or defendants.

In any event, Defendants believe that the following cases are related to the instant action: Northern District Case No. 05-3286 and Ninth Circuit Case No. 10-15911.

**11. Relief:**

PLAINTIFFS

Plaintiffs seek injunctive relief to require Defendants to conduct a meaningful review for California's gang validated inmates in the Pelican Bay SHU and end long-term, indefinite detention in CDCR's Administrative and Security Housing Units.

DEFENDANTS

Defendants are unable to identify the relief sought by Plaintiffs at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or plaintiffs, and also dismiss certain causes of action and/or defendants. In the First Amended Complaint (FAC), Plaintiffs sought declaratory and injunctive relief, as well as compensatory damages.

Defendants believe that Plaintiffs are not entitled to any relief.  Plaintiffs have been provided meaningful review of their gang validation and SHU sentences.

**12. Settlement and ADR:**

The parties have not engaged in any settlement efforts to date.  Nor have the parties stipulated to ADR.  The parties may agree to mediation if the appropriate conditions emerge.

**13. Consent to Magistrate Judge For All Purposes:**

PLAINTIFFS

Plaintiffs do not consent to a Magistrate Judge for all purposes.

DEFENDANTS

1   Defendants decline to consent to a magistrate judge at this time.

2

3   **14. <u>Other References</u>:**

4   The parties agree that this case is <u>not</u> suitable for reference to binding arbitration,

5

6   a special master, or the Judicial Panel on Multidistrict Litigation at this time.

7   **15. <u>Narrowing of Issues</u>:**

8                                    PLAINTIFFS

9

10   The second amended complaint will narrow the issues.

11                                    DEFENDANTS

12   Defendants are unable to narrow the issues at this time due to Plaintiffs'

13   counsel's representation that they intend to move for leave to amend the complaint to

14   include additional causes of action and/or plaintiffs, and also dismiss certain causes of

15   action and/or defendants.

16

17   **16. <u>Expedited Trial Procedure</u>:**

18

19   The parties agree that due to the complex nature of the facts and causes of action,

20   this case <u>should not</u> be handled under the Expedited Trial Procedure of General Order

21   64.

    **17. <u>Scheduling</u>:**
22

23                                    PLAINTIFFS

24   Plaintiffs propose to move for leave to file a proposed second amended complaint

25   in early May.  If this Court grants permission to file that Second Amended Complaint,

26   plaintiffs intend to move shortly thereafter for preliminary injunctive relief on behalf of

27   the individual plaintiffs.

28

Plaintiffs will designate their proposed experts at that time, but at this time tentatively intend to utilize Dr. Terry Kupers, Dr. Craig Haney, James Austin and several other experts.

DEFENDANTS

Defendants are unable to propose a schedule at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or plaintiffs, and also dismiss certain causes of action and/or defendants.

Defendants believe that it would be more efficient for the Court and parties to determine a schedule after the Court has ruled on Plaintiffs' motion for leave to file a Second Amended Complaint.

**18. Trial:**

PLAINTIFFS

Plaintiffs will withdraw their request for a jury trial.  Plaintiffs are not able at this time to assess the length of the trial.

DEFENDANTS

Defendants reserve their right to a jury trial.

Defendants are unable to provide an expected length of trial at this time due to Plaintiffs' counsel's representation that they intend to move for leave to amend the complaint to include additional causes of action and/or defendants, and also dismiss certain causes of action and/or defendants.

**19. Disclosure of Non-party Interested Entities and Persons:**

Civil Local Rule 3-16 does not apply to any governmental entity or its agencies.

1    **20.  Such other matters that may facilitate the just, speedy and**

2    **inexpensive disposition of this matter.**

3          The parties are unaware of any other matters which may facilitate the disposition

4    of this matter at this time.

5    DATED: March 21, 2012

6

7                                        SIEGEL & YEE

8

9                                        By_____

10                                          ANNE BUTTERFIELD WEILLS

11                                         Attorneys for Plaintiffs
                                           TODD ASHKER and DANNY TROXELL
12

13   DATED: March ___, 2012

14                                       ANDRADA & ASSOCIATES

15

16                                       By_____

17                                          NICOLE ROMAN

18                                         Attorneys for Defendants
                                           GOVERNOR EDMOND G. BROWN, Jr., WILLIAM
19                                         BARLOW, DARRIN BRADBURY, MATTHEW
                                           CATE, ROBERT DOYLE, SUSAN FISHER,
20                                         HOLLIS GILLINGHAM, ROBERT HARMON,
                                           JOHN HARRISON, AMANDA HERNANDEZ,
21                                         ROBERT HOREL, FRANCISCO JACQUEZ,
                                           RICHARD JOHNSON, ROBERT KIRKLAND,
22                                         GREG LEWIS, ROBERT MARQUEZ, JOE
                                           MCGRATH, JOHN MCKINNEY, ROBERT RICE,
23                                         DENNIS SMITH, BRYAN THORNTON, STEVE
                                           TUCKER, GARY WISE, AND JEANNE
24                                         WOODFORD.

25

26

27

28

---

*Ashker, Troxell v. Brown, et al.,*                Case No. 4:09-cv-05796-CW
Jt. Case Management Conference Statement                    - 14-