UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER

        Plaintiff(s),

  v.

EDMUND G. BROWN, et al.,

        Defendant(s).
_____/

No. C-09-05796 CW (NJV)

**ORDER GRANTING IN PART PLAINTIFFS' VISITATION REQUESTS**

(Doc. No. 112)

    Plaintiffs Todd Ashker and Danny Troxell ("Plaintiffs") moved to compel the production of documents and further responses to interrogatories from defendants Edmund G. Brown *et al*. ("Defendants"). *See* Doc. No. 81. At an April 9, 2012 status conference addressing the status of the motion to compel, Plaintiffs through their attorneys requested a number of exceptions be made to the custodial practices at Pelican Bay State Prison ("PBSP") to allow them to prosecute their case more efficiently. Although these requests could be perceived as premature, the Court based on its own experience at PBSP addresses the requests at this juncture to facilitate efficient resolution of the underlying claims in this action. Because Plaintiffs have stipulated to delay a ruling on their motion to compel until the pleadings are settled, the Court only addresses the requests set out in Docket No. 112, after considering Defendants' position as set out in Docket No. 111. Seeking to balance the needs of the parties, including the safety and security concerns of PBSP officials, the Court orders as follows:

    1. Each named Plaintiff shall be allowed one phone call of no more than 60 minutes with his attorneys every two weeks.

    2. Plaintiffs have not provided sufficient information to allow the Court to determine

whether contact visits between Plaintiffs and their medical experts are warranted. Within one week, Plaintiffs shall provide the following information: the names and qualifications of each expert; the topic(s) each expert is expected to address; the number of times Plaintiffs seek to have contact visits with each expert and the duration of such visits; and the type of examination each expert expects to perform (psychological or medical). The Court understands that the first of these visits is scheduled for April 17, 2012, but notes that Plaintiffs have not formally moved for relief, and merely raised the issue for the first time during an April 9, 2012 status conference.

3. PBSP shall allow attorney visits for a minimum of 12 hours a week (Cal. Code Reg. Tit. 15 § 3172.2(a)), and may accomplish this by extending attorney visiting hours by 30 minutes on both Tuesdays and Wednesdays. If this amount of time proves insufficient, either because of the scope of meetings required by the case or because of procedural difficulties in securing Plaintiffs' timely attendance at visiting hours, Plaintiffs may move the Court for additional relief.

4. Plaintiffs shall be allowed to use any unoccupied visiting booth to meet with their counsel.

**IT IS SO ORDERED.**

Dated: April 13, 2012

NANDOR J. VADAS
United States Magistrate Judge

2