JULES LOBEL (*pro hac vice*)
ALEXIS AGATHOCLEOUS (*pro hac vice*)
RACHEL MEEROPOL (*pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: 212.614.6478
Fax: 212.614.6499
Email: jll4@pitt.edu

(Additional counsel listed on signature page)

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TODD ASHKER and DANNY TROXELL,<br><br>       Plaintiffs,<br><br>v.<br><br>GOVERNOR EDMUND G. BROWN, Jr.,<br>MATTHEW CATE, RODERICK Q.<br>HICKMAN, JEANNE WOODFORD, JOE<br>MCGRATH, RICHARD KIRKLAND,<br>ROBERT HOREL, FRANCISCO JACQUEZ,<br>WILLIAM BARLOW, R.L. JOHNSON, D.W.<br>BRADBURY, J. McKINNEY, ROBERT<br>MARQUEZ, R. RICE, JOHN HARRISON, B.<br>THORTON, G.H. WISE, A. HERNANDEZ,<br>ROBERT DOYLE, SUSAN FISHER,<br>ROBERT HARMON, HOLLIS<br>GILLINGHAM, D. SMITH, S. TUCKER,<br><br>       Defendants. | No. 4:09-cv-05796-CW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 5, 2012<br>Time: 10:00 a.m.<br>Judge: The Hon. Claudia Wilken |

PLAINTIFFS' MOTION FOR LEAVE TO FILE
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

1

2

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
## A SECOND AMENDED COMPLAINT

3

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4

PLEASE TAKE NOTICE that, on July 5, 2012, at 10:00 a.m., or as soon thereafter as the

5

matter may be heard before the Honorable Claudia Wilken, Plaintiffs Todd Ashker and Danny

6

Troxell will and hereby do move this Court for leave to file a Second Amended Complaint.  This

7

motion is brought pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and is

8

9

supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities

10

below, the Declaration of Jules Lobel filed herewith, the proposed Second Amended Complaint

11

attached thereto as Exhibit A, the papers and pleadings on file in this action, and such other oral

12

and documentary evidence as may come before the Court upon the hearing of this matter.

13

Dated: May 31, 2012

14

Respectfully submitted,

15

16

/s/ Jules Lobel_____
JULES LOBEL (*pro hac vice*)
Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**MEMORANDUM OF POINTS AND AUTHORITIES**
**INTRODUCTION**

3

4

Plaintiffs Todd Ashker and Danny Troxell ("Plaintiffs") filed this action *pro se*,

5

challenging policies, practices, and conditions at the Pelican Bay Special Housing Unit ("SHU").

6

Both Ashker and Troxell have been incarcerated at the Pelican Bay SHU for 22 years, under

7

deplorable conditions and without meaningful review of their placement there.

8

Plaintiffs' First Amended Complaint alleges 11 causes of action, asserting that policies

9

and conditions at the Pelican Bay SHU violate their rights under the First, Eighth, and Fourteenth

10

Amendments to the United States Constitution, and also stating a claim of failure to lawfully

11

administer, train, and supervise.  The First Amended Complaint seeks monetary relief, as well as

12

declaratory and injunctive relief aimed at altering policies, practices, and conditions at the Pelican

13

Bay SHU.

14

15

Through recently-retained undersigned counsel, Plaintiffs now seek to file a Second

16

Amended Complaint that significantly narrows and focuses their existing claims about policies,

17

practices, and conditions at the Pelican Bay SHU.  *See* Proposed Second Amended Complaint,

18

attached hereto as Exhibit A.  The proposed Second Amended Complaint asserts two claims

19

rather than 11, names four defendants instead of 25, and seeks only declaratory and injunctive,

20

rather than monetary, relief.  Thus, the proposed Second Amended Complaint will promote

21

efficient disposition of the claims at issue in this case.

22

23

The proposed Second Amended Complaint contains the same core factual and legal

24

allegations as the First Amended Complaint: namely, that Plaintiffs are subjected to conditions

25

and policies that violate the Eighth Amendment's prohibition on cruel and unusual punishment,

26

and that they have been denied any meaningful review of their SHU confinement in violation of

27

their right to due process.  The central changes are as follows: Plaintiffs' claims for declaratory

28

and injunctive relief regarding denial of due process and cruel and unusual punishment are asserted as class claims; eight additional proposed class representatives are added as Named Plaintiffs; and one additional Defendant is named solely in his official capacity.  The new Named Plaintiffs do not seek monetary damages; they seek to pursue Plaintiffs' Eighth and Fourteenth Amendment claims on a class-wide basis.  As such, the proposed Second Amended Complaint will promote judicial economy by preventing a multiplicity of actions challenging these same policies, practices, and conditions.

In sum, the Second Amended Complaint would cause the following changes:

1. Remove Defendants Hickman, Woodford, McGrath, Kirkland, Horel, Jacquez, Barlow, Johnson, Bradbury, McKinney, Marquez, Rice, Harrison, Thornton, Wise, Hernandez, Doyle, Fisher, Harmon, Gillingham, Smith, and Tucker, while adding one Defendant: Anthony Chaus, Chief of the Office of Correctional Safety at the California Department of Corrections and Rehabilitation, who is named only in his official capacity;

2. Remove claims for relief Nos. 1 through 7, as well as No. 11, while consolidating elements of claims Nos. 8 and 10 into a single due process claim;

3. Add the following Named Plaintiffs, who seek injunctive and declaratory relief arising out of the same policies, practices, and conditions alleged in the First Amended Complaint: George Ruiz, Jeffrey Franklin, George Franco, Gabriel Reyes, Richard Johnson, Paul Redd, Luis Esquivel, and Ronnie Dewberry; and

4. Amend the claims for declaratory and injunctive relief such that they are made on a classwide basis, and remove the claim for monetary relief.

This Court should grant leave to file the Second Amended Complaint because doing so will promote the interests of efficiency and judicial economy and, under the circumstances,

1    Plaintiffs are entitled to a presumption under Federal Rule of Civil Procedure 15(a) in favor of

2    amendment.  See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

3                                      **PROCEDURAL HISTORY**

4            Plaintiffs Ashker and Troxell have been incarcerated in the Pelican Bay SHU for an

5    unconscionably long period of time – 22 years each – without meaningful review of their

6    placement there.  They filed suit *pro se* to challenge various policies, practices, and conditions at

7    the Pelican Bay SHU on December 9, 2009.  *See* Docket No. 1.  On February 16, 2010, after this

8    Court screened their Complaint pursuant to 28 U.S.C. § 1915A, it was dismissed with leave to

9    amend.  *See* Docket No. 7.  Plaintiffs filed a First Amended Complaint on May 21, 2010.  *See*

10   Docket No. 10.  Various Defendants filed Answers to the First Amended Complaint on May 5,

11   June 15, and July 22, 2011.  *See* Docket Nos. 37, 49, 53.  Limited discovery commenced

12   thereafter.  Indeed, on December 13, 2011, the only discovery dispute in the case prior to the

13   appearance of undersigned counsel was referred to the Magistrate Judge for resolution.  *See*

14   Docket No. 83.

15           On October 19, 2011, still appearing *pro se*, Plaintiffs filed a Motion for Leave to File a

16   Second Amended Complaint.  *See* Docket No. 67.  That Motion, along with the discovery dispute

17   referenced above, was still pending when, in February 2012, Plaintiffs retained undersigned

18   counsel for the purpose of seeking permission to file an Amended Complaint.  *See* Docket No.

19   103.  Undersigned counsel communicated their intention to represent Plaintiffs to counsel for

20   Defendants and to this Court.  *See* Docket No. 95.  A Case Management Conference was

21   scheduled by this Court for March 28, 2012.  *See* Docket No. 104.

22           At that Conference, this Court set a series of deadlines.  The Court ordered Plaintiffs to

23   submit the attached proposed Second Amended Complaint to counsel for Defendants on May 1,

24   2012, in order for Defendants to determine whether they would stipulate to the amended

PLAINTIFFS' MOTION FOR LEAVE TO FILE                 4
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

complaint.  *See* Docket No. 109.  The Court ordered that if counsel for Defendants declined to stipulate, counsel for Plaintiffs should file a motion for leave to amend the complaint by May 17, 2012, and notice that motion for hearing five weeks thereafter.  *Id*.  The Court scheduled the close of discovery for October 31, 2012, and a trial to begin on February 19, 2013.  *Id*.  With Defendants' consent, Plaintiffs subsequently requested a two week extension to submit their proposed Second Amended Complaint to Defendants and, if necessary, to file a motion for leave to amend to the complaint with this Court.  *See* Docket No. 115.

Plaintiffs' counsel served the proposed Second Amended Complaint on counsel for Defendants on May 15, 2012.  *See* Declaration of Jules Lobel ("Lobel Decl.") at ¶ 7.  On May 22, 2012, Defendants declined to stipulate to Plaintiffs' proposed Second Amended Complaint.  *Id*. at ¶ 8.  This motion follows.

## ARGUMENT

## THIS COURT SHOULD GRANT PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.

Where Plaintiffs' proposed Second Amended Complaint significantly narrows and focuses Plaintiffs' existing claims about policies, practices, and conditions at the Pelican Bay SHU, and thus promotes both judicial economy and the efficient disposition of the claims at issue in this case, this Court should grant Plaintiffs' Motion for Leave to File a Second Amended Complaint. The Federal Rules of Civil Procedure provide that a party "may amend its pleading" with the Court's leave, and that the court "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  Because amendment will not prejudice Defendants and there is no other reason for denying leave to amend, Plaintiffs are entitled to a presumption in favor of leave to amend their Complaint.

Federal Rule of Civil Procedure 15(a) sets a liberal standard for amending pleadings. FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts

PLAINTIFFS' MOTION FOR LEAVE TO FILE
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

5

or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'); *Smith v. Pac. Props. & Dev. Corp*., 358 F.3d 1097, 1011 (9th Cir. 2004); *Wehlage v. EmpRes Healthcare Inc*., 2012 U.S. Dist. LEXIS 14157 (N.D. Cal. 2012) (Wilken, J.).  Both the Supreme Court and the Ninth Circuit have repeatedly emphasized that the policy favoring amendment is "'to be applied with extreme liberality.'"  *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-186 (9th Cir. 1987).  Courts also freely grant leave to file an amended complaint that seeks injunctive relief not only for a particular plaintiff, but for all similarly situated individuals.  *See, e.g.*, *McDonald v. Bonded Collectors, L.L.C.*, 233 F.R.D. 576, 577 (S.D. Cal. 2005); *Gould v. Motel 6, Inc.*, 2011 U.S. Dist. LEXIS 25283 *14 (C.D. Cal. 2011).

Under Rule 15(a)(2), denial is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay, or a finding of bad faith is made.  *See United Union of Roofers, etc. No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990) (citing *Moore v. Kayport Packaging Exp. Inc*., 885 F.2d 531, 538, 539 (9th Cir. 1989)).  The party opposing the amendment bears the burden of establishing these factors.  *DCD Programs*, 833 F.2d at 187.  "'Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny'" a motion for leave to amend.  *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of So. Cal*., 648 F.2d 1252, 1254 (9th Cir. 1981) (allowing Plaintiff to amend complaint approximately two years after the original complaint was filed) (quoting *Howley v.*

*United States*, 481 F.2d 1187, 1190-1191 (9th Cir. 1973)).  Indeed, absent *substantial* prejudice, or a *strong* showing of any of the other reasons for denying leave to amend, "there exists a *presumption* under Rule 15(a) in favor of grating leave to amend."  *Eminence Capital, LLC.*, 316 F.3d at 1052 (emphasis in original).  *Pro se* litigants are entitled to an even more liberal presumption in favor of leave to amend.  *See*, *e.g.*, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, none of the factors for denying leave to amend exist, and the presumption in favor of leave to amend should apply.

**1.  The Proposed Amendments Will Not Cause Prejudice.**

Plaintiffs seek to make four key amendments to their First Amended Complaint.  In their proposed Second Amended Complaint, they: 1) assert two claims instead of eleven; 2) seek only declaratory and injunctive, rather than monetary, relief; 3) name four defendants instead of twenty-five; and 4) assert their two claims as class claims, adding eight additional proposed class representatives as Named Plaintiffs.  *Compare* Exhibit A (proposed Second Amended Complaint) *with* Docket No. 10 (First Amended Complaint).  None of these proposed amendments will cause prejudice.

By asserting two claims instead of 11, *see* Exhibit A at 39-45, Plaintiffs seek to significantly narrow the issues in this case.  Moreover, the two remaining claims – that Plaintiffs are subjected to conditions and policies that violate the Eighth Amendment's prohibition on cruel and unusual punishment, and that they have been denied any meaningful review of their SHU confinement in violation of their right to due process – were already raised in the First Amended Complaint.  *See* Docket No. 10 at 76-99.  While Plaintiffs seek to advance new legal theories in support of these claims, these theories arise from the same operative set of facts, policies, and practices.  Plaintiffs' proposed Second Amended Complaint also lessens the relief sought by

abandoning their claim for monetary relief.  These proposed amendments simplify and focus the issues in this case and therefore cannot possibly prejudice Defendants.

Further, in their proposed Second Amended Complaint, Plaintiffs name four Defendants instead of 25.  *Compare* Exhibit A (naming four Defendants) *with* Docket (listing 25 Defendants). Three out of these four are already Defendants in this case.  The one newly-named Defendant, Anthony Chaus, Chief of CDCR's Office of Correctional Safety, is named in his official capacity, and is thus not subject to personal liability for monetary damages.  *Id*.  Chaus's addition is essential to ensure complete relief because, as Chief of the unit responsible for investigating prisoners suspected of gang affiliation, *see* Exhibit A at ¶ 27, he is in the best position to oversee a change in the policies challenged in this lawsuit.  Moreover, Chaus could reasonably have anticipated his inclusion as a Defendant in this matter because the Second Amended Complaint in this action alleges injunctive relief claims against the Secretary of CDCR, among other high-level officials, putting CDCR on notice of a due process claim arising from its policies regarding review of gang affiliation.  *See* Docket No. 10.  Adding one and removing 22 named Defendants from this case will therefore not cause prejudice, but will instead streamline this litigation.

Nor can Defendants claim prejudice based on the fact that the Second Amended Complaint adds new Plaintiffs and alleges class claims for injunctive relief.  The proposed new Plaintiffs' claims arise out of the same essential operative set of facts, policies, and practices alleged in the First Amended Complaint: all are prisoners in the Pelican Bay SHU, and all are subject to the same conditions, practices, and policies.  The new Plaintiffs all make the same claims, and none seek monetary relief.  Instead, they seek identical injunctive relief, which is already demanded in the First Amended Complaint.  *Id*. at 99.  Accordingly, Defendants have been on notice of the nature of the claims and relief sought since Plaintiffs originally filed their Complaint, and they will not be prejudiced by the inclusion of the new Plaintiffs in the Second

1    Amended Complaint.

2        Further, alleging class claims will not cause prejudice, as the First Amended Complaint

3    alleged violations of due process and the Eighth Amendment based on broad policies, practices,

4    and conditions at the Pelican Bay SHU to which all prisoners at the SHU are subject.  *See* Docket

5    No. 10.   Plaintiffs sought injunctive relief from these unconstitutional policies, practices, and

6    conditions – relief that would therefore impact other prisoners at the SHU – to the extent they

7    were allowed to do so.  *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)

8    (citing, *inter alia, Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro*

9    *se* prisoner may not bring a class action on behalf of fellow prisoners)); *see also Krier v. Ray*, 341

10   F. App'x 295, 297 (9th Cir. 2009) (noting that a *pro se* litigant may not bring a class action); *C.E.*

11   *Poper Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (*pro se* litigant may not

12   appear as an attorney for others); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)

13   (same).  Plaintiffs requested that undersigned counsel formally bring class allegations in the

14   proposed Amended Second Complaint.  *See* Lobel Decl. at ¶ 5.

15       The Second Amended Complaint simply makes explicit the allegations that class-wide

16   relief is warranted under the Eighth and Fourteenth Amendments to the Constitution.  *See* Exhibit

17   A at 35-39.  Accordingly, Defendants have long been on notice of the scope of the claims raised

18   and relief sought in the Second Amended Complaint.  Courts have broadly granted leave to file an

19   amended complaint to bring class allegations, even after an Answer has been filed.  *See, e.g.,*

20   *McDonald*, 233 F.R.D. at 577 (granting leave to file an amended complaint to bring class

21   allegations after answer had been filed); *Gould*, 2011 U.S. Dist. LEXIS 25283 *14 (granting

22   leave to file an amended complaint to add a new plaintiff as class representative).  Doing so here

23   is similarly appropriate.

24       Finally, Defendants will not be prejudiced by a grant of leave to file their proposed

PLAINTIFFS' MOTION FOR LEAVE TO FILE          9
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

Second Amended Complaint in terms of their discovery obligations.  Discovery is not scheduled to close until October 31, 2012, and a trial date has been set for February 19, 2013.  *See* Docket No. 109.  These deadlines were only recently set by the Court.  *Id*.  Amendment will thus not interfere with an imminent or previously-scheduled discovery deadline, or require the reopening of discovery, which is ongoing.  *Contra Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, thus, *inter alia*, prejudicing defendant); *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying motion to amend on grounds of, *inter alia*, prejudice, where motion made on the "eve of the discovery deadline" would have required re-opening discovery).  While more discovery may well be necessary to pursue the claims in the Second Amended Complaint,[1] the need to conduct additional discovery is not a sufficient reason to deny amending a complaint under Rule 15(a).  *See*, *e.g.*, *Genentch, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989).  Moreover, this Court already contemplated the filing of this proposed Second Amended Complaint when it set the discovery deadlines in this case.  *See* Docket No. 109.

### 2. Plaintiffs Did Not Unduly Delay Seeking to Amend the Complaint.

Undue delay alone is insufficient to justify denying a motion to amend under Rule 15.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (court must provide a contemporaneous specific finding of bad faith by the moving party, prejudice to the opposing party, or futility of amendment).  Nonetheless, Plaintiffs did not unduly delay in seeking leave to file their proposed Second Amended Complaint, nor will undue delay be caused by a grant of leave.

Plaintiffs are prisoners in solitary confinement at the Pelican Bay SHU with severely

---

[1] Plaintiffs seek to raise no new claims, but do raise new legal theories that may result in additional discovery.  *See* Exhibit A.

PLAINTIFFS' MOTION FOR LEAVE TO FILE
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

10

1   curtailed access to the outside world, and only obtained the representation of undersigned counsel

2   in February 2012.  *See* Docket No. 95.  Plaintiffs' counsel have been diligently working since

3   then to obtain the necessary information to draft the proposed Second Amended Complaint on

4   their behalf and on behalf of similarly situated prisoners at the Pelican Bay SHU, *see* Lobel Decl.

5   at ¶ 6, in spite of various challenges in communicating with the prisoners and gathering this

6   information, *see* Docket Nos. 112 (listing challenges Plaintiffs' counsel have faced in obtaining

7   information from Plaintiffs), 120 (upholding Magistrate's April 13, 2012 Order granting

8   undersigned counsel telephone calls and additional attorney visits with Plaintiffs).  Thus,

9   Plaintiffs have moved to seek this amendment as quickly as practicable.

10       Moreover, and as noted above, while Plaintiffs were still *pro se* litigants, they could not

11  have pursued claims on behalf of other Pelican Bay SHU prisoners in a representative capacity

12  until they obtained counsel.  *See*, *e.g.*, *Simon*, 546 F.3d at 664; *Oxendine*, 509 F.2d at 1407;

13  *McShane*, 366 F.2d at 288; *C.E. Poper Equity Trust*, 818 F.2d at 697; *Krier*, 341 F. App'x at 297.

14  Therefore, Plaintiffs were in fact barred from seeking a number of the critical amendments made

15  in the proposed Second Amended Complaint at an earlier time.

16       Defendants will have ample opportunity to prepare a response to the proposed Second

17  Amended Complaint and, as explained above, a grant of leave will not interfere with or delay the

18  discovery deadlines in this case.  *See supra*; *contra Zivkovic*, 302 F.3d at 1087 (affirming district

19  court's denial of motion to amend pleadings filed five days before close of discovery where

20  additional causes of action would have required additional discovery, thus, *inter alia*, delaying

21  proceedings); *Solomon*, 151 F.3d at 1139 (court did not abuse its discretion in denying motion to

22  amend on grounds of, *inter alia*, delay, where motion made on the "eve of the discovery

23  deadline" would have required re-opening discovery).

**3.   The Proposed Amendments Are Neither Futile Nor Made in Bad Faith.**

The amendments that Plaintiffs propose are in no way futile.  An amendment is only futile if there is no set of facts that can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  The Amended Complaint plausibly alleges each element of each cause of action, and names the correct parties. *See* Exhibit A.  Indeed, the proposed Second Amended Complaint includes the same claims raised by Plaintiffs' First Amended Complaint, which Defendants did not challenge in a motion to dismiss. *See* Docket.  Thus, futility is not a consideration here.

Nor have Plaintiffs acted in bad faith or with wrongful motive.  Bad faith exists where a litigant engages in tactics such as seeking to add a defendant to destroy diversity jurisdiction. *See, e.g.*, *Sorosky v. Burroghs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987).  Plaintiffs have engaged in no such tactics, but simply seek that their claims be decided fully and on their merits, "in furtherance of the very purpose of Rule 15." *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997) (rejecting a claim of bad faith where proposed amendments were not untimely, repetitious, or for the purpose of keeping meritless claims in court); *see also Foman*, 371 U.S. at 182.

Finally, it is important to note that Plaintiffs, who are prisoners at the Pelican Bay SHU, proceeded *pro se* in preparing and filing their original Complaint and their First Amended Complaint.  As the Ninth Circuit has emphasized, the "rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Noll*, 809 F.2d at 1448.  Thus, Plaintiffs are entitled to an even more liberal presumption of leave to amend than represented litigants already enjoy. *Eminence Capital, LLC.*, 316 F.3d at 1052.

**4.   The Proposed Amendments Promote Judicial Economy and the Efficient Disposition of the Claims at Issue in this Case.**

Rule 15(a) is designed to ensure that all relevant issues are brought before the Court so that they may be efficiently decided on their merits in a way that serves the interests of judicial

PLAINTIFFS' MOTION FOR LEAVE TO FILE          12
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

economy.  *See* 3 JAMES MOORE, MOORE'S FEDERAL PRACTICE, § 15-15[1] (3d. ed. 2006) ("During the pretrial phase, a court should allow amendments to ensure that all issues are brought before the court").  Numerous *pro se* cases have raised challenges to policies, practices, and conditions at the Pelican Bay SHU.  *See*, *e.g.*, *Mariquez v. Tilton*, 2011 WL 1230022 (N.D. Cal. 2011); *Pina v. Tilton*, 2008 WL 4773564 (N.D. Cal. 2008); *Jurado v. Gomez*, 1998 WL 209162 (N.D. Cal. 1998); *Medina v. Gomez*, 1997 WL 488588 (N.D. Cal. 1997).   More are likely to be brought, as these policies, practices, and conditions persist to this day, and gave rise to two widely-publicized hunger strikes in 2011 that resulted in public hearings before the Assembly Public Safety Committee.  *See* http://solitarywatch.com/2011/08/24/historic-california-assembly-hearing-on-solitary-confinement.  Accordingly, the interests of judicial economy and the efficient disposition of the serious constitutional claims regarding policies, practices, and conditions at the Pelican Bay SHU will be served by bringing in the relevant parties – similarly situated Plaintiffs, and the Defendants ultimately responsible for CDCR policies and practices – to secure complete relief and avoid a multiplicity of lawsuits.  *See*, *e.g.*, *Crown, Cork, & Seal Co., v. Parker*, 462 U.S. 345, 350-351 (1983) (stating that Rule 23, governing class action litigation, is designed to avoid a "needless multiplicity of actions").  Class action litigation will also serve to clarify any disagreement in the District about the scope of the due process rights of prisoners in retention at the SHU.  *Compare Reyes v. Horel*, 2012 U.S. Dist. LEXIS 30787 (N.D. Cal. 2012) (holding that confinement at SHU constituted an atypical and significant hardship requiring that inactive review process comport with procedural due process) *with Elrod v. Harlow*, 2011 U.S. Dist. LEXIS 24755 (N.D. Cal. 2011) (holding that "the discretionary language of the state regulation regarding inactive-status reviews implies that there was no state created liberty interest to such reviews which would require compliance with procedural due process").

1        Moreover, Plaintiffs' proposed Second Amended Complaint makes their existing claims

2    significantly more manageable.  *Compare* Exhibit A (Proposed Second Amended Complaint)

3    *with* Docket No. 10 (First Amended Complaint).  The proposed Second Amended Complaint

4    asserts two claims rather than 11, names four defendants instead of 25, and seeks only declaratory

5    and injunctive, rather than monetary, relief.  Thus, the proposed Second Amended Complaint will

6    promote the interests of efficiency and economy.

7

8                                                   **CONCLUSION**

9        For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion

10   for leave to file a Second Amended Complaint.

11   Dated: May 31, 2012

12

13                                             Respectfully submitted,

14                                             /s/ Jules Lobel_____
                                               JULES LOBEL (*pro hac vice*)
15                                             ALEXIS AGATHOCLEOUS (*pro hac vice*)
                                               RACHEL MEEROPOL (*pro hac vice*)
16                                             CENTER FOR CONSTITUTIONAL RIGHTS
                                               666 Broadway, 7th Floor
17                                             New York, New York 10012
                                               Tel: 212.614.6478
18                                             Fax: 212.614.6499
                                               Email: jll4@pitt.edu, aagathocleous@ccrjustice.org
19

20                                             CHARLES F.A. CARBONE (SBN 206536)
                                               EVAN CHARLES GREENBERG (SBN 271356)
21                                             LAW OFFICE OF CHARLES CARBONE
                                               P.O. Box 2809
22                                             San Francisco, California 94126
                                               Tel: 415.981.9773
23                                             Fax: 415.981.9774
                                               Email: charles@charlescarbone.com,
24                                             evan@charlescarbone.com

25

26

27

28
     PLAINTIFFS' MOTION FOR LEAVE TO FILE          14
     2ND AMENDED COMPLAINT
     Case No.: 4-09-cv-05796-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARILYN S. MCMAHON (SBN 270059)
CALIFORNIA PRISON FOCUS
1904 Franklin Street, Suite 507
Oakland, California 94612
Tel: 510.734.3600
Fax: 510.836.7222
Email: marilyn@prisons.org

ANNE BUTTERFIELD WEILLS (SBN 139845)
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Tel: 510.839.1200
Fax: 510.444.6698
Email: aweills@aol.com

CAROL STRICKMAN (SBN 78341)
LEGAL SERVICES FOR PRISONERS WITH
CHILDREN
1540 Market Street, Suite 490
San Francisco, California 94102
Tel: 415.255.7036
Fax: 415.552.3150
Email: carol@prisonerswithchildren.org
*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR LEAVE TO FILE
2ND AMENDED COMPLAINT
Case No.: 4-09-cv-05796-CW

15