JULES LOBEL (*pro hac vice*)
Email: jll3@pitt.edu
ALEXIS AGATHOCLEOUS (*pro hac vice*)
Email: aagathocleous@ccrjustice.org
RACHEL MEEROPOL (*pro hac vice*)
Email: rachelm@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
Tel:  (212) 614-6478
Fax:  (212) 614- 6499

GREGORY D. HULL (Bar No. 57367)
Email: greg.hull@weil.com
BAMBO OBARO (Bar No. 267683)
Email: bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065-1134
Tel:  (650) 802-3000
Fax:  (650) 802-3100

Attorneys for Plaintiffs
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEORGE RUIZ, JEFFREY FRANKLIN, TODD ASHKER, GEORGE FRANCO, GABRIEL REYES, RICHARD JOHNSON, DANNY TROXELL, PAUL REED, LUIS ESQUIVEL, and RONNIE DEWBERRY, on their own behalf, and on behalf of a class of similarly situated prisoners,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., Governor of the State of California, MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation (CDCR); ANTHONY CHAUS, Chief, Office of Correctional Safety, CDCR; and G.D. LEWIS, Warden, Pelican Bay State Prison,<br><br>Defendants. | Case No. 4:09 CV 05796 CW<br><br>**DECLARATION OF JULES LOBEL IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  January 10, 2013<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, 4th Floor<br><br>Honorable Claudia Wilkin |

1   Jules Lobel, declares under penalty of perjury that,

2   1.  I am one of the counsel for Plaintiffs in the above-captioned action.

3   2.  Defendants move of Plaintiff Todd Ashker ("Plaintiff Ashker") away from his cell
4   next to his long time writing assistant and co-Plaintiff, Danny Troxell ("Plaintiff Troxell"), and also
5   near a number of other named Plaintiffs in E Pod, to a new cell where he is totally isolated has had
6   several harmful effects on Plaintiffs' lawyers ability to litigate this case.

7   3.  First, Plaintiff Ashker reports to his lawyers that he is experiencing considerable pain
8   and difficulty in writing, and we rely not only on phone calls and visits but, also importantly, on
9   Plaintiff Ashker's letters to communicate his more fully formed legal and public relations ideas and
10  strategies to us.

11  4.  Second, from my conversations over the past six months with Plaintiff Troxell and
12  Plaintiff Ashker, these two original co-plaintiffs in this action have a long and close supportive
13  litigation relationship that has been central to their litigation together as co-plaintiffs and is now
14  totally cut off.  For example, in my experience, Plaintiff Troxell relies significantly on Plaintiff
15  Ashker's legal expertise to evaluate various legal issues or strategies involved in this case.

16  5.  Third, Plaintiff Ashker can no longer communicate his views to a group of important
17  named plaintiffs who he has helped bring into this litigation and who consider him an important
18  Plaintiff and strategist in this litigation.  The lawyers and Plaintiffs have agreed that we want to
19  move this case quickly, and Plaintiff Ashker's removal from the other Plaintiffs threatens that
20  litigation strategy in that it makes Plaintiffs' ability to reach consensus in a timely manner much
21  more difficult.

22  6.  For example, almost two months ago, Plaintiffs' counsel, including myself, were
23  discussing a strategy involving a potential motion to make in the case.  I discussed this issue with
24  Plaintiffs Ashker, Troxell and Dewberry, and they had somewhat different reactions and wanted to
25  think more about it.  Had they all been housed in the same pod as they were when this class action
26  was initiated, they could have discussed the proposed strategy at least to some extent amongst
27  themselves and hopefully reached some consensus.  Because of Plaintiff Ashker's transfer, however,

28

DECLARATION OF JULES LOBEL                1                Case No. 4:09 CV 05796 CW

that was not able to occur, and the lawyers decided not to move forward with that strategy at that time.

7. Finally, our litigation strategy necessarily relies on the active cooperation of class members other than the named Plaintiffs in this action. For example, we plan to have our psychiatric expert witnesses Craig Haney and Terry Kupers visit Pelican Bay and interview class members who are not named plaintiffs. They would need the consent and cooperation of these other prisoners to do so. If class members see that Plaintiff Ashker can be moved to a clearly punitive, isolated cell for retaliatory, unjustified reasons, I am concerned that at least some of them will decide not to cooperate out of fear of retaliation.

8. On September 26, I raised with Deputy Attorney General Adriano Hvartin Plaintiffs' counsel's objection to Plaintiff Ashker's transfer and sought to get Plaintiff Ashker returned to his former cell. Plaintiffs' counsel's efforts to address this issue with the Attorney General's office have been unsuccessful. As of the date of this declaration, the CDCR has not retreated from its decision to remove Plaintiff Ashker from his years-long location next to Plaintiff Troxell in E Pod.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 6, 2012 at Pittsburgh, Pennsylvania.

*/s/ Jules Lobel*
Jules Lobel