KAMALA D. HARRIS
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
ADRIANO HRVATIN
Deputy Attorney General
JILLIAN R. WEADER
Deputy Attorney General
State Bar No. 251311
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5797
 Fax:  (415) 703-5843
 E-mail:  Jill.Weader@doj.ca.gov
*Attorneys for Defendants*
*Brown, Cate, Lewis, and Chaus*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **GEORGE RUIZ, et al.,**<br><br>                                    Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN, JR., et al.,**<br><br>                                    Defendants. | C 09-05796 CW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  January 10, 2013<br>Time:  2:00 p.m.<br>Dept.:  Courtroom 2, 4th Floor<br>Judge:  The Honorable Claudia Wilken<br>Action Filed:  December 9, 2009 |

# TABLE OF CONTENTS

**Page**

Statement ........................................................................................................................................ 1

Legal Standard .............................................................................................................................. 1

Argument ...................................................................................................................................... 2

    I.    The declarations of Plaintiffs Ashker and Troxell should be stricken and, without this factual support, Plaintiffs' motion for preliminary injunction should be denied. .......................................................................................................... 2

    II.    Plaintiffs are not entitled to a preliminary injunction that has no bearing on the claims at issue in the case. ................................................................................ 4

    III.    Plaintiffs' motion should be denied because Plaintiffs fail to demonstrate that injunctive relief is warranted. .......................................................................... 5

        A.    Plaintiffs cannot establish a likelihood of success on the merits because the PLRA bars litigation of unexhausted claims. ........................... 5

        B.    Plaintiffs have not met the remaining requirements for a preliminary injunction. ........................................................................... 7

    IV.    The Court lacks jurisdiction over the non-parties allegedly responsible for the acts at issue in Plaintiffs' preliminary injunction motion. ............................... 8

    V.    Plaintiff Ashker is not entitled to heightened First Amendment protection for communications with other named Plaintiffs. ....................................................... 9

    VI.    Plaintiff Ashker was not moved to a different cell in retaliation for his participation in this case. ................................................................................... 10

        A.    Plaintiff Ashker was moved based on legitimate and confirmed safety concerns. ................................................................................... 10

        B.    Prison officials have the discretion to house Ashker as necessary to ensure the safety and security of inmates. ........................................... 12

Conclusion .................................................................................................................................. 13

i

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

# TABLE OF AUTHORITIES

Page

**CASES**

*Am. Trucking Ass'n, Inc. v. City of Los Angeles*
    559 F.3d 1046 (9th Cir. 2009)........................................................................................ 2

*Bryant v. Gallagher*
    No. 11cv446 BAM, 2012 WL 371895 (E.D. Cal. Feb. 3, 2012) ............................... 5

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983) ....................................................................................................... 8

*DeBeers Consol. Mines v. U.S.*
    325 U.S. 212 (1945) ................................................................................................. 4, 7

*Edwards v. High Desert State Prison*
    No. 10cv1264 MCE, 2012 WL 469865 (E.D. Cal. Feb. 7, 2012).............................. 8

*Farmer v. Brennan*
    511 U.S. 825 (1994) .................................................................................................. 11

*Funches v. McDaniel*
    No. 09cv343 LRH, 2011 WL 1871304 (D. Nev. March 31, 2011) ........................... 5

*Geiger v. Benov*
    No. 11cv1857 LJO, 2011 WL 5884273 (E.D. Cal. Nov. 23, 2011) ......................... 6

*Goodman v. Lukens Steel Co.*
    777 F.2d 113 (3d Cir. 1985)..................................................................................... 10

*Horacek v. Caruso*
    No. 08cv262, 2008 WL 4820483 (W.D. Mich. Oct. 30, 2008) ................................. 7

*In re Daw*
    No. 09br690 TLM, 2011 WL 231362 (Bankr. D. Id. Jan. 24, 2011)........................ 3

*Shaw v. Murphy*
    532 U.S. 223 (2001)............................................................................................... 9, 10

*Tatum v. Puget*
    No. 10cv418 LHK, 2011 U.S. Dist. LEXIS 71576 (N.D. Cal. July 1, 2011) ........ 4, 7

*Turner v. Safley*
    482 U.S. 78 (1987) ....................................................................................................... 8

ii

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)


# TABLE OF AUTHORITIES
## (continued)

Page

*Winter v. NRDC, Inc.*
  555 U.S. 7 (2008) ............................................................................................. 1, 2, 6, 7

*Womack v. Bakewell*
  No. 10cv2778 GEB, 2012 WL 3962503 (E.D. Cal. Sept. 10, 2012) ..................... 5, 7

*Zenith Radio Corp. v. Hazeltine Research, Inc.*
  395 U.S. 100 (1969) .................................................................................................. 8

*Zepeda v. INS*
  753 F.2d 719 (9th Cir. 1985) ..................................................................................... 8

**STATUTES**

All Writs Act
  28 U.S.C. § 1651 ....................................................................................................... 6

California Business & Professions Code
  § 6125 ...................................................................................................................... 10

California Code Regulations, Title 15
  § 3269 ...................................................................................................................... 12

United States Code, Title 18
  § 3626(a)(1)(A) ..................................................................................................... 2, 9

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  First Amendment ....................................................................................................... 9

**COURT RULES**

Northern District Civil Local Rules
  Rule 5-1(i)(3) ............................................................................................................. 2

iii

Defs.' Not. Mot. & Mot. Dismiss; Memo. Points & Auth. (C 11-6642 EJD)

## STATEMENT

Plaintiffs' motion for a preliminary injunction lacks a proper factual basis and fails to show that Plaintiffs meet any of the requirements for such an extraordinary remedy. The declarations filed on behalf of Plaintiffs Ashker and Troxell should be stricken, because the declarations filed with the Court do not appear to be the declarations Plaintiffs Ashker and Troxell actually reviewed and signed. Plaintiffs' counsel represented that the inmates concurred in the filing of their declarations but have refused to provide evidence of that representation. Moreover, because the preliminary relief sought is unrelated to the underlying claims alleged in the complaint, Plaintiffs are not entitled to a preliminary injunction. Nor do Plaintiffs meet the well-established requirements for obtaining a preliminary injunction, in part because they have not shown a likelihood of success on the merits of retaliation claims that have not been exhausted, as required by the Prison Litigation Reform Act (PLRA). Finally, the Court's jurisdiction is limited and does not extend to non-parties who were not involved in the allegations related to Plaintiff Ashker's cell move or medications. For all of these reasons, Plaintiffs' motion for preliminary injunction should be denied outright.

But there's more. Plaintiffs want the Court to force officials at Pelican Bay State Prison to put Plaintiff Ashker back in a cell where his safety would be in jeopardy and to keep him there in the future, no matter what change in factual circumstances might warrant a cell move. But the Institutional Gang Investigation Unit at Pelican Bay has information showing that Plaintiff Ashker's safety is at serious risk if housed in his prior cell. The preliminary injunction Plaintiffs seek is procedurally improper, factually unfounded, and would expose Plaintiff Ashker, other inmates, and the institution to an unreasonable risk of harm. Therefore, the motion for preliminary injunction should be denied.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" never awarded as a matter of right. *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). To prevail on a motion for a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits; (2) a

1

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

likelihood of irreparable harm to the plaintiff in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Id.* (citation omitted); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Also applicable here, the PLRA provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). Plaintiffs' motion should be denied because it fails to meet these exacting standards governing requests for injunctive relief.

## ARGUMENT

### I. THE DECLARATIONS OF PLAINTIFFS ASHKER AND TROXELL SHOULD BE STRICKEN AND, WITHOUT THIS FACTUAL SUPPORT, PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED.

This District's Local Rules permit a non-ECF user to electronically sign a document (*i.e.*, by "/s/" signature) if the filer of the document attests to the signatory's concurrence in the filing of the document. Civ. L. R. 5-1(i)(3). The declarations of Plaintiffs Ashker and Troxell, upon which Plaintiffs' motion for preliminary injunction is based, should be stricken, because Plaintiffs' counsel have refused to provide evidence to establish that Plaintiffs Ashker and Troxell concurred in the filing of their declarations in the form actually filed with the Court.

To support their motion for preliminary injunction, Plaintiffs filed a declaration on behalf of Plaintiff Ashker, which consists of seven pages of text and bears his electronic signature. (ECF No. 157-1.) Plaintiffs also filed a declaration on Plaintiff Troxell's behalf, consisting of a single page of text and also bearing his electronic signature. (ECF No. 157-4.) By affixing these inmates' electronic signatures to their declarations, Plaintiffs' counsel represented to Defendants and the Court that Plaintiffs Ashker and Troxell personally reviewed the declarations and signed them under penalty of perjury, in the form filed with the Court. Civ. L. R. 5-1(i)(3). Because the declarations were signed electronically by non-ECF users, Defendants, in accordance with Local Rule 5-1(i)(3), requested that Plaintiffs produce records to support the inmates' concurrence in

2

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

the filing of the declarations. (Hrvatin Decl. ¶ 3 & Ex. A.) To date, Plaintiffs have failed to meet their burden.

In response to counsel's request, Plaintiffs provided two single-paged documents with the natural signatures of Plaintiffs Ashker and Troxell. (*Id.* ¶ 4 & Ex. B.) The signature page for Plaintiff Ashker was numbered page "10" in the footer, although the Ashker declaration filed with the Court contained seven pages. (*Compare id. with* ECF No. 157-1.) The signature page for Plaintiff Troxell was numbered page "4" in the footer, but the Troxell declaration filed with the Court consisted of a single page. (*Compare id. with* ECF No. 157-4.) Defense counsel notified Plaintiffs of this discrepancy and requested complete versions of the declarations. (Hrvatin Decl. ¶ 5 & Ex. C.) In response, Plaintiffs refused to produce complete copies of the declarations that each inmate actually signed — that is, Plaintiff Ashker's ten-page declaration and Plaintiff Troxell's four-page declaration. (*Id.* ¶¶ 6-8 & Exs. D-F.) Defendants offered to visit the offices of Plaintiffs' counsel to copy the original declarations, but that proposal was rejected. (*Id.* ¶ 9 & Ex. G.) Without citing to any supporting authority, Plaintiffs have taken the position that Defendants are entitled to nothing more than an "inspection" of the records that purportedly confirm the inmates' concurrence in the filing of their declarations. (*Id.* ¶¶ 9-10 & Exs. G-H.) That is, that Defendants are not entitled to copies of the original declarations. (*Id.*) Plaintiffs have further objected to the disclosure on attorney-client and work-product grounds. (*Id.* ¶¶ 6, 10 & Exs. D, H.) Moreover, according to Plaintiffs, the noted discrepancy is of no import, even though Plaintiffs concede that the discrepancy "was the result of deletions." (*Id.* ¶¶ 10-11 & Exs. H-I.)

This is not a mere matter of form over substance. Attorneys cannot unilaterally modify or delete the substance of a declaration, after the declarant has signed and attested under oath to a particular version of the document, and represent in good faith to the Court that the declarant actually concurred with the filing of the attorney-modified declaration. *See In re Daw*, No. 09br690 TLM, 2011 WL 231362, at *2, *6 (Bankr. D. Id. Jan. 24, 2011) (describing the standard procedure for obtaining and filing manual signatures on declarations and the still extant requirement that the version of a document signed electronically must match what the declarant

3

1  wished to file.) In this case, three full pages of text from Plaintiff Ashker's declaration appear to
2  have been removed by Plaintiffs' counsel as a "result of deletions." (Hrvatin Decl. ¶¶ 2-3, 10-11
3  & Exs. H-I.) Three-fourths of Plaintiff Troxell's declaration was purportedly deleted before it
4  was filed with the Court. (*Id.*) Plaintiffs' unwillingness to be forthcoming on this matter begs the
5  question: what facts did each declarant actually attest to? This is significant, because without
6  reliable factual declarations to support the motion, Plaintiffs cannot establish that they are entitled
7  to the extraordinary remedy of preliminary injunctive relief.[1]

**II. PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION THAT HAS NO BEARING ON THE CLAIMS AT ISSUE IN THE CASE.**

It is well-settled that a preliminary injunction may not be granted if it deals with matters wholly outside the issues in the complaint. *DeBeers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945). Where there is no relationship between the injunctive relief sought and the issues Plaintiffs' complaint seeks to resolve on the merits, a preliminary injunction is not warranted. *Id.*; *see also Tatum v. Puget*, No. 10cv418 LHK, 2011 U.S. Dist. LEXIS 71576, at *3 (N.D. Cal. July 1, 2011) (denying an inmate's request for preliminary injunction where "the focus of Plaintiff's requested interim relief as stated in his motion is unrelated to Plaintiff's pending due process claim stemming from his indeterminate placement in the SHU"). The disconnect between the allegations supporting Plaintiffs' motion for preliminary injunction, on the one hand, and the allegations set forth in Plaintiffs' second amended complaint, on the other hand, is obvious. Plaintiffs' motion should be denied on this ground alone.

Plaintiffs' second amended complaint alleges two claims: that SHU conditions constitute cruel and unusual punishment, and that CDCR's gang validation and review procedures violate due process. In stark contrast, Plaintiffs here argue that prison officials, not including any named Defendant but instead unidentified "CDCR officials" and Dr. Sayre, allegedly retaliated against Plaintiff Ashker by moving him to a cell away from Plaintiff Troxell and by altering Plaintiff

---

[1] If the Court declines to strike the Ashker and Troxell declarations, Defendants request that the Court order Plaintiffs to produce copies of the inmates' original signed declarations to Defendants and that Defendants be allowed to supplement their opposition in light of those declarations, if necessary.

4

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

Ashker's prescription for acetaminophen. (ECF No. 157 at 8, 10.) Because these allegations bear no relationship to the two underlying claims asserted in Plaintiffs' second amended complaint, they cannot serve as the foundation for preliminary-injunctive relief. *Bryant v. Gallagher*, No. 11cv446 BAM, 2012 WL 371895, at *2 (E.D. Cal. Feb. 3, 2012) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105 (1983)) (holding that there is no case or controversy where plaintiffs seek a remedy that is "not related to the underlying claims[.]"). Because an injunction based on these separate allegations are unrelated to the claims raised by the operative complaint, the Court should deny Plaintiffs' motion.

### III. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO DEMONSTRATE THAT INJUNCTIVE RELIEF IS WARRANTED.

#### A. Plaintiffs Cannot Establish a Likelihood of Success on the Merits Because the PLRA Bars Litigation of Unexhausted Claims.

A plaintiff "is not permitted to file a complaint in federal court and then use that action as a forum for airing his unrelated grievances about incarceration." *Funches v. McDaniel*, No. 09cv343 LRH, 2011 WL 1871304, at *4 (D. Nev. March 31, 2011) (alleging retaliation for litigation, as here). "Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action." *Id.* It is undisputed on this record that Plaintiff Ashker has not exhausted any claim of retaliation alleged here. Having failed to exhaust before seeking court intervention, Plaintiffs cannot demonstrate a likelihood of success on the merits, an element they must satisfy to obtain injunctive relief.[2]

As an inmate, Plaintiff Ashker is subject to the PLRA and its threshold requirement that any claim with respect to prison conditions must be exhausted before an action may be filed in federal court under § 1983. District courts have repeatedly denied preliminary relief, because there is no likelihood of success on the merits for unexhausted claims due to the PLRA's exhaustion requirement. *See, e.g.*, *Womack v. Bakewell*, No. 10cv2778 GEB, 2012 WL 3962503, at *1 (E.D. Cal. Sept. 10, 2012) (holding that "should plaintiff elect to file a new motion seeking a temporary

---

[2] Surprisingly, Plaintiffs' motion not once articulates the standard set forth by the United States Supreme Court in connection with requests for preliminary injunctive relief. Having failed to even acknowledge the standard, it is no surprise that Plaintiffs fail to set forth facts to meet it.

5

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

restraining order, he must explain whether he has utilized and exhausted the inmate grievance procedure to obtain the requested relief") (citation omitted); *Geiger v. Benov*, No. 11cv1857 LJO, 2011 WL 5884273, at *3 (E.D. Cal. Nov. 23, 2011) (given the PLRA, "absent exhaustion of all available administrative remedies, Plaintiff's allegation is not cognizable in this court" and "[t]herefore, these allegations cannot support a finding of likelihood of success on the merits").

Here, Plaintiff Ashker has not exhausted his administrative remedies regarding alleged retaliation based on a cell move, denial of an ADA accommodation, or a change in his medications. Plaintiff Ashker initiated a prison grievance regarding his cell move on October 4, 2012. (Nimrod Decl. ¶ 7 & Ex. A.) This appeal is presently at the second level of review and has not yet been exhausted. (*Id*. ¶ 7.) In addition, Plaintiff Ashker filed a request for a reasonable accommodation (Form 1824) regarding his move away from Plaintiff Troxell. (*Id*. ¶ 8 & Ex. B.) This appeal is presently at the first level of review and has not yet been exhausted. (*Id*. ¶ 9.) Plaintiff Ashker has not filed any grievance related to the alleged change in his acetaminophen prescription.[3] (*Id*. ¶ 10.) Because Plaintiff Ashker has not fully exhausted the administrative grievance process, the claims are barred under the PLRA. In turn, because Plaintiffs cannot demonstrate a likelihood of success on the merits, Plaintiffs are not entitled to a preliminary injunction. *Winter*, 555 U.S. at 20.

Plaintiffs do not submit evidence to demonstrate exhaustion, or argue that Plaintiff Ashker's retaliation claims are somehow exempt from the PLRA's exhaustion requirement. Instead, Plaintiffs invite the Court to wholly ignore this procedural defect and invoke the discretion available through the All Writs Act, 28 U.S.C. § 1651, to purportedly "control the litigation" before the Court. (ECF No. 157 at 16-17.) Plaintiffs, however, cannot contend that the All Writs Act, let alone the Court's inherent power, supplants the high standard they must meet to demonstrate the propriety of injunctive relief. Even if the Court has the authority to issue a preliminary injunction under the All Writs Act, Plaintiffs must still meet the four-factor test for

---

[3] Plaintiff Ashker alleges that his acetaminophen prescription was cut in a "serious retaliatory move" and then discontinued. (ECF No. 157-1 ¶¶ 28-29.) Counsel for Defendants is informed and believes that Ashker is now receiving 600 mg of acetaminophen twice daily.

6

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

determining whether the extraordinary remedy of a preliminary injunction should issue. *Horacek v. Caruso*, No. 08cv262, 2008 WL 4820483, at *2 (W.D. Mich. Oct. 30, 2008) (holding that in spite of the All Writs Act, no preliminary injunction would issue because unexhausted claims would not succeed on the merits) (citing *Jones v. Bock*, 549 U.S. 199, 209 (2007)). Because Plaintiffs' unexhausted claims have no likelihood of success on the merits, they cannot support a preliminary injunction. *See*, *e.g.*, *Womack*, 2012 WL 3962503, at *1.

### B. Plaintiffs Have Not Met the Remaining Requirements for a Preliminary Injunction.

In addition to a likelihood of success on the merits (element (1), Plaintiffs must also show: (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiffs' favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiffs do not meet any of these remaining elements. Plaintiffs cannot show a likelihood of irreparable harm in the absence of an injunction, because the ultimate relief Plaintiffs request in this suit would not remedy the alleged harm from a change in Plaintiff Ashker's housing. *Id.* "[A] preliminary injunction may be granted only when the intermediate relief is of the same character as that which may be granted finally." *Tatum*, 2011 U.S. Dist. LEXIS 71576, at *3 (citing *DeBeers*, 325 U.S. at 220) (internal quotation marks omitted). In the underlying suit, Plaintiffs seek release from the SHU and review of all inmates serving indeterminate SHU terms because of their gang validation. (ECF No. 136 ¶ 47 (Prayer for Relief).) The relief sought here with respect to Plaintiff Ashker's current housing and housing during the duration of the litigation is not of the "same character" as the relief that may be granted if Plaintiffs prevail in this case. As such, no preliminary injunction should issue. *DeBeers*, 325 U.S. at 220. This second factor thus weighs against a preliminary injunction.

The third and fourth factors do not weigh in favor of a preliminary injunction either. The balance of equities does not tip in Plaintiffs' favor, nor would an injunction be in the public interest. *Winter*, 555 U.S. at 20. To the contrary, Pelican Bay officials have exercised their discretion to house Plaintiff Ashker where they believe he is best housed to ensure his safety and security, as well as the safety and security of other SHU inmates and the institution as a whole.

7

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

The public's interest is best served by allowing experienced prison officials to exercise that discretion through reasoned and informed decision making, without the threat of instant reprisal through litigation. *See Turner v. Safley*, 482 U.S. 78, 90 (1987). Because issuing a preliminary injunction placing Plaintiff Ashker back in his cell now, let alone for the duration of the litigation, would threaten his safety and the security of the prison, an injunction is not in the public interest, nor do the equities tip in Plaintiffs' favor.

### IV. THE COURT LACKS JURISDICTION OVER THE NON-PARTIES ALLEGEDLY RESPONSIBLE FOR THE ACTS AT ISSUE IN PLAINTIFFS' PRELIMINARY INJUNCTION MOTION.

This Court lacks jurisdiction over the individuals who investigated issues related to Plaintiff Ashker's safety and, based on that investigation, decided to move him to a different cell. *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). The four defendants in this case (Governor Brown, Secretary Cate, Office of Correctional Safety Chief Chaus, and Pelican Bay Warden Lewis) did not investigate the security concerns regarding Plaintiff Ashker or decide to move him to an alternate cell. (Frisk Decl. ¶¶ 3-5.) This is significant because federal courts have limited jurisdiction. *Lyons*, 461 U.S. at 102. A federal court "may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda*, 753 F.2d at 727. Plaintiffs' motion for a preliminary injunction does not meet this basic jurisdictional requirement, because Plaintiffs take issue with the conduct of non-parties who allegedly retaliated against Plaintiff Ashker by moving him and altering his medication. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Plaintiffs cannot obtain a preliminary injunction against individuals not subject to the Court's jurisdiction. And although the All Writs Act may permit the Court to issue orders enjoining certain non-parties, it does not support enjoining prison officials not named in the underlying litigation where Plaintiffs seek to enjoin alleged harassment and retaliation based on that underlying litigation. *Edwards v. High Desert State Prison*, No. 10cv1264 MCE, 2012 WL 469865, at *1 (E.D. Cal. Feb. 7, 2012).

This jurisdictional defect is further apparent given that Plaintiffs seek to enjoin *any* change in Plaintiff Ashker's housing for the duration of the litigation. (ECF No. 157 at 18.) An

8

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

injunction of this kind would improperly restrict the institution from making future decisions based on facts that are now unknown but that may warrant a change in Plaintiff Ashker's housing in the future.  The PLRA clearly prohibits such injunctive relief, because it contemplates that injunctive relief in a civil action related to prison conditions "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  18 U.S.C. § 3626(a)(1)(A).  The Court may only grant injunctive relief that is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correction the violation[.]"  *Id.*  What Plaintiffs request goes far beyond the limitations set by the PLRA.  Without jurisdiction over the non-party prison officials who allegedly retaliated against Plaintiff Ashker, or the currently unnamed and unknown individuals who may have a reason to change Plaintiff Ashker's housing in the future, the Court cannot provide the injunctive relief requested.

### V. PLAINTIFF ASHKER IS NOT ENTITLED TO HEIGHTENED FIRST AMENDMENT PROTECTION FOR COMMUNICATIONS WITH OTHER NAMED PLAINTIFFS.

Plaintiffs argue that Plaintiff Ashker should be transferred back to his previous cell, because he is unable, due to the cell move, to communicate with other Plaintiffs.  (ECF No. 157 at 9.)  This stands in clear conflict with what Plaintiffs allege in the second amended complaint, where Plaintiffs contend that they live in "near total isolation" (ECF No. 136 ¶ 57), and "cannot have a normal human conversation with another prisoner" (*id*. ¶ 40).  Now, however, to suit them in support of their motion for preliminary injunction, Plaintiffs argue that Ashker's cell move impedes his ability to communicate with the other plaintiffs.  (ECF No. 157 at 9.)  Plaintiffs contend that "Ashker is a key plaintiff . . . whose legal expertise and experience is valued and trusted by other plaintiffs."  (*Id.*)  Notwithstanding Plaintiff Ashker's purported "leadership" role in this litigation, he has no special protection for communicating information to other Plaintiffs in this case.  *Shaw v. Murphy*, 532 U.S. 223, 228 (2001).  Inmates have no "special right," or heightened First Amendment protections, for legal communications between one another.  *Id.*

Plaintiffs allege that Plaintiff Ashker's transfer makes it difficult for him to communicate with other Plaintiffs about this litigation and hinders his ability to offer advice and assistance to

9

1  them during the litigation. (ECF No. 157 at 5-9.) However, restrictions on inmate-to-inmate
2  communications are constitutional if "the restrictions are reasonably related to legitimate and
3  neutral governmental objectives." *Shaw*, 532 U.S. at 228 (citing *Turner*, 482 U.S. at 89). Here,
4  Plaintiff Ashker's cell move was based on the need to protect his safety. Furthermore, Plaintiff
5  Ashker's move does not preclude him from access to his counsel, who have the ability to call him
6  every other week as well as visit their client.
7        Additionally, Plaintiffs' overreliance on Ashker is akin to Ashker providing legal advice.
8  The contention is that Plaintiff Ashker and some, but not all, of the other Plaintiffs "discuss the
9  [strategies] and tactics they wish to pursue" and that Plaintiff Ashker's transfer to a different cell
10 made it impossible for Plaintiffs "to reach [a] timely consensus" on "making a particular motion
11 to the court." (ECF No. 157 at 9.) But Plaintiffs' attorneys should be communicating with their
12 clients directly to determine their client's positions, rather than channeling their communications
13 through Plaintiff Ashker. It is the "lawyers [who] shape the claims[,]" not Plaintiff Ashker.
14 *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3d Cir. 1985). In this regard, Plaintiff Ashker
15 is prohibited from acting as an attorney and giving legal advice to the other Plaintiffs. *See* Cal.
16 Bus. & Prof. Code § 6125.

**VI.  PLAINTIFF ASHKER WAS NOT MOVED TO A DIFFERENT CELL IN RETALIATION FOR HIS PARTICIPATION IN THIS CASE.**

    **A.  Plaintiff Ashker Was Moved Based On Legitimate and Confirmed Safety Concerns.**

20       Despite Plaintiffs' repeated claims that Pelican Bay's security concerns are "pretextual and
21 false" (ECF No. 157 at 12), Pelican Bay correctional staff had a valid basis for moving Plaintiff
22 Ashker. Plaintiffs contend that "overwhelming evidence exists that defendants' purported
23 security and safety reasons for transferring Plaintiff Ashker were pretextual and false[,]" although
24 there is no basis for making this claim. (*Id*. at 13.) ███████████████
25 ████████████████████████████████████
26 ████████████████████████████████████
27 ████████████████████████████████████
28 ████████████████████████████████████

10

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

1

2 ▬▬▬▬▬▬▬▬.[4]▬▬▬▬

3

[lines 1–20 redacted]

---

[4] Plaintiffs go as far as to claim that "[s]ince the incoming letters were confiscated, *no prisoner* has received *any letter* that contains *any threat* against Plaintiff Ashker. (ECF No. 157 at 9 (emphasis added).) But Plaintiffs cannot possibly know that "no prisoner" has received "any letter" containing threats against Ashker. These or similar threats could have been communicated through other pieces of mail, by other inmates, or through visitors. Not every piece of mail containing threats is read and confiscated. Neither Plaintiffs nor Defendants can know for certain what has or has not been communicated to other inmates regarding threats against Ashker. Further, CDCR has a duty to take these threats seriously. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Defendants are entitled to and in fact have a duty to act to protect the safety of Ashker and other inmates based on credible threats. *Id.*

[5] ▬▬▬▬▬▬▬▬▬▬▬▬

11

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

1. ████████████████████████████████████████████
2. ████████████████████████████████████████████
3. ████████████████████████████████████████████
4. ████████████████████████████████████
5. ████████████████████████████████████████████
6. ████████████████████████████████████████████
7. ████████████████████████████████████████████
8. ████████████████████████████████████████████
9. ████████████████████████████████████████████
10. ████████████████████████████████████████████
11. ██████████████████████████████████

Pelican Bay officials had a valid basis for moving Ashker to a new cell, and Defendants acted consistently with their duty to protect Ashker and other inmates from assault. Plaintiffs are not entitled to a preliminary injunction that would endanger Plaintiff Ashker and other inmates and expose the institution to liability for ignoring the legitimate risk to inmate Ashker's safety.

    **B.    Prison Officials Have the Discretion to House Ashker as Necessary to Ensure The Safety and Security of Inmates.**

The California Code of Regulations is clear that "[i]nmates shall accept Inmate Housing Assignments . . . as directed by staff" and that "[i]nmates are not entitled to . . . housing location of [their] choice." Cal. Code Regs., tit. 15, § 3269. Pelican Bay officials have the authority and discretion to house inmates as they see fit, given administrative and security concerns. *Id*. Pelican Bay officials have the discretion to house Plaintiff Ashker in the location they believe is best for his safety and the security of Pelican Bay as a whole.

Plaintiffs argue that Ashker was specifically put in a cell with "Lexan" covering the middle portion of the exterior cell wall in retaliation for his involvement in this case. (ECF No. 157-1 ¶¶ 4, 18; ECF No. 157 at 7-8.) But this is not an accurate characterization.[6] While Lexan cells are

---

[6] Defense counsel first learned that Ashker was put in a Lexan cell when the Court did — when Plaintiffs filed the instant motion for preliminary injunction. (Hrvatin Decl. ¶ 12.)

12

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)

often used to house inmates who have a history of spitting or throwing liquids at correctional officers, any SHU inmate at Pelican Bay may be housed in a Lexan cell at any time, depending on the safety and security concerns presented for all SHU inmates. (Frisk Decl. ¶ 13.) No rule violation or Lexan-designation is required before a SHU inmate may be assigned to a Lexan cell. (*Id*.) Further, the memorandum to which Plaintiffs cite, entitled "Inmate Placement in Lexan Covered Cells," is from 1996 and therefore outdated, but it nonetheless still supports Defendants' position. (ECF No. 157-2 at 18.) The memorandum states that "housing of inmates behind Lexan is not for disciplinary reasons, rather it is for safety." (*Id*.) Because Plaintiff Ashker is not entitled to any specific housing and because CDCR has a duty to protect Plaintiff Ashker and other inmates from assaults, Plaintiffs' preliminary injunction motion should be denied.

## CONCLUSION

The declarations that support Plaintiffs' motion for preliminary injunction are invalid, and Plaintiffs fail to meet the elements necessary to warrant preliminary injunctive relief. In particular, Plaintiffs cannot show a likelihood of success on the merits of unexhausted claims. In addition, the facts demonstrate that Pelican Bay officials had a valid reason for moving Plaintiff Ashker to another cell. Because the extraordinary relief sought by Plaintiffs would expose Plaintiff Ashker to an unreasonable risk of harm, Plaintiffs' motion for preliminary injunction should be denied.

Dated: December 20, 2012                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
ADRIANO HRVATIN
Deputy Attorney General

/s/ Jillian R. Weader

JILLIAN R. WEADER
Deputy Attorney General
*Attorneys for Defendants
Brown, Cate, Lewis, and Chaus*

SF2012204868
40629556.doc

13

Defs.' Opp'n Pls.' Mot. Prelim. Injunction (C 09-05796 CW)