IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **GEORGE RUIZ, et al.,** | C 09-05796 CW |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| **v.** | |
| **EDMUND G. BROWN, JR., et al.,** | |
| Defendants. | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve the production of records of the California Department of Corrections and Rehabilitation (CDCR) or Pelican Bay State Prison (PBSP) that concern prison management, reflect the personal information of inmates, or that would threaten prison safety and security for which special protection from public disclosure, disclosure not authorized by law, and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order (Order).  The Parties acknowledge that this Order

1

1   does not confer blanket protections on all disclosures or responses to discovery and that the

2   protection it affords extends only to the information or items that are entitled to confidential

3   treatment under applicable legal principles. The Parties further acknowledge, as set forth in

4   Section 12.3, below, that this Order does not entitle them to file confidential information under

5   seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed

6   and the standards that will be applied when a Party seeks permission from the Court to file

7   material under seal.

8   2.   DEFINITIONS

9       2.1   Challenging Party: a Party or Non-Party that challenges the designation of

10  information or items under this Order.

11      2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is

12  generated, stored, or maintained) or tangible things that a Party has designated in good faith to be

13  confidential.  The criteria for such a designation shall be whether the Party has a good faith belief

14  that the information is entitled to protection from disclosure under Rule 26(c) of the Federal Rules

15  of Civil Procedure and/or California state law including, but not limited to, internal documents of

16  CDCR or Pelican Bay regarding prison management, safety, and security.

17      2.3   "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items:

18  information (regardless of how it is generated, stored, or maintained) or tangible things that a

19  Party has designated in good faith to be confidential and for attorneys' eyes only.  The criteria for

20  such a designation shall be whether the Party has a good faith belief that the information is

21  entitled to protection from disclosure to non-attorneys, because such information threatens

22  individual, inmate, or prison safety or security.

23      2.4   Counsel:  Counsel of record in this case as well as their support staff.  No inmate or

24  former inmate shall qualify as support staff in this case.

25      2.5   Designating Party:  a Party or Non-Party that designates information or items as

26  "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

27      2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium

28  or manner in which it is generated, stored, or maintained (including, among other things,

2

1    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

2    responses to discovery in this matter.

3          2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to

4    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

5    consultant in this action.

6          2.8   Non-Party:  any natural person, partnership, corporation, association, or other legal

7    entity not named as a Party to this action.

8          2.9   Party:  any party to this action, including all of its officers, directors, employees,

9    consultants, retained experts, and Counsel (and their support staff).

10         2.10  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

11   Material in this action.

12         2.11  Professional Vendors:  persons or entities that provide litigation support services

13   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

14   organizing, storing, or retrieving data in any form or medium) and their employees and

15   subcontractors.  Professional Vendors who visit CDCR institutions must comply with the

16   institution's rules and entry procedures, as well as any applicable portions of the Department

17   Operations Manual and the California Code of Regulations.

18         2.12  Protected Material:  any Disclosure or Discovery Material that is designated as

19   "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

20         2.13  Receiving Party:  a Party that receives Disclosure or Discovery Material from a

21   Producing Party.

22   3.    SCOPE

23         The protections conferred by this Order cover not only Protected Material (as defined

24   above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies,

25   excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

26   or presentations by Parties or their Counsel that might reveal Protected Material.  However, the

27   protections conferred by this Order do not cover the following information:  (a) any information

28   that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

3

1   public domain after its disclosure to a Receiving Party as a result of publication not involving a

2   violation of this Order, including becoming part of the public record through trial or otherwise;

3   and (b) any information known to the Receiving Party prior to the disclosure or obtained by the

4   Receiving Party after the disclosure from a source who obtained the information lawfully and is

5   under no obligation of confidentiality to the Designating Party. Any use of Protected Material at

6   trial shall be governed by a separate agreement or order.

7   4.   DURATION

8       Even after final disposition of this litigation, the confidentiality obligations imposed by this

9   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

10  otherwise directs.

11  5.   DESIGNATING PROTECTED MATERIAL

12      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or

13  Non-Party that designates information or items for protection under this Order must take care to

14  limit any such designation to specific material that qualifies under the appropriate standards. For

15  any Disclosure or Discovery Material that in part contains Protected Material but does not qualify

16  as Protected Material in its entirety, the Designating Party must designate for protection only

17  those parts of material, documents, items, or oral or written communications that qualify — so

18  that other portions of the material, documents, items, or communications for which protection is

19  not warranted may be disclosed without such designation.

20      5.2   Redacting/Withholding Information Endangering Safety. If the Designating Party

21  believes in good faith that there are documents that contain information that should not be

22  disclosed under the Protective Order because to do so would endanger the safety and security of

23  an institution or person, the Designating Party may withhold or redact that information. The

24  Designating Party shall notify the Receiving Party of the nature of the withheld or redacted

25  information.

26      A party or non-party may challenge the redaction or withholding of such information at any

27  time as described in Section 6 (CHALLENGING CONFIDENTIALITY DESIGNATIONS AND

28  WITHHOLDING).

4

1    If it comes to a Designating Party's attention that information or items that it designated for

2    protection or withheld do not qualify for protection or withholding, that Designating Party must

3    promptly notify all other Parties that it is withdrawing the mistaken designation and/or producing

4    such information.

5    5.3    Manner and Timing of Designations.  Except as otherwise provided in this Order

6    (see, e.g., Section 5.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery

7    Material that qualifies for protection under this Order must be clearly so designated before the

8    material is disclosed or produced.

9    Designation in conformity with this Order requires:

10    (a) for information in documentary form (e.g., paper or electronic documents, but

11    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

12    Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

13    on its face, by watermarking it, or by other mutually agreeable means, on each page designated as

14    Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

15    the Producing Party also must clearly identify the protected portion(s) (e.g., by redacting withheld

16    or Protected Material or by making appropriate markings in the margins).

17    (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

18    Designating Party identify all protected testimony within 7 business days of a hearing where no

19    court reporter was present, or, in the case of a proceeding where a court reporter is present, within

20    7 business days of receipt of the transcript.

21    (c) for information produced in some form other than documentary and for any other

22    tangible items, that the Producing Party affix in a prominent place on the exterior of the item,

23    container or containers in which the information or item is stored the legend "CONFIDENTIAL"

24    or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  If only a portion or portions of the

25    information or item warrant protection, the Producing Party, to the extent practicable, shall

26    identify the protected portion(s).

27    5.4    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified

28    information or items does not, standing alone, waive the Designating Party's right to secure

5

1    protection under this Order for such material, and the Receiving Party must make reasonable

2    efforts to assure that the material is treated in accordance with the provisions of this Order.

3    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS AND WITHHOLDING

4        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

5    confidentiality, redaction, or withholding of information at any time.  Unless a prompt challenge

6    to a Designating Party's designation is necessary to avoid foreseeable, substantial unfairness,

7    unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does

8    not waive its right to challenge a confidentiality designation by electing not to mount a challenge

9    promptly after the original designation is disclosed.

10        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

11   by providing written notice of each designation, redaction, or withholding it is challenging and

12   describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been

13   made, the written notice must recite that the challenge is being made in accordance with this

14   specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith

15   and must begin the process by conferring directly within 14 days of the date of service of notice.

16   In conferring, the Challenging Party must explain the basis for its belief that the designation,

17   redaction, or withholding was not proper and must give the Designating Party an opportunity to

18   review the material, to reconsider the circumstances, and, if no change in designation is offered,

19   to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

20   stage of the challenge process only if it has engaged in this meet-and-confer process first or

21   establishes that the Designating Party is unwilling to participate in the meet-and-confer process in

22   a timely manner.

23        6.3    Judicial Intervention.

24        If the parties cannot resolve a challenge without court intervention, the Designating Party

25   shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance

26   with Civil Local Rules 79-5 and General Order 62, if applicable), or a Motion for a Protective

27   Order approving the withholding or redaction of information, within 21 days of the initial notice

28   of challenge or within 14 days of the parties agreeing that the meet and confer process will not

6

1    resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

2    competent declaration affirming that the movant has complied with the meet and confer

3    requirements imposed in the preceding paragraph.

4         In addition, the Challenging Party may file a motion challenging the withholding or

5    confidentiality designation at any time if there is good cause for doing so, including a challenge to

6    the designation of a deposition transcript or any portions thereof. Any motion brought pursuant

7    to this provision must be accompanied by a competent declaration affirming that the movant has

8    complied with the meet and confer requirements imposed above.

9         Upon such motion, the party redacting or withholding information will present the material

10   to the Court for an in camera review to determine whether and to what extent such information

11   must be disclosed and, if so, what designation is appropriate.

12        The provisions of this Order are without prejudice to the right of any Party or Non-Party to

13   apply to the Court for: (i) a further protective order preventing disclosure or relating to the

14   confidentiality designation of any Protected Material; or (ii) an order seeking the removal of a

15   confidentiality designation asserted in connection with any Protected Material.

16   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

17        7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

18   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

19   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

20   to the categories of persons and under the conditions described in this Order. When the litigation

21   has been terminated, a Receiving Party must comply with the provisions of Section 13 below

22   (FINAL DISPOSITION). During the pendency of this litigation, Protected Material must be

23   stored and maintained by a Receiving Party at a location and in a secure manner that ensures that

24   access is limited to only those persons authorized under this Order.

25        7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

26   by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

27   information or item designated "CONFIDENTIAL" only to:

28

                                                7

1    (a) the Receiving Party's Counsel in this action, as well as employees of said Counsel

2    to whom it is reasonably necessary to disclose the information for this litigation;

3    (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

4    reasonably necessary for this litigation and who have signed the "Acknowledgment and

5    Agreement to Be Bound" (Exhibit A);

6    (c) the Court and its personnel;

7    (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and

8    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

9    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10    (e) during their depositions, non-inmate witnesses in the action to whom disclosure is

11    reasonably necessary, has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12    A), unless otherwise agreed by the Designating Party or ordered by the Court, and provided that

13    the witness does not leave any deposition with copies of any Protected Material. Pages of

14    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

15    separately bound by the court reporter and may not be disclosed to anyone except as permitted

16    under this Order; and

17    (f) the inmate to whom the document pertains, as discussed in section 7.3, below.

18    7.3  Inmate Access to Inmate Files.  This Order is not intended to abrogate the existing

19    rights of inmates to inspect their own records — specifically, the non-confidential portion of their

20    central files in addition to their unit health records — pursuant to Department Operations Manual

21    § 13030.16. Unless otherwise ordered by the Court, permitted in writing by the Designating

22    Party, or with appropriate valid authorization, any information or item designated Confidential

23    under this Order shall not be disclosed or discussed with any other inmate other than the inmate to

24    whom the information or item pertains.

25    7.4   Disclosure of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or

26    Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party,

27    Counsel for the Receiving Party may not disclose any information or item designated

28    "CONFIDENTIAL–ATTORNEYS' EYES ONLY" to Plaintiffs, members of Plaintiffs' families,

8

1  friends or associates of Plaintiffs, or to any other inmate, parolee, any person previously in the

2  custody of CDCR or any of their relatives, friends, or associates, or the public.  Unless otherwise

3  ordered by the Court or permitted in writing by the Designating Party, only Counsel for the

4  Receiving Party may have access to and review any information or item designated

5  "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  Staff employed by Counsel will not disclose

6  any item or information designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or make

7  copies of any item or information so designated, except as necessary for this litigation.  Counsel

8  is responsible for ensuring that their staff complies with this Order.

9  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10        LITIGATION.

11       If a Party is served with a subpoena or a court order issued in other litigation that compels

12  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

13  "CONFIDENTIAL–ATTORNEYS' EYES ONLY," that Party must:

14       (a) promptly notify in writing the Designating Party.  Such notification shall include a

15  copy of the subpoena or court order;

16       (b) promptly notify in writing the Party who caused the subpoena or order to issue in

17  the other litigation that some or all of the material covered by the subpoena or order is subject to

18  this Protective Order.  Such notification shall include a copy of this Order; and

19       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

20  Designating Party whose Protected Material may be affected.

21       If the Designating Party timely seeks a protective order, the Party served with the subpoena

22  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

23  or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" before a determination by the court from

24  which the subpoena or order issued, unless the Party has obtained the Designating Party's

25  permission.  The Designating Party shall bear the burden and expense of seeking protection in

26  that court of its confidential material, and nothing in these provisions should be construed as

27  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

28

9

1  another court.

2  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
3        LITIGATION.

4          (a) The terms of this Order are applicable to information produced by a Non-Party in

5  this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES

6  ONLY." Such information produced by Non-Parties in connection with this litigation is

7  protected by the remedies and relief provided by this Order. Nothing in these provisions should

8  be construed as prohibiting a Non-Party from seeking additional protections.

9          (b) In the event that a Party is required, by a valid discovery request, to produce a

10  Non-Party's confidential information in its possession, and the Party is subject to an agreement

11  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

12          (1) promptly notify in writing the Requesting Party and the Non-Party that

13  some or all of the information requested is subject to a confidentiality agreement with a Non-

14  Party;

15          (2) promptly provide the Non-Party with a copy of the Order in this litigation,

16  the relevant discovery request(s), and a reasonably specific description of the information

17  requested; and

18          (3) make the information requested available for inspection by the Non-Party.

19          (c) If the Non-Party fails to object or seek a protective order from this Court within

20  14 days of receiving the notice and accompanying information, the Receiving Party may produce

21  the Non-Party's confidential information responsive to the discovery request. If the Non-Party

22  timely seeks a protective order, the Receiving Party shall not produce any information in its

23  possession or control that is subject to the confidentiality agreement with the Non-Party before a

24  determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall bear the

25  burden and expense of seeking protection in this court of its Protected Material.

26

27          [1] The purpose of this provision is to alert the interested parties to the existence of
    confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
    confidentiality interests in this Court.

28

10

1    10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

2          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3    Material to any person or in any circumstance not authorized under this Order, the Receiving

4    Party must immediately (a) notify in writing the Designating Party of the unauthorized

5    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

6    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

7    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

8    Be Bound" that is attached hereto as Exhibit A.

9          In the event the Receiving Party believes that information or items labeled

10   "CONFIDENTIAL–ATTORNEYS' EYES ONLY" have been viewed or obtained by persons

11   other than those authorized under the Order, the Receiving Party must immediately (a) notify in

12   writing the Designating Party of the unauthorized disclosures, (b) identify the person or persons

13   to whom unauthorized disclosures were made, (c) inform the person or persons to whom

14   unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to

15   retrieve all unauthorized copies of the Protected Material.

16   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
17         MATERIAL.

18         When a Producing Party gives notice to Receiving Parties that certain inadvertently

19   produced material is subject to a claim of privilege or other protection, the obligations of the

20   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21   provision is not intended to modify whatever procedure may be established in an e-discovery

22   order that provides for production without prior privilege review. Pursuant to Federal Rule of

23   Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a

24   communication or information covered by the attorney-client privilege or work-product

25   protection, the Parties may incorporate their agreement in the stipulated protective order

26   submitted to the Court.

27   12.   MISCELLANEOUS.

28

11

1   12.1  <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek

2   its modification by the Court in the future.

3   12.2  <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Order,

4   no Party waives any right it otherwise would have to object to disclosing or producing any

5   information or item on any ground not addressed in this Order. Similarly, no Party waives any

6   right to object on any ground to use in evidence of any of the material covered by this Order.

7   12.3  <u>Filing Protected Material.</u>  Without written permission from the Designating Party or

8   a Court order secured after appropriate notice to all interested persons, a Party may not file in the

9   public record in this action any Protected Material. A Party that seeks to file under seal any

10  Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected

11  Material may only be filed under seal pursuant to a Court order authorizing the sealing of the

12  specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a

13  sealing order will issue only upon a request establishing that the Protected Material at issue may

14  threaten the safety of any individual or security of a CDCR institution, is privileged, or otherwise

15  entitled to protection under the Federal Rules of Civil Procedure or California law. If a Receiving

16  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and

17  General Order 62 is denied by the Court, then the Receiving Party may file the information in the

18  public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the Court.

19  12.4  <u>Access to Protected Material By Authorized Government Officials.</u>  Nothing in this

20  Order is intended to prevent officials or employees of the State of California or other authorized

21  government officials from having access to Protected Material to which they have access in the

22  normal course of their official duties.

23  13.   <u>FINAL DISPOSITION</u>

24  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses

25  in this action, with or without prejudice; and (2) final judgment herein after the completion and

26  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

27  limits for filing any motions or applications for extension of time pursuant to applicable law.

28  Within 60 days after the final disposition of this action, each Receiving Party must return all

12

1   Protected Material to the Producing Party or destroy such material.  As used in this subdivision,

2   "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

3   format reproducing or capturing any of the Protected Material.  Whether the Protected Material is

4   returned or destroyed, the Receiving Party must submit a written certification to the Producing

5   Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that:

6   (1) identifies (by category, where appropriate) all the Protected Material that was returned or

7   destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts,

8   compilations, summaries, or any other format reproducing or capturing any of the Protected

9   Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all

10  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

11  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

12  consultant and expert work product, even if such materials contain Protected Material.  Any such

13  archival copies that contain or constitute Protected Material remain subject to this Protective

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  Order as set forth in Section 4 (DURATION).

2      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

3

4  DATED: January 22, 2013
      _____
      Charles Carbone
5      Counsel for Plaintiffs

6      February 4
   DATED: January ___, 2013
7      _____
      Adriano Hrvatin
8      Counsel for Defendants

9

   PURSUANT TO STIPULATION, IT IS SO ORDERED:
10

11

12  DATED: February 6, 2013
      _____
      The Honorable Claudia Wilken
13      United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    14

                              Stipulated Protective Order (C 09-05796 CW)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on December ___, 2012 in the case of *Ruiz, et al. v. Brown, et al.*, No. 09-05796 CW.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SF2012204868
20661718.doc

15

Stipulated Protective Order (C 09-05796 CW)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **G. Ruiz, J. Franklin, T. Ashker, G. Franco, G. Reyes, R. Johnson, D. Troxell, P. Redd, L. Esquivel, and R. Dewberry v. E. Brown, et al.** | No. | **C 09-05796 CW** |

I hereby certify that on <u>**February 5, 2013**</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## STIPULATED PROTECTIVE ORDER

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>**February 5, 2013**</u>, at San Francisco, California.

<table>
<tr><td>F. Triplitt</td><td>/s/F. Triplitt</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

40651946.doc