IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al., | No. C 09-5796 CW |
| Plaintiffs, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (Docket No. 157) |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |

Plaintiffs, ten inmates at Pelican Bay State Prison, move for a preliminary injunction. Defendants, the Governor of the State of California, the Secretary of the California Department of Corrections and Rehabilitation (CDCR), the Chief of CDCR's Office of Correctional Safety, and the Warden of Pelican Bay State Prison, oppose the motion. The Court took the matter under submission on the papers and now denies the motion.

BACKGROUND

In December 2009, Plaintiffs Todd Ashker and Danny Troxell filed this action challenging the conditions of confinement in Pelican Bay's Secure Housing Unit (SHU), where they both live. Docket No. 1, Compl. ¶¶ 16-18. Their pro se complaint charged various CDCR officials with violating their First, Fifth, Eighth, and Fourteenth Amendment rights. Id. ¶ 8.

On September 10, 2012, after securing counsel, Ashker and Troxell filed a second amended complaint (2AC) that added eight of their fellow SHU inmates as Plaintiffs and converted this suit into a putative class action. Docket No. 136, 2AC ¶ 1. In their

2AC, they assert claims under the Eighth and Fourteenth Amendments and seek declaratory and injunctive relief. Id. ¶¶ 177-202.

Four days before Plaintiffs filed the 2AC, Plaintiff Ashker was transferred to a new cell within the SHU. Declaration of Todd Ashker ¶ 21. The new cell is located in a different pod from his previous cell. Ashker asserts that the cell's location prevents him from communicating with his co-Plaintiffs in this litigation, all of whom are housed in his old pod. Id. ¶¶ 8-12. Of particular note, he asserts that his transfer makes it impossible for him to communicate with Troxell, who had previously served as Ashker's writing assistant by helping him draft letters and pro se legal documents.[1] Ashker, who suffers from a physical disability that prevents him from writing for long periods of time, contends that his separation from Troxell has made it "much more painful for [him] to write to [his] attorneys as well as others with whom [he has] corresponded for many years." Id. ¶¶ 6-12; Declaration of Danny Troxell ¶¶ 3, 7.

Ashker now alleges that Defendants ordered his transfer in retaliation for his litigation and other advocacy activities. He asserts that the move undermines his ability to participate in this suit by hindering his ability to discuss litigation strategy with his co-Plaintiffs and communicate with his attorneys. Id. ¶¶ 30-31; Troxell Decl. ¶ 8; Declaration of Jules Lobel ¶¶ 6-7. He seeks a preliminary injunction directing Defendants to return him to his old cell and prohibiting them from transferring him

---

[1] According to Ashker, guards permitted him and Troxell to exchange certain writing materials between their adjacent cells, pursuant to an "informal understanding" between Ashker and CDCR officials. Ashker Decl. ¶¶ 7, 10, Ex. C.

2

again during the pendency of this litigation. Docket No. 157, Mot. Prelim. Inj. 1.

Defendants oppose Ashker's request and contend that his transfer was not ordered for retaliatory reasons but, rather, to protect Ashker's safety. For support, they have submitted a declaration from the Pelican Bay gang investigator whose investigation prompted Ashker's transfer. Although much of the declaration is sealed, the investigator's underlying assertion is that Ashker would have been exposed to certain security risks had he remained in his old cell.

## DISCUSSION

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).

Ashker has not satisfied either of these standards because he has not addressed his likelihood of success on the merits of his claims in this suit. Although Ashker asserts that he has presented sufficient evidence to support a claim of prison

3

retaliation, Plaintiffs have not raised any such claim in their 2AC, which only alleges violations of the Eighth and Fourteenth Amendments.

Other courts have denied preliminary injunctive relief in situations like this. In Devose v. Herrington, for example, the Eighth Circuit denied a prisoner's motion for a preliminary injunction where the motion was "based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his [complaint]." 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). The Devose plaintiff, whose underlying Eighth Amendment suit challenged the adequacy of his medical treatment, alleged that prison officials had issued disciplinary sanctions against him in retaliation for filing the suit against them. Id. The court held, "Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit." Id.

The same principle governs here. If the Court were to grant Ashker's motion, it would provide him with relief beyond that which he would receive if Plaintiffs prevailed in this lawsuit. This approach is disfavored. See, e.g., Tatum v. Puget, 2011 U.S. Dist. LEXIS 71576, at *3 (N.D. Cal.) ("[A] preliminary injunction may be granted only when the 'intermediate relief [is] of the same character as that which may be granted finally.'") (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).

Ashker contends that, even if he cannot meet the traditional requirements for preliminary injunctive relief, the Court should nevertheless invoke its authority under the All Writs Act, 28

4

U.S.C. § 1651, and order Defendants to return him to his old cell. The Court will not do so. Ashker's evidence does not indicate that his transfer was motivated by retaliatory animus and does not rebut Defendants' non-retaliatory justification for the transfer -- namely, prisoner safety. See Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011) (requiring plaintiffs in a prison retaliation action to show that the prison officials' allegedly retaliatory conduct "did not reasonably advance a legitimate correctional goal"). While Ashker asserts that he was transferred because he "initiated the pro se lawsuit that resulted in the amended class action complaint filed in this Court," Ashker Decl. ¶ 16, his transfer was actually ordered before Plaintiffs filed the amended complaint.[2] This sequence of events undermines Ashker's retaliation claim and supports the Court's decision not to grant the relief he seeks here.

## CONCLUSION

For the reasons set forth above, Ashker's motion for a preliminary injunction (Docket No. 157) is DENIED.

IT IS SO ORDERED.

Dated: 4/18/2013

CLAUDIA WILKEN
United States District Judge

---

[2] As noted above, Ashker was transferred on September 6, 2012. The Court did not grant Plaintiffs leave to file an amended complaint until September 10, 2012. See Docket No. 135, Order Granting Motion for Leave to File Second Amended Complaint.

5