1  KAMALA D. HARRIS
   Attorney General of California
2  WILLIAM C. KWONG
   Supervising Deputy Attorney General
3  ADRIANO HRVATIN
   Deputy Attorney General
4  JILLIAN R. WEADER
   Deputy Attorney General
5  State Bar No. 251311
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5797
7    Fax:  (415) 703-5843
     E-mail:  Jill.Weader@doj.ca.gov
8  *Attorneys for Defendants*

9                    IN THE UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              OAKLAND DIVISION

12

13

14  **TODD ASHKER, et al.,**                     C 09-05796 CW

15                             Plaintiffs,       **DEFENDANTS' OPPOSITION TO
                                                 PLAINTIFFS' ADMINISTRATIVE**
16       **v.**                                  **MOTION TO SEAL PORTIONS OF THE
                                                 DECLARATION OF TERRY KUPERS**
17
    **GOVERNOR OF THE STATE OF**
18  **CALIFORNIA, et al.,**

19                             Defendants.

20

21                              **INTRODUCTION**

22         Defendants oppose Plaintiffs' Motion to Seal two-thirds of the Declaration of Dr. Terry

23  Kupers, because Plaintiffs have not established good cause to seal this information, claimed to be

24  "the past, present, and future physical and mental health and condition of Plaintiffs" (Pls.' Mot.

25  Seal 2, May 2, 2013, ECF No. 196), and thus have not overcome the presumption that the public

26  has a right of access to judicial records.  Plaintiffs seek to seal general statements that Dr. Kupers

27  attributes to the ten named Plaintiffs as a group (*see, e.g.*, Kupers Decl. Supp'g  Pls.' Mot. Class

28  Cert. 7:4-11:1, May 2, 2013, ECF No. 195-4), without attributing those allegations to a particular

                                         1

1    Plaintiff.  Plaintiffs also seek to file under seal allegations as to individual Plaintiffs, which the

2    Kupers Declaration describes as a "[s]ynopsis of [i]nterviews with Plaintiffs."  Those allegations,

3    however, are already in the public record as part of the Second Amended Complaint and thus do

4    not warrant under-seal filing.   Plaintiffs' counsel declares, without more, that "[b]ased on [his]

5    review, paragraphs 11-30 of the Kupers Declaration contain confidential information relating to

6    the past, present, and future physical and mental health and condition of Plaintiffs."

7    (Agathocleous Decl. Supp'g Pls.' Mot. Seal ¶ 2, May 2, 2013, ECF No. 196-1.)  Plaintiffs'

8    counsel's "review" is not enough to establish confidentiality; nor is the fact that a psychiatrist

9    declares to it.  Plaintiffs' administrative motion should be denied.[1]

10                                              **ARGUMENT**

11   **I.    GENERALIZED STATEMENTS IN THE KUPERS DECLARATION ATTRIBUTED TO ALL
            TEN PLAINTIFFS ARE NOT CONFIDENTIAL.**
12

13           Plaintiffs ask the Court to file under seal fourteen pages of Dr. Kupers's twenty-two-page

14   declaration, including five pages of generalized observations that Dr. Kupers attributes to the ten

15   named Plaintiffs as a group.  (*See, e.g.*, Kupers Decl. ¶¶ 11-17, 28-29.)  These generalizations,

16   however, should not be sealed from public view, because they do not disclose any confidential

17   information pertaining to any specific individual.[2]   Plaintiffs claim that these paragraphs at issue

18   "contain confidential information relating to the past, present, and future physical and mental

19   health and conditions of Plaintiffs."  (Pls.' Mot. Seal 2.)  But Dr. Kupers's generalizations are by

20   their nature nonconfidential, and many of them are already in the public record as part of the

21   Second Amended Complaint.

22           [1] Plaintiffs' motion can separately be denied on a basic procedural ground.  Local Rule 7-
     11 requires that a party seeking to file material under seal "explain why a stipulation could not be
23   obtained."  Mr. Agathocleous's declaration contains no such explanation.

24           [2] It is well established that the public has a common law right of access to judicial records.
     *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2011).  Accordingly,
25   "[a] sealing order may issue only upon a request that establishes that the document, or portions
     thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the
26   law," and "the request must be narrowly tailored to seek sealing only of sealable material."   N.D.
     Civil Rule 79-5(a).  A party must demonstrate good cause for sealing and overcome the
27   presumption that the public should have access to court proceedings.  *Pintos v. Pac. Creditors
     Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  Plaintiffs fail to meet this standard.
28

Plaintiffs allege, for example, that "plaintiffs and class members are . . . experiencing unrelenting and crushing mental anguish, pain, and suffering as a result of the many years they have spent without normal human interaction, in stark and restrictive conditions, without any hope of release or relief."  (Second Am. Compl. (SAC) ¶ 123).  Those same alleged "experiences" are what Dr. Kupers purports to describe in his declaration.  (Kupers Decl. ¶ 11.)  Plaintiffs allege that "[m]ost plaintiffs suffer from extreme and chronic insomnia" (SAC ¶ 128), which is alleged in the Kupers Declaration (Kupers Decl. ¶ 11).  The Second Amended Complaint alleges that "Plaintiffs experience growing and persistent rage" (SAC  ¶ 132), as does Dr. Kupers (Kupers Decl. ¶ 14).  The Second Amended Complaint alleges that Plaintiffs, again collectively, "develop[] responses that deaden feelings and emotions" (SAC ¶ 131); the Kupers Declaration mirrors those allegations (Kupers Decl. ¶ 15).  Generalizations like these about the ten named Plaintiffs are a matter of public record and should not be sealed.  Plaintiffs' sealing request is not narrowly tailored, as required by Local Rule 79-5.

## II.   THE INFORMATION DR. KUPERS GIVES ABOUT SPECIFIC NAMED PLAINTIFFS SHOULD NOT BE SEALED FROM PUBLIC VIEW.

To the extent Dr. Kupers describes his observations from interviews with specific named Plaintiffs (Kupers Decl. ¶¶ 18-27), those allegations are not confidential in nature.  The Kupers Declaration contains the following information that Plaintiffs already made a part of the public record in the Second Amended Complaint:

- Plaintiffs allege that Plaintiff Troxell "does not initiate conversations, is not motivated to do anything[,] feels as if in a stupor much of the time[,]" and "often becomes 'blank' or out of touch with his feelings" (SAC ¶ 133).  Dr. Kupers's statements regarding Plaintiff Troxell are the same.  (*See* Kupers Decl. ¶ 13.)

- As for Plaintiff Esquivel, the complaint alleges that "[d]ays go by without [Esquivel] feeling anything, 'as if [he is] walking dead" (SAC ¶ 136).  The Kupers Declaration makes the same statement.  (*See* Kupers Decl. ¶ 27.)

3

Defs.' Opp'n Pls.' Mot. to Seal (C 09-05796 CW)

1        • According to the Second Amended Complaint, "Franklin and Franco have trouble

2   concentrating, and their attention span and memory are deteriorating" (SAC ¶ 130). Dr. Kupers

3   declares the same facts regarding Plaintiff Franco. (*See* Kupers Decl. ¶¶ 20, 22.)

4        • According to the Second Amended Complaint, Plaintiff "Reyes copes with his years

5   of SHU confinement by suppressing his anger, but to do so he has had to suppress all feelings to

6   the point where he no longer knows what he is feeling" (SAC ¶ 135). Dr. Kupers declares the

7   same facts. (*See* Kupers Decl. ¶ 24.)

8        • According to the Second Amended Complaint, Plaintiff Franklin allegedly has

9   "chronic . . . eye problems" (SAC ¶ 74), which Dr. Kupers also describes in his declaration (*see*

10   Kupers Decl. ¶ 22).

11        • As to Plaintiff Ashker, the allegations of the Second Amended Complaint and the

12   Kupers Declaration are almost identical (*compare* SAC ¶ 79 (providing that Pelican Bay medical

13   staff told Ashker "in 2006 that he 'holds the keys' to getting better medical care, presumably by

14   debriefing and moving to the general population") *with* Kupers Decl. ¶ 18 (same)).

15        • The Second Amended Complaint alleges that Plaintiff "Redd experiences frequent

16   nightmares about violence" (SAC ¶ 139), which Dr. Kupers repeats (Kupers Decl. ¶ 26).

17        • According to the Second Amended Complaint, Plaintiff Dewberry "suffers from

18   melanin deficiency leading to severe pigmentation loss, vitamin D deficiency, chronic lower back

19   problems and pain, stomach problems, and swollen thyroid glands" (SAC ¶ 74). Dr. Kupers's

20   declaration contains nearly identical allegations. (*See* Kupers Decl. ¶ 19.)

21        • Plaintiffs allege in the Second Amended Complaint that "reading newspapers and

22   books used to be a large part of Ruiz's daily routine, but the severe concentration and memory

23   problems that he developed in the SHU now prohibit him from reading more than a few sentences

24   at a time, and he forgets the paragraph he just read" (SAC ¶ 130). The Kupers Declaration

25   describes the same issue. (*See* Kupers Decl. ¶ 23.)

26       At bottom, statements in the Kupers Declaration that are similar (if not identical) to those

27   set forth in the Second Amended Complaint do not contain confidential information. The cases to

28   which Plaintiffs cite to support their motion do not help them. Those cases did not authorize the

4

1   sealing of vague, already public allegations about a party's mental health, but instead sealed

2   personally identifying information" like social security numbers (*Vietnam Veterans of Am. v. CIA*,

3   No. 09cv0037, 2012 WL 1094360, at *1 (N.D. Cal. March 29, 2012)) and "medical and mental

4   health records" (*Wilkins v. Ahern*, No. 08cv1084, 2010 WL 3755654, at *4 (N.D. Cal. Sept. 24,

5   2010); *Samuels v. CDCR*, No. 05cv2337, 2007 WL 1345701, at *9 (E.D. Cal. May 8, 2007)).

6   The information at issue in the Kupers Declaration, by contrast, is not confidential.

**CONCLUSION**

8      Because Plaintiffs have not shown good cause why the information contained in the Kupers

9   Declaration should be sealed from public view, Plaintiffs' administrative motion to seal should be

10  denied.

11  Dated:  May 6, 2013                                Respectfully Submitted,

12                                                      KAMALA D. HARRIS
                                                        Attorney General of California
13                                                      WILLIAM C. KWONG
                                                        Supervising Deputy Attorney General
14                                                      ADRIANO HRVATIN
                                                        Deputy Attorney General
15
                                                        /s/ Jillian R. Weader
16
17                                                      JILLIAN R. WEADER
                                                        Deputy Attorney General
18                                                      *Attorneys for Defendants*

19  SF2012204868
    20690881.doc

20

21

22

23

24

25

26

27

28