IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-5796 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO SEAL (Docket No. 196) |

    On May 2, 2013, Plaintiffs moved to seal sections of Dr. Terry Kupers' declaration in support of their motion for class certification.  Defendants oppose the motion.  Because Plaintiffs' sealing request is overbroad, the Court denies the motion.

    The public interest favors filing all court documents in the public record.  Thus, any party seeking to file a document under seal must demonstrate good cause to do so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  <u>See</u> Civil Local Rule 79-5(a).

    Here, Plaintiffs seek to seal paragraphs 11 through 30 of Dr. Kupers' declaration on the grounds that those paragraphs contain "information relating to the past, present, and future physical

and mental health condition of Plaintiffs." Mot. 2. After reviewing the relevant excerpt of the declaration, the Court finds that only paragraphs 18 through 27 -- which summarize the individual interviews Dr. Kupers conducted with each of the ten Plaintiffs -- contain potentially sealable information. Paragraphs 11 through 17, in contrast, describe Plaintiffs' mental health in general terms without focusing on any individual Plaintiff's symptoms. These paragraphs disclose information that is either not sealable (such as the length of time Plaintiffs have spent in Pelican Bay's Security Housing Unit, see Kupers Decl. ¶ 11) or that Plaintiffs themselves disclosed in their Second Amended Complaint (such as their feelings of numbness, anger, anxiety, fear, and other emotions, see Kupers Decl. ¶¶ 11-17). Paragraphs 28 through 30 are also not sealable because, rather than revealing sensitive medical information, these paragraphs focus on Dr. Kupers' methodology for determining whether or not Plaintiffs are representative of other inmates in the Security Housing Unit.

Although paragraphs 18 through 27 may contain some sealable information, they may not be sealed in their entirety. Almost all of these paragraphs contain information about each Plaintiff's racial background and length of imprisonment, neither of which constitutes sealable information. See Kupers Decl. ¶¶ 18-27. Furthermore, many of these paragraphs describe symptoms and conditions that Plaintiffs previously disclosed in their complaint. Although Plaintiffs contend that this information remains sealable because their complaint merely consists of allegations, rather than admissible medical evidence, this is a

2

distinction without a difference.[1]  When Plaintiffs filed their complaint, they should have been prepared for the possibility that they would eventually need to submit evidence supporting the allegations made publicly therein.

If Plaintiffs wish to seal portions of Dr. Kupers' declaration, they must file a renewed motion to seal.  The motion must be narrowly tailored and should only seek to seal portions of paragraphs 18 through 27 that do not mirror allegations in the complaint.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to file under seal (Docket No. 196) is DENIED.  Within seven days of this order, Plaintiffs must either file an unredacted version of Dr. Kupers' declaration in the public record or submit a renewed motion to seal consistent with the terms of this order.

IT IS SO ORDERED.

Dated: 5/21/2013

CLAUDIA WILKEN
United States District Judge

---

[1] In fact, Plaintiffs themselves seem to acknowledge that information contained in a publicly filed complaint is not sealable.  In their brief, they cite a sealing order issued in Vietnam Veterans of Am. v. Central Intelligence Agency, where this Court granted a motion to seal information about the "past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint."  2012 WL 1094360, at *1-*2 (N.D. Cal.) (emphasis added).  Their brief specifically quotes the highlighted language.

3