IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD ASHKER, et al.,

    Plaintiffs,

v.

GOVERNOR OF THE STATE OF CALIFORNIA, et al.,

    Defendants.
_____/

No. C 09-5796 CW

ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO SEAL (Docket No. 215)

On May 28, 2013, Plaintiffs filed a renewed motion to seal portions of Dr. Terry Kupers' declaration in support of their motion for class certification. Defendants oppose the motion. After reviewing the sections of Kupers' declaration that Plaintiffs seek to seal, the Court grants Plaintiffs' motion.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a).

Plaintiffs in this case seek to seal portions of Kupers' declaration that contain information about their mental and physical health that they shared with a psychiatrist during private interviews. Because this information is sensitive and has not been previously disclosed, Plaintiffs have established good

cause for sealing these portions of the declaration. See <u>Vietnam Veterans of Am. v. Central Intelligence Agency</u>, 2012 WL 1094360, at *1-*2 (N.D. Cal.) (granting a motion to seal the "past, present, or future physical or mental health or condition of persons not specifically made public in the Complaint").

Defendants argue that this information is not sealable because it broadly resembles certain allegations in the complaint. They contend, "That an allegation made publicly about one Plaintiff in the Second Amended Complaint is now made about a different Plaintiff through an expert's declaration does not explain why the statement is sealable in one instance but not in the other." Defs.' Opp. 3 (citations omitted).[1] This argument is not persuasive. One Plaintiff's willingness to disclose sensitive information about his health does not automatically render sensitive information about another Plaintiff's health public.

Thus, having found good cause to seal the redacted portions of Kupers' declaration, the Court GRANTS Plaintiffs' motion to seal (Docket No. 215).

IT IS SO ORDERED.

Dated: 6/4/2013

CLAUDIA WILKEN
United States District Judge

---

[1] In raising this argument, Defendants come very close to disclosing sensitive information about one Plaintiff's health, which Plaintiffs specifically sought to seal. Although they stop just short of that point here, Defendants are warned that they may not publicly disclose any information -- whether through explicit or implicit means -- that is the subject of a pending sealing motion.

2