**Weil, Gotshal & Manges LLP**

BY E-MAIL

200 Crescent Court, Suite 300
Dallas, TX 75201-6950
+1 214 746 7700 tel
+1 214 746 7777 fax

**Carmen Bremer**
**+1 214 746 8165**
carmen.bremer@weil.com

June 24, 2013

Magistrate Judge Nandor J. Vadas
Eureka Courthouse - 205A, 2nd floor
514 H Street, Eureka, CA 95501
Email: NJVpo@cand.uscourts.gov

Re: Ashker, et al. v Brown, et al., Case Number 4:09-cv-5796 (CW)

Dear Judge Vadas,

Pursuant to your May 29, 2013 order, Plaintiffs submit this letter brief concerning the status of efforts to resolve their motion to compel.

As a result of the June 19 meet and confer, counsel for the parties resolved, at least preliminarily, their disputes concerning eighteen of the discovery requests at issue in Plaintiffs' motion (document request numbers 3, 17, 18, 20, 29, 36, 37, 42, 44, 53, 64, 65, and 71-76).[1] The remaining disputes concern, in general, whether CDCR can resist producing relevant discovery because of (i) the manner in which its records are purportedly maintained; (ii) its belief that the protections for "Attorneys' Eyes Only" information under the parties' stipulated protective order do not adequately address security concerns; and (iii) the fact that relevant documents were already produced in prior litigations to which Plaintiffs were not parties.

As described in their motion, Plaintiffs have sought discovery concerning how inmates at the Pelican Bay SHU are validated as gang members, how their validations are reviewed, and how the conditions of the SHU have affected their mental and physical health. This discovery, as it relates not only to the named plaintiffs but also to the other gang-validated inmates serving indeterminate SHU sentences at Pelican Bay, goes to the heart of Plaintiffs' claims under the Eighth and Fourteenth Amendments.[2] Defendants contend that most of the requested information is only available by manual review of files that are individually maintained for each inmate. Defendants have produced those files for the ten named plaintiffs, but have refused to produce the requested information for the remaining gang-

---

[1] Defendants have agreed to produce *some* information responsive to a number of these requests. To narrow the disputes before this Court, Plaintiffs have agreed to review that information and then further meet and confer as appropriate if further responsive information is needed.

[2] Discovery relating to inmates other than the named Plaintiffs is relevant to prove violations of the 8th and 14th Amendments as to the named Plaintiffs. It is also relevant to the pending class certification motion, in opposition to which Defendants will argue that Plaintiffs' experiences are not typical of the proposed class.

Magistrate Judge Nandor J. Vadas                                    **Weil, Gotshal & Manges LLP**
June 24, 2013
Page 2

validated SHU inmates at Pelican Bay on undue-burden grounds.  Defendants even claim they cannot
determine how long inmates have been held in the SHU without manually reviewing each inmate's file.

As a preliminary matter, Defendants' claims are belied by CDCR's provision of statistical information
concerning the number of inmates who have been kept in the SHU continuously for ten, fifteen, or more
than twenty years to reporters in 2011.[3]  Defendants' claims are further called into question because
CDCR officials have stated that reviews are being conducted under the new pilot program on the basis
of the lengths of inmates' SHU terms.  And in any event, CDCR has a legal obligation to provide
information about its activities under both the California Government Code and Title 15.  CDCR's
decision to maintain its files in a de-centralized manner is no justification for Defendants to withhold
evidence critical to Plaintiffs' claims.  This is particularly so in light of CDCR's choice to maintain
searchable, centralized records when doing so serves its own interests.  Specifically, Defendants'
counsel acknowledged at the June 19 meet and confer that CDCR keeps centralized records of inmate
grievances and appeals because inmates must exhaust administrative remedies before instituting
litigation against CDCR.  Defendants' objections to requests 2, 4, 27, 30, 46, 60, 61, 67-70 and
interrogatories 5-9 on the ground that producing responsive documents would require manual review of
individual inmate files should be overruled.

Defendants claim that producing documents responsive to requests 39-41, 43, 45, and 48 and
interrogatories 1-4 and 10-12, which relate to, for instance, policies for reviewing gang validation source
items, would pose too great a risk to the security of inmates or prison officials.  But the parties'
stipulated protective order expressly contemplates that information "entitled to protection from
disclosure to non-attorneys, because such information threatens individual, inmate, or prison safety or
security" will be produced as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  D.I. 182 at § 2.3.
Plaintiffs' counsel are officers of the Court and are bound by the terms of the protective order, so
Defendants should not withhold relevant evidence due to security concerns.

Defendants also took the position at the June 19 meet and confer that they would not produce documents
responsive to several of Plaintiffs' requests because the information was produced in and/or created in
connection with other class-action challenges to CDCR's solitary-confinement practices, including the
Coleman and Plata cases.  But Plaintiffs are not parties to those cases, and the fact that evidence relevant
to this case, such as the number of SHU inmate suicides, was also produced in those cases does not
justify withholding it here.  Indeed, Judge Wilken found that Coleman and Plata do not preclude
Plaintiffs' claims in this case because Plaintiffs' claims are much broader.  D.I. 191 at 11.  And the
information should be readily available since it was previously collected and produced.  Defendants'
objections to requests 54 and 57 and interrogatory 17 should be overruled.

We look forward to addressing these matters at the June 25 telephonic hearing.

Sincerely,

*Carmen E. Bremer*

Carmen E. Bremer

---

[3] *See* http://www.amnestyusa.org/research/reports/the-edge-of-endurance-prison-conditions-in-california-s-security-housing-units.