1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          NORTHERN DISTRICT OF CALIFORNIA
10                                  EUREKA DIVISION

11  ASHKER, et al., on their own behalf, and on behalf       Case No. 4:09 CV 05796 CW (NJV)
    of a class of similarly situated prisoners,
12                                                           **ORDER REGARDING MENTAL-
                            Plaintiffs,                      HEALTH EXAMINATIONS**
13
            v.
14
    GOVERNOR OF THE STATE OF CALIFORNIA,
15  et al.,

16                          Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

After due consideration of the positions articulated by Plaintiffs and by Defendants in their letters of December 27, 2013, December 30, 2013, January 2, 2014, and during a telephonic hearing on January 3, 2014, the Court finds good cause to grant in part and deny in part the discovery relief sought by Plaintiffs, as follows.

IT IS HEREBY ORDERED that:

1. Defendants shall facilitate access by Dr. Craig Haney to interview the twenty-five (25) Pelican Bay inmates identified by Plaintiffs' counsel pursuant to the Court's July 12, 2013 discovery order by no later than January 31, 2014. As of the date of this Order, Plaintiffs have identified nineteen (19) Pelican Bay inmates alleged to have consented to being interviewed by Dr. Haney. Once Plaintiffs' counsel identifies the additional six (6) Pelican Bay inmates that consent to being interviewed with Dr. Haney, counsel for the parties will confer regarding the scheduling of those additional interviews.

2. By no later than 5 p.m. on January 6, 2014, Pelican Bay staff shall hand-deliver to each of the nineteen (19) inmates from whom Plaintiffs' counsel contend to have previously obtained medical releases, CDCR Form No. 7385 entitled "Authorization for Release of Information," so that the inmates, rather than Plaintiffs' counsel, may complete, date, and execute the forms for the release of the medical records that Plaintiffs have sought from such inmates.

3. Defendants' and Plaintiffs' mental-health experts may use the C-files and medical records of Plaintiffs to make inquiry during Plaintiffs' mental-health examinations. The experts may also inquire as to Plaintiffs' day-to-day activities, including, but not limited to, activities in which Plaintiffs engage that Defendants contend to be in furtherance of Plaintiffs' current membership or association with a prison gang. The experts are restricted, however, from asking whether Plaintiffs are currently gang members or associates.

4. The parties shall exchange copies of any notes taken by their respective mental-health experts during the course of interviewing or evaluating the named Plaintiffs, including any written record of Dr. Morgan's examinations of the Plaintiffs that are set to begin on January 6, 2014, by no later than January 13, 2014. This includes any notes of or written record taken by Dr. Craig Haney and Dr. Terry Kupers in connection with any interview or evaluation of each named Plaintiff.

5. Counsel for the parties shall confer and work with the litigation office at Pelican Bay to schedule telephone calls so that Plaintiffs' counsel may speak with their clients in advance of Dr. Morgan's mental-health examinations, scheduled to begin the morning of January 6, 2014. To the extent administratively feasible under the circumstances, the telephone calls between Plaintiffs' counsel and the named Plaintiffs should take place by 5 p.m. on January 5, 2014, but in any event shall occur prior to the examination by Dr. Morgan of any Plaintiff with whom Plaintiffs' counsel have requested time to prepare by telephone in advance of the examinations.

APPROVED AS TO FORM:

Dated: January 6, 2014

/s/ Carmen Bremer  
Carmen Bremer  
*Counsel for Plaintiffs*

Dated: January 6, 2014

/s/ Adriano Hrvatin  
Adriano Hrvatin  
*Counsel for Defendants*

DATED: January 6, 2014

_____  
Honorable Nandor J. Vadas  
UNITED STATES MAGISTRATE JUDGE

2