UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MATHEW CATE, et al., <br><br> Defendants. | Case No. 09-cv-05796-CW (NJV) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL** <br><br> Re: Dkt. No. 287 |

Defendants seek an order compelling Plaintiffs to produce or identify documents concerning the specific allegations in the Second Amended Complaint ("SAC"). *See* Doc. No. 287 at 3-6 (moving to compel further responses to document requests numbers 4, 6, 10, 18-22, 25, 27-30, 43, 45-46, 50-51, and 54-55). Their motion to compel was fully briefed by the parties and heard on January 28, 2014.

**A. "Equally Available" Documents.**

Plaintiffs argue that they have produced all responsive, non-privileged, documents in their custody, possession, and control. However, Defendants point to correspondence from Plaintiffs admitting that they "may have withheld" certain documents on the ground that the documents are equally available to Defendants. Defendants move to overrule Plaintiffs' objection to producing documents that are "equally available" to Defendants.

*First*, Plaintiffs argue that they already identified allegations in the SAC that were based on publicly-available information, specifying the source from which each allegation was drawn. While Plaintiffs did provide this information for certain document requests, Defendants argue that (1) they are not asking Plaintiffs to identify documents in the public domain, but rather documents

1  Plaintiffs contend are in Defendants' possession, custody or control (for example, CDCR records);
2  and (2) Plaintiffs did not provide this information for any of the requests at issue in this motion.
3  Defendants therefore cannot determine whether they indeed have the documents at issue, or what
4  those documents may be.

5  *Second*, Plaintiffs do not establish that it would be unduly burdensome to produce the
6  documents. Although they suggest that Defendants could obtain the documents from "some other
7  source that is more convenient, less burdensome, or less expensive" (Doc. No. 286 at 5 (quoting
8  Fed. R. Civ. P. 26(b)(2)(C)), they do not explain why it would be less costly or burdensome for
9  *Defendants* to track down the documents Plaintiffs rely upon than it would be for Plaintiffs to
10 identify or produce them. Moreover, Defendants contend that Plaintiffs rejected their offer that
11 Plaintiffs identify the documents instead of producing them.

12 *Third*, Plaintiffs further argue that they "identified much of the proof supporting the
13 allegations in supplemental interrogatory responses verified by each named Plaintiff" on
14 November 29, 2013, and will "provide even greater specificity at an appropriate time, when they
15 have had full discovery on their claims, in response to the additional contention interrogatories
16 Defendants served last month." Doc. No. 286. That they already provided "much of the proof"
17 and will provide "even greater specificity" in the future does not relieve them of their discovery
18 obligations today. Simply put,

> [t]here is nothing unusual about a discovery request asking Plaintiffs to produce or identify documents relating to or supporting allegations made in their FAC. Moreover, this is not a situation where Plaintiffs are requested to produce a compilation of documents, but only documents referenced in their FAC. Therefore, Defendants are entitled to know the factual basis of Plaintiffs' claims in order to prepare for trial.

23 *Plumbers and Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 U.S.
24 Dist. LEXIS 43648, *22 (N.D. Cal. Jun. 21, 2005).

25 *Fourth*, the case on which Plaintiffs rely to justify their objection, *Lal v. Felker*, 2010 U.S.
26 Dist. LEXIS 21046, *9 (E.D. Cal. Feb. 10, 2010), does not support their position. Although the
27 court in *Lal* did recognize that courts were split on the issue, the court explicitly did not resolve
28 the split because it found that the documents were not equally accessible to the plaintiff in that

2

1    case.  Courts in this district, however, have rejected Plaintiffs' position.  *See Bretana v. Internat'l*
2    *Collection Corp.*, 2008 U.S. Dist. LEXIS 79334, *15 (N.D. Cal. Sep. 22, 2008) ("[I]t is generally
3    not a ground for objection that requested documents are equally available from the requesting
4    party's own records") (*citing St. Paul Reinsurance Co., Ltd. v. Commerical Fin. Corp.*, 198 F.R.D.
5    508, 514 (N.D. Iowa 2000)); *Plumbers and Pipefitters Local 572 Pension Fund*, 2005 U.S. Dist.
6    LEXIS 43648, at *23 ("[T]he Court can see no justifiable reason why Plaintiffs should not
7    produce, or at least identify, documents that support Plaintiffs' allegations . . . whether they are in
8    Defendant's possession or in the public domain") (citing *St. Paul Reinsurance Co.*, 198 F.R.D. at
9    514).

10   *Finally*, Defendants argue that Plaintiffs have waived all objections to their document
11   requests by serving their responses more than two weeks late, without explanation.  Plaintiffs fail
12   to address this in their opposition.

13   Plaintiffs' objection is overruled.  Plaintiffs shall produce any non-privileged documents
14   that are responsive to the document requests listed above that they have failed to produce on the
15   ground that they are "equally available" to Defendants.  If the documents have been produced by
16   Defendants, Plaintiffs may identify the relevant documents by Bates Number.

17   **B. Discovery matters improperly raised by the parties.**

18   In their opposition brief, Plaintiffs request that the court "order that Plaintiffs need not
19   provide substantive responses to Defendants' contention interrogatories" until after the close of
20   discovery.  Doc. No. 286 at 7.  This request concerning discovery that is not even at issue in
21   Defendants' motion is improper under the Federal Rules of Civil Procedure, the Civil Local Rules,
22   and this Court's Standing Orders.  It is denied.

23   At the hearing, Defendants requested that the court order Plaintiffs to provide further
24   responses to their contention interrogatories.  The court declined to rule on this equally improper
25   request.

26   The parties are ordered to meet and confer **in person** within ten days of the date of this
27   order.  If the parties cannot resolve their disputes relating to the contention interrogatories, they
28   may file 5 page letter briefs setting forth their positions, which the court will take under

1  submission without oral argument.  *See* N.D. L.R. 7-1 (b).

2  **IT IS SO ORDERED**.

3  Dated: January 29, 2014

_____
NANDOR J. VADAS
United States Magistrate Judge