

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

December 19, 2014

<u>**VIA E-MAIL AND ELECTRONIC FILING**</u>

Honorable Nandor J. Vadas
United States District Court
Northern District of California
450 Golden Gate Avenue, 15th Floor, Courtroom D
San Francisco, CA  94102
NJVpo@cand.uscourts.gov

Re:     Joint Letter Re Plaintiffs' Motion to Compel Further Discovery Responses in *Ashker, et al. v Governor, et al.*, N.D. Cal. Case No. C 09-05796 CW

Dear Judge Vadas:

Plaintiffs submit this letter brief on Plaintiffs' motion to compel responses to certain written discovery requests. The parties met and conferred about Plaintiffs' outstanding written discovery requests on multiple occasions throughout October, November, and December, but were unable to reach agreement as to the issues addressed below.[1] As set forth in the attached declaration, Plaintiffs are submitting this time-sensitive letter brief on an *ex parte* basis only after Defendants delayed Plaintiffs' efforts to submit this motion to the Court last week and earlier this week, and then failed to provide their statement for a joint letter at the agreed-upon time today and did not respond to Plaintiffs' counsel's several inquiries regarding the same.

---

[1] Though the Court's Standing Order requires an in-person meet-and-confer session, the parties met and conferred by telephone after confirming with Court Clerk Ms. Van Meter that telephonic meet-and-confers are acceptable in this case given that counsel are located in California, Washington, and Pennsylvania.

Hon. Nandor J. Vadas
December 19, 2014
Page 2


**Plaintiffs' Statement:**

After months of negotiations and a motion to compel that the Court granted in part on November 21, 2014, Defendants have failed to meet the Court-ordered fact discovery deadline of November 28, and still have not provided a significant volume of discovery on Plaintiffs' claims. Defendants did not disclose that they would be unable to meet the looming deadline, nor did they join with Plaintiffs in seeking an extension from the Court. Even with the one-month deposition extension and two-week expert extension Judge Wilken recently granted, Defendants' continuing delay is greatly hampering Plaintiffs' ability to take depositions and prepare expert reports under the current December 31 deadline for completing fact depositions and the February 13, 2015 deadline for serving opening expert reports. Even now Defendants will not commit to any deadline for providing discovery they have been ordered or agreed to produce, yet they refuse any further extension of expert deadlines to account for their ongoing delay. Accordingly, Plaintiffs ask the Court to (i) order Defendants to provide the outstanding discovery outlined below by December 31, 2014; (ii) extend the deadline to serve opening expert reports until March 13, 2015; (iii) extend the deadline to serve rebuttal expert reports until April 13, 2015; and (iv) extend the deadline to complete expert discovery until May 29, 2015. All of these extensions are consistent with Judge Wilken's order of November 20, 2014 (Dkt. 339), in which the Court allowed the parties to "change any discovery or briefing deadlines that do not impact" the dates for case-dispositive motions, the pretrial conference or trial.

      1.  Discovery Defendants were ordered to produce

On November 21, the Court ordered Defendants to serve responses to four interrogatories and three document requests. (Dkt. 340). To date, Defendants have neither supplemented their responses to the interrogatories nor produced all documents responsive to the document requests. Defendants state that they are working to collect responsive information, but will not commit to provide it by December 31. Plaintiffs must have this discovery by no later than the 31st if their experts are to meet even the extended deadlines Plaintiffs have proposed above. Plaintiffs therefore request that Defendants be ordered to comply with the Court's November 21 order by no later than December 31, and that the expert-discovery deadlines be further extended as outlined above.

The Court also ordered that if Plaintiffs' then-pending motion to extend certain deadlines was granted, Plaintiffs could re-serve Plaintiff Franklin's interrogatories in the name of Plaintiff Franco. (Dkt. 340). Judge Wilken granted Plaintiffs' motion as to discovery deadlines (but not as to case-dispositive motions, the pre-trial conference, or trial) on November 20, and Plaintiffs re-served the interrogatories in the name of Plaintiff Franco that day. Defendants *still* refuse to respond, this time on the basis that fact discovery was extended only for depositions. However, the extension afforded the necessary time for responding to the interrogatories without impacting expert deadlines, which is why Plaintiffs identified their pending motion as an additional basis for compelling responses at the November 18 hearing. Furthermore, Defendants knew Plaintiffs' motion sought only to extend fact depositions, not written discovery, when the Court heard argument about the interrogatories on November 18. Yet Defendants made no distinction

Hon. Nandor J. Vadas
December 19, 2014
Page 3

between fact-deposition and written-discovery deadlines at the hearing, and they subsequently approved of the form of the Court's November 21 order specifying that "Plaintiffs may serve the identical interrogatories in the name of Plaintiff Franco if the District Court grants Plaintiffs' pending motion for entry of amended scheduling order." (Dkt. 340). If Defendants believed the outcome of Plaintiffs' scheduling motion would in no event trigger an obligation to respond to the interrogatories, they should have joined the issue at the November 18 hearing. Because Defendants instead saved their most recent argument until after the hearing concluded and the interrogatories were re-served, Plaintiffs seek clarification of the November 21 order to make clear that Judge Wilken's November 20 order did in fact trigger Defendants' obligation to substantively respond to Plaintiff Franco's interrogatories, and that they must do so by December 31.

        2.   Discovery Defendants agreed to produce during meet and confer

During meet and confer, Defendants agreed to provide: (i) documents responsive to Request No. 65 from Plaintiffs' 1st Set of Requests for Production (RFPs), Request Nos. 1 and 16-18 from Plaintiffs' 2nd Set of RFPs, and Request Nos. 141 and 164 from Plaintiff's 3rd Set of RFPs; (ii) for a recently agreed-upon sample of 25 class members, documents responsive to Request Nos. 102, 116-118, 130, 139, and 141 from Plaintiffs' 3rd Set of RFPs; (iii) supplemental responses to Esquivel's 2nd Interrogatory No. 8 and Ruiz's 1st Interrogatory Nos. 18-19; (iv) updated custody, mental health, and unit health records for those of the named Plaintiffs and the 25 class members identified pursuant to the Court's July 2013 discovery order that still remain at the Pelican Bay SHU; and (v) mental-health records for all 8th Amendment class members over the age of 60. In light of Defendants' agreement, Plaintiffs did not raise these items in their November 5, 2014 motion to compel. However, Defendants still have not provided the promised discovery, which is hampering Plaintiffs' experts' ability to write their expert reports. Plaintiffs' experts, who are busy professionals, will need adequate time to read and digest these materials prior to drafting their expert reports. Because Defendants have failed to produce this discovery by the November 28 deadline, Plaintiffs' experts may not be able to meet the current deadline for serving expert reports. Accordingly, Plaintiffs request that the expert deadlines be further extended, and that Defendants be ordered to provide the agreed-upon discovery listed above by no later than December 31.[2]

Defendants likewise agreed during meet and confer to produce, in response to Request Nos. 142-144 from Plaintiffs' 3rd Set of RFPs, "discovery sufficient to show the number of inmates in the general population statewide, Pelican Bay's general population, and in Pelican Bay's SHU who have been diagnosed with a chronic care condition, as defined and monitored by the Receiver's Office via the *Plata* litigation." Defendants ultimately did produce a report on chronic care conditions among Pelican Bay SHU and Pelican Bay general population inmates for the year 2014 in response to Requests 143 and 144. However, Defendants now refuse to produce a

---

[2] When this discovery is finally produced, Plaintiffs expect that some of it will be relevant to depositions Plaintiffs have already taken. Plaintiffs may at that time seek to have any such depositions re-opened at Defendants cost.

Hon. Nandor J. Vadas
December 19, 2014
Page 4

corresponding report from the same database for general population inmates statewide in response to Request 142, claiming that the data would be unhelpful because there are so many general-population inmates in CDCR custody. Defendants similarly reversed course with respect to Request No. 145, which seeks statistics of general population inmates statewide who have requested or received cataract surgery. Although they previously agreed to produce the requested records, Defendants now refuse, again claiming that the data would be unhelpful. Of course, Plaintiffs' experts can only evaluate to what extent the statewide chronic-care and cataract statistics are usable if they are produced; Defendants cannot withhold them on the basis of a unilateral usefulness determination. Because it is undisputed that the information exists and can be collected and produced on a summary basis (i.e., with minimal burden), the Court should order Defendants to produce the statewide chronic care statistics responsive to Request 142 and the statewide cataract statistics response to Request 145, consistent with their prior agreement, and to do so by December 31.

3.  Discovery Defendants have not agreed to produce

While Defendants have agreed to update some of the custody, mental health, and unit health records for named Plaintiffs and class members described above, Defendants refuse to produce updated records for any inmate, including named Plaintiffs, who has since been transferred from Pelican Bay. Those records remain relevant to Plaintiffs' claims as currently pled because, among other things, they may reflect changes to the inmates' mental or physical health since being transferred from Pelican Bay—a relevant comparison to Plaintiffs and class members who remain at Pelican Bay.  The records also reflect the basis on which the inmates were placed into various steps of the Step Down Program. Notably, Defendants do not contend that they do not possess the requested files or that collecting and producing them would be unduly burdensome. Plaintiffs request that the Court order Defendants to produce updated custody, mental health, and unit health records for all named Plaintiffs and each of the 25 class members Plaintiffs identified pursuant to the Court's July discovery order, and to do so by December 31.

Hon. Nandor J. Vadas
December 19, 2014
Page 5

Very truly yours,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS$^{PLLC}$

Carmen E. Bremer
Direct Dial No.:  206.695.1654
E-Mail Address:  carmen.bremer@cojk.com

CEB:dls

cc:  Adriano Hrvatin
     Jill O'Brien
     Martine D'Agostino