IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD ASHKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | C 09-05796 CW <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT |

This civil-rights class-action case concerns the California Department of Corrections and Rehabilitation's (CDCR) policies and practices related to gang validation and management and its use of segregated housing, including the Security Housing Unit (SHU) at Pelican Bay State Prison. Plaintiffs claim that CDCR's gang validation policies did not provide sufficient due process and that confinement in Pelican Bay's SHU for ten or more years violates the United States Constitution.

The parties have entered into a settlement agreement (the Settlement Agreement or Agreement) which would settle all claims for relief asserted in this case. (J. Lobel Decl. Ex. 1, ECF No. 424-1.) On September 1, 2015, the parties filed a joint motion for preliminary approval

1

of the Settlement Agreement. The parties submitted a proposed notice of class action settlement. (*Id.* at Ex. 2.) The Joint Motion seeks an order providing that the Court: (1) conditionally certify under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure a supplemental settlement class defined to include inmates who have now, or will have in the future, been housed in Pelican Bay's SHU for ten or more years and who then were transferred to another CDCR SHU facility in connection with CDCR's Step Down Program; (2) preliminarily approve the Settlement Agreement; (3) direct that notice be provided to the classes under Rules 23(c)(2) and (e)(1) of the Federal Rules; (4) schedule a fairness hearing for final approval; and (5) stay all proceedings pending resolution of the fairness hearing.

The Court has presided over the proceedings in the above-captioned action and has reviewed all the pleadings, records, and papers on file. The Court has reviewed the Joint Motion for Preliminary Approval, along with the Settlement Agreement and supporting documents, and has considered the parties' statements concerning the proposed settlement of this class action at a hearing held on October 6, 2015. Moreover, in response to issues raised by the Court at the October 6 hearing, the parties filed supplemental briefing and supporting documents in further support of their Joint Motion, which the Court has reviewed. This includes a revised proposed notice to be distributed to class members. (A. Hrvatin Decl. Ex. H.) The Court has determined that inquiry should be made as to the fairness, reasonableness, and adequacy of the proposed settlement.

Accordingly, good cause appearing, IT IS ORDERED AS FOLLOWS:

1. A court should preliminarily approve a class action settlement if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). The Court finds that this standard is met in this case, as the proposed settlement is the product of arm's-length, serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation. The Court finds that, for purposes of settlement only, the Settlement

2

[Proposed] Order Granting Prelim. Approval Class Action Settlement Agreement (C 09-05796 CW)

1  Agreement meets the requirements of 18 U.S.C. § 3626(a)(1). The Settlement Agreement is granted preliminary approval and incorporated by reference, subject to the right of class members to challenge the fairness, reasonableness, or adequacy of the Agreement.

2. The Court certifies, for settlement purposes only, under Rules 23(a) and (b)(2) of the Federal Rules a supplemental settlement class defined to include all prisoners who have now, or will have in the future, been imprisoned in Pelican Bay's SHU for ten or more years and who then were transferred from Pelican Bay's SHU to another SHU in connection with CDCR's Step Down Program. The Court finds, for settlement purposes only, that the proposed supplemental class meets Rule 23(a)'s requirements of numerosity, commonality and typicality to justify certification, and that there is adequate and fair representation. The proposed supplemental settlement class meets the requirements of Rule 23(b)(2) because the issues resolved under the Settlement Agreement "apply generally to the class." Fed. R. Civ. P. 23(b)(2). Finally, under Rule 23(g), the Court appoints the same counsel as certified to represent the previously-certified classes for purposes of the supplemental settlement class.

3. Under Rule 23(e)(1), the Court approves the substance, form, and manner of the Notice of Proposed Class Action Settlement (the "Notice") filed by the parties on October 9, and finds that the proposed method of disseminating the Notice meets all due process and other legal requirements and is the best notice practicable under the circumstances.

4. Within thirty days of this Order, CDCR is directed to post the Notice in English and Spanish in each SHU in such a manner as to make the Notice visible to all inmates. Within thirty days of this Order, CDCR is also directed to place a copy of this Order and the parties' Settlement Agreement in each law library servicing a CDCR SHU facility. Defendants must file and serve on Plaintiffs' counsel a declaration affirming that notice was published as required in this Order.

5. A Final Fairness Hearing shall take place at 2:30 p.m. on January 26, 2016, at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, in Courtroom 2, to determine whether the terms and conditions provided for in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved by the

3

[Proposed] Order Granting Prelim. Approval Class Action Settlement Agreement (C 09-05796 CW)

1 | Court, and whether this action should be dismissed. The hearing may be continued from time to
2 | time without further notice to the classes. The parties' motion for final approval of the settlement
3 | agreement shall be filed no later than by January 12, 2016.

4 |       6.     Any member of the class may enter an appearance on his or her own behalf in this
5 | action through that class member's own attorney (at their own expense), but need not do so.
6 | Class members who do not enter an appearance through their own attorneys will be represented
7 | by Class counsel. Alternatively, any member of the class may write to the Court about whether
8 | the settlement is fair. The Court will consider written communications when deciding whether to
9 | approve the settlement. Comments regarding the fairness of the settlement MUST include at the
10 | top of the first page the case name, *Ashker, et al. v. Governor, et al.*, and the case number, Case
11 | No. 4:09-cv-05796-CW. A written comment must contain the author's full name and CDCR
12 | number, must include all objections and the reasons for them, must include any and all supporting
13 | papers (including, without limitation, all briefs, written evidence, and declarations), and must be
14 | signed by the class member. A class member who desires to comment but who fails to comply
15 | with the above objection procedure and timeline shall be deemed to have not objected, and the
16 | objection shall not be heard or considered at the hearing. Comments must be postmarked by
17 | December 22, 2015, and must be sent to the following address:

Clerk of the Court
United States District Court
Northern District of California
1301 Clay Street
Oakland, CA 94612

**IT IS SO ORDERED.**

Dated: October 14, 2015

_____
The Honorable Claudia Wilken
United States District Court Judge

[APPROVED — Judge Claudia Wilken]

SF2012204868
41392844.doc

4

[Proposed] Order Granting Prelim. Approval Class Action Settlement Agreement (C 09-05796 CW)