1  JULES LOBEL (*pro hac vice*)
   ALEXIS AGATHOCLEOUS (*pro hac vice*)
2  RACHEL MEEROPOL (*pro hac vice*)
   SAMUEL MILLER
3  CENTER FOR CONSTITUTIONAL RIGHTS
   666 Broadway, 7th Floor
4  New York, NY 10012
   Tel: (212) 614-6478
5  Fax: (212) 614-6499
   Email: jll4@pitt.edu
6  Email: aagathocleous@ccrjustice.org
   Email: rachelm@ccrjustice.org
7
   *Attorneys for Plaintiffs*
8  (Additional counsel listed on signature page)

9                **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11                     **OAKLAND DIVISION**

12  TODD ASHKER, et al.,                    | Case No.: 4:09-cv-05796-CW

13              Plaintiffs,                  | **PLAINTIFFS' UNOPPOSED NOTICE OF
                                               MOTION AND MOTION FOR**
14         v.                                | **ATTORNEYS' FEES AND COSTS,
                                               NOTICE TO CLASS MEMBERS, AND A**
15  GOVERNOR OF THE STATE OF                 | **SCHEDULING ORDER; MEMORANDUM
    CALIFORNIA, et. al.,                       OF POINTS AND AUTHORITIES**
16
              Defendants.                    | CLASS ACTION
17
                                             | Date:         _____, 2016
18                                           | Time:         2:30 p.m.
                                             | Location:  Courtroom 2, 4th Floor
19                                           | Judge:       Honorable Claudia Wilken
20

21

22

23

24

25

26

27

28

**NOTICE OF UNOPPOSED MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS, CLASS NOTICE, AND SCHEDULING**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs hereby move the Court, without opposition from Defendants, for an order directing notice to the classes of an agreement reached by the parties regarding Plaintiffs' motion for attorneys' fees and costs incurred from the inception of the case through September 1, 2015 (the date the parties filed a joint motion for preliminary approval of the Settlement Agreement), and a schedule for disseminating notice, the filing of class member objections, and for an order granting Plaintiffs' motion for fees and costs.  By this Motion, Plaintiffs also seek to reserve a date at the Court's earliest convenience in Courtroom 2 on the 4th Floor, 1301 Clay Street, Oakland, CA 94612, for a hearing on Plaintiffs' motion for fees and costs following the notice period, based on the schedule proposed in this motion.  *Rule 23(h) does not require a hearing on a motion seeking approval of a class action fee settlement, and the parties agree to forego a hearing unless the Court concludes that one is necessary.*  This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Samuel Miller, and all documents and arguments submitted in support thereof.

**RELIEF SOUGHT**

Plaintiffs hereby make the unopposed request for the following relief:

1. An order approving the proposed notice to the classes and directing its dissemination;

2. An order setting a schedule for notice to the classes and a notice period;

3. Following the notice period, an order granting Plaintiffs' motion for attorneys' fees and costs.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Following the settlement of this case on September 1, 2015 regarding Defendants' policies and practices related to gang management and their use of segregated housing, including the

1    Security Housing Unit (SHU) at Pelican Bay State Prison, the parties conducted lengthy

2    negotiations over the amount of Plaintiffs' counsel's merits-phase fees and costs.  Plaintiffs'

3    counsel submitted a demand, and the parties ultimately reached an agreement whereby Defendants

4    shall timely pay Plaintiffs' counsel $4,550,000 ("Fee Accord").  (*See* Miller Decl. Ex. A

5    [Stipulation Regarding Plaintiffs' Motion for Attorneys' Fees and Costs].)  This amount reimburses

6    Plaintiffs' counsel's fees and costs for work reasonably performed from the inception of the case

7    through September 1, 2015.  The Fee Accord is fair and reasonable in light of the important results

8    obtained, and the difficulty and complexity of the litigation.

9         This Motion presents the grounds for approval of the Fee Accord, and the process for

10   compliance with Federal Rule of Civil Procedure 23(h), which provides in relevant part:

11        (1)    A claim for an award must be … directed to class members in a reasonable manner;

12        (2)    A class member, or a party from whom payment is sought, may object to the motion;
            and

13

14        (3)    The court may hold a hearing and must find the facts and state its legal conclusions
            under Rule 52(a) [requiring that "the court must find the facts specially and state its
            conclusions of law separately"].[1]

15

16   Accordingly, the Motion sets forth a proposed notice and a schedule that will allow an adequate

17   opportunity for dissemination of the notice, and for review and comment by class members,

18   regarding Plaintiffs' fee motion and the Fee Accord.  The schedule is consistent with the parties'

19   mutual desire for prompt determination and payment of fees and costs.  Following the notice period,

20   the Court should grant Plaintiffs' fee motion, particularly because the underlying Fee Accord is the

21   product of arm's-length, serious, informed and non-collusive negotiations between experienced and

22   knowledgeable counsel, and it provides a reasonable settlement of the dispute.

23

24

25

26

---

27   [1] Rule 23(h) does not include a provision for preliminary approval, but if the Court determines that
     this is appropriate or necessary prior to dissemination of the class notice, Plaintiffs ask that this
28   Motion be deemed to include a request for preliminary approval.

## II.     DISCUSSION[2]

### A.     The Fee Accord is Fair and Reasonable

#### 1.     Defendants have Agreed to Plaintiffs' Entitlement to Fees and an Amount for Work Reasonably Performed

The Settlement Agreement provides entitlement to reasonable attorneys' fees and costs as follows, in relevant part:

> Defendants agree to pay Plaintiffs' counsel attorneys' fees and costs for work reasonably performed on this case, including monitoring CDCR's compliance with this Agreement and enforcing this Agreement, and for work to recover fees and costs, at the hourly rate set forth under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d). Plaintiffs preserve all arguments for attorneys' fees and costs without limitation. The Prison Litigation Reform Act applies to all applications for attorneys' fees in this case.

(Dkt. No. 424-2, para. 55).  The Settlement Agreement was approved by the named Plaintiffs and received few objections during the notice period, and upon granting final approval, the Court stated that the settlement is "pretty remarkable," "is extremely fair, extremely humane, and extremely innovative," and that "plaintiffs' counsel have done an excellent job."  (Hearing Transcript, Jan. 26, 2015, at 6-7).

To determine the sum due to Plaintiffs' counsel for work they reasonably performed on the case, the parties engaged in lengthy negotiations, pursuant to Local Rule 54-5.  Plaintiffs' counsel presented to Defendants time records for the work completed, along with summary charts of all fees, costs, and substantial billing judgments.  Miller Decl. ¶ 11.  This documentation established the basis for a claim for over 20,000 hours of work on the case and substantial out-of-pocket expenses, all of which were made necessary by the length, intensity, and complexity of the litigation.  *See, e.g., Blackwell v. Foley*, 724 F.Supp.2d 1068, 1081 (N.D. Cal. 2010); *City of Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (1986).  During negotiations with Defense counsel, Plaintiffs agreed to reduce their fee request to reach an out-of-court settlement.  Miller Decl. ¶¶ 9, 11.  The negotiations resulted in an agreement for Defendants to pay Plaintiffs a lump sum total of $4,550,000, inclusive of all attorneys' fees and costs through September 1, 2015.[3]  Miller Decl.

---

[2] Pursuant to the Court's Procedural Guidance for Class Action Settlements, this Motion incorporates by reference the case history and background facts set forth in the Joint Motion for Final Approval of the Settlement Agreement.

[3] The attorneys' fees in this case are based upon the lodestar method.

1 ¶ 13.  The parties' agreement as to attorneys' fees is accorded great weight and the Court's task here

2 is "simply to determine whether the negotiated fee is facially fair and reasonable."  *Hernandez v.*

3 *Kovacevich "5" Farms*, No. 1:04-cv-5515, 2005 WL 2345906, at *8 (E.D. Cal. Sept. 30, 2005); *see*

4 *also Cox v. Clarus Mktg. Grp., LLC,* 291 F.R.D. 473, 482 (S.D. Cal. 2013).

5         **2.**        **Plaintiffs' Motion and the Parties' Fee Accord Meet all Factors Governing Compensability**

6

7       Plaintiffs' request for compensation reasonably reflects the time necessary to manage and

8 litigate this case.  To determine the reasonableness of an attorneys' fee award, the Court should

9 consider the following factors:  (1) the time and labor required; (2) the novelty, complexity, scope

10 and potential duration of the litigation, as well as the risk of nonpayment assumed by Plaintiffs'

11 counsel; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other

12 employment by the attorneys due to acceptance of the case; (5) whether the fee is fixed or

13 contingent; and (6) the timing of the fee negotiation.  *See Brailsford v. Jackson Hewitt Inc.* (N.D.

14 Cal., May 3, 2007, No. C 06 00700 CW) 2007 WL 1302978, at *5; *Kerr v. Screen Extras Guild,*

15 *Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  Each factor supports Plaintiffs' unopposed request.

16         **a.**        **Time and Labor**

17       The fee request reasonably reflects the time and labor required to litigate this matter.  This

18 is a complex civil rights class action brought on behalf of over a thousand state prisoners, raising

19 serious Constitutional questions, and resulting in fundamental changes to Defendants' policies and

20 practices related to gang management and their use of segregated housing, including Pelican Bay's

21 SHU.  Obtaining this result required review and analysis of hundreds of thousands of pages of

22 documents, dozens of depositions, detailed expert analyses, extensive and hard-fought motion

23 practice, trial preparation, and two lengthy settlement negotiations.  Miller Decl. ¶¶ 5-8.

24         **b.**        **Novelty and Difficulty of the Questions**

25       The requested fee award fairly reflects the novelty and difficulty of the questions presented.

26 Plaintiffs' claims presented difficult questions of law and fact, including whether SHU confinement

27 for ten continuous years or more violates the Eighth Amendment's prohibition against cruel and

28

1   unusual punishment; whether prolonged SHU confinement solely based on alleged gang affiliation

2   violates the Eighth Amendment; and whether the absence of meaningful review of SHU placement

3   violates prisoners' rights to due process under the Fourteenth Amendment.  Plaintiffs' counsel

4   reasonably expended significant time and resources to address these important issues.

5                    **c.     Skill Requisite to Perform the Legal Service Properly**

6           Conducting discovery, marshaling evidence on a wide range of complex issues, and

7   engaging Defendants in motion practice in a case of substantial magnitude, required considerable

8   skill.  Plaintiffs' counsel are highly experienced in trial practice and both civil rights and general

9   litigation.  Miller Decl. ¶ 4; Order Granting in Part Motion for Class Certification (Dkt. No. 317 at

10  17).  The skill of Plaintiffs' counsel is apparent in the results they obtained, including success in

11  defeating the motion to dismiss, certification of the classes, and ultimately obtaining a settlement

12  which provides the classes with substantial equitable relief sought by Plaintiffs in their complaint.

13                        **d.     Exclusion of Other Employment**

14          Representing the Plaintiff classes required a significant investment of attorney and staff time

15  over a four-year period.  As a result, the counsel's ability to take on other fee-generating cases was

16  diminished.  Miller Decl. ¶ 16.

17                          **e.     Contingency or Fixed Fee**

18          Plaintiffs' counsel are not charging class members a fee for their services.  Counsel's fee is

19  purely contingent, and payment is governed by the terms of the parties' Settlement Agreement.

20  Miller Decl. ¶ 15; Settlement Agreement ¶ 55.

21                          **f.     Timing of Fee Negotiation**

22          The parties in this case negotiated the Settlement Agreement on the merits of Plaintiffs'

23  substantive claims prior to any discussion of attorneys' fees, other than the entitlement provision in

24  paragraph 55.  Thus, the matter of attorneys' fees was negotiated by the parties *after* all terms

25  affecting the classes had been settled.  The relief accorded to the Plaintiff classes therefore was not

26  diminished or affected in any way by the fee negotiation and accord.  Miller Decl. ¶ 10.

27

28

1

g.      **Costs and Expenses**

2          The portion of the requested award attributable to costs and expenses is reasonable because

3 Plaintiffs' counsel expended more than $300,000 in out-of-pocket expenditures in pursuing this

4 litigation.  Miller Decl. ¶ 11.  Such expenses "would normally be charged to a fee paying client."

5 *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

6     **B.      The Proposed Notice and Schedule Meet the Requirements of Rule 23(h)**

7          **1.      The Proposed Notice is Reasonable**

8          The parties have agreed to the form and content of a notice to class members, which is

9 attached to the Miller declaration as Exhibit 2.  The Notice provides in plain terms the context of the

10 claim and the amount of the Fee Accord.  The parties also have agreed upon the means of

11 disseminating the notice:  CDCR shall post the Notice in English and Spanish in all housing units of

12 all prisons housing prisoners who are or have been *Ashker* class members in such a manner as to

13 make the notice visible to all class members.  This will require notice to be posted in all 32 male

14 prison institutions.  CDCR also shall place in the law library of every such prison a copy of the

15 Court's Order and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs.  The proposed

16 notice will allow an adequate opportunity for the class to review and comment on Plaintiffs' fee

17 motion.  Plaintiffs respectfully request that the Court approve the notice and order its dissemination

18 to class members.

19          **2.      The Court Should Approve the Proposed Scheduling Order and Set a
              Date for Hearing, if Necessary, on Plaintiffs' Fee Motion**
20

21          Plaintiffs propose, with Defendants' approval, the following time schedule to provide for

22 notice, comment, and approval of the Fee Accord and Plaintiffs' motion for fees and costs.

23 Plaintiffs also submit a proposed scheduling order attached to the Miller declaration as Exhibit 3,

24 with the following proposed timeline:

25   •   Within three days of the Court's filing of the Scheduling Order, the parties shall prepare a

26       final version of the Class Notice, incorporating the dates set forth in the Order.

27   •   Within ten business days of preparation of the final Class Notice, CDCR shall disseminate

28

1    the Class Notice to class members as described above.

2    • A four-week period will follow the dissemination of the notice, during which class members

3    may file comments and/or objections.

4    • At the conclusion of the notice period, the parties shall have ten days in which to file a

5    response to the objections, if any, raised by class members, and for Plaintiffs to submit a

6    proposed order for approval of the Fee Accord and Plaintiffs' motion for attorneys' fees and

7    costs in compliance with Federal Rules of Civil Procedure 23(h) and 52(a).

8    • This Motion is noticed for hearing fourteen days from the date the parties file any further

9    briefing addressing class members' objections, with the intention of holding that date for

10   addressing objections and determining approval.  However, the parties agree to forego a

11   post-notice approval hearing, unless the Court determines that one is required.  Miller Decl.

12   ¶ 20.

13   • Payment shall be made within ten business days following entry of the Court's order

14   approving the Fee Accord.

15   **III.    CONCLUSION**

16   For the reasons discussed above, Plaintiffs request that the Court approve the form of the

17   proposed Class Notice and order its dissemination to class members, issue the proposed scheduling

18   order, and approve the Fee Accord resolving Plaintiffs' motion for fees and costs following the

19   notice period.

20   Dated:  June 3, 2016                  Respectfully submitted,

21                                */s/   Samuel Miller*
                                 JULES LOBEL (*pro hac vice*)
22                               ALEXIS AGATHOCLEOUS (*pro hac vice*)
                                 RACHEL MEEROPOL (*pro hac vice*)
23                               SAMUEL MILLER
                                 CENTER FOR CONSTITUTIONAL RIGHTS
24                               666 Broadway, 7th Floor
                                 New York, NY 10012
25                               Tel: (212) 614-6478
                                 Fax: (212) 614-6499
26                               Email:  jll4@pitt.edu
                                 aagathocleous@ccrjustice.org
27                               rachelm@ccrjustice.org
                                 samrmiller@yahoo.com

28

CARMEN E. BREMER (*pro hac vice*)
Email: carmen.bremer@bremerlawgroup.com
Bremer Law Group PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

GREG D. HULL (SBN 57367)
Email: Greg@ellenberghull.com
4 North Second Street, Suite 1240
San Jose, CA 95113-1329
Tel:  (408) 998-8500
Fax:  (408) 998-8503

ANNE M. CAPPELLA (SBN 181402)
Email: anne.cappella@weil.com
AARON Y. HUANG (SBN 261903)
Email: aaron.huang@weil.com
BAMBO OBARO (SBN 267683)
Email: bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Tel: (650) 802-3000
Fax: (650) 802-3100

MARILYN S. MCMAHON (SBN 270059)
Email: marilyn@prisons.org
CALIFORNIA PRISON FOCUS
1904 Franklin Street, Suite 507
Oakland, CA  94612
Tel: (510) 734-3600
Fax: (510) 836-7222

ANNE BUTTERFIELD WEILLS (SBN 139845)
Email: aweills@aol.com
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA  94612
Tel: (510) 839-1200
Fax: (510) 444-6698

CAROL STRICKMAN (SBN 78341)
Email: carol@prisonerswithchildren.org
LEGAL SERVICES FOR PRISONERS WITH CHILDREN
1540 Market Street, Suite 490
San Francisco,  CA 94102
Tel: (415) 255-7036
Fax: (415) 552-3150

CHARLES F.A. CARBONE (SBN 206536)
Email: Charles@charlescarbone.com
LAW OFFICE OF CHARLES CARBONE

1

P.O. Box 2809
San Francisco,  CA 94126
Tel: (415) 981-9773

2

Fax: (415) 981-9774

3

Attorneys for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28