JULES LOBEL (*pro hac vice*)
ALEXIS AGATHOCLEOUS (*pro hac vice*)
RACHEL MEEROPOL (*pro hac vice*)
SAMUEL MILLER, State Bar No. 138942
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
Tel:  212.614.6478
Fax:  212.614.6499
Email: jll4@pitt.edu
Email: aagathocleous@ccrjustice.org
Email: rachelm@ccrjustice.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **TODD ASHKER, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**GOVERNOR OF THE STATE OF CALIFORNIA, et. al.,**<br><br>                    Defendants. | Case No.: 4:09-cv-05796-CW<br><br>DECLARATION OF SAMUEL MILLER IN SUPPORT OF PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS, NOTICE TO CLASS MEMBERS, AND A SCHEDULING ORDER<br><br>CLASS ACTION<br><br>Judge:    Honorable Claudia Wilken |

I, Samuel Miller, declare as follows:

1. I am an attorney admitted to practice before this Court, and am an attorney of record for Plaintiffs in this matter. I am competent to testify to the matters set forth in this declaration, and if called on by the Court, would do so. I submit this declaration in support of Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs.

2. Plaintiffs' motion covers all of counsel's attorneys' fees and costs incurred from the inception of the case until final execution of the Settlement Agreement on September 1, 2015.

3. The Center for Constitutional Rights and our co-counsel have been working for more than four years on this matter. My colleagues and I have been and remain fully committed to the vigorous, effective, and efficient prosecution of the interests of the Plaintiff classes.

4. Plaintiffs' counsel are well qualified litigators with specialized expertise in the fields of constitutional law, prisoners' rights, complex litigation, and class actions. The adequacy of class counsel under Rule 23(g) has been recognized by this Court in the Order Granting in Part Motion for Class Certification. (Dkt. No. 317 at 17.). A full description of counsel's qualifications is contained in the Declaration of Jules Lobel in Support of the Joint Motion for Final Approval of the Settlement Agreement (Dkt. No. 424-1, ¶¶ 4-7).

5. During this litigation, the parties conducted extensive discovery, including more than 42 depositions of prison officials, prison leadership, prisoners, former prisoners and experts. The parties responded to hundreds of written discovery requests and produced hundreds of thousands of pages of documents. The parties litigated numerous discovery disputes before Magistrate Judge Vadas. The parties served thirteen expert reports and eleven rebuttal reports, and took the depositions of twelve expert witnesses. Plaintiffs' experts covered a broad multi-disciplinary array of knowledge and experience, and are leading figures in their respective fields. All fact and expert discovery in the case was complete by the time of settlement.

6. Plaintiffs' counsel also vigorously litigated numerous substantive motions, including Defendant's Motion to Dismiss and Plaintiffs' Motion for Class Certification, and Plaintiffs served and were prepared to file a Motion for Partial Summary Judgment. Plaintiffs also were granted leave to file a Supplemental Complaint, which added a putative supplemental Eighth Amendment class of all prisoners held by Defendants at the Pelican Bay SHU for longer than 10 continuous years and then transferred to another SHU in California to be held in segregated housing pursuant to Step Three or Step Four of the Step Down Program. (Dkt. No. 388.). The Court conditionally certified this supplemental class for settlement purposes.

1     7.      Plaintiffs and their counsel engaged in two lengthy and complex settlement negotiations, the first of which occurred during the midst of discovery, and the second of which occurred during the spring and summer of 2015, supervised by Magistrate Judge Nandor J. Vadas.

    8.      The Settlement Agreement contains terms that directly address the class claims in this case, including that CDCR will no longer place prisoners into the SHU, Administrative Segregation, or Step Down Program solely on the basis of their validation status, and that CDCR will review the cases of all validated prisoners who are currently in the SHU as a result of either an indeterminate term that was previously assessed under prior regulations, who are currently assigned to Steps 1 through 4, or who were assigned to Step 5 but are retained within the SHU. Other key terms of the Settlement Agreement are summarized in the Joint Motion for Preliminary Approval (Dkt. No. 424) and the Class Notice (Dkt. Nos. 424-4 & 443-8).

    9.      Throughout this litigation, each member of the litigation team maintained records and data to meet the legal standard for compensability. Each timekeeper reviewed their own time line-by-line and exercised billing judgment to exclude hours that might be deemed redundant, excessive, or otherwise unnecessary, in the same manner as we would for private clients. I also personally reviewed every timekeeper's records line-by-line and reduced the claimed time with further billing judgments to provide Defendants and the Court with an assurance that the request was fully compensable. In total, our up-front voluntary billing judgments amounted to over 12% of our actual time, and we reduced our time further in response to objections raised by Defendants during the fee negotiations.

    10.      After finalizing the Settlement Agreement in this matter, Jules Lobel and I engaged in arm's-length negotiations with Defense counsel regarding Plaintiffs' demand for attorneys' fees and expenses. Since the matter of attorneys' fees was negotiated by the parties *after* all terms affecting the classes had been settled, the relief accorded to the Plaintiff classes was not diminished or affected in any way by the fee negotiation and accord.

    11.      Plaintiffs' fee request was based on the lodestar method. I provided Defense counsel with detailed billing records supporting this request, along with summary charts of all

fees, costs, and substantial billing judgments.  This documentation established the basis for a claim for over 20,000 hours of work on the case.  I also provided Defense counsel with records documenting that Plaintiffs' counsel spent more than $300,000 in out-of-pocket costs to pursue this litigation.  After extensive negotiations, Plaintiffs agreed to settle for less than the full amount of hours and expenses we actually incurred in pursuing this matter.

12.   The outcome of attorneys' fees litigation if the matter were to proceed to hearing, and probable appeal(s), is uncertain and would impose risks, costs, and a substantial delay in payment.

13.   Ultimately, the parties agreed that Defendants will pay Plaintiffs' counsel $4,550,000 to resolve the demand for all fees and costs up to September 1, 2015.  I believe that this amount is reasonable and fair in light of the significant amount of time and resources Plaintiffs' counsel invested in this matter, the complexity of the issues presented, the tremendous results obtained, and the risks inherent in litigation.

14.   Plaintiffs' counsel also reviewed all costs and expenses to ensure accuracy and compensability, and I reviewed these expenditures on a line-by-line basis.

15.   Plaintiffs' counsel are not charging a fee to our clients for our work on this case, and our fee is entirely contingent on the outcome of the case.

16.   The time I and other counsel for Plaintiffs spent litigating this case limited our ability to take on other fee-generating representation.

17.   Attached as Exhibit 1 is a true and correct copy of the parties' executed Stipulation Regarding Plaintiffs' Motion for Attorneys' Fees and Costs.

18.   A true copy of the proposed Notice to the Class is attached to this Declaration as Exhibit 2.

19.   A true copy of the proposed Order Granting Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs, Notice to Class Members, and a Scheduling Order is attached to this Declaration as Exhibit 3.

20.   On June 2, 2016, I provided a draft of this declaration and the accompanying motion, notice, and proposed order to Defense counsel, Deputy Attorney General Adriano

1  Hrvatin.  Mr. Hrvatin informed me that Defendants do not oppose this motion.  Mr. Hrvatin
2  also has agreed that the parties will forego a post-notice approval hearing, unless the Court
3  determines that one is required.
4      I declare under penalty of perjury under the laws of the United States that the foregoing
5  is true and correct to the best of my knowledge.
6      Executed in New York, NY on June 3, 2016.

*/s/ Samuel Miller*
Samuel Miller, Esq.
Attorney for Plaintiffs