IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **TODD ASHKER, et al.,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**GOVERNOR OF THE STATE OF CALIFORNIA, et al.,**<br><br>　　　　　　　　　　　　Defendants. | C 09-05796 CW<br><br>[~~PROPOSED~~] **ORDER REGARDING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS, NOTICE TO CLASS MEMBERS, AND A SCHEDULING ORDER** |

On September 1, 2015, the parties reached a Stipulation and Settlement Agreement ("Settlement Agreement") to resolve this case regarding Defendants' policies and practices related to gang management and their use of segregated housing, including the Security Housing Unit (SHU) at Pelican Bay State Prison. The Court granted final approval of the Settlement Agreement on January 26, 2016. (Dkt. No. 488). The Settlement Agreement provides entitlement to Plaintiffs' counsel's reasonable attorneys' fees and costs. (Dkt. No. 424-2, para. 55). By this Order, the Court sets forth the notice and approval process concerning an agreement ("Fee Accord") negotiated by the parties for payment of $4,550,000[1] to Plaintiffs for all attorneys' fees and costs incurred during the four years of litigation leading to the date the Settlement Agreement was executed on September 1, 2015.

---

[1] The attorneys' fees in this case are based upon the lodestar method, representing a settled amount of 20,530.9 hours at the settled rate of $213 per hour, plus non-expert costs of $176,915.61.

1

The Court has presided over the proceedings in the above-captioned action and has reviewed all the pleadings, records, and papers on file. The Court has reviewed the Unopposed Motion for Approval of Class Settlement Regarding Attorneys' Fees and Costs, and has considered the parties' arguments concerning the settlement of these fees and costs.

Therefore, with good cause appearing, the Court hereby orders as follows:

1. Under Federal Rule of Civil Procedure 23(h), the Court approves the substance, form and manner of the Notice of Proposed Settlement of Attorneys' Fees in Class Action Regarding SHU Confinement ("Class Notice") as submitted by the parties. The Court finds that the Class Notice provides adequate notice concerning the parties' Fee Accord, which, if approved, would settle Plaintiffs' request for attorneys' fees and costs through September 1, 2015.

2. The Court finds that the proposed method of disseminating the Class Notice meets all due process and other legal requirements, and is the best notice practicable under the circumstances.

3. Within three days of this Order, the parties are directed to prepare a final version of the Class Notice, incorporating the dates set forth in this Order.

4. Within ten business days of the preparation of the final version of the Class Notice, CDCR is directed to post the Class Notice in English and Spanish in all housing units of all prisons housing prisoners who are or have been *Ashker* class members in such a manner as to make the notice visible to all prisoners. This will require notice to be posted in all 32 male prison institutions. Within ten days of the preparation of the final version of the Class Notice, CDCR is also directed to place in the law library of every such prison a copy of this Order and a copy of Plaintiffs' Unopposed Motion. Defendants must file and

serve on Plaintiffs' counsel a declaration affirming that notice was timely published as required in this Order.

5. Any member of the class can write to the Federal Court about whether the Fee Accord is unfair and should not be approved. The Court will consider written comments when deciding whether to approve the agreement. These comments MUST include at the top of the first page the case name – *Ashker v. Governor of California* – and Case No. 4:09-cv-05796-CW. Comments must be received within four weeks of dissemination of the Notice and must be sent to the following address: Clerk of the Court, United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612.

6. A written comment must contain the author's full name and CDCR number, must include all objections and the reasons for them, must include any and all supporting papers, and must be signed by the class member. A class member who desires to comment but who fails to comply with the above objection procedure and timeline shall be deemed to have not objected and the objection shall not be heard or considered at the hearing.

7. At the conclusion of the notice period, the parties shall have ten days in which to file a response to the objections, if any, raised by class members, and for Plaintiffs to submit a proposed order for approval of the Fee Accord and Plaintiffs' motion for attorneys' fees and costs in compliance with Federal Rules of Civil Procedure 23(h) and 52(a). The Motion is noticed for hearing fourteen days from the date the parties file any further briefing addressing class members' objections, with the intention of holding that date for addressing objections and determining approval. The parties have agreed to forego a post-notice approval hearing, unless the Court determines that one is required.

8. Payment shall be made within ten business days following entry of the Court's order approving the Fee Accord.

**IT IS SO ORDERED.**

Dated: \_\_July 1_____, 2016

_____
The Honorable Claudia Wilken
United States District Court Judge

4