UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BROWN, et al.,<br><br>    Defendants. | Case No. 09-cv-05796-CW (NJV)<br><br>**ORDER RE MOTION TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 553 |

On June 7, 2016, Plaintiffs filed a motion seeking an order compelling CDCR to: (1) conduct DRB reviews within 60 days for all prisoners who were initially referred to the DRB under Paragraph 27 more than 100 days before the court's order, and within 2 weeks of the Court's order, create and share with Plaintiffs and the court a plan to ensure that all remaining reviews of prisoners referred to the DRB under Paragraph 27 be completed within 100 days of the Court's order, and that all future DRB reviews be completed within 100 days of DRB referral; and (2) transfer all debriefers to nonsegregated housing or, in the alternative, afford them RCGP privileges, within thirty days. (Doc. 553.) Defendants filed an opposition on June 21, 2016, and Plaintiffs filed a reply on June 28, 2016. (Docs. 570, 576.) The matter was heard on July 12, 2016. (Doc. 582.) The court took the matter under submission and ordered Defense Counsel to provide statistics to the court and to opposing counsel at their next meeting. *Id*.

At the meeting with the court on July 20, 2016, Defense Counsel provided the court and Plaintiffs' Counsel with the required statistics in the form of copies of a document entitled, "Security Threat Group Institution Classification Committee Results as of July 18, 2016." Defense Counsel also provided copies of a CDCR document entitled, "Streamline of the Security Threat Group Debrief Process." The court ordered Defense Counsel to provide Plaintiffs' counsel by August 1, 2016, with a list prioritized by segregation placement date of 90 men with the new

privileges.  (Doc. 591.)  The court also ordered Defense Counsel to provide Plaintiffs' Counsel on a monthly basis with an updated snapshot of data regarding segregated populations.  *Id.*

Pursuant to Paragraph 27 of the Settlement Agreement, "[i]f the Institutional Classification Committee refers a case to the Departmental Review Board pursuant to this Paragraph, the Departmental Review Board shall prioritize these case reviews and expeditiously conduct the hearing and render its placement decision."  After reviewing the information provided by Defense Counsel, the court finds that Defendants' substantial compliance with the requirements of Paragraph 27 makes it unnecessary to implement Plaintiffs' request for imposition of specific timetables.

Pursuant to Paragraph 25 of the Settlement Agreement, "[i]f an inmate has not been found guilty of a SHU-eligible rule violation with a proven STG nexus within the last 24 months, he shall be released from the SHU and transferred to a General Population level IV 180-design facility, or other general population institution consistent with his case factors."  Plaintiffs contend that the CDCR's practice of retaining debriefers in the SHU during Phase I of the debriefing process is a violation of this provision.  Defendants allege that the CDCR is currently moving debriefing inmates from the SHU to protective segregated housing while providing them non-disciplinary segregation status, which allows them enhanced visitation and programming opportunities.  As has been discussed at the meetings between counsel and the court, this is a fluid situation, with the CDCR moving debriefing inmates to successively less restrictive housing, which comes with increased privileges.  The court continues to work with counsel to address the Eighth Amendment and safety concerns regarding both the inmates and the institutional staff, and under the realities of managing this unique segment of the prison population, finds that Defendants have substantial complied with the requirements of Paragraph 25.

Accordingly, for the reasons discussed above, Plaintiffs' Motion to Compel Compliance is HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: August 3, 2016

                                                NANDOR J. VADAS
                                                United States Magistrate Judge