IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER et al., | No. C 09-05796 CW |
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION FOR DE NOVO REVIEW OF RETENTION OF FOUR CLASS MEMBERS IN SHU AND SEALING MOTIONS |
| v. | |
| GOVERNOR OF THE STATE OF CALIFORNIA et al., | |
| Defendants. | |
| _____/ | (DOCKET NOS. 589, 590, 610, 620, 624 626) |

Plaintiffs Todd Ashker et al. move for a de novo determination of a matter the parties agreed would be decided by Magistrate Judge Vadas and reviewed by this Court under 28 U.S.C. § 636(b)(1)(B) regarding the retention of four class members in the Security Housing Unit (SHU) (Docket No. 590). Plaintiffs also move to file under seal portions of, and exhibits attached to, that motion (Docket No. 589), Plaintiffs' reply (Docket No. 620) and Plaintiffs' supplemental brief (Docket No. 626). Defendants the Governor of the State of California et al. oppose the motion regarding the four class members. Defendants also move to file under seal documents supporting Defendants' Consolidated Opposition to Plaintiffs' Motions for De Novo Determination of Dispositive Matters (Docket No. 610) and a transcript attached to their supplemental brief (Docket No. 624). As discussed below, the Court GRANTS the parties' motions to seal (Docket Nos. 589, 620, 626, 610, 624), DENIES Plaintiffs' request for an evidentiary hearing before this Court and RECOMMITS Plaintiffs' motion to

Judge Vadas to consider the parties' new information and arguments (Docket No. 590).

I.   Motions to Seal

    a. Legal Standard

Pursuant to Civil Local Rule 79-5, a party seeking to file a document under seal must establish that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Id.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

"Two standards generally govern motions to seal documents like the one at issue here. First, a 'compelling reasons' standard applies to most judicial records." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2010) (footnote omitted). Resolving "a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Kamakana, 447 F.3d at 1179 (citation omitted). For this standard, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and

2

the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (brackets, quotation marks and citations omitted).

"On the other hand, records attached to motions that are only 'tangentially related to the merits of a case' are not subject to the strong presumption of access." Thomas v. Magnachip Semiconductor Corp., 2016 WL 3879193, at *7 (N.D. Cal.) (quoting Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016)); see also Ctr. for Auto Safety, 809 F.3d at 1098 ("Most litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access."). "Under this exception, a party need only satisfy the less exacting 'good cause' standard." Ctr. for Auto Safety, 809 F.3d at 1097. As Rule 26(c) states, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

b. Application to Pending Motions to Seal

Plaintiffs appear to base their sealing motions on Defendants' designations of the materials at issue as highly confidential under a protective order in this case because they "contain[] highly confidential information relating to inmate disciplinary proceedings that Defendants claim would harm institutional safety and security." Docket No. 589-1, Declaration of Carmen E. Bremer in Support of Plaintiffs' Administrative Motion to File Under Seal ¶¶ 2-8. Civil Local Rule 79-5(e)(1) provides, "Within 4 days of the filing of the Administrative

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Defendants have not filed declarations establishing that all of the designated material is sealable.

Whereas Plaintiffs seek to apply the "good cause" standard because the material at issue is attached to a non-dispositive motion, see, e.g., Docket No. 620-1, Bremer Dec. ¶ 2, and Defendants' motions do not clearly articulate a standard, Defendants' proposed orders would find "compelling reasons to file the information [in relation to their Opposition filings] under seal," Docket No. 610-4 Proposed Order Granting Defendants' Motion to File Under Seal; Docket No. 624-2 Proposed Order Granting Defendants' Motion to File Transcript Under Seal.

The Court GRANTS the parties' motions to seal and need not decide whether the "good cause" or "compelling reasons" standard applies because the materials at issue are sealable under either. Publicly revealing any information about the rule violation reports and hearings would lead to individual safety and institutional security concerns.

II. Motion for De Novo Review of Retention of Four Class Members in the SHU

a. Background

On January 20, 2015, CDCR began investigating an alleged conspiracy to murder a named prisoner. Plaintiffs' Motion at 1. The investigation relied, in part, on notes between prisoners that CDCR found between January and April 2015. Id.

4

In September 2015, CDCR issued rule violation reports (RVRs) to six individuals (Antonio Guillen, George Franco, Rudolpho Miramontes, Donald Moran, Samuel Luna and Matt Rocha) for conspiracy to murder the named prisoner.  At that time, the six individuals were serving indeterminate terms in the Pelican Bay SHU because CDCR had "validated" them as "affiliates" of a Security Threat Group (STG).  Plaintiffs' Motion at 1.  Franco had spent nearly twenty-five years in solitary confinement; Moran had spent more than twenty-one years in solitary confinement; Guillen had spent more than sixteen years in solitary confinement; and Luna had spent nearly eighteen years in solitary confinement. Plaintiffs' Motion at 2 n.1.

Paragraph 25 of the Settlement Agreement states in part:

> If an inmate has not been found guilty of a SHU-eligible rule violation with a proven STG nexus within the last 24 months, he shall be released from the SHU and transferred to a General Population level IV 180-design facility, or other general population institution consistent with his case factors.

Settlement Agreement ¶ 25.  Paragraph 34 states in part:

> CDCR shall adhere to the standards for the consideration of and reliance on confidential information set forth in Title 15 of the California Code of Regulations, section 3321.  To ensure that the confidential information used against inmates is accurate, CDCR shall develop and implement appropriate training for impacted staff members who make administrative determinations based on confidential information as part of their assigned duties, consistent with the general training provisions set forth in Paragraph 35.

Settlement Agreement ¶ 34.

At hearings on the alleged rule violations in October and November 2015, CDCR found each of the six individuals guilty of conspiracy to commit murder.  Plaintiffs' Motion at 2.  Later, an associate warden reversed the guilty finding as to Rocha for lack

5

of evidence. Id.  CDCR submitted each case to the Del Norte County District Attorney's Office; the office later declined to pursue criminal charges. Id.

In January 2016, Plaintiffs' counsel requested a copy of the confidential file used in these disciplinary hearings, to which Defendants objected. Plaintiffs' Motion at 2.  Judge Vadas reviewed the file in camera. Id.

On February 1, 2016, Plaintiffs' counsel wrote to Judge Vadas that these hearings involved violations of paragraph 34 of the Settlement Agreement and state law regulations, and again sought a copy of the confidential file. Plaintiffs' Motion at 2.

On March 21, 2016, CDCR indicated to Judge Vadas that it was withdrawing the five remaining RVRs, planned to reissue the RVRs, and planned to hold another set of hearings on the reissued RVRs. Plaintiffs' Motion at 2.  Separately, Judge Vadas ordered that Defendants provide Plaintiffs a redacted copy of the confidential file. Id.

On May 10, 2016, Plaintiffs filed a motion before Judge Vadas to enjoin CDCR from continuing to hold the five prisoners in the SHU.  Paragraph 53 of the Settlement Agreement states in part:

> If Plaintiffs contend that CDCR has not substantially complied with any other terms of this Agreement that do not amount to current, ongoing, systemic violations as alleged in the Second Amended Complaint or Supplemental Complaint of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment of the United States Constitution, they may seek enforcement by order of this Court. . . .  If the parties are unable to resolve the issue informally, Plaintiffs may seek enforcement of the Agreement by seeking an order upon noticed motion before Magistrate Judge Vadas.  It shall be Plaintiffs' burden in making such a motion to demonstrate by a preponderance of the evidence that Defendants have not substantially complied with the terms of the Agreement. Defendants shall have an opportunity to respond to any

6

>such evidence presented to the Court and to present their own evidence in opposition to Plaintiffs' motion. If Plaintiffs satisfy their burden of proof by demonstrating substantial noncompliance with the Agreement's terms by a preponderance of the evidence, then Magistrate Judge Vadas may issue an order to achieve substantial compliance with the Agreement's terms. An order issued by Magistrate Judge Vadas under this Paragraph is subject to review under 28 U.S.C. § 636(b)(1)(B).

Settlement Agreement ¶ 53.

In late May 2016, CDCR reissued RVRs against Franco, Moran, Luna and Guillen for conspiracy to murder the named prisoner. Plaintiffs' Motion at 4. CDCR indicated that it would not reissue an RVR against Miramontes. Id. at 4 n.4. In addition to the confidential file CDCR previously had provided to Plaintiffs' counsel, these RVRs included "new [Confidential Disclosure Forms (CDC 1030s)] disclosing more of the confidential information relevant to the charges." Id. at 4.

On June 10, 2016, Judge Vadas heard argument on Plaintiffs' motion. Judge Vadas determined as a threshold jurisdictional matter that, under paragraphs 49 and 53, "this is the exact issue that should be brought to [Judge Vadas] for determination. It focuses on the length of time that some of the remaining . . . plaintiffs . . . have in the SHU and when and how they're going to be removed from the SHU." Transcript of June 10, 2016 Hearing at 45.

Initially, Judge Vadas explained that CDCR did not violate the relevant provisions of the Settlement Agreement, but "[could not] say any more because that portion is under seal." Id. at 46–47. After Plaintiffs' counsel expressed concern that Judge Vadas was ruling on the basis of information that CDCR had not provided to Plaintiffs' counsel, Judge Vadas explained that he in fact

7

relied only on the relevant information CDCR had provided to Plaintiffs' counsel. See id. at 49.

In an unsealed portion of the transcript, Judge Vadas stated:

> I find that given what I have heard, especially in light of the fact that a new hearing is being conducted regarding this matter, that the defendants remain in substantial compliance with the terms of the agreement and I'm going to deny counsel's motion to enjoin CDCR from continuing to retain the five prisoners in the SHU until the Department has reviewed the information another time.

Transcript of June 10, 2016 Hearing at 60.

Separately, regarding Plaintiffs' argument that Defendants failed to provide to the four class members the evidence on which Defendants relied in reissuing RVRs, Judge Vadas ordered Defendants to provide new Confidential Disclosure Forms (CDC 1030s) and reissued RVRs to Plaintiffs no later than June 17. Transcript of June 10, 2016 Hearing at 58-59.

On June 24, 2016, CDCR provided the four class members additional Confidential Disclosure Forms, which referred to evidence CDCR had discovered earlier that month. Plaintiffs' Motion at 4.

CDCR held another set of hearings for each of the four class members and each reissued RVR, resulting in a finding of guilt for each one. See Plaintiffs' Motion at 5.

b. Standard of Review

This Court reviews de novo Magistrate Judge Vadas's decision. Settlement Agreement ¶ 53 ("An order issued by Magistrate Judge Vadas under this Paragraph is subject to review under 28 U.S.C. § 636(b)(1)(B)."). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made

8

by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### c. Substantial Compliance

The Court understands Plaintiffs to seek to "demonstrate by a preponderance of the evidence that Defendants have not substantially complied with the terms of the Agreement." Settlement Agreement ¶ 53. As Plaintiffs argue, "substantial compliance" means more than "taking significant steps toward compliance . . . ." Rouser v. White, 825 F.3d 1076, 1082 (9th Cir. 2016). "[I]n California a party is deemed to have substantially complied with an obligation only where any deviation is 'unintentional and so minor or trivial as not substantially to defeat the object which the parties intend to accomplish.'" Id. (quoting Wells Benz, Inc. v. United States, 333 F.2d 89, 92 (9th Cir. 1964) (citation and some quotation marks omitted)). "This standard doesn't require perfection. . . . Deviations are permitted so long as they don't defeat the object of the decree." Id. (citation omitted). The Court also considers whether Defendants have complied with each term of the Agreement. See id. at 1081 ("Like terms in a contract, distinct provisions of consent decrees are independent obligations, each of which must be satisfied before there can be a finding of substantial compliance.").

### d. Discussion

#### i. Jurisdiction and Alternative Forms of Relief

Defendants, as a threshold matter, contend that Plaintiffs' motion circumvents the usual process for prisoners to challenge

9

disciplinary findings: petitions for writs of habeas corpus or civil rights suits filed under 42 U.S.C. § 1983. Defendants' Opposition at 7-8. Defendants also argue that paragraph 53 of the Settlement Agreement does not support Plaintiffs' position and that Plaintiffs do not address paragraph 51—"The parties shall agree on a mechanism by which CDCR shall promptly respond to concerns raised by Plaintiffs' counsel regarding individual class members." Defendants' Opposition at 8 n.4.

The Court, however, must determine whether Plaintiffs demonstrate that Defendants are not in substantial compliance with the terms of the Settlement Agreement, including paragraph 25's limitations on when and how Defendants may place an inmate in the SHU on the basis of a SHU-eligible rule violation determination. See Settlement Agreement ¶ 25. Judge Vadas determined that review is appropriate under paragraphs 49 and 53. See Transcript of June 10, 2016 Hearing at 45. The existence of alternative processes to challenge disciplinary findings does not preclude this review. Nor does the parties' failure to agree to a mechanism through which Defendants could respond to class members' concerns pursuant to paragraph 51 preclude review of Plaintiffs' motion. Thus, the Court considers Plaintiffs' motion.

      ii. Mootness, Ripeness and Evidence before Judge Vadas

Plaintiffs argue that procedural due process was denied when CDCR denied the four class members relevant, favorable and potentially exculpatory evidence without providing sufficient reason for doing so. See Zimmerlee v. Keeney, 831 F.2d 183, 186-88 (9th Cir. 1987); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003); Cal. Code Regs. tit. 15, § 3321(b)(3). In turn, Plaintiffs

10

seek a declaration that both sets of RVRs "violate CDCR's regulations on the use of confidential information, the Settlement Agreement and constitutional due process protections." Plaintiffs' Motion at 5-6.  Defendants counter that any claims relating to the initial RVRs are moot now that CDCR has reissued and reheard each RVR.  Plaintiffs respond that Defendants voluntarily reissued the RVRs, but have not cured the procedural due process issues.  Plaintiffs' Reply at 4.  If Defendants' actions did not correct earlier procedural due process violations, then Plaintiffs' claims would not be moot.  Thus, the Court must consider whether there remain uncorrected procedural due process violations.

To the extent that Plaintiffs allege violations of Settlement Agreement paragraph 34 arising from CDCR's use of confidential information in reissuing and rehearing the RVRs, Defendants argue that Plaintiffs failed to present this issue to Judge Vadas and, thus, failed to comply with the Settlement Agreement's dispute resolution procedures.  <u>See</u> Settlement Agreement ¶¶ 48-50, 52-53. Plaintiffs respond that the Court must review the new RVRs to determine whether Defendants have cured procedural due process violations and so, as a practical matter, must review the new RVRs that Judge Vadas has not reviewed to rule on this motion. Plaintiffs' Reply at 5.  Plaintiffs explain that they did not present the new RVRs to Judge Vadas before the June 10, 2016 hearing only because Defendants delayed reissuing those RVRs until May 31, 2016, and did not produce them to Plaintiffs' counsel until after the June 10 hearing.  Plaintiffs point out that Defendants would have this Court review Judge Vadas's ruling on

11

sufficiency of the evidence, but not review his ruling on procedural due process violations, without providing meaningful reason to distinguish between the two.  Plaintiffs' Reply at 6. Plaintiffs then note that Defendants make no argument against the merits of Plaintiffs' position on procedural issues.  Plaintiffs' Reply at 6-7.

Regarding the evidentiary basis for each rule violation, Plaintiffs acknowledge that CDCR relied on information from a new confidential informant when it reissued and reheard the RVRs, but argue that there are contradictions in the record arising from the new information and reliability concerns regarding that information.  Plaintiffs seek a ruling for the release of the four class members from solitary confinement or, in the alternative, an evidentiary hearing regarding the new information.  Defendants counter that Plaintiffs, in effect, ask this Court to reweigh the evidence on which CDCR relied in reaching its rule violation determinations.

Finally, Plaintiffs argue that CDCR has violated state regulations regarding time bars for issuing RVRs and that "the timing of the old and new RVRs suggests that CDCR is misusing the disciplinary process to maintain the alleged co-conspirators in SHU without justification."  Plaintiffs' Motion at 19.  See Cal. Code Regs. tit. 15, § 3320(a).

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

The Court DENIES Plaintiffs' request for an evidentiary hearing and RECOMMITS this motion to Judge Vadas to review the new evidence and the parties' arguments. The process envisioned in the Settlement Agreement and Judge Vadas's experience and expertise cut in favor of referring the matter to Judge Vadas to decide the issues in the first instance.

III. Conclusion

The Court GRANTS the parties' motions to seal (Docket Nos. 589, 620, 626, 610, 624), DENIES Plaintiffs' request for an evidentiary hearing before this Court and RECOMMITS Plaintiffs' motion to Judge Vadas to consider the new evidence and the parties' arguments (Docket No. 590).

IT IS SO ORDERED.

Dated: September 6, 2016

CLAUDIA WILKEN
United States District Judge

13