IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER et al., | No. C 09-05796 CW |
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION FOR DE NOVO REVIEW OF MAGISTRATE JUDGE'S RULING ON RECRUITMENT OFFENSE |
| v. | |
| GOVERNOR OF THE STATE OF CALIFORNIA et al., | |
| Defendants. | (DOCKET NO. 588) |

Plaintiffs Todd Ashker et al. move for a de novo determination of a matter decided by Magistrate Judge Vadas. In their Settlement Agreement, the parties agreed that matters decided by Judge Vadas would be reviewed by this Court under 28 U.S.C. § 636(b)(1)(B) (Docket No. 588). At issue here is the interpretation of a "recruitment offense." Defendants the Governor of the State of California et al. filed an opposition, and each party filed supplemental briefing after an August 17, 2016 status conference before Judge Vadas. The Court DENIES Plaintiffs relief and AFFIRMS Judge Vadas's ruling.

BACKGROUND

Pursuant to the Settlement Agreement, the California Department of Corrections and Rehabilitation (CDCR) "shall not place inmates into a SHU, Administrative Segregation, or Step Down Program solely on the basis of their validation status." Settlement Agreement ¶ 13. Attachment B to the Settlement Agreement is a "SHU Term Assessment Chart" that lists types of misconduct for which a prisoner could be placed in a SHU. Offense

(9) on that chart is "STG Disruptive Behavior."  Offense (9)(A) and (B) are defined as follows:

> (9) STG Disruptive Behavior:
> (A) Acting in a leadership role by directing or controlling STG behavior that is a behavior listed in this SHU Assessment Chart.
> (B) Recruiting inmates to become an STG affiliate, or to take part in STG activities that is a behavior listed in this SHU Assessment Chart.

Settlement Agreement, Attachment B, SHU Term Assessment Chart.

On December 21, 2015, in a letter brief to Judge Vadas, Plaintiffs claimed ambiguity in the text of Offense (9)(B).  See Docket No. 576-2, Ex. B, 12/21/2015 Letter Brief at 10-14.  A week later, Judge Vadas held one of the regular status conferences required by paragraph 49 of the Settlement Agreement.  Present were Plaintiffs' counsel, counsel from CDCR's Office of Legal Affairs, counsel from the California Attorney General's office and Sandra Alfaro, CDCR's Associate Director of High Security Mission for the Division of Adult Institutions.  See Declaration of Carmen E. Bremer in Support of Motion regarding Interpretation of Recruitment Offense ¶ 2.  The minutes from that conference state:

> **Interpretation of SHU-eligible offense 9(B):** The parties agreed that CDCR will formulate by no later than March 28, 2016 a policy concerning the recruitment SHU-eligible offense under 9(B) that incorporates a coercive element.

Docket No. 513-2, Minutes of December 28, 2015 status conference ¶ I.d.

On March 28, 2016, Defendants' counsel emailed Plaintiffs' counsel to indicate that Defendants "are unable to revise section 9b of Attachment B to the SHU Term Assessment Chart to include a 'coercive' component."  Bremer Dec., Ex. C.  Plaintiffs then moved for enforcement of the December 28 agreement, which Judge Vadas

2

denied at the June 10 hearing that is the subject of this motion. See Transcript of June 10, 2016 Hearing at 36.

The parties dispute whether the December agreement modified the Settlement Agreement. See Settlement Agreement ¶ 59 (defining modification). Defendants first argued that Judge Vadas did not have jurisdiction under the Settlement Agreement to rule on Plaintiff's motion. Judge Vadas "absolutely disagree[d] with defense counsel" as to whether the Court could rule on Plaintiffs' motion. Id. at 34. He explained, "Under [paragraphs 49 and 53], I have not only the right but the obligation to hear these matters and to rule on" the impact of the December 2015 agreement. Id. at 34. Judge Vadas noted that he was "troubled" by the circumstances, noting, "Clearly, the parties agreed to negotiate this issue on December 28, 2015. And the clear language of B indicates that there was an oral agreement to do so." Transcript of June 10, 2016 Hearing at 33-34.

Nonetheless, Judge Vadas decided that the December 2015 agreement did not constitute a written modification as the Settlement Agreement requires for modifications to be binding. Id. at 35-36; see also id. at 36 ("And so what I consider to be somewhat of a technicality, given the nature of how we've been proceeding, I must deny your motion.").

After Judge Vadas denied Plaintiffs' motion to enforce the December agreement, Plaintiffs suggested that Judge Vadas issue an order "indicating . . . that 9B is to be interpreted consistent with our understanding of it . . . ." Id. at 37. Judge Vadas responded by stating in part that "no court . . . should make

3

advisory opinions. I'll rule on the motions that are before me." Id.

## LEGAL STANDARD

The parties agreed that this Court would review de novo Magistrate Judge Vadas's decisions. Settlement Agreement ¶ 53 ("An order issued by Magistrate Judge Vadas under this Paragraph is subject to review under 28 U.S.C. § 636(b)(1)(B)"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Magistrate Judge Vadas and this Court have jurisdiction to determine whether the December agreement qualifies as a modification under the Settlement Agreement. This Court agrees with Judge Vadas that it is not.

### I. Modification of the Settlement Agreement

Plaintiffs argue that the December 2015 agreement is enforceable as a written modification of the Settlement Agreement. See Plaintiffs' Motion at 14. Any modification to the terms of the Settlement Agreement "must be in writing and signed by a CDCR representative and attorneys for Plaintiffs and Defendants to be effective or enforceable." Settlement Agreement ¶ 59. Plaintiffs acknowledge that no CDCR representative signed the agreement, but first argue that it was written and that Defendants' counsel agreed to it via email, sufficing for a writing and signature. Plaintiffs also assert that no CDCR representative needed to sign the writing because "the parties' course of conduct constitutes

4

waiver of the requirement that both CDCR's attorney and its representative sign any modification of the agreement."  Id. Plaintiffs do not point to actions or evidence beyond the December minutes and emails themselves to support this waiver argument. Because the writing was signed by Defendants' counsel, but not a non-attorney representative of CDCR, it is not in compliance with the Settlement Agreement.  Thus, the December 2015 agreement is not enforceable.

   II.   Substantial Compliance

      Plaintiffs next argue that the Court should adopt their interpretation of (9)(B), to avoid substantial noncompliance with the Settlement Agreement.

      Paragraph 53 of the Settlement Agreement states:

> If Plaintiffs contend that CDCR has not substantially complied with any other terms of this Agreement that do not amount to current, ongoing, systemic violations as alleged in the Second Amended Complaint or Supplemental Complaint of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, . . . they may seek enforcement by order of this Court

Settlement Agreement ¶ 53.  Under this provision:

> If the parties are unable to resolve the issue informally, Plaintiffs may seek enforcement of the Agreement by seeking an order upon noticed motion before Magistrate Judge Vadas.  It shall be Plaintiffs' burden in making such a motion to demonstrate by a preponderance of the evidence that Defendants have not substantially complied with the terms of the Agreement. . . .  If Plaintiffs satisfy their burden of proof by demonstrating substantial noncompliance with the Agreement's terms by a preponderance of the evidence, then Magistrate Judge Vadas may issue an order to achieve substantial compliance with the Agreement's terms.

Id.

      Substantial compliance means more than "taking significant steps toward compliance . . . ."  Rouser v. White, 825 F.3d 1076,

5

1082 (9th Cir. 2016). Defendants must comply with each term of the Agreement. See id. at 1081 ("Like terms in a contract, distinct provisions of consent decrees are independent obligations, each of which must be satisfied before there can be a finding of substantial compliance."); Plaintiffs' Reply at 2-3.

Plaintiffs appear to argue that Defendants' failure to interpret Offense (9)(B) to require recruitment accompanied by another offense constitutes a failure to comply with a term of the Settlement Agreement. Plaintiffs contend that the phrase "that is a behavior listed in this SHU Assessment Chart" must correspond "not only 'to take part in STG activities,' but also '[r]ecruiting inmates to become an STG affiliate,' . . . ." Plaintiffs' Motion at 15. However, Offense (9)(B) is clear; recruitment alone may satisfy Offense (9)(B). That Defendants issued a rule violation charge to a prisoner on the basis of "gang recruitment" without an allegation of "other SHU-eligible misconduct" or coercion does not render Defendants noncompliant with the Settlement Agreement. Thus, Plaintiffs do not make a showing of substantial noncompliance that would warrant an order under Paragraph 53.

No term of the Settlement Agreement authorizes the Court to interpret the Agreement outside the context of a showing of substantial noncompliance. The Court agrees with Judge Vadas that to do so would be an advisory opinion. Absent noncompliance, the Settlement Agreement does not warrant such an order.

CONCLUSION

For the reasons above, the Court reviews Magistrate Judge Vadas's order de novo, DENIES Plaintiffs' request to reverse it (Docket No. 588) and AFFIRMS Magistrate Judge Vadas's order.

IT IS SO ORDERED.

Dated: September 14, 2016



CLAUDIA WILKEN
United States District Judge