UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| TODD ASHKER, et al.,<br><br>            Plaintiffs,<br><br>        v.<br><br>MATHEW CATE, et al.,<br><br>            Defendants. | Case No.  09-cv-05796-CW  (NJV)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER**<br><br>Re: Dkt. No. 590 |

On July 21, 2016, Plaintiffs filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge Regarding Retention of Four Class Members in SHU before the Honorable Claudia Wilken. (Doc. 590.) On September 16, 2016, District Judge Wilken issued an order in which she denied Plaintiffs' request for an evidentiary hearing and recommitted Plaintiffs' motion to the undersigned "to consider the new evidence and the parties' arguments." (Doc. 632, 13:11-12.) The undersigned held a hearing on the matter on December 7, 2016, (Doc. 643), and then ordered supplemental briefing by the parties.  (Doc. 656.)  The court has now received that supplemental briefing.

The procedural history leading to the issuance of the order requiring supplemental briefing is set forth in the order requiring that briefing and will not be repeated in full here. Particularly pertinent, however, is the following.

On May 10, 2016, Plaintiffs filed a Motion to Enjoin CDCR from Continuing to Retain Five Prisoners in SHU. (Doc. 524.). Plaintiffs contended: (1) there was no evidence of a conspiracy to murder, (2) CDCR failed to adequately disclose to the alleged co-conspirators the confidential information on which the RVRs were based, and (3) the RVRs were untimely under

United States District Court
Northern District of California

1  CDCR regulations. Plaintiffs sought to alleviate the conditions of solitary confinement of the five

2  alleged co-conspirators. Defendants opposed the Motion, arguing: (1) the Settlement Agreement

3  does not allow Plaintiffs to challenge the legitimacy of an RVR which results in retaining a class

4  member in the SHU, (2) any due process violations in the original RVRs were moot, and

5  (3) the alleged co-conspirators were not entitled to any relief from their conditions in solitary

6  confinement. (Doc. 536.)

7  　　On May 31, 2016, three weeks after Plaintiffs had filed their Motion, CDCR reissued the

8  RVRs based on the same conspiracy to murder. The new RVRs were issued to only four of the

9  inmates, because the CDCR decided to withdraw the RVR as to one inmate. The newly reissued

10  RVRs were based on the same confidential record previously provided to Plaintiffs' Counsel, but

11  were accompanied by new CDC 1030 forms disclosing more of the confidential information

12  relevant to the charges. *See* Bremer Decl., Ex. 3.

13  　　Plaintiffs' Motion was heard before the court on June 10, 2016. (Doc. 560.) The court

14  found that it had jurisdiction under paragraphs 49 and 53 of the Settlement Agreement to

15  determine whether the four men were being retained in SHU pursuant to an illegitimate RVR.

16  (Doc. 573, 45:1-12.) The court declined to review the alleged procedural errors in the first set of

17  RVRs, in light of CDCR's representation that new RVRs had been issued, and would be heard.

18  (*Id*. at 73:11-12.)

19  　　On June 24, 2016, some three weeks after the reissuance of the RVRs, CDCR served the

20  prisoners with another new confidential disclosure form purporting to summarize new evidence

21  discovered in June of 2016. *See* Bremer Decl., Ex. 3. The new evidence was in the form of

22  testimony by a confidential informant.

23  　　On July 21, 2016, Plaintiffs filed the Motion for De Novo Determination of Dispositive

24  Matter Referred to Magistrate Judge Regarding Retention of Four Class Members in SHU which

25  is now before the undersigned. (Doc. 590.)

26  　　In a letter dated November 28, 2016, Defense Counsel informed the court that the four men

27  in question had been transferred from Corcoran SHU to Restricted Custody General Population

28  ("RCGP").

United States District Court
Northern District of California

1

## THE SETTLEMENT AGREEMENT

Paragraph 25 of the Settlement Agreement of the Settlement Agreement requires CDCR to "review the cases of all validated inmates who are currently in the SHU as a result of . . . an indeterminate term. If an inmate has not been found guilty of a SHU-eligible rule violation with a proven STG nexus within the last 24 months, he shall be released from the SHU and transferred to a General Population" prison.

Paragraph 53 of the Settlement Agreement is also applicable here, as the violations alleged are specific to particular Plaintiffs, and are not "systematic." Paragraph 53 provides as follows (emphasis added):

> 53. If Plaintiffs contend that CDCR has not substantially complied with any other terms of this Agreement that do not amount to current, ongoing, systemic violations as alleged in the Second Amended Complaint or Supplemental Complaint of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment of the United States Constitution, they may seek enforcement by order of this Court. Plaintiffs shall provide Defendants with a brief written description of the basis for that contention and may request that the parties meet and confer to resolve the issue. Defendants shall respond to Plaintiffs' contentions no later than 30 days after they receive Plaintiffs' written description of the issue. If the parties are unable to resolve the issue informally, Plaintiffs may seek enforcement of the Agreement by seeking an order upon noticed motion before Magistrate Judge Vadas. It shall be Plaintiffs' burden in making such a motion to demonstrate by a preponderance of the evidence that Defendants have not substantially complied with the terms of the Agreement. Defendants shall have an opportunity to respond to any such evidence presented to the Court and to present their own evidence in opposition to Plaintiffs' motion. If Plaintiffs satisfy their burden of proof by demonstrating substantial noncompliance with the Agreement's terms by a preponderance of the evidence, then Magistrate Judge Vadas may issue an order to achieve substantial compliance with the Agreement's terms. An order issued by Magistrate Judge Vadas under this Paragraph is subject to review under 28 U.S.C. § 636(b)(1)(B).

## DISCUSSION

In their Motion for De Novo Determination of Dispositive Matter, Plaintiffs present three major arguments:  (1) the new RVRs fail to correct the procedural violations; (2) there is no reliable evidence to support CDCR's conspiracy to commit murder charges, and (3) CDCR is misusing the prison disciplinary process to wrongfully retain the alleged co-conspirators in SHU.

//

1

**The New RVRs and Alleged Procedural Violations**

2      Plaintiffs contend that the co-conspirators must be provided copies of the notes they

3    allegedly wrote, along with the FBI's transcriptions of those notes.  They further contend that the

4    CDCR's confidential disclosures to the prisoners distort and omit relevant evidence.

5      Paragraph 34 of the Settlement Agreement provides in part that, "CDCR shall adhere to the

6    standards for the consideration of and reliance on confidential information set forth in Title 15 of

7    the California Code of Regulations, section 3321." Section 3321 provides that certain types of

8    information shall be classified as confidential, such as information, which if known to the inmate

9    would endanger the safety of any person.  15 C.C.R. Section 3321 (a)(1).  With respect to such

10   confidential information, CDCR shall provide to the inmate "as much of the information as can be

11   disclosed without identifying its source."  15 C.C.R. Section 3321(b)(3)(B).

12   Notes Attributed to Conspirators

13      As the court explained in its prior order:

14      Plaintiffs argue that while the new confidential disclosure forms set forth a significant
15      portion of the language CDCR relies on to find a conspiracy, the alleged co-conspirators
        still have not been provided copies of the relevant notes they are alleged to have written.
16      Section 3321 (and paragraph 34 of the Settlement Agreement), provides that certain types
        of information shall be classified as confidential, such as information, which if known to
17      the inmate would endanger the safety of any person. 15 C.C.R. § 3321(a)(1). With respect
        to such confidential information, CDCR is required to provide to the inmate "as much of
18      the information as can be disclosed without identifying its source." Section 3321(b)(3)(B).
        *See Young v. Kann*, 926 F.2d 1396, 100-02 (3rd Cir. 1991) (no security concern preventing
19      the production of the prisoner's own letter used against him). Plaintiffs reasonably argue
20      that without access to the notes on which the CDCR relied to find the existence of a
        conspiracy, and the FBI transcriptions of those notes, the alleged conspirators have no way
21      to challenge the accuracy of the CDCR's allegations as to what they said and what the
        notes mean. Interestingly, Plaintiffs note that the confidential informant told the CDCR
22      that it was mistaken as to the identity of the person identified by a code name in one of the
23      notes. Bremer Decl., Ex. 4 at RVRinCamera 0132.

24   (Doc. 656, 5:10-23.)

25      Defendants have responded to these issues in their Supplemental Brief. (Doc. 667-8.) In

26   regard to copies of the notes, and the FBI transcriptions of those notes, Defendants assert that

27   disclosure would reveal the processes used by correctional officers to investigate criminal

28   behavior within CDCR's institutions. They argue that if inmates affiliated with a prison gang are

United States District Court
Northern District of California

4

1    provided information regarding CDCR's investigative protocols and methods, they will adjust their

2    tactics to evade future investigation and detection. They further argue that the actual

3    communications themselves cannot be disclosed to the alleged authors of the notes because they

4    could use contextual information regarding each specific note, which law enforcement may not be

5    able to detect, to identify the inmate in whose possession the note was found or should have been

6    found.  This could lead to violent retribution against that inmate.

7            Plaintiffs disagree with Defendants' analysis of the issues surrounding the copies of the

8    notes, and the FBI transcriptions of those notes. The court has carefully considered Plaintiffs'

9    arguments, and finds that Plaintiffs' disagreement does not establish that CDCR failed to comply

10   with its responsibilities under 15 C.C.R. Section 3321.  Defendants have presented a rational

11   explanation for CDCR's decisions in regard to this material, and the court finds that Plaintiffs'

12   alternate view does not establish by a preponderance a violation of Paragraph 34 of the Settlement

13   Agreement.

14           Further, while the issue here is a violation of the Settlement Agreement, the CDCR's

15   responsibilities under 15 C.C.R. Section 3321 are refined and informed by case law addressing

16   due process concerns in this area.  *See generally, Wolff v. McDonnell*, 418 U.S. 539 (1974);

17   *Superintendent v. Hill*, 472 U.S. 445 (1985). Due process does not require prison officials to

18   release confidential materials to the inmate if institutional security concerns so dictate. *Wolff*, 418

19   U.S. at 568-69. Courts must defer to prison officials' determination that the release of information

20   would pose a threat to institutional security. *Stefanow v. McFadden*, 103 F.3d 1466, 1473 (9th Cir.

21   1996), superseded in other part by statute, *Navajo Nation v. U.S. Forest Service*, 479 F.3d

22   1024,1033 (9th Cir. 2007). In reviewing prison disciplinary proceedings, there is no requirement

23   that the evidence presented "logically preclude[] any conclusion but the one reached by the

24   disciplinary board." *Hill*, 472 U.S. at 457.

25   Distortion and Omission of Relevant Evidence from Confidential Disclosures

26           In the order requiring supplemental briefing, the court described Plaintiffs' claims in this

27   area as follows:

28               Plaintiffs allege that the new confidential disclosure reports misstate the
                 confidential information in significant ways. For example, they allege that the second

United States District Court
Northern District of California

5

confidential disclosure report attached to each RVR briefly describes an interview with a confidential informant ("CI") and in doing so, attributes a statement to the CI that does not appear in the underlying March 19,2015 confidential memo summarizing the interview with that CI. Bremer Decl., Ex. 4 at RVRInCamera 0211-0215. While the language in question does appear in a September 30, 2015 confidential memorandum detailing the investigation, Plaintiffs reasonably question how this later description of the interview could contain more information than contained in the original memo. Plaintiffs also contend that the new confidential disclosure reports describe a prisoner note in a materially different way than the note is described in the FBI's transcription of the note in the confidential file.

Plaintiffs allege that along with misstating or distorting certain evidence, the new confidential disclosure reports omit other important information altogether, citing four instances of such omission. For example, Plaintiffs allege that one Plaintiff's new confidential disclosure report identifies him as using a particular code name. Plaintiffs claim that is based on evidence in the September 30, 2015 confidential memorandum. Yet the confidential disclosure report fails to mention this memorandum, much less summarize the information therein. Without access to the information, Plaintiffs argue, it is impossible to challenge it.

(Doc. 656:5:25-6:14.) The court ordered Defendants to "specifically and directly address[] in detail each of Plaintiffs' allegations regarding procedural violations in the revised RVRs." *Id.* at 7:1-2.

Defendants have complied with the court's order and in their supplemental brief have addressed in detail each of Plaintiffs' allegations regarding procedural violations in the revised RVRs. The court has reviewed the evidence in question, and the parties' arguments regarding whether the revised RVRs misstate or omit evidence. After doing so, the court reaches the same conclusion that it did in regard to the notes attributed to the conspirators, *i.e.*, that Plaintiffs' disagreement does not establish that CDCR failed to comply with its responsibilities under 15 C.C.R. Section 3321.  Again, Defendants have presented a rational explanation for CDCR's decisions in regard to this material. Plaintiffs' alternate view does not establish by a preponderance a violation of Paragraph 34 of the Settlement Agreement.

**Evidence to Support CDCR's Conspiracy to Commit Murder Charge**

Plaintiffs contend that CDCR should be enjoined from continuing to hold the men in SHU confinement, because there is insufficient evidence to find them guilty of "conspiracy to commit murder with an STG nexus."[1] They respond to Defendants' arguments regarding the elements of a

---

[1] In their Supplemental Brief filed February 24, 2017, Plaintiffs argue that the court should order

United States District Court
Northern District of California

1    conspiracy in a prisoner disciplinary proceeding, and whether those elements were met in this

2    case. Plaintiffs also contend that there is a discrepancy between the rule violation charged and the

3    specific acts charged. Plaintiffs conclude that, "[u]nder Paragraph 25 of the Settlement Agreement,

4    the men have not been validly convicted of a SHU eligible offense within the last two years and

5    thus they must be transferred to a General Population prison immediately." Motion for De Novo

6    Determination, 19:5-7.

7         Any analysis of Plaintiffs' claims must proceed from the identification of the "terms of the

8    Agreement" with which they claim the CDCR has not substantially complied. After lengthy

9    consideration of this issue, the court must conclude that Plaintiffs are reading into Paragraph 25

10   language it does not contain. Nothing in Paragraph 25 creates a general remedy for an alleged

11   improper disciplinary finding which in turn affects the analysis of a SHU inmate's review.

12   Paragraph 53 provides a remedy for instances in which Plaintiffs can show by a preponderance of

13   the evidence that CDCR has not substantially complied with the terms of the Settlement

14   Agreement. But nothing in the Settlement Agreement creates a forum for addressing violations

15   which can occur in a disciplinary violation proceeding involving one of the class members.

16        Plaintiffs argue that the Settlement Agreement would be "meaningless" if the court has no

17   authority to review the CDCR's application of the exceptions to class members' right to be

18   released from solitary confinement. They argue that under the CDCR's own regulations,

19   disciplinary infractions must be proven by a preponderance of the evidence. They conclude that

20   the court therefore should review the CDCR's disciplinary decisions as to the four inmates in

21   question, using that standard. But nothing in the Settlement Agreement gives the court authority to

22   do so. While the court does have authority under Paragraph 53 to address the CDCR's failure to

23   substantially comply with the terms of the Settlement Agreement, those terms do not include

24   granting the court broad, general authority to review the CDCR's decisions regarding the status of

25   each individual class member. More specifically, nothing in the Settlement Agreement gives the

26   court authority to review disciplinary decisions by the CDCR using any standard, much less a

27

28   the alleged co-conspirators released to general population within seven days and order all good-
     time credit restored.

7

United States District Court
Northern District of California

1  heightened one based on its own internal procedures.  Theoretically, the parties could have

2  included such language in the Settlement Agreement. But they did not do so.

3      Because the Settlement Agreement does not contain a provision authorizing the court to

4  review CDCR disciplinary proceedings, the court concludes that it lacks authority in this

5  proceeding to address Plaintiffs' contention that there was insufficient evidence to find the four

6  class members guilty of conspiracy to commit murder.[2]  This, of course, does not deprive the four

7  men of a remedy. As Defendants have repeatedly reminded the parties and the court, a remedy for

8  constitutional violations in prison disciplinary proceedings exists in the form of a civil rights

9  action pursuant to 42 U.S.C. Section 1983.

10  **Timing of Reissued Rules Violations**

11      Plaintiffs contend that the new RVRs issued by the CDCR are time-barred. Plaintiffs state

12  correctly that CDCR's regulations require prompt issuance of RVRs after misconduct is identified.

13  *See* 15 CCR§ 3320(a) (prisoners to be provided with a CDC 115 notice of rule violation within 15

14  days from the date the information is discovered by staff); 15 CCR § 3320(a)(1) (CDCR may

15  delay issuance of a CDC 115 by an additional 30 days, for a total of 45 days, in certain limited

16  circumstances); § 3320 (a)(2) (another 45-day period allowed for re-issuance of a CDC 115 after

17  the date the chief disciplinary hearing officer orders rehearing)  As directed by the court,

18  Defendant CDCR has now addressed the timeliness of the revised RVRs in its Supplemental Brief.

19      As with the issue of the sufficiency of the evidence to support the disciplinary findings, the

20  court finds no language in the Settlement Agreement giving it authority to enforce CDCR

21  regulations regarding the issuance of rule violation reports.  The court cannot assert authority it

22  does not have and therefore will not address this issue.

23                          **CONCLUSION**

24      Based on the foregoing, the court concludes that Plaintiffs have not met their burden of

25  demonstrating by a preponderance that Defendants have not substantially complied with the terms

26  of the Settlement Agreement. The court reiterates that while it is limited to the four corners of the

27  _____

28  [2] To the extent that the court previously ruled on this issue in regard to the first RVRs, the court withdraws that decision.

Settlement Agreement when considering Plaintiffs' claims, other avenues are available to Plaintiffs to challenge the Constitutional violations they allege. The court respects the zealous advocacy by counsel on both sides of this case, and once again congratulates all parties in first reaching the settlement in this case, and then continuing to work together to address complex and difficult issues in implementing it.

Plaintiffs' Motion is HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: March 20, 2017

_____

NANDOR J. VADAS
United States Magistrate Judge