1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

TODD ASHKER, et al.,

             Plaintiffs,

    v.

MATHEW CATE, et al.,

             Defendants.

Case No. 09-cv-05796-CW (NJV)

**ORDER RE MOTION TO COMPEL PRODUCTION OF DISCOVERY DOCUMENTS**

Re: Dkt. No. 702

Pending before the court is Plaintiffs' Motion to Compel Production of Disciplinary Documents. (Doc. 702.) The matter is fully briefed and the court took the matter under submission on the papers on August 15, 2017. (Doc. 778.) The court has reviewed the parties' arguments and for the reasons explained below, the court will deny Plaintiffs' Motion.

**Production under Paragraph 37(h) without Regard to Gang Validation**

The Settlement Agreement reached in this case provides that for a period of twenty-four months, CDCR will provide Plaintiffs' counsel certain data and documentation to allow Plaintiffs to monitor Defendants' compliance with the terms of the Settlement Agreement. In the present motion, Plaintiffs address data and documentation concerning "all inmates found guilty of a SHU-eligible offense with a nexus to an STG." Settlement Agreement, ¶ 37(h). The issue is whether this language applies only to gang-validated prisoners. Plaintiffs' claim that it does not, arguing that they cannot adequately monitor CDCR's compliance with the Settlement Agreement, a fundamental tenet of which is that only prisoners found guilty of SHU-eligible offenses are placed in SHU, if SHU-eligible disciplinary violations are reported only for gang-validated prisoners while CDCR withholds information about non-gang-validated prisoners convicted of the same STG-nexus offenses.

Paragraph 37(h) of the Settlement Agreement provides as follows:
The following documents shall be produced on a quarterly basis regarding all inmates found guilty of a SHU-eligible offense with a nexus to an STG: (i) STG Unit Classification Committee validation determinations; and (ii) the decision of the hearing officer to find the inmate guilty of a SHU-eligible offense. Defendants shall also produce on a quarterly basis a randomly chosen representative sample of the documents relied upon for the validation determinations and RVR decisions for these inmates, including redacted confidential information. The number of representative samples shall be sufficient to demonstrate CDCR's practice and procedure, but shall be reasonable in amount such that compliance with this request is not overly burdensome.

This case concerns Defendants' management and housing of prison-gang affiliates. Plaintiffs' Motion seeks documents for every CDCR inmate found guilty of a disciplinary offense with a gang nexus that carries a determinate term in SHU , regardless of whether the inmate is a class member who has been validated as a gang affiliate. Plaintiffs' current demand thus encompasses disciplinary records involving the entire inmate population, which Defendants estimate at approximately 130,00 inmates housed in thirty-four institutions, most of whom Plaintiffs' counsel do not represent.

The parties' agreement here is governed by California law (Settlement Agreement ¶ 60), which requires that contractual terms "be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage." Cal. Civ. Code § 1644. Moreover, the parties agreed that "the language in all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning." (Settlement Agreement ¶ 61.) Plaintiffs' motion ignores these basic tenets of contract interpretation and thus misconstrues Defendants' obligations under the settlement.

Under paragraph 37(h), Plaintiffs demand documents for "all" inmates statewide found guilty of a SHU-eligible offense with a nexus to a prison gang or Security Threat Group (STG). (Pls.' Mot. Compel 3-4.) But Defendants agreed to produce two specific categories of inmate-related documents: "(i) STG Unit Classification Committee validation determinations; and (ii) the decision of the hearing officer to find the inmate guilty of a SHU-eligible offense."

2

1    (Settlement Agreement ¶ 37(h) (emphasis added).) In this connection, Defendants also agreed to

2    produce a random sample "of the documents relied upon for the validation determinations and

3    RVR decisions for these inmates." (Id. (emphasis added).) This includes sensitive and extensive

4    confidential information. Plaintiffs rely on the term "all" inmates, but they ignore the paragraph's

5    qualifying language providing that the documents to be produced must be related to the inmate's

6    validation "and" the senior hearing officer's final disciplinary decision. Plaintiffs cannot read the

7    limiting word "and" out of this settlement term. *See, e.g.*, *Foothill Properties v Lyon/Copley*

8    *Corona Assoc.*, 46 Cal. App. 4th 1542, 1550 (1996) (providing that "[t]he whole

9    of a contract is to be taken together, so as to give effect to every part if reasonably practicable,

10   each clause helping to interpret the other"). It is clear from a review of the language of the entire

11   paragraph and from the context of the Settlement Agreement as a whole that the intention of the

12   parties to the Settlement Agreement was that paragraph (h) concerned gang validated inmates. The

13   "mutual intention of the parties at the time the contract is formed governs interpretation." *Hartford*

14   *Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 288 (2014) (citation omitted).

15   Accordingly, Plaintiffs' motion is DENIED on this issue.

16   **Production of Documents Underlying RVRs Currently Pending Against Two Inmates**

17        Plaintiffs state that the CDCR has agreed to produce documents underlying the RVRs for

18   conspiracy to commit murder with an STG nexus that it issued to two class members, but refuses

19   to do so until those RVRs are finally adjudicated. They state that the final adjudication is on hold

20   indefinitely, until the Del Norte County District Attorney's office decides whether to initiate

21   criminal proceedings against these two inmates. Plaintiffs argue that they have serious concerns

22   about the adequacy of the confidential disclosures underlying the RVRs, and that the D.A.'s

23   determination will not affect those concerns. They claim that the adequacy of CDCR's disclosure

24   of the confidential information on which the charges are based is independent of ultimate

25   adjudication of the RVRs (by CDCR, or of any related criminal charges by the D.A.). Plaintiffs

26   thus argue that the court should order the CDCR to produce the documents that underlie the RVRs

27   immediately. *See* Settlement Agreement, ¶ 37 (In addition, Magistrate Judge Vadas can request

28   and order the production of any documentation or data he deems material to compliance with this

3

1    Agreement or the resolution of any dispute contemplated by the terms of the Agreement."

2         In response, Defendants contend that their document production obligations are not

3    triggered on speculation. Paragraph 34 of the Settlement Agreement requires CDCR to adhere to

4    the standards for the consideration of and reliance on confidential information set forth in title

5    15—this settlement term does not impose any production obligation or give Plaintiffs unfettered

6    access to confidential documents. As discussed above, Defendants are only required to produce

7    disciplinary-related documents for those "found guilty of a SHU-eligible offense with a nexus to

8    an STG." (Settlement Agreement ¶ 37(h).

9         Defendants explain that  CDCR has not adjudicated the charges issued to the two inmates

10   because the inmates voluntarily requested postponement while the local District Attorney conducts

11   its investigation and decides whether to prosecute the case. Cal. Code Regs. tit. 15, § 3316(c).

12   Defendants state that if the inmates revoke the postponement request or when the District

13   Attorney's office informs CDCR of its decision concerning potential prosecution, CDCR will

14   proceed with the disciplinary proceedings consistent with regulation. *Id*. § 3320(c) (providing that

15   inmates are entitled to relevant disciplinary documents and at least 24-hours' notice to prepare for

16   the hearing). If the inmates are found guilty of the charges, Defendants will produce the

17   documents required under paragraph 37(h). The court must agree with Defendants that until then,

18   Plaintiffs are not entitled to the documents. Accordingly, Plaintiffs' Motion is DENIED without

19   prejudice on this issue.

20         **IT IS SO ORDERED**.

21   Dated: August 30, 2017

22                                                                    _____

23                                                                    NANDOR J. VADAS
                                                                      United States Magistrate Judge

24

25

26

27

28

4