UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants. | Case No. 09-cv-05796-CW (NJV)<br><br>**ORDER RE PLAINTIFFS' MOTION TO ENJOIN CDCR FROM RETAINING CLASS MEMBERS IN THE SHU**<br><br>Re: Dkt. No. 706 |

Pending before the court is Plaintiffs' Motion to Enjoin CDCR from Retaining Class Members in the SHU. (Doc. 706.) The matter is fully briefed and was previously set for hearing on August 22, 2017. (Docs. 713, 759, 772.) However, because of the unavailability of the McKinleyville courtroom due to a trial presided over by District Judge Gonzalez Rogers, the matter was taken off calendar. (Doc. 777.) Pursuant to Local Rule 7-1(b), the court now finds that this matter is appropriate for decision without oral argument and takes the matter under submission. For the reasons explained below, the court will deny Plaintiffs' motion.

In their Motion, Plaintiffs claim that CDCR has violated paragraph 13 of the Settlement Agreement by placing two class members in the SHU based solely on their gang validation status.[1] Plaintiffs claim that CDCR has placed two class members in the SHU based on unsubstantiated charges, utterly failing to carry its burden of establishing by a preponderance of the evidence that the alleged offense—conspiracy to murder—actually occurred. Plaintiffs claim that in the course of the disciplinary proceedings, CDCR prohibited the class members from challenging the

---

[1] Paragraph 13 provides, "CDCR shall not place inmates into a SHU, Administrative Segregation, or Step Down Program solely on the basis of their validation status."

evidence against them, thereby violating regulations granting the right to present evidence in defense or mitigation of the charges. Plaintiffs further claim that CDCR violated the Settlement and its own regulations by relying on critical "confidential" information, which, once revealed, undermines the reliability of Defendants' investigation as based on conflicting findings. Plaintiffs therefore seek an order expunging the class members' guilty findings, restoring their good time credits, enjoining CDCR from retaining them in the SHU, and ordering their release to General Population housing.

As Plaintiffs note, the court has previously ruled on this issue in another prisoner challenge. (Doc. 676.) That order was upheld by Senior District Judge Wilken on appeal on August 1, 2017. (Doc. 771.) As this court stated in its earlier order:

> While the court does have authority under Paragraph 53 to address the CDCR's failure to substantially comply with the terms of the Settlement Agreement, those terms do not include granting the court broad, general authority to review the CDCR's decisions regarding the status of each individual class member. More specifically, nothing in the Settlement Agreement gives the court authority to review disciplinary decisions by the CDCR using any standard, much less a heightened one based on its own internal procedures. Theoretically, the parties could have included such language in the Settlement Agreement. But they did not do so.
> Because the Settlement Agreement does not contain a provision authorizing the court to review CDCR disciplinary proceedings, the court concludes that it lacks authority in this proceeding to address Plaintiffs' contention that there was insufficient evidence to find the four class members guilty of conspiracy to commit murder.[Footnote omitted.] This, of course, does not deprive the four men of a remedy. As Defendants have repeatedly reminded the parties and the court, a remedy for constitutional violations in prison disciplinary proceedings exists in the form of a civil rights action pursuant to 42 U.S.C. Section 1983.

(Doc. 676, 7:22-8:9.) Plaintiffs' Motion is HEREBY DENIED.

**IT IS SO ORDERED**.

Dated: August 30, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge