United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br>　　　　Plaintiffs,<br>　v.<br>BROWN, et al.,<br>　　　　Defendants. | Case No. 09-cv-05796-CW (NJV)<br><br>**ORDER RE PLAINTIFFS' PROPOSED ORDER CONCERNING PLAINTIFFS' COUNSEL'S CONTINUED ACCESS TO INMATES COVERED BY THE AGREEMENT**<br><br>Re: Dkt. No. 860 |

On October 23, 2017, Plaintiffs filed a Proposed Order Concerning Plaintiffs' Counsel's Continued Access to Inmates Covered by Agreement. (Doc. 860.) Plaintiffs did not file an accompanying motion. Plaintiffs seek an order providing that, "[p]ursuant to paragraphs 41 and 46 of the Settlement Agreement, CDCR is ORDERED to comply with Paragraph 40 of the Settlement Agreement for so long as any enforcement or extension motion remains pending, including any appeals of such motions." (Doc. 860, 2:1-3.)

Defendants object to this proposed order, arguing that it violates the terms of the Settlement Agreement. They argue first that the request to extend the enforcement of Paragraph 40 is not the subject of a pending motion, and that the court therefore lacks jurisdiction to grant the relief requested. Second, Defendants argue that Plaintiffs' request would unilaterally rewrite the terms of the Settlement Agreement, which does not provide for the extension of any term of that Agreement "for so long as any enforcement or extension motion remains pending, including any appeals of such motions," as Plaintiffs request. Finally, Defendants argue that Plaintiffs' counsel already has access to inmates, noting that counsel are free to correspond with inmates by mail or contact any institution where a class member is housed to schedule a telephone call or visit

consistent with regulations and each institution's local operating procedures.

In response to Defendants' objections, Plaintiffs contend that the court has jurisdiction over pending motions pursuant to Paragraph 46 and over any motion for an extension of the Settlement Agreement pursuant to Paragraph 41. They argue that an essential part of that jurisdiction is ensuring that Plaintiffs have adequate access to counsel.

What Plaintiffs do not address is the fact that the proposed order currently before the court is, in effect, a motion. This motion was filed past the end of the twenty-four-month period. Plaintiffs' attempt to avoid this reality by filing a "proposed order" is unconvincing. There is no basis in the Rules of Civil Procedure or the Civil Local Rules for seeking substantive relief such as Plaintiffs now seek by simply filing a proposed order. However, it is clear that the thirty days in which Plaintiffs may seek an extension under Paragraph 41 have not yet expired, and pending motions remain before the court. Because nothing in the Settlement Agreement provides otherwise, the court must conclude that this case has not ended. CDCR's duty under Paragraph 40 therefore extends at least through the thirty day period in which Plaintiffs may file a request for an extension of time. As things stand at the present time, the court sees no basis for finding that CDCR's responsibilities under Paragraph 40 extend past that period. Of course, Plaintiffs' Constitutional right to contact with their attorneys is well established. *See generally, Ching v. Lewis*, 895 F.2d 608 (9th Cir.1990); *Casey v. Lewis*, 4 F.3d 1516 (9th Cir.1993).

**IT IS SO ORDERED**.

Dated: October 31, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge