UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

TODD ASHKER, et al.,

    Plaintiffs,

v.

MATHEW CATE, et al.,

    Defendants.

Case No. 09-cv-05796-CW (NJV)

**ORDER RE PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE**

Re: Dkt. No. 737

Pending before the court is Plaintiffs' Application for Order to Show Cause as to Defendants' Client Communications Ban on Members of Plaintiffs' Legal Team. (Doc. 737.) The matter was heard before the court on October 20, 2017. Based on the following, the court will deny Plaintiffs' Application.

**BACKGROUND**

Plaintiffs describe the factual background for their Application as follows:

> Since March 3, 2017, Defendants have completely banned two members of Plaintiffs' legal team from all forms of communication with any California prisoners, including Plaintiffs and members of the *Ashker* class. The ban is absolute, specifically barring Anne Weills and Carole Travis from entry to any California Department of Corrections and Rehabilitation (CDCR) facility and any telephone calls or correspondence, even if non-confidential. Despite numerous efforts by Plaintiffs to simply be informed of the basis for the ban, and to be provided with a process for resolution, Defendants have refused to state anything beyond that these two individuals are being investigated for "unlawful communications" and will be advised when "CDCR's investigation has been concluded."

(Doc. 737, 1:3-11.)

**PROCEDURAL HISTORY**

Plaintiffs filed their Motion on July 7, 2017. (Doc. 737.) Senior District Judge Wilken referred the Application to the undersigned on July 25, 2017. (Doc. 765.) On September 7, 2017, Defendants filed an Administrative Motion to Submit Documents for In Camera Review, requesting to submit the unredacted version of their Response to Plaintiffs' Motion for the court's in camera review. (Doc. 790.) Subsequent to the filing of Plaintiffs' Application, the court and Plaintiffs' counsel were provided with further information concerning the status of the communications ban via an email dated August 30, 2017. Defendants filed the redacted version of their Response to Plaintiffs' Motion on September 7, 2017. (Doc. 791.) The court granted Defendants' Motion to Submit Documents for In Camera Review on September 8, 2017. (Doc. 792.) Plaintiffs filed their Reply on September 15, 2017. (Doc. 797.)

**DISCUSSION**

Plaintiffs' Application addresses the ban imposed by the CDCR on two members of Plaintiffs' legal team from all forms of communication with any California prisoners, including Plaintiffs and members of the *Ashker* class. Plaintiffs originally sought an order requiring Defendants to show cause why they should not be required to either (1) rescind the ban or (2) issue the charges and evidence supporting the ban, hold a hearing, and issue a final determination within thirty days. Plaintiffs state that their Application is made pursuant to Paragraph 40 of the Settlement Agreement, the Constitution, and this Court's inherent authority to enforce compliance with its orders. (Doc. 737, 1.)

Paragraph 40 of the Settlement Agreement provides as follows:

> 40. Plaintiffs' counsel shall be entitled to meet and speak with all inmates covered by this agreement. Institutional staff shall facilitate Plaintiffs' counsel's requests for reasonable access to these individuals without undue delay, whether by telephone, mail, or personal visit. Defendants shall facilitate Plaintiffs' counsel having telephone conference calls with Plaintiff class representatives as a group annually.

Plaintiffs argue that the CDCR's failure to comply with their demands for notification of the charges against the two attorneys in question and prompt resolution of the matter "has hamstrung Plaintiffs' legal team in their efforts to monitor and enforce the Settlement Agreement, especially

in their ability to communicate effectively with the class representatives and other class members."
(Lobel Decl. Para. 3.)

In response, Defendants state that the communications ban was imposed on Attorney Weills because she illegally used a personal mobile device to communicate with inmates. They contend that the Settlement Agreement does not provide an avenue for Plaintiffs to challenge CDCR's decisions to bar attorneys for illegal conduct. Further, they contend that given Weills' misconduct, Plaintiffs cannot establish a violation of the Settlement Agreement.[1]

In their Reply, Plaintiffs change their focus somewhat. Emphasizing their argument that Weills has been deprived of due process in regard to the imposition of the communications ban, Plaintiffs ask the court to either rescind the ban or order Defendants to disclose and produce the following list of items. They argue that "[a]ll of these disclosures and production are necessary for Plaintiffs to understand the charges and evidence relevant to the ban, and to evaluate whether the decision to impose the maximum penalty was an abuse of CDCR's discretion." Reply, 5:14-16.

> (1) A complete description of the charge(s) (to this date, nothing other than "illegal cell phone communications" with prisoners has been stated).
> (2) All alleged unlawful communications between Ms. Weills and CDCR prisoners, including date, time, duration, method of communication (e.g. CDCR telephone, prisoner telephone, guard telephone, text, email), and content (if known).
> (3) All recordings (audio, transcript, or otherwise) of any such communications.
> (4) A description of the precise ways in which Ms. Weills's conduct allegedly "jeopardized the security of CDCR institution(s)" (8/25/17 Letter from Director Allison to Ms. Weills), and any evidence that the conduct has in fact caused such jeopardy.
> (5) All documents referring or relating to any policy or practice regarding the penalty or

---

[1] Defendants explain as follows in their Response:

> Plaintiffs' application also concerns a ban issued to Carole Travis, another attorney representing class members in this case. The adjudication of Travis's ban, however, is in a different procedural posture, as she recently retained separate counsel. (Jacquez Decl. ¶ 3 & Ex. B.) Ms. Travis and her counsel met with CDCR for a further administrative hearing on August 28, 2017. (Id.) Under the applicable regulation, Cal. Code Regs. tit. 15, § 3179(c), CDCR will issue its final decision on Ms. Travis's ban by September 25 (twenty working days from the August 28 hearing). If CDCR upholds the ban and Ms. Travis challenges the decision, Defendants will respond to Plaintiffs' application within fifteen days of CDCR's decision, as the Court instructed (see Minute Entry, Aug. 1, 2017, ECF No. 770).

(Doc. 791, 2:23-28, footnote 2.)

    consequence to be imposed for unlawful communications with prisoners and/or violation of visiting rules or regulations.
    (6) All preliminary, temporary, and/or final determination letters (with identifying information redacted) for all instances in the past five years where a penalty or consequence (communications ban or otherwise) has been proposed or imposed on a non-prisoner (other than Ms. Weills and Ms. Travis) for alleged improper or illegal communication(s) with prisoner(s).
    (7) All preliminary, temporary, and/or final determination letters (with identifying information redacted) for all instances in the past five years where a lifetime communications ban has been proposed or imposed on a non-prisoner.

As this court has previously held, the Settlement Agreement entered into by the parties does not provide for de novo evidentiary reviews of CDCR's disciplinary decisions. (Doc. 676, Order Re Plaintiffs' Motion for De Novo Determination of Dispositive Matter, 7:16-8:9.) Likewise, it does not provide for de novo evidentiary reviews of CDCR administrative decisions affecting attorneys who are not parties to this action. Thus, Constitutional challenges to the administrative procedure resulting in the imposition of the communications ban must be addressed through the established administrative mechanisms or through civil rights litigation.

As to the separate but related issue of whether the imposition of the communications ban violates the Settlement Agreement, paragraph 40 of the Settlement Agreement guarantees "Plaintiffs' counsel's" right to speak with all inmates covered by the agreement, as set forth above. It does not, however, guarantee that right as to any particular counsel. Here there are 18 attorneys named as counsel of record. While Plaintiffs describe Weill as one of "the most active members in terms of meeting with . . . class members," they have presented nothing indicating that another (or some) of the many attorneys representing Plaintiffs could not assume this duty. The communications ban has clearly not impeded Plaintiffs' ability to litigate this action. Since the imposition of the ban on March 3, 2017, Plaintiffs have filed 19 substantive motions in this case. (Docs. 681, 702, 706, 712, 728, 735, 737, 793, 795, 801, 804, 811, 832, 838, 841, 844, 847, 848, 849), in addition to a motion for attorneys' fees. (Doc. 690.) Accordingly, the court finds that Plaintiffs have not demonstrated by a preponderance of the evidence that CDCR is in material

4

breach of its obligations under paragraph 40 the Settlement Agreement by imposing the communications ban.

Plaintiffs state that the court "should order the precise charges and underlying documentation be produced to Plaintiffs' counsel within seven days, <u>so that Plaintiffs can move to the next stage of challenging the lifetime ban on the merits</u>." (Doc. 797, 1:10-11, emphasis added.) But Plaintiffs may not use the enforcement mechanisms of the Settlement Agreement to obtain discovery to be used in whatever administrative or civil action they plan to bring in the future to challenge the communications ban(s). Likewise, Plaintiffs may not use them to obtain information to defend against possible future criminal actions. Discovery must be sought in the action for which it is intended to be used.

Based on the foregoing, Plaintiffs' Application for Order to Show Cause as to Defendants' Client Communications Ban on Members of Plaintiffs' Legal Team is DENIED.

**IT IS SO ORDERED**.

Dated: November 2, 2017

NANDOR J. VADAS
United States Magistrate Judge