IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 09-cv-05796-CW<br><br>ORDER ON PLAINTIFFS' MOTION FOR DE NOVO REVIEW OF MAGISTRATE JUDGE'S DECISION ON RETENTION OF CLASS MEMBERS IN THE SHU<br><br>(Dkt No. 795) |

    Before the Court is Plaintiffs' motion to review and reverse the magistrate judge's decision on a dispositive matter referred to him regarding the California Department of Corrections and Rehabilitation (CDCR) retention of class members in the Security Housing Unit (SHU). Defendants filed an opposition to the motion and Plaintiffs filed a reply. Having considered the papers, the Court reviews the magistrate judge's decision de novo and affirms it.

### FACTUAL BACKGROUND

    In December 2016, the CDCR found Inmates A and B guilty of charges of conspiracy to murder Inmate C. The CDCR intends to hold Inmates A and B in the SHU for their offense until 2020. Declaration of Carmen E. Bremer (Bremer Decl.), Ex. A. The CDCR's finding was based on four prisoner notes and a letter from an alleged co-conspirator, Inmate D. See id. The CDCR provided Inmates A and B with Confidential Information Disclosure Forms (1030 forms), which are used to convey information that the CDCR deems to be confidential. Bremer Decl., Ex. B. The 1030 forms

contain the text of the four prisoner notes and the CDCR's interpretation of those notes. See id. The names of the alleged conspirators and co-conspirators were replaced with asterisks for safety reasons. See id. The 1030 forms additionally referred to a letter from Inmate D to Inmate A about a plan to murder Inmate C. Bremer Decl., Ex. C; see also Bremer Decl., Ex. E. The 1030 forms stated that Inmate D's letter constituted additional information concerning Inmate A and B's participation in the plot to murder Inmate C and that the information confirmed that the plan to murder Inmate C existed. See Bremer Decl., Ex. C.

Plaintiffs brought a motion before Magistrate Judge Vadas to enjoin the CDCR from retaining class members Inmates A and B in the SHU on two bases: that the CDCR did not make the requisite evidentiary showing to place Inmates A and B in the SHU and that the CDCR violated paragraph thirty-four of the Settlement Agreement by issuing inadequate 1030 forms. Docket No. 706. Judge Vadas denied the motion, holding that the Settlement Agreement terms "do not include granting the court broad, general authority to review disciplinary decisions by the CDCR using any standard . . ." Docket No. 786. Plaintiffs then brought the instant motion to challenge Judge Vadas' order. See Settlement Agreement ¶ 53.

## LEGAL STANDARD

This Court reviews de novo Judge Vadas' decision. Docket No. 486-3, Settlement Agreement ¶ 53 ("An order issued by Magistrate Judge Vadas under this Paragraph is subject to review under 28 U.S.C. § 636(b)(1)(B)."). The referenced section provides, "A judge of the court may accept, reject, or modify, in

2

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

DISCUSSION

Plaintiffs argue that the CDCR has not substantially complied with paragraph thirty-four of the Settlement Agreement. In California, "a party is deemed to have substantially complied with an obligation only where any deviation is unintentional and so minor or trivial as not substantially to defeat the object which the parties intend to accomplish." Rouser v. White, 825 F.3d 1076, 1082 (9th Cir. 2016) (internal quotation marks omitted).

Paragraph thirty-four of the Settlement Agreement requires that the CDCR "adhere to the standards for the consideration of and reliance on confidential information set forth in Title 15 of the California Code of Regulations, section 3321." Section 3321, which defines the types of confidential information and their use, provides in relevant part:

> (a) The following types of information shall be classified as confidential:
>     (1) Information which, if known to the inmate, would endanger the safety of any person.
>     (2) Information which would jeopardize the security of the institution.
>     (3) Specific medical or psychological information which, if known to the inmate, would be medically or psychologically detrimental to the inmate.
>     (4) Information provided and classified confidential by another governmental agency.
>     (5) A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file.
> (b) Uses of specific confidential material.
>     [ . . . ]
>     (3) The documentation given to the inmate shall include:
>         (A) The fact that the information came from a confidential source.

> (B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed.

Plaintiffs argue that the CDCR failed to comply with section 3321 in two ways. First, Plaintiffs contend that the CDCR violated subsection 3321(a) by redacting the names of the conspirators and co-conspirators. Specifically, Plaintiffs argue that the CDCR should have substituted the names of the conspirators and co-conspirators with identifiers that would allow Plaintiffs to distinguish them from one another. But Plaintiffs cannot point to anything in section 3321 or any other regulation that requires the CDCR to do so. The cases cited by Plaintiffs are inapposite because they do not involve section 3321. Both cases concern the redaction of documents provided in litigation pursuant to the Federal Rules of Civil Procedure. See Hayes v. Corr. Corp. of Am., 2011 U.S. Dist. LEXIS 101312, *8, 2011 WL 3962153 (D. Idaho 2011); Osborn v. Bartos, 2010 U.S. Dist. LEXIS 114119, *43 (D. Ariz. 2010). This is different from the CDCR's disclosure of confidential information in disciplinary proceedings pursuant to section 3321.

Second, Plaintiffs contend that the CDCR violated section 3321(b)(3)(B) with respect to the 1030 form for Inmate D's letter, which Plaintiffs argue did not include "as much of the [confidential] information as can be disclosed without identifying its source." The CDCR's choice to provide only a brief summary of Inmate D's letter in the 1030 forms is notable considering that the CDCR provided the redacted text of the other

four prisoner notes.  The CDCR's summary, however, accurately stated the facts relevant to the charged act of the plot to murder Inmate C.  The 1030 form stated that Inmate D's letter contained additional information concerning Inmate A and B's participation in the plot to murder Inmate C, which confirmed that the plan to murder Inmate C existed.  See Bremer Decl., Ex. C.  This does not appear to be an attempt to obfuscate the evidence, as Plaintiffs suggest.  Plaintiffs have not shown substantial noncompliance with paragraph thirty-four of the Settlement Agreement.

CONCLUSION

The Court reviews de novo the magistrate judge's decision on a dispositive matter referred to him regarding the CDCR's retention of class members in the SHU and affirms the magistrate judge's decision.

IT IS SO ORDERED.

Dated: February 28, 2018

CLAUDIA WILKEN
United States District Judge