IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 09-cv-05796-CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION REGARDING VIOLATION OF SETTLEMENT AGREEMENT PROVISION REQUIRING RELEASE OF CLASS MEMBERS TO GENERAL POPULATION<br><br>(Dkt. No. 993) |

Plaintiffs filed a motion for de novo review of the magistrate judge's order regarding violation of the Settlement Agreement provision requiring release of class members to the General Population. Having considered the papers, the Court GRANTS Plaintiffs' motion to the extent that Plaintiffs must receive more out-of-cell time than they received in the Pelican Bay SHU. They should receive out-of-cell time consistent with the CDCR's regulations and practices with respect to Level IV general population inmates, as well as its constitutional obligations.

Pursuant to the Settlement Agreement, the parties agreed that, if an inmate was not "found guilty of a SHU-eligible rule violation with a proven STG nexus" within 24 months, then he should be "released from the SHU and transferred to a General Population level IV 180-design facility, or other general population institution consistent with his case factors." Settlement Agreement ¶ 25. The Settlement Agreement was intended to remove Plaintiffs from detention in the SHU, where they were

isolated in a cell for twenty-two and a half to twenty-four hours a day. Second Amended Complaint ¶¶ 3, 63. Plaintiffs may seek to enforce the Settlement Agreement under either paragraphs 52 or 53, which require Plaintiffs to show "current and ongoing violations" of the Eighth Amendment or the Fourteenth Amendment on a systemic basis, or other substantial noncompliance with the terms of the Agreement. Settlement Agreement ¶¶ 52, 53. Plaintiffs have shown that many Plaintiffs spend an average of less than an hour of out-of-cell time each day, which is similar to the conditions they endured in the SHU. See Declaration of Samuel Miller (Miller Decl.), Ex. 2; Reply Declaration of Samuel Miller (Miller Reply Decl.) ¶¶ 2-3. This is substantially less than the amount of time a general population inmate spends out-of-cell, which Defendants represented was a minimum of ten hours a week. Miller Reply Decl., Ex. B (July 20, 2016 Court Transcript) at 53:24. This demonstrates a violation of the Settlement Agreement.

Defendants are hereby ordered to meet and confer with Plaintiffs' representatives and their counsel with the goal of presenting a proposed remedial plan for Court approval. The matter is referred to Magistrate Judge Illman to mediate the meet and confer. Absent agreement, the parties shall present their own respective proposed remedial plans. The joint or separate plans are to be submitted within seven days after the meet and confer session, which shall be scheduled as quickly as feasible.

IT IS SO ORDERED.

Dated: July 3, 2018

CLAUDIA WILKEN
United States District Judge

2