UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 09-cv-05796-CW (MEJ)<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 1045 |

## INTRODUCTION

This class action litigation arises from the policies and practices promulgated by the California Department of Corrections and Rehabilitation ("CDCR") relating to gang validation and management and use of segregated housing. On June 25, 2018, the Court issued an Order with respect to Plaintiffs' motion for attorneys' fees and costs incurred in enforcement and monitoring of the Settlement Agreement from September 2, 2015 through October 15, 2016. ECF No. 1023 ("Fee Order"). The Court subsequently granted Plaintiffs' motion for leave to file a motion for reconsideration of the Fee Order. ECF No. 1042. Plaintiffs now move for reconsideration. ECF No. 1045. Defendants filed an Opposition (ECF No. 1057) and Plaintiffs filed a Reply (ECF No. 1059). The Court finds this matter suitable for disposition without oral argument and therefore **VACATES** the August 23, 2018 hearing. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having reviewed the parties' positions and relevant legal authority, the Court issues the following order.

## BACKGROUND

Plaintiffs are ten inmates who live or lived in solitary confinement at Pelican Bay State Prison, a maximum security prison in Crescent City, California. On December 9, 2009, Mr. Ashker and Mr. Troxell, then pro se, initiated this lawsuit challenging CDCR's policies related to and the conditions of their confinement in Pelican Bay's Secure Housing Unit ("SHU"). Compl., ECF No. 1. On September 10, 2012 and with the assistance of counsel, they filed a Second Amended Complaint which added class allegations and named eight additional Plaintiffs. Sec. Am. Compl., ECF No. 136. The Second Amended Complaint asserted claims under the Eighth and Fourteenth Amendments. *Id.* ¶¶ 177-202.

On June 2, 2014, Judge Wilken, the presiding judge in this case, certified a Due Process Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(2), defined as "all inmates who are assigned to an indeterminate term at the Pelican Bay SHU on the basis of gang validation, under the policies and procedures in place as of September 10, 2012." ECF No. 317 at 21. Judge Wilken also certified an Eighth Amendment Class under Rules 23(b)(1) and (b)(2), comprised of "all inmates who are now, or will be in the future, assigned to the Pelican Bay SHU for a period of more than ten continuous years." *Id.*

After conducting discovery and engaging in negotiations before Magistrate Judge Nandor J. Vadas, the parties negotiated a settlement agreement. *See* Mot. for Prelim. Approval, ECF No. 424. Among other things, the Settlement sets forth new criteria CDCR would use to place inmates into SHU, Administrative Segregation, or Step Down Program; provides for modifications to the Step Down Program; requires CDCR to review the cases of certain inmates currently in the SHU; provides for the transfer of certain inmates to the Restrictive Custody General Population Housing Unit; sets forth conditions under which an inmate may be retained in the SHU and placed on Administrative SHU status; and places limitations on the number of years an inmate could be housed at Pelican Bay's SHU. Settlement ¶¶ 13-33.

CDCR agrees to provide Plaintiffs' counsel with data and documentation over a two-year period, to allow counsel to monitor Defendants' compliance with the terms of the Settlement. *Id.* ¶ 37. Plaintiffs may seek an extension of this period by presenting evidence of current and

ongoing constitutional violations. *Id.* ¶ 41. The Settlement also establishes mechanisms to ensure compliance with the Agreement. *Id.* ¶¶ 48-53.

The Settlement provides that

> Defendants agree to pay Plaintiffs' counsel attorneys' fees and costs for work reasonably performed on this case, including monitoring CDCR's compliance with this Agreement and enforcing this Agreement, and for work to recover fees and costs, at the hourly rate set forth under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d). [ ] Subject to the provisions under 42 U.S.C. §§ 1988 and 1997e, Plaintiffs' motion may request an award that includes their expert fees. On a quarterly basis, Plaintiffs may file motions for reasonable attorneys' fees accrued in monitoring and enforcing CDCR's compliance with this Agreement.

*Id.* ¶ 55.

Judge Wilken approved the Settlement on January 26, 2016. ECF No. 488.

Plaintiffs moved, unopposed, for $4,550,000 in attorneys' fees and costs incurred from the case's inception through September 1, 2015. ECF No. 549. Judge Wilken denied that motion without prejudice to Plaintiffs' refiling the motion with documents to support their request. ECF No. 555. On July 1, 2016, Judge Wilken awarded Plaintiffs attorneys' fees and costs in the amount of $4,550,000. ECF No. 579.

On May 3, 2017, Plaintiffs filed a Motion for Attorneys' Fees and Costs for Monitoring and Enforcement of Settlement agreement, seeking compensation in the amount of $2,881,530.56 for work performed from September 2, 2015 through October 15, 2016. ECF No. 690. On June 25, 2018, the Court awarded Plaintiffs $1,032,419.52 in attorneys' fees and $41,219.78 in costs. ECF No. 1023.

**LEGAL STANDARD**

"[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

3

1  controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

2  1999)); *see also* Civ. L.R. 7-9(c) (The moving party may not reargue any written or oral argument

3  previously asserted to the Court.).

**DISCUSSION**

Plaintiffs seek reconsideration on the grounds that the Court: (1) should correct a mathematical error in the calculation of the fee award; (2) failed to consider material evidence in the record resulting in the unjust denial of monitoring fees preparation time; (3) failed to consider material evidence in the record in the calculation of a reduction for client communication; (4) failed to consider material evidence in the record regarding time spent meeting and conferring with Defendants; and (5) failed to account for material evidence in the record attesting that all travel time is related to the case and should be compensable.

**A.   Mathematical Error**

First, Plaintiffs argue the Fee Order contains an inconsistency between the Court's decision to grant compensation for 50% of Plaintiffs' work on de novo enforcement motions and the entry of no hours for this aspect of work in the Court's calculation of total compensable hours. Mot. at 1. Plaintiffs' claimed 152.8 hours for work on two de novo motions, but the Court reduced the hours by 50%. Fee Order at 21:3, 23:8. However, the Court's summary chart, from which the total award is calculated, reflects "0" compensable hours for this work. *Id.* at 34:23. Defendants "agree that the Court may amend its order to correct a typographical error and add $16,502.40 to Plaintiffs' fee award." Opp'n at 2.

The Court agrees that this is a mathematical error and 76.4 hours for de novo motion work should be included in the total compensable time. *See, e.g., Bowerman v. Field Asset Servs., Inc.*, 2018 WL 2952664, at *2 (N.D. Cal. June 13, 2018) (reconsideration granted under Civil Local Rule 7-9(b)(3) to correct court's miscalculation of unpaid overtime award). Accordingly, the Court **GRANTS** reconsideration of the fee award total and awards an additional $16,502.40 for 76.4 hours of work on de novo motions.

**B.   Material Evidence**

Plaintiffs remaining arguments are that the Court failed to consider material evidence in

4

the record. In its previous Order, the Court noted Plaintiffs "had two opportunities to sufficiently support their fee request, once when they filed their Motion and another when they responded to the Court's March 29, 2018 Order" for supplemental briefing. Fees Order at 34. Because Plaintiffs "largely failed to do so and thus d[id] not meet their burden of showing all of their claimed hours are reasonable, the Court deducted a portion of their requested fees. *Id.* In their motion for reconsideration, Plaintiffs seek to re-litigate their entitlement to fees for a third time. However, any reconsideration of the Court's order requires Plaintiffs to show either clear error or manifest injustice. *See Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2001) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)); *Sullivan v. SII Investments, Inc.*, 2018 WL 1367340, at *2 (N.D. Cal. Mar. 16, 2018). Neither is present here.

1. Monitoring Fees

Plaintiffs sought to recover 159.1 attorney hours and 12.6 paralegal/legal worker hours on "monitoring fees preparation," which consisted of "work to prepare and negotiate fees for each of the four periods in the present fee request, including mediation with Judge Vadas." Pls.' Suppl. Br. at 4-5, ECF 995; Suppl. Miller Decl., Ex. 2 at ECF 995-1 at 24. Plaintiffs described this work to include "work to prepare and negotiate fees for each of the four periods in the present fee request, including mediation with Judge Vadas." Pls.' Suppl. Br. at 4. Reviewing the record, the Court found Plaintiffs failed "to identify the time spent in settlement conferences or in preparation thereof and do not identify how many settlement conferences they attended." Fee Order at 31. Plaintiffs also failed to "clearly identify what other work went into 'monitoring fees preparation.'" *Id.* Thus, the Court disallowed all 171.7 hours, based on concerns that (1) judicial settlement conferences concerning fees may have been double-billed, and (2) the work had not been clearly identified. *Id.*

Plaintiffs contend the Court improperly rejected these hours on the ground that judicial settlement conferences concerning fees may have been double billed. Mot. at 2. They argue the Court erred because the parties did not participate in any settlement conferences regarding fees during the time period at issue. *Id.* However, Plaintiffs described their work under "monitoring

5

fees preparation" to include "work to prepare and negotiate fees for each of the four periods in the present fee request, including mediation with Judge Vadas." Pls.' Supp. Br. at 4. And, notwithstanding multiple opportunities to do so, Plaintiffs failed "to identify the time spent in settlement conferences or in preparation thereof." Fee Order at 31. Plaintiffs bear the burden of demonstrating their entitlement to fees, and here they failed to do so.

Plaintiffs also take issue with the Court's conclusion that Plaintiffs failed to "clearly identify what other work when into 'monitoring fees preparation.'" Mot. at 2. Plaintiffs describe how counsel prepared "detailed demand letters" and proposed "entering into a stipulation establishing a process for the parties to handle fee demands and disputes." *Id.* But the Court rejected these arguments because Plaintiffs failed to describe in sufficient detail what work they did to justify 159.1 hours of attorney time and 12.6 hours of paralegal time. Fee Order at 30-31; *see, e.g.,* Suppl. Miller Decl. (ECF No. 995-1), Ex. 2 (summarizing in a chart the hours attorneys and paralegals spent during a year of "monitoring fees preparation," but providing no detail of the work performed).

As Plaintiffs failed to clearly identify what work went into monitoring fees preparation, their motion for reconsideration on this issue is **DENIED.**

2. Client Communications

Plaintiffs claimed 930.9 attorney hours and 56.8 paralegal/legal worker hours on client communications. Pls.' Suppl. Br. at 5; Miller Suppl. Decl., Ex. 2 at ECF 9. Plaintiffs billed for "Telephone and written communication with prisoners and family/supporters regarding monitoring issues, including logistics, preparation, and follow-up, as well as communications among team members concerning such prisoner and family/supporter communications." Pls.' Supp. Br. at 2. The Court determined that the category for client communications contains two types of billings – (1) communications with class members or their family and (2) communications amongst counsel – and granted compensation only for the former. Fee Order at 17-18. The Court found Plaintiffs failed to provide enough detail to determine whether these communications were billed elsewhere or are otherwise duplicative. *Id.* at 18. For example, Plaintiffs did not "explain how 'communications among team members concerning . . . prisoner

6

and family/supporter communications' differs from their time spent on team discussions 'regarding general monitoring and specific issues.'" *Id.* (quoting Pls.' Suppl. Br. at 2). The Court also found it unclear "whether these communications took place during weekly team meetings – time for which Plaintiffs separately seek fees – or elsewhere." *Id.* But even if the communications were separate, the Court found "Plaintiffs do not establish why these additional communications were necessary." *Id.* As Plaintiffs failed to adequately support their request, the Court reduced the requested hours by 50% and awarded fees for 526.5 hours. *Id.* at 18.

Plaintiffs contend the Court erred because Defendants' expert, Gerald Knapton, analyzed Plaintiffs' itemized billing records (which Plaintiffs did not provide to the Court) and stated that "892.6 hours were non-objectionable for 'inmate calls, letters, and visits.'" Mot. at 4. However, the Court had Mr. Knapton's analysis before it at the time of its ruling and, based on its review of the record as a whole, reduced Plaintiffs' request because they block-billed and failed to adequately describe the time they spent communicating with their clients and family members. Fee Order at 17-18.

Plaintiff also take issue with the Court's decision to reduce the requested hours by 50%, citing to the Ninth Circuit's decision in *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008), and calling it a "dramatic reduction," requiring a "specific articulation" of the selection of the particular percentage. In *Moreno*, the Ninth Circuit reversed and remanded a district court's decision reducing a prevailing plaintiff's attorney request for fees by forty percent, finding the district court provided little or no explanation for its reduction to the plaintiff's counsel's fee application. 534 F.3d at 1111-16. The court noted that "the burden of producing a sufficiently cogent explanation [for reducing fees] can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices." *Id.* at 1116. Still, it is Plaintiffs' burden, not Defendants, to show the reasonableness of their work. *Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1128-29 (9th Cir. 2008) (courts may reject fee requests unsupported by adequate proof to show that the hours billed were reasonably expended in the case). As Plaintiffs did not do so here, the Court finds no error in its decision and therefore **DENIES** their motion as to client

7

communications.

### 3. Meet and Confer

Plaintiffs sought 94.2 attorney hours and 1 paralegal/legal worker hour to "[m]eet and confer (including team communications in preparation for meet and confer) regarding issues with CDCR's document production." Pls.' Suppl. Br. at 4-5; Suppl. Miller Decl., Ex. 2 at ECF p.29. Plaintiffs described this work as follows: "Meet and confer (including team communications in preparation for meet and confer) regarding issues with CDCR's document production." Pls.' Suppl. Br. at 4. The Court rejected this request because Plaintiffs failed to specify how many hours they spent in meet-and-confer sessions with Defendants, rather than time spent conversing among themselves. Fee Order at 33. Plaintiffs separately sought to recover time for "establishing framework and protocols for receiving and analyzing CDCR data and document production, including engagement with defendant counsel." Pls.' Suppl. Br. at 1 (describing work under a category entitled "Data/Doc Protocols"). They also billed time for "weekly team conferences (*id.* at 1 (describing work under "Weekly Team Conferences")) and "discussion (non-weekly meetings) and/or correspondence among various team members and/or sub-groups regarding general monitoring and specific issues, as well as substantive work related to those issues" (*id.* at 2 (describing work under a category for "Team Discussion/Correspondence and General Monitoring")). The Court held that "based on the Plaintiffs' description of this work, it is not obvious that 'team communications in preparation for meet and confer' are not already subsumed in time spent in 'team discussion/correspondence and general monitoring,' which includes '[d]iscussion (non-weekly meetings) and/or correspondence among various team members and/or subgroups regarding general monitoring and specific issues, as well as substantive work related to those issues." Fee Order at 33.

Plaintiffs argue no double-counting occurred in the categorization process because the document production meet and confer time is separate and distinct from all other submissions. Mot. at 5. They point to Mr. Miller's Declaration, in which he explains that three of their attorneys divided team members' timesheets, reviewed each time entry, and assigned a category to each individual task. Miller Suppl. Decl. ¶ 5. For entries where more than one category was

8

possible, Mr. Miller states counsel assigned the category that was most pertinent and specific. *Id.* If a "single time entry covered more than one category," counsel "split the time and apportioned each segment to its relevant category, ensuring that in each instance the total time was not changed." *Id.* But the Court's finding that Plaintiffs' previously-asserted arguments were unpersuasive is not a basis for reconsideration. Moreover, Plaintiffs offered no examples of how they purportedly "split the time" for work that may have touched on multiple categories involving "communications" and "documents," for which Plaintiffs otherwise sought compensation. For this reason, the Court concluded that "[o]n this record and absent more details, the Court cannot find Plaintiffs have sufficiently shown these hours to be recoverable." Fee Order at 33. As Plaintiffs have failed to show there was an error in this finding, the Court **DENIES** their motion as to meet and confer fees.

4. Travel Time

Plaintiffs claimed 169.2 attorney hours and 13.3 paralegal/legal worker hours for time spent traveling to "hearings and meetings with counsel and/or Judge Vadas." Pls.' Suppl. Br. at 2, 5. The Court noted that "[t]ime spent traveling to appear at a status conference, settlement conference, or motion hearing is compensable." Fee Order at 20. However, it found Plaintiffs' records and briefs did not adequately support their request because it was "unclear whether 'meetings with counsel' includes meetings with defense counsel or Plaintiffs' counsel," and that Plaintiffs failed to "explain what those meetings concerned or how they were related to the Settlement." *Id.* As Plaintiffs did not show the requested time was reasonable, the Court found time spent traveling to meet with counsel was not compensable. *Id.* The Court also noted that Plaintiffs did not distinguish how much time counsel spent traveling to meet with counsel versus traveling to appear before Judge Vadas. *Id.* As time spent traveling to meet with counsel was one of two tasks Plaintiffs delineated for this entry, the Court reduced the time by 50% and awarded fees for 84.6 attorney hours and 6.65 paralegal/legal worker hours. *Id.*

Plaintiffs argue the Court's concern that some of the travel time for meetings among counsel may be unrelated to this case "is based on a clear failure to consider material evidence in the record, which establishes that Plaintiffs' counsel have only billed for time incurred in

9

monitoring the *Ashker* case." Mot. at 6. However, the Court's concern was that, although time spent traveling to appear at status conferences, settlement conferences, or motion hearings was compensable, Plaintiffs' description of their work included travel time for "meetings . . . with counsel," which the Court could not determine was for time spent traveling to meetings with defense counsel or for internal meeting with Plaintiffs' counsel. Fee Order at 20. Plaintiffs also failed to clearly describe with sufficient detail what these meetings (whether with Defendants or among Plaintiffs' counsel) concerned, other than to refer to declarations broadly stating that timekeepers only billed time to this case. *See, e.g.,* Pls.' Mot. Reconsideration at 6 (citing eleven timekeepers' declarations). Plaintiffs failed to make a coherent record to allow the Court to corroborate these statements. The Court therefore finds no error in its decision to reduce Plaintiffs' time by 50%.

Accordingly, Plaintiffs' motion is **DENIED** as to Plaintiffs' travel time request.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiffs' Motion for Attorneys' Fees and Costs. The Court **GRANTS** reconsideration of the fee award total and awards an additional $16,502.40 for work on de novo motions. The Court **DENIES** the balance of Plaintiffs' reconsideration motion.

**IT IS SO ORDERED.**

Dated: August 9, 2018

MARIA-ELENA JAMES
United States Magistrate Judge