IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No. 09-cv-05796-CW<br><br>ORDER DENYING MOTION TO STAY PENDING APPEAL<br><br>(Dkt. No. 1054) |

On July 3, 2018, the Court issued two orders granting two motions by Plaintiffs for de novo review of the magistrate judge's orders. Docket Nos. 1028, 1029. Defendants appealed the Court's orders. Docket No. 1053. Defendants now seek to stay further proceedings relating to these motions pending resolution of the appeal. For the reasons stated below, the Court DENIES Defendants' motion for a stay.

## DISCUSSION

The Court granted Plaintiffs' motion regarding a settlement provision requiring release of class members to the General Population, "to the extent that Plaintiffs must receive more out-of-cell time than they received in the Pelican Bay SHU," "consistent with the CDCR's regulations and practices with respect to Level IV general population inmates, as well as its constitutional obligations." Docket No. 1028. The Court also granted Plaintiffs' motion regarding a settlement provision regarding Restricted Custody General Population (RCGP) prisoners on walk-alone status, holding that they must be provided with

1  small group yards and leisure activities in groups.  Docket No.
2  1029.  With respect to both motions, the Court ordered the
3  parties to meet and confer under the supervision of Magistrate
4  Judge Illman "with the goal of presenting a proposed remedial
5  plan for Court approval."  Docket Nos. 1028, 1029.  If the
6  parties failed to come to an agreement, then they would present
7  their own respective proposed remedial plans.  Id.  The parties
8  thereafter scheduled a settlement conference with Judge Illman,
9  which is set to proceed on August 21, 2018.
10      A stay of the scheduled settlement conference is not
11 warranted.  See Nken v. Holder, 556 U.S. 418, 426 (2009) (setting
12 forth factors relevant to a motion to stay).  All the Court has
13 ordered thus far is for the parties to meet and confer to develop
14 a proposed remedial plan for the Court's review.  As the Ninth
15 Circuit has noted, an appeal is premature if "nothing yet had
16 been required of defendants, other than to put effort into
17 developing constructive solutions to their violations of federal
18 law, which is a step that courts can reasonably require
19 defendants to take in order to aid them in structuring relief
20 that is narrow and minimally intrusive."  Armstrong v.
21 Schwarzenegger, 622 F.3d 1058, 1065 (9th Cir. 2010).
22      Defendants' arguments that the parties will be irreparably
23 harmed absent a stay are unavailing.  Defendants argue that they
24 have an Eighth Amendment duty to keep all inmates, including
25 Plaintiffs, safe, and that the orders at issue will impair their
26 ability to do so.  They contend that the orders will "decrease
27 CDCR's ability to respond to, investigate, and control violent
28 incidents, and may cause inmates and staff to be seriously

injured or killed." Motion at 7. But, again, the Court has not yet ordered a remedy. Currently, it is not clear what the contours and effect of the remedial plan will be.

Accordingly, the Court declines to stay the settlement conference with Judge Illman, which will take place as scheduled on August 21, 2018. The Court may, however, delay implementation of any remedial plan until after the Ninth Circuit rules on Defendants' appeals.

## CONCLUSION

Defendants' motion to stay pending appeal (Docket No. 1054) is denied.

IT IS SO ORDERED.

Dated: August 16, 2018

CLAUDIA WILKEN
United States District Judge