Pages 1-13

```
 1                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
 2                          OAKLAND DIVISION

 3

 4  TODD ASHKER, et al.,         )  Case No.  09-cv-05796-CW
                                 )
 5            Plaintiffs,        )  McKinleyville, California
                                 )  Tuesday, October 30, 2018
 6       vs.                     )
                                 )
 7  GOVERNOR OF THE STATE OF     )
    CALIFORNIA, et al.,          )
 8                               )
              Defendants.        )
 9  _____)

10
              TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
11             BEFORE THE HONORABLE ROBERT M. ILLMAN
                  UNITED STATES MAGISTRATE JUDGE
12
    APPEARANCES:
13
    For Plaintiffs:              JULES LOBEL, ESQ.
14                               3900 Forbes Avenue
                                 Pittsburgh, Pennsylvania 15260
15                               (412) 648-1375

16                               SAMUEL R. MILLER, ESQ.
                                 445 Riverside Drive, Apartment 61
17                               New York, New York 10027
                                 (413) 717-8382
18
    For Defendants:              ADRIANO HRVATIN, ESQ.
19                               California Department of Justice
                                 455 Golden Gate Avenue, Suite 11000
20                               San Francisco, California 94102
                                 (415) 703-1672
21
                                 JAY C. RUSSELL, ESQ.
22                               Office of the Attorney General
                                 Correctional Law Section
23                               455 Golden Gate Avenue, Suite 11000
                                 San Francisco, California 94102
24                               (415) 703-5717

25
    Proceedings recorded by electronic sound recording; transcript
    produced by transcription service.
```

```
                                                                      2

 1   APPEARANCES:  (Cont'd.)

 2   For Defendants:            KELLY A. SAMSON, ESQ.
                                Office of the Attorney General
 3                              Department of Justice
                                1300 I Street, Suite 125
 4                              P.O. Box 944255
                                Sacramento, California 94244
 5                              (916) 210-7317

 6                              MELISSA C. BENTZ, ESQ.
                                PATRICIA L. FERGUSON, ESQ.
 7                              Office of Legal Affairs
                                CDCR
 8                              1515 S Street, Suite 314 S.
                                Sacramento, California 95814
 9                              (916) 324-7177

10   Transcription Service:     Peggy Schuerger
                                Ad Hoc Reporting
11                              2220 Otay Lakes Road
                                Suite 502-85
12                              Chula Vista, California 91915
                                (619) 236-9325
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        McKINLEYVILLE, CA  TUESDAY, OCTOBER 30, 2018  10:03 A.M.
 2                              --oOo--
 3           THE CLERK:  The court calls Civil Case Number c-09-5796-
 4   CW, Ashker, et al. v. Brown, et al.  Parties, state their
 5   appearances for the record.
 6           MR. LOBEL:  Jules Lobel for Plaintiff.
 7           MR. MILLER:  Samuel Miller for Plaintiffs.
 8           MR. RUSSELL:  Good morning, Your Honor.  Jay Russell,
 9   Adriano Hrvatin, and Kelly Samson from the Attorney General's
10   Office for Defendants.
11           THE COURT:  All right, everyone.  I just wanted to hold
12   a brief conference with everyone.  Mr. Lobel had inquired as to
13   whether or not the Court was ready to rule on the motion for
14   extension, and I wanted to ensure that the parties -- I had
15   discussed with you back I think in the spring about the
16   possibility of resolving these issues without the Court having to
17   issue a ruling, and then talked to the parties back in the summer
18   -- I think around the same time the motion was referred to me --
19   to determine whether or not there was going to be any movement on
20   any of these three issues.
21         And now that the final supplemental brief was filed in
22   September and based on the phone call or the request, I guess,
23   from Mr. Lobel, I take it then the parties have no interest in
24   pursuing any type of settlement discussion regarding these three
25   issues.
```

```
 1             MR. LOBEL:  I think that is correct.  I think that's
 2  correct.
 3             THE COURT:  All right.  The only thing I will offer is
 4  you've seen with the other issues, you know, the problem is is
 5  that if we don't resolve it informally, then with the appeal of my
 6  ruling, which I'm sure is coming, and then the appeal of Judge
 7  Wilken's order on it, then there's no resolution of these matters
 8  for some time to come.
 9       So I just wanted to give everybody one last shot at it before
10  I got out my order.  But if there isn't any interest in it, then
11  we'll get to work and get the order out shortly.
12             MR. LOBEL:  Let me just -- so that I -- so there won't
13  be any argument on this motion.  You're just -- you've got all the
14  papers and you'll issue an order without any court appearances.
15             THE COURT:  That's right.  I think we've had about a
16  year of briefing on it, so I think I've got everything in front of
17  me that I need.
18       All right.  Well, just wanted to be clear with everybody,
19  make sure that there wasn't any hope for a joint resolution.  So
20  we'll get that out and -- anything else we need to take up?  Do
21  you guys -- I saw your motion or your notice to the Court that you
22  weren't able to resolve the other two issues.
23       Is there anything that you guys believe that we can either
24  resolve by settlement, or are we just going to proceed forward on
25  everything by motion now?
```

1          MR. LOBEL:  Your Honor, the Plaintiffs are still open to
2  any kind of -- any thought about settlement, but it doesn't seem
3  like it's in the cards right now.  We would like to continue,
4  but --
5          THE COURT:  Okay.  What about Defendants?
6          MR. HRVATIN:  Good morning, Your Honor.  Adriano Hrvatin
7  for Defendants.  I think that, from our perspective, the posture
8  of the case with respect to the two issues that are currently on
9  appeal has changed with recent developments -- with the recent
10 development that the Ninth Circuit denied Plaintiffs' motion to
11 dismiss our appeal and set the matter for hearing -- for briefing
12 on the merits.
13     So to the extent that there was a question that the
14 Plaintiffs raised as to whether the matter was properly before the
15 Ninth Circuit, we think that order confirmed that the Ninth
16 Circuit will get to the merits and that no further proceedings in
17 the District Court should occur pending resolution of that appeal.
18     So that was the development just about ten days ago that --
19 and we informed the Court about -- Judge Wilken, that is -- on
20 Friday and that we intend to seek relief from further activity in
21 the District Court level, at least as to those two issues --
22         THE COURT:  Yes, and let me ask you this.
23         MR. HRVATIN:  -- pending --
24         THE COURT:  Because I reviewed -- I reviewed the issues
25 that were raised in 905.  It doesn't appear to be any overlap, so

1  I don't think that there is a jurisdictional issue with regard to
2  those.
3      Is everybody at least in agreement with that?
4          MR. LOBEL:  I think -- I agree, Your Honor.  I think
5  those are just involving the extension for ongoing Constitutional
6  violation.
7          THE COURT:  What about Defendants?
8          MR. HRVATIN:  Your Honor, I think that to the extent
9  that Plaintiffs' extension motion raises three issues, I believe
10 that there is one -- to the extent that Plaintiffs allege a due
11 process violation essentially as to the operation of the
12 restricted cut for the General Population Unit, one of the
13 arguments that they make with respect to that particular position
14 is that there's a liberty interest that they, by way of their
15 argument, one of the -- one of the strings is that they take issue
16 with the conditions of the RCGP.
17     Now, that -- to the extent that they rely on the use of
18 temporary walk-alone status to make a hand as to a liberty
19 interest, that would be, in my view, the one -- the one
20 consideration that we agree play in the motion to extend
21 jurisdiction on that particular alleged due process violation that
22 may implicate what is otherwise the -- otherwise will now be heard
23 on the merits in the Ninth Circuit.
24     That would be the only -- the only potential overlap that I
25 could see based on the briefing to date.

1          THE COURT:  So that's -- is that the -- let me ask you
2  this.  Will you do me a favor and just file a -- because, you
3  know, the issue would be if that issue is on appeal to the Ninth
4  Circuit, I obviously can't rule on it because that may -- first of
5  all, I wouldn't have jurisdiction but, second of all, the -- if
6  the Ninth Circuit were to issue an order that would affect that
7  ruling, then -- then that would be pointless.
8      So just identify that portion of the argument and whatever
9  brief it's in and just file a one-page letter just pointing it
10 out.  There doesn't have to be any argument about it.  And I can
11 make a determination about whether or not there's overlap such
12 that I need to reserve ruling on that portion or if I can just
13 proceed forward on it.
14     Anybody have a problem with that?
15         MR. LOBEL:  I don't have a problem with it, Your Honor.
16 Just quickly, I don't see any overlap.  There is no dispute
17 between the parties that a considerable number of the RCGP
18 prisoners are on walk-alone status.  And the question that the
19 appeal raises is whether or not that violates the settlement
20 agreement.  The question our extension motion raises is whether
21 that, combined with many other things, gives rise to a liberty
22 interest, and I don't see how the Ninth Circuit's determination of
23 whether it violates the settlement agreement would impact on
24 whether or not the -- the undisputed fact that there is this walk-
25 alone status, in combination with other things, could give rise to

1  a liberty interest.  So that would be our position.
2              THE COURT:  Do you agree with that, Mr. Hrvatin?
3              MR. HRVATIN:  I would say right now, Your Honor, I --
4  I'm not certain.  I'm not certain it's as clearcut as Mr. Lobel
5  has argued.  I understand his position, but I don't -- I don't --
6  I'm not sure that the Ninth Circuit will see it that way.  And I
7  think we are in a position of briefing up the issue as to what
8  Judge Wilken found below and how that -- you know, how that issue
9  may implicate what otherwise needs to -- can proceed here at the
10 District Court level pending appeal.
11      But we'd be happy, Your Honor, as you requested to in a brief
12 letter identify where the issues -- where the particular issue has
13 come up.
14             THE COURT:  Well, I mean, it's going to be more than
15 that then if the parties are in disagreement as to whether or not
16 that issue is overlapped with the Ninth Circuit thing.  I'm going
17 to need more than just a brief pointing out of where that section
18 is.  I'm going to need the parties to brief whether or not I can
19 reach that issue based on what's going on with the appeal.
20      So how much time do you need for that?
21             MR. HRVATIN:  Your Honor, if we could -- one moment.
22 I'm just looking at the calendar.  I think if we could look at
23 that issue -- and we may -- you know, just in trying to understand
24 the -- if there is any overlap with the appeal issue, I think that
25 by the end of -- we could work with Plaintiffs' counsel to

1  understand it.  If we do internally believe that there is no
2  overlap, I mean, I think that we could confer with Plaintiffs'
3  counsel and report back to the Court on that front.  And if there
4  is some dispute, we could set forth our respective positions.
5          THE COURT:  All right.  Let's do that.  Let's have you
6  guys talk and then you can file a one-page letter brief pointing
7  out and letting me know if there's agreement or disagreement.  If
8  there's disagreement, I can set argument on it or ask for
9  briefing.  If there isn't, then I can proceed forward with my
10 order.
11      So how long do you guys need to talk about this, to take a
12 look at it internally and then talk about it?
13         MR. LOBEL:  Adriano, could you do it by Friday?
14         MR. HRVATIN:  Yeah.  I think that that's -- I think that
15 that's doable.  I think that, Your Honor, I can -- we can confer
16 internally and then reach out to Plaintiffs' counsel to see
17 whether we have any disagreement.
18         THE COURT:  Okay.
19         MR. HRVATIN:  And then --
20         THE COURT:  You can file something by Monday, the 5th
21 and then you'll let me know whether or not I need to have a
22 hearing or -- or I can take a look at the letter and determine
23 whether or not it's something I need to have a hearing on or set
24 a briefing schedule or both.  Just a one-page joint letter brief
25 -- not brief but statement that says, This is where we have the

10

1 issue or we don't have the issue, and then I can look at it and
2 see if it's complicated or if it's nonsense.  And then we can go
3 from there.
4             MR. HRVATIN:  That's fine, Your Honor.  We'd be happy to
5 do that.  Is this a submission that we should just send directly
6 to Your Honor through your proposed order in-box, or is this a
7 document that you'd prefer be filed in the public record?  How
8 would the Court like to proceed on this procedure?
9             THE COURT:  I want it on the public record so that if
10 the Ninth Circuit disagrees, at least you guys go down with me on
11 it.
12            MR. HRVATIN:  That sounds reasonable.
13            THE COURT:  All right, everyone.
14            MR. LOBEL:  Your Honor, I have one -- one other
15 question.
16            THE COURT:  All right.
17            MR. LOBEL:  As you know, it's been almost a year now --
18 or over a year since we had any monitoring.  And if Your Honor is
19 planning to rule fairly quickly, this may become moot, but we had
20 a question of whether or not in the interim, while this all
21 proceeds, we could at least revise some of the obligations that
22 CDCR has to provide documents so that we can -- and to allow us to
23 communicate with our Plaintiffs because, as I say, a year has
24 passed.
25            THE COURT:  Yeah.  We haven't had any meetings on that

11

1 either; right? -- updating on what the statistics are or anything
2 like that.
3     MR. LOBEL: Right.
4     THE COURT: What do you guys think -- what do the
5 Defendants think about that?
6     MR. HRVATIN: Your Honor, I -- my -- I believe the
7 Defendants are opposed to any further monitoring right now. Our
8 settlement agreement contemplated a 24-month monitoring period and
9 that the case would terminate absent a basis to extend
10 jurisdiction. That has not happened and no -- the Defendants'
11 position is that no monitoring should occur unless there is some
12 foundation under a term of the settlement agreement to extend
13 jurisdiction. And to the extent that there is any such basis, any
14 further monitoring would be, from our position, very limited in
15 scope as to what -- as to that particular basis.
16     So under the current case posture, the -- I think the -- it's
17 appropriate that there is no monitoring because there has -- the
18 Plaintiff hasn't met their burden to establish any basis for
19 further monitoring.
20     THE COURT: Well, let me ask you this: Aren't -- I
21 mean, are there some documents that you've been collecting over
22 the course that was something that you would have turned over,
23 that you can turn over to show them what the status is as to, you
24 know, where everybody's at?
25     MR. HRVATIN: Your Honor, the document production or

12

collection obligations with the settlement agreement are extensive. There are dozens of categories. And so without -- without a particular order or basis that would warrant further production of any particular category, I think we have a -- I think Defendants have a threshold objection as to any obligation to produce any document, and particularly given -- absent a clear -- a basis to -- upon which to extend jurisdiction and then determine what particular document obligations may be implicated. I think as a threshold matter, the settlement agreement contemplates the production of so many documents that absent having a basis that would apply to warrant a further production, I don't think that the Defendants are in a -- in a position to produce any documents.

THE COURT: Mr. Lobel, I have a feeling that, you know, I'm not getting my ruling out tomorrow, but it will be out as quickly as I can. And by the time -- even if I instructed them to turn over things and meet and confer with you and provide it and then us to talk, I mean, I have a feeling that we'll have something out that will -- that will either trigger that to happen or it will make it moot anyway, so -- yeah.

MR. LOBEL: That's sufficient, Your Honor.

THE COURT: All right.

MR. LOBEL: Thank you.

THE COURT: All right, everyone. I've enjoyed talking to you, but I've got a bunch of other stuff I've got to get done.

13

1  So I will speak to everybody later, I'm sure.
2          MR. LOBEL:  Thank you, Your Honor.
3          THE COURT:  All right.
4          MR. HRVATIN:  Thank you, Your Honor.
5          THE COURT:  Have a good morning.
6          MR. RUSSELL:  Thank you, Your Honor.
7     (Proceedings adjourned at 10:19 a.m.)
8
9          I, Peggy Schuerger, certify that the foregoing is a
10 correct transcript from the official electronic sound recording
11 provided to me of the proceedings in the above-entitled matter.
12
13     /S/ Peggy Schuerger              March 6, 2019
    Signature of Approved Transcriber     Date
14
15 Peggy Schuerger
   Typed or Printed Name
16 *Ad Hoc Reporting*
   Approved Transcription Provider
17 for the U.S. District Court,
   Northern District of California