UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, *et al.*,<br>　　　　Plaintiffs,<br>　　v.<br>MATHEW CATE, *et al.*,<br>　　　　Defendants. | Case No. 09-cv-05796-CW (RMI)<br><br>**ORDER**<br>Re: Dkt. No. 1132 |

Currently pending before the court is Defendants' motion requesting a stay pending appeal of a previous order of this court which extended the parties' settlement agreement as well as the court's jurisdiction over the matter for the duration of the extended period. *Defs.' Mot.* (dkt. 1132). Plaintiffs have responded (dkt. 1147); Defendants have replied (dkt. 1153); and, on April 2, 2019, the court conducted a hearing at which the parties presented oral argument (dkt. 1168). For the reasons stated below, the court will deny Defendants' motion (dkt. 1132) as moot.

**INTRODUCTION**

On January 25, 2019, this court entered an order (dkt. 1122) (hereafter, "Extension Order") granting Plaintiffs' motion (dkt. 905) to extend the 24-month monitoring and enforcement period provided for in the parties' settlement agreement (*see* dkt. 424-2 at 14-18). Defendants promptly filed a notice of appeal (dkts. 1126 & 1130). Were it not for the court having granted Plaintiffs' extension motion, the parties' continued obligations under the settlement agreement would have terminated, and the court's jurisdiction over any future aspects of the case would have lapsed. *See Settlement Agmt.* (dkt 424-2) at 17-18. While the appeal of this court's decision to grant the extension motion has been pending, Plaintiffs have continued to demand documents and

1 information from Defendants in line with obligations set forth in the settlement agreement. *See*
2 *Samson Decl.* (dkt. 1132-1) at 1-2. Defendants have not provided the requested information, and
3 have instead filed the instant motion for a stay of further proceedings pending the appeal of the
4 Extension Order. *Id*. at 7.

**THE PARTIES' ARGUMENTS**

Defendants argue that the court should find that it has been divested of jurisdiction because the pending appeal has been taken of an order that "conclusively decided that the Court's jurisdiction over the Agreement should continue with further monitoring and oversight, rather than terminate following the 24-month compliance and contractual enforcement period the parties agreed to when they resolved this case." *Defs.' Mot.* (dkt. 1132) at 4. In this regard, Defendants reason that any further orders from this court, entered pursuant to the Extension Order, "particularly orders that may permit Plaintiffs' counsel to conduct further monitoring, [would] materially alter[] the status quo and substantially compromise[] rights that Defendants intend to vindicate on appeal." *Id*. In the alternative, Defendants submit that even if this court finds that it is not divested of jurisdiction by virtue of the pendency of an appeal, that a stay would be otherwise appropriate. *Id*. at 4-12.

Plaintiffs contend that this court retains jurisdiction to implement the Extension Order during the pendency of the appeal. *Pls.' Resp.* (dkt. 1147) at 7-9. Plaintiffs submit that because Judge Wilken has previously rejected "this very same argument," in the context of effectuating enforcement orders from which Defendants had appealed, that the same conclusion is compelled here. *Id.* On that premise, Plaintiffs invoke collateral estoppel and the law of the case doctrine in support of the notion that Defendants should not be allowed to re-litigate that issue, which Plaintiffs couch as whether this court "is stripped of all jurisdiction during the pendency of an appeal." *Id*. at 7-8. Plaintiffs also suggest that if the court were to find that the pendency of the appeal deprives the court of jurisdiction over enforcement matters arising under the Extension Order, that such a finding would amount to "reversing Judge Wilken's divestment ruling." *Id*. at 8. Additionally, while conceding the legal standard that district courts may not take further action that materially alters the status of the case on appeal, Plaintiffs nevertheless contend that this court

retains jurisdiction to "enforce the Extension Order by providing a remedy to the violations it found that do not materially alter the status of the case on appeal, as Judge Wilken has already held." *Id*. at 9. Putting jurisdiction aside, Plaintiffs conclude by arguing that Defendants have not made a showing that would justify the court's exercise of its discretion to issue a stay pending appeal. *Id*. at 9-19.

## DISCUSSION

Although 28 U.S.C. § 1291 limits an appellate court's jurisdiction to "final[1] decisions of the district courts," the Supreme Court has permitted departures from this rule where an interlocutory order falls into the "collateral order" exception announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545-47 (1949). Under that exception, an interlocutory order is immediately appealable if it "conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *see also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1981).

Of relevance in the present context, a special category of collateral orders has been recognized in a series of cases involving the asserted right not to undergo further proceedings at all. In *Abney v. United States*, 431 U.S. 651, 659-60 (1977), the Supreme Court held that an interlocutory order denying a criminal defendant's pre-trial motion to dismiss an indictment on double jeopardy grounds was immediately appealable. Likewise, in *Helstoski v. Meanor*, 442 U.S. 500, 506-08 (1979), a pre-trial claim by a member of Congress that the Speech or Debate clause immunized him from criminal prosecution was found to also be immediately appealable. In addition to satisfying the other requirements of *Cohen*, both *Abney* and *Helstoski*, involved "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Hollywood Motor Car Co.*, 458 U.S. at 266-67. The defendants in those two cases

---

[1] In determining whether a decision is "final," courts employ a practical rather than a technical analysis. *Orr v. Plumb*, 884 F.3d 923, 928 (9th Cir. 2018). Here, the Extension Order would have been a final order if Defendants had prevailed and the agreement and the court's jurisdiction had been terminated. However, since Plaintiffs prevailed and the agreement and the court's jurisdiction were extended, the Extension Order is more in the nature of an interlocutory order.

3

raised claims based upon "the right not to be tried, which must be upheld prior to trial if it is to be enjoyed at all." *United States v. MacDonald*, 435 U.S. 850, 860-61 (1978).

Ordinarily, if a defendant's interlocutory claim is considered immediately appealable as an *Abney*-type claim, the district court generally loses its power to proceed on matters arising from the time the defendant files its notice of appeal until the appeal is resolved. *See United States v. Hickey*, 580 F.3d 922, 926 (9th Cir. 2009); *United States v. Yellow Freight System, Inc.*, 637 F.2d 1248, 1252 (9th Cir. 1980) (citing *Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir. 1977)); *United States v. Garner*, 663 F.2d 834, 837-38 (9th Cir. 1981); *United States v. Burt*, 619 F.2d 831, 838 (9th Cir. 1980). Such is the nature of asserting immunity from further proceedings.

In such cases, courts have repeatedly held that the filing of a notice of appeal confers jurisdiction on the court of appeals while divesting the district court of its control of the aspects of the case involved in the appeal. *See Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (interlocutory appeal on immunity grounds divests the district court of jurisdiction to proceed with trial, unless the district court certifies in writing that the claim of immunity has been waived or is frivolous); *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). The divestiture of jurisdiction rule is a judicially-made rule, and was originally employed in the context of civil appeals to avoid confusion or the waste of time that would result from having the same issues before two courts at the same time. *Rodriguez*, 891 F.3d at 790 (quoting *Claiborne*, 727 F.2d at 850). It should be noted that while the divestiture rule was previously referred to as "jurisdictional" – the Supreme Court has more recently clarified that because only Congress may establish or modify the subject-matter jurisdiction of district courts, judicially-made jurisdictional rules are now more accurately described as "mandatory claim processing rules" that may be applied with greater flexibility than truly jurisdictional rules. *Rodriguez*, 891 F.3d at 790.

As an exception to the divestiture rule, again focused on avoiding uncertainty and waste, and concerned with the possibility that the appeals process might be abused to cause delay or increase costs, district courts may proceed in appropriate cases by certifying that the appeal is

4

frivolous or waived. *Id*. at 791. However, absent such certification, the district court is automatically divested of its authority over those aspects of the case that are involved in the appeal. *Id*. (citing *Chuman*, 960 F.2d at 105 ("In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial.")). Also, it is important to note that district courts retain control of the aspects of the case that are not involved in the appeal. *See generally Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed."); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) ("There are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal. A district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal, or in aid of execution of a judgment that has not been superseded.") (citations omitted); *United States v. Phelps*, 283 F.3d 1176, 1181 (9th Cir. 2002) (holding that exceptions from the divestiture of jurisdiction rule are permissible so long as they do not frustrate the purpose of the rule). Accordingly, there are generally three situations where a notice of appeal does not divest the district court of jurisdiction: (1) where the issue before the district court is separate from, or collateral to, the matter involved in the appeal; (2) where application of the divestiture of jurisdiction rule would wholly undermine its purpose; and (3) where the appeal is clearly defective or frivolous, usually by reason of "untimeliness, lack of essential recitals, or reference to a non-appealable order." *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991); *see also Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*) (notice of appeal from un-appealable order does not divest district court of jurisdiction). The court finds none of these situations present.

At this point, several key facts should be noted with regard to the posture of this case, the nature and effect of the Extension Order, as well as the subject of the pending appeal. This case originated with claims brought by California prisoners under the Eighth Amendment (cumulative effects of prolonged solitary confinement) and the Fourteenth Amendment (denial of due process in the prison-gang validation process), and became the subject of a global settlement agreement that promised certain reforms, and provided for a two-year monitoring period during which

Defendants agreed to provide Plaintiffs' counsel the information that would be necessary to determine Defendants' compliance. *Settlement Agmt.* (dkt. 424-2) at 14-17. The agreement also conferred continuing jurisdiction upon the court during the 24-month period such as to hear and decide enforcement motions and other matters provided for in the agreement's dispute resolution procedures. *Id*. at 19-21. Lastly, the agreement provides that, unless Plaintiffs prevail on a motion for an extension of the 24-month monitoring period by satisfying a certain evidentiary standard, the agreement and the court's jurisdiction over the matter shall automatically terminate. *Id*. at 17-18. On January 25, 2019, finding that Plaintiffs' motion had satisfied the evidentiary standard set forth in the agreement, the court entered the Extension Order and extended the agreement, as well as the court's own subject matter jurisdiction over the future of the case, for a 12-month period. *See Extension Order* (dkt. 1122). The Extension Order was then promptly appealed by Defendants (dkts. 1126 & 1130), as well as by Plaintiffs (dkt. 1131). While the case remains pending in the appellate court, Plaintiffs have "initiated the process for continued monitoring" by demanding document production from Defendants, as well as by asking this court to involve itself in the design of a remedial plan that might address the systemic flaws identified by Plaintiffs' motion and the Extension Order. *See Samson Decl.* (dkt. 1132-41) at 4-5; *see also Pls.' Resp.* (dkt. 1147) at 8 (arguing that "this Court has ongoing jurisdiction to both enforce the explicit terms of its prior order extending the Settlement Agreement, and to provide a remedy consistent with the constitutional violations it already has found.").

Defendants have therefore correctly couched the divestiture issue by characterizing the Extension Order as one that "conclusively decided that the Court's jurisdiction over the Agreement should continue with further monitoring and oversight, rather than terminate following the 24-month compliance and contractual enforcement period the parties agreed to when they resolved this case." *Defs.' Mot.* (dkt. 1132) at 4. Defendants argue that but for the Extension Order, the agreement, and the court's jurisdiction, would have terminated. The court is unpersuaded by Plaintiffs' suggestion that Judge Wilken has previously rejected "this very same argument." *Pls.' Resp.* (dkt. 1147) at 7-9 (citing (dkt. 1113) at 4). During the pendency of the settlement agreement's 24-month period, based on a finding that Defendants had breached the

agreement, Judge Wilken ordered the submission of remedial plans, and Defendants appealed. *See* (dkt. 1113) at 4-5. Holding that the mere filing of the notice of appeal did not mean that Defendants were free to ignore the court's directive to submit a remedial plan, Judge Wilken's order then evaluated and adopted Plaintiffs' proposed remedial plans but stayed their implementation on Defendants' motion pending the resolution of the appeal. *Id.* at 12. Two things should be noted in this regard, Judge Wilken's order was entered during a period that the agreement was in full force and effect, and, the order addressed instances of breach and remedies therefor, from which a subsequent appeal was taken. In that context, Judge Wilken held that the court retains continuing jurisdiction to enforce those orders to preserve the status quo during the pendency of the appeal. In a rather different context, the Extension Order decided between terminating or extending the court's jurisdiction and the agreement in its entirety. At the time the Extension Order was entered, the case was at the juncture of either continuing for another 12-month period of monitoring and enforcement, or no longer existing at all except as to a few still-pending matters that had previously arisen.

Because the very continuation of this case is the subject of a currently pending appeal, the court finds that it has been divested of its control of any future aspects of the case, arising on or after the date of the filing of Defendants' notice of appeal at to the Extension Order. *See Rodriguez*, 891 F.3d at 790. As stated, the purpose of the divestiture rule is to avoid confusion, or the waste of time that would result from having the same issues before two courts at the same time. In this regard, if this court were to conclude otherwise and maintain control over the upcoming aspects of this case, in the event that the Court of Appeals were to reverse the Extension Order, any orders entered by this court pertaining to matters that arose after the filing of the notice of appeal will be void *ab initio* and yet unable to be undone, bringing to mind the familiar adage about the difficulty of unringing a bell.[2] This is precisely the type of confusion and wastage of time that the divestiture of jurisdiction doctrine is meant to avoid. *See Hickey*, 580 F.3d at 927 (admonishing district courts that divestiture errors can waste tremendous time and resources,

---

[2] *See State v. Rader*, 62 Or. 37, 40, 124 P. 195, 196 (Or. 1912).

7

particularly where a case goes to trial). Here, Defendant's claim on appeal, boiled down to its essence, is that jurisdiction over this case has lapsed and the agreement has terminated, the court finds this claim to be in the nature of an *Abney*-type claim asserting a right to avoid further proceedings at all, which compels divestiture of those aspects of the case arising after the filing of the notice of appeal as to the Extension Order.

## CONCLUSION

Accordingly, because the filing of the notice of appeal divested the court of jurisdiction as to any matters arising thereafter, Defendant's Motion for a Stay Pending Appeal (dkt. 1132) is DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 10, 2019

ROBERT M. ILLMAN
United States Magistrate Judge