JULES LOBEL (*pro hac vice*)
Email:  jll4@pitt.edu
RACHEL MEEROPOL (*pro hac vice*)
Email:  rachelm@ccrjustice.org
SAMUEL MILLER (Bar No. 138942)
Email:  samrmiller@yahoo.com
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
Tel:  (212) 614-6432
Fax:  (212) 614-6499

CARMEN E. BREMER (*pro hac vice*)
Email: carmen.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 4:09-cv-05796-CW (RMI) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF ENFORCEMENT MOTION REGARDING UNAUTHORIZED SHU-ELIGIBLE OFFENSE OF "PARTICIPATION IN A ROUT WITH AN STG NEXUS"** <br><br> Date:   December 3, 2019 <br> Time:  11:00 a.m. <br> Place:  Eureka-McKinleyville Courthouse <br> Judge:  Honorable Robert M. Illman |

## I. INTRODUCTION

Defendants' response fails to rebut Plaintiffs' showing that assessing SHU terms for "participation in a rout" violates the Settlement Agreement (SA), but their arguments demonstrate the importance of Plaintiffs' enforcement motion. The response begins from the disturbing proposition that the language of the SHU Term Assessment Chart should not limit CDCR's ability to discipline class members. Defendants then adopt outlandish statutory interpretations, such as reading "inciting conditions likely to threaten institutional security" to include "*any* action that threatens institutional security," to support that premise.

Ironically, Defendants acknowledge that the SHU Term Assessment Chart was included in the SA and codified in CDCR's regulations to "put class members on notice that they could be placed in SHU for a specific determinate term if found guilty of committing certain offenses." Opp. at 2. The "certain offenses" to which Defendants refer are, of course, those listed in the SHU Term Assessment Chart. Yet by charging a rout, which is not listed in the chart, as if it were a riot, and assessing SHU terms for such activity, CDCR is negating that very purpose. The Court should grant Plaintiffs' enforcement motion and find Defendants to be in violation of the SA.

## II. ARGUMENT

### A. A Rout Is Not A Disturbance, Riot, or Strike.

Plaintiffs have demonstrated that a rout is categorically ineligible for SHU under the SA because it is not included in the exhaustive list of SHU-eligible offenses in the SHU Term Assessment Chart. Defendants respond that a rout falls within the meaning of "disturbance, riot, or strike," which are all offenses listed in Section 7 of the chart. But Defendants fail to acknowledge that because "rout" and "riot" are distinct offenses under Title 15, § 3005 and "riot" but not "rout" is included in the SHU Term Assessment Chart at Title 15, § 3341.9(e), a "rout" is clearly not a SHU-eligible offense. *See*, *e.g.*, *Application of Rogers*, 229 F.2d 754, 755 (9th Cir. 1956) ("General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment.") (citing *Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208 (1932)); *Breimhorst v. Educ. Testing Serv.*, No. 99-3387, 2000 U.S. Dist. LEXIS 23363, *17-18 (N.D. Cal. Mar. 27, 2000)

1  (regulation for testing providers did not cover matter addressed in § 302 of the ADA where "the
2  Department of Justice imported part of § 302 into the regulations for testing providers, but not all of it").
3      Instead, Defendants note that the prisoner in Plaintiffs' sample RVR pled guilty to a violation of
4  § 3005, which prohibits "participat[ion] in a riot, rout, or unlawful assembly," and emphasize that "if the
5  inmate's rout activity escalated into a riot, he would have been charged for participating in a riot under
6  the same code section."  Opp. at 4.  But this argument misses the point entirely: *if* the prisoner had been
7  charged with participating in a riot under § 3005—which Defendants admit would have required his
8  activity to "escalate"—*only then* would his offense have been SHU-eligible because only then would it
9  be listed in the SHU Term Assessment chart.
10     Defendants insist that a "rout" is the same as a "disturbance" but ignore completely Plaintiffs'
11 citation to Title 15, § 3000, which explicitly states that "disturbances, riots, and strikes as listed in
12 subsection 3441.9(e)(7)," *i.e.*, Section 7 of the SHU Term Assessment Chart, are "same/similar only to
13 themselves," thus there can be no question that the offense CDCR *did* charge the prisoners with—
14 participating in a rout—is *not* SHU-eligible.  Defendants' incomplete and misleading citation to
15 Merriam-Webster (which actually provides "disturbance" as the *fourth* definition for the noun "rout,"
16 after "a disorderly retreat" "a precipitate flight" and "a crowd of people") cannot supplant the definition
17 section of CDCR's own regulations.
18     Defendants contend that strict adherence to the offenses listed in the SHU Term Assessment
19 Chart is "myopic" and "would prohibit Defendants from assessing SHU terms to inmates found guilty
20 of possessing a 'gun' or 'knife,' since only possession of a 'firearm' or 'weapon' is expressly listed in
21 the SHU Term Assessment Chart."  Opp. at 3-4.  But no one can dispute that a gun is a firearm and that
22 guns and knives are weapons, so class members clearly have notice they could be placed in SHU for a
23 specific determinate term if found guilty of possessing a gun or knife.[1]  The same cannot be said for a
24 "rout," which Defendants concede is not a "riot," but an "incomplete riot."  *Id.* at 3.  Treating an

---

[1] The Merriam-Webster definition of "firearm" is "a weapon from which a shot is discharged by gunpowder," *see* https://www.merriam-webster.com/dictionary/firearm, and its definition of "weapon" is "something (such as a club, knife, or gun) used to injure, defeat, or destroy," *see* https://www.merriam-webster.com/dictionary/weapon.  Moreover, Defendants' example ignores that a "rout" is a separately listed offense.  It would be a fairer analogy if Title 15 prohibited possession of a "weapon or firearm" and the SHU assessment chart only listed possession of a firearm as a SHU-eligible offense.

admittedly *incomplete* SHU-eligible offense as SHU-eligible does not provide class members the Constitutionally required notice.

### B. "Participating in a Rout" Is Not "Inciting Conditions Likely To Threaten Institutional Security."

Defendants argue that "[a]t a minimum, a rout falls under section 7(c) [of the SHU Term Assessment Chart] because it '[incites] conditions likely to threaten institutional security.'" Opp. at 3. But just as it did not charge them with "riot," CDCR did not charge the men with "inciting conditions likely to threaten institutional security." Nor, apparently, could it have, as there is a substantial difference between "inciting" something and merely "participating" in it. According to Merriam-Webster, to "incite" is to "move to action : stir up : spur on : urge on," *see* https://www.merriam-webster.com/dictionary/incite, while to "participate" is simply to "take part," *see* https://www.merriam-webster.com/dictionary/participate. Defendants pretend that "inciting" is not even part of the offense, contending that "*any* action that threatens institutional security (like a disturbance, riot, or strike)" is SHU-eligible under Section 7 of the SHU Term Assessment Chart. Opp. at 3 (emphasis added). But Defendants cannot selectively ignore words in the SHU Term Assessment Chart any more than they can selectively add them; a "rout" is not listed in Section 7, so rout activity must "incite conditions likely to threaten institutional security" to be SHU-eligible under Section 7(c).

### C. An Attempt To Commit an Offense Is Not the Same as Committing the Offense, and It Carries Half the SHU Term.

Defendants' final effort to shoehorn "participation in a rout" into the SHU Term Assessment Chart is by reference to Section 14, which provides that "[a]ny inmate who conspires to commit or solicits another person to commit any of the offenses [in the SHU Term Assessment Chart] shall receive the term specified for that offense." Opp. at 4. This argument meets the same insurmountable obstacle as the others, which is that CDCR did not charge the men with conspiring or soliciting another to commit an offense in the SHU Term Assessment Chart; it charged them with participating in a rout. Defendants attempt a sleight of hand to distract from this simple logic, maintaining that "participating in a rout will result in the same SHU term for participating in a riot, the same way the 'conspiracy to traffic drugs' would result in the same SHU term for actually trafficking drugs." *Id.* But changing the underlying

offense a prisoner is accused of participating in from a SHU-eligible offense (riot) to a SHU-*in*eligible offense (rout) is not at all analogous to changing the nature of his participation from conspiring to commit a SHU-eligible offense to actually committing the SHU-eligible offense.

CDCR likewise did not charge the men with attempted riot, though Defendants variously describe a "rout" as "an attempt to commit a riot," opp. at 4, an "incomplete riot," *id.* at 3, and something that "falls just short of" a riot, *id*. at 1. Critically, if CDCR *had* charged the men with attempted riot, the controlling provision would be Section 13 of the SHU Term Assessment Chart, which Defendants conveniently ignore. That provision states that "proven attempts to commit any of the above listed offenses shall receive one-half (1/2) of the term specified for the offense." ECF 424-3 at 6. Having admitted that the activity it charged as "participating in a rout" was at most an attempted riot, CDCR plainly violated the SA when it assessed SHU terms for a completed riot, which carries twice the term as an attempt under Section 13 of the SHU Term Assessment Chart.

### III.  CONCLUSION

A "rout" is a distinct offense listed in Title 15 and not included in the SHU Term Assessment Chart, so it cannot be punished by a SHU term. Defendants pretend this means CDCR may not "discipline class members for rout activity" at all, opp. at 3, but this is not the case. The SA does not bar punishment for a rout. As with other SHU-ineligible offenses, a rout may be punished in myriad ways, including by loss of telephone and visitation privileges; the SA simply does not allow assessment of a SHU term for participating in a rout. For these reasons, Plaintiffs request that the Court grant their enforcement motion in its entirety.

DATED:  November 19, 2019               Respectfully submitted,

By:  /s/ Carmen E. Bremer
CARMEN E. BREMER (*pro hac vice*)
Email: carmen.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

SAMUEL MILLER (Bar No. 138942)
Email: samrmiller@yahoo.com

JULES LOBEL (*pro hac vice*)
Email:  jll4@pitt.edu
RACHEL MEEROPOL (*pro hac vice*)
Email: rachelm@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6432
Fax: (212) 614-6499

ANNE CAPPELLA (Bar No. 181402)
Email: anne.cappella@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Tel: (650) 802-3000
Fax: (650) 802-3100

CHARLES F.A. CARBONE (Bar No. 206536)
Email: Charles@charlescarbone.com
LAW OFFICES OF CHARLES CARBONE
P. O. Box 2809
San Francisco, CA 94126
Tel: (415) 981-9773
Fax: (415) 981-9774

ANNE BUTTERFIELD WEILLS (Bar No. 139845)
Email: abweills@gmail.com
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, CA 94612
Tel: (510) 839-1200
Fax: (510) 444-6698

MATTHEW STRUGAR (Bar No. 232951)
Email: matthew@matthewstrugar.com
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Tel: (323) 696-2299
Fax: (213) 252-0091

*Attorneys for Plaintiffs*