IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TODD ASHKER, et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>**GOVERNOR OF THE STATE OF CALIFORNIA, et al.,**<br><br>　　　　　　　　　　Defendants. | Case No. 4:09-cv-05796 CW (RMI)<br><br>**ORDER REGARDING PARTIES' AGREEMENTS TO MODIFY DEFENDANTS' OBLIGATIONS UNDER PARAGRAPH 37 AND SCHEDULING OF FURTHER MONITORING MEETING** |

　　　　Following an October 3, 2019, meet and confer, the Court issues this order to govern Defendants' production of documents and data during the extended twelve-month period of the Court's jurisdiction over the parties' Settlement Agreement that resolved this class action. (ECF Nos. 424-2 & 424-3.)

**BACKGROUND AND PROCEDURAL POSTURE**

　　On January 25, 2019, the Court issued an order extending its jurisdiction for an additional twelve-month period over the parties' Settlement Agreement. (ECF No. 1122.) On June 26, 2019, the Court rejected Defendants' position that the Court was divested of jurisdiction or that further monitoring should be stayed pending Defendants' appeal of the Court's order extending jurisdiction. (ECF No. 1198.) As a result, the Court continued the parties' and the Court's

1

1  obligations under the Settlement Agreement for the extended twelve-month period, "including
2  Defendants' obligations to produce documents and data." (*Id*. at 33.)
3  The Court first ordered Defendants to "forthwith" resume "their production of the same
4  types and quantities of documents and data they had agreed to produce prior to the expiration of
5  the original twenty-four-month period of the settlement agreement," with the twelve-month
6  extension to begin on the date Defendants make their first complete production of such
7  documents and data. (*Id*. at 33-34.) Second, if Plaintiffs seek documents or data during the
8  twelve-month extension beyond the parties' prior agreements as to the scope of Defendants'
9  productions, the Court ordered the parties to meet and confer and, if necessary, employ the
10 Settlement Agreements' dispute-resolution process to address any requests for additional
11 documents and data. (*Id*. at 34.)
12 On July 15, 2019 and August 15, 2019, Defendants made their first and second productions
13 of documents and data they had otherwise agreed to produce under the Settlement's paragraph 37
14 before the expiration of the Settlement's original 24-month-monitoring period on October 14,
15 2017. The parties separately engaged in extensive meet-and-confer efforts regarding Plaintiffs'
16 new document and data requests and met with Magistrate Judge Illman on October 3, 2019 to
17 discuss their negotiations, including then-disputed issues. Under the Settlement's paragraph 59,
18 which governs any modification to the Settlement's terms (ECF No. 424-2), the parties agree to
19 modify Defendants' document and data obligations under the Agreement's paragraph 37 to
20 govern those obligations during the extended monitoring period between July 15, 2019 and July
21 15, 2020.[1] The parties' agreement does not modify the general provisions of paragraph 37,
22 including (1) that all data and documentation disputes, including modification of the agreement,
23 shall be submitted to Magistrate Judge Illman in accordance with the dispute resolution and
24 enforcement procedures set forth in paragraphs 52 and 53; (2) that Magistrate Judge Illman can
25 request and order the production of any document or data he deems material to compliance with

---

[1] Defendants appealed the order extending the Court's jurisdiction over the settlement. Those proceedings remain pending, and Defendants entered into this agreement without conceding that this Court has jurisdiction or waiving any right implicated by their appeal.

this Agreement or the resolution of any dispute contemplated by the terms of the Agreement; and (3) that data and documentation will include, but not be limited to the following:

**MODIFICATION TO PARAGRAPH 37**

    **A.**    **DISCONTINUED PARAGRAPH 37 OBLIGATIONS.**

    1.    Defendants are no longer required to produce documents under the following categories of the Settlement's paragraph 37: 37(a), 37(b), 37(c), 37(e), 37(f), 37(g), and 37(n).

    2.    Defendants are no longer required to produce the Debriefing Processing Unit Tracker, which Defendants previously agreed to produce during the Settlement's original 24-month monitoring period after the Settlement's approval.

    **B.**    **ONGOING PARAGRAPH 37 OBLIGATIONS.**

    3.    Defendants will continue to produce the Administrative Segregation Unit/Security Housing Unit population chart on a monthly basis.

    4.    Defendants will continue to produce documents under paragraph 37(i), without modification.

    5.    Defendants will continue to produce documents under paragraph 37(k), without modification.

    6.    Defendants will continue to produce documents under paragraph 37(m), without modification.

    **C.**    **MODIFIED PARAGRAPH 37 OBLIGATIONS.**

    7.    The parties agree to modify Defendants' obligations under paragraph 37(d) to the extent that Defendants will produce a list of validated inmates currently in the Restrictive Custody General Population housing unit, indicating which validated inmates are on walk-alone status. This list will be produced once as part of Defendants' first production of material under these modified paragraph 37 obligations. After the first production, Defendants will produce, on a quarterly basis, a list of all new inmates assigned to the Restrictive Custody General Population unit, who are validated, identifying which validated inmates are then on walk-alone status.

    8.    The parties agree to modify Defendants' obligations under paragraph 37(h), as follows: on a quarterly basis, for inmates found guilty of a SHU-eligible rules violation report

with a nexus to a Security Threat Group that rely on confidential information, Defendants will produce: (i) a SHU-Term computation sheet; (ii) the rules violation report issued to the inmate; and (iii) the decision of the hearing officer finding the inmate guilty of the SHU-eligible offense with a nexus to a Security Threat Group.  Per quarter, Defendants also will produce no more than thirty-five unique packages of confidential information relied upon by the hearing officer to reach the guilty finding.  To the extent that the same confidential information is relied upon for multiple prisoners' rules violation reports, the confidential information will only count as one unique packet.

If a quarterly production under this modified paragraph 37(h) includes more than thirty-five unique packages of confidential information relied upon by the hearing officer to find inmates guilty of a SHU-eligible rules violation report with a nexus to a Security Threat Group, Defendants will provide notice to Plaintiffs of the additional amount. Plaintiffs may request this confidential information from Judge Illman.

9. The parties agree to modify Defendants' obligations under paragraph 37(j), as follows:  on a quarterly basis, Defendants will produce the Departmental Review Board chronos for validated inmates who are retained in the Restrictive Custody General Population, and the confidential documents relied upon by the Departmental Review Board for the retention decision. If a quarterly production under this modified paragraph 37(j) includes ten or more validated inmates retained in the Restrictive Custody General Population by the Departmental Review Board during the last month of that quarter, Defendants are entitled to ten additional business days to redact and produce the underlying confidential information.

10. The parties agree to modify Defendants' obligations under paragraph 37(l), as follows:  on a quarterly basis, Defendants will produce all Institution Classification Committee chronos reflecting the Committee's decision to retain an inmate in the Restrictive Custody General Population housing unit.

**D.   NEW PARAGRAPH 37 OBLIGATION.**

11. If Plaintiffs identify a validated inmate by name and CDCR number who is or has recently been (i) housed in an Administrative Segregation Unit pending an investigation into a

SHU-eligible offense with a nexus to a Security Threat Group that relies on confidential information, and (ii) housed in the Administrative Segregation Unit for more than sixty days, Defendants will produce the order assigning the inmate to administrative segregation, the Forms 1030 provided to the inmate, and the confidential information, redacted as necessary, used to support the housing assignment.  Defendants have no ongoing production obligation with respect to any inmate following their initial production under this paragraph.  Defendants will produce this information for no more than five inmates in any given quarter, and Defendants need not produce this information for more than twenty validated inmates total under this paragraph during the extended twelve-month extension period ending July 15, 2020.

E.   **OUTSTANDING NEGOTIATIONS**

12.   The parties have been unable to come to agreement on Plaintiffs' request to review recordings or transcripts of confidential interviews, and have provided letters to the Court setting forth their positions.

F.   **MONITORING MEETING**

13.   The parties will appear at the next monitoring meeting by video-teleconference on December 3, 2019 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated:  December 10, 2019

_____
The Honorable Robert M. Illman