UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.: 4:09-cv-05796-CW (RMI)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINDINGS & RECOMMENDATIONS GRANTING PLAINTIFFS' SECOND MOTION FOR EXTENSION OF SETTLEMENT AGREEMENT BASED ON SYSTEMIC DUE PROCESS VIOLATIONS**<br><br>Date:   February 2, 2021<br>Time:   11:00 a.m.<br>Place:  Eureka-McKinleyville Courthouse<br>Judge:  Honorable Robert M. Illman |

Before this Court is Plaintiffs' Second Motion for Extension of Settlement Agreement Based on Systemic Due Process Violations (the "Motion"), as well as materials filed in support thereof. Finding the Motion supported by a preponderance of the evidence, the Court hereby issues these Findings & Recommendations **GRANTING** Plaintiffs' Motion, and declaring that Defendants are depriving the *Ashker* class of procedural due process under the Fourteenth Amendment to the United States Constitution on an ongoing and systemic basis in four distinct respects: (a) Defendants have fabricated, inadequately disclosed, and misused confidential information to place class members in solitary confinement for rules violations and pending investigations relating to rules violations, and to place and retain class members in the Restricted Custody General Population (RCGP); (b)

Defendants have failed to ensure that confidential information it uses against class members is reliable; (c) Defendants deny class members a fair opportunity to seek parole through the continued retention and reliance on gang validations that were determined pursuant to CDCR's old unconstitutional procedures, and through the denial of a meaningful opportunity to challenge confidential information; and (d) Defendants use inadequate procedural protections to place and retain class members in the RCGP.

The undersigned recommends that the Court order a twelve-month extension of the Court's jurisdiction over this matter to ensure Defendants' compliance with the following relief:

1. To assist the parties in ensuring compliance with the order, the undersigned will continue performing the duties set forth in paragraph 48 through 50 and 52 and 53 of the Settlement.

2. **To remedy CDCR's systemic fabrication and misuse of confidential information:** the undersigned recommends that the Court **ORDER** that Defendants shall (1) audio-record all confidential source interviews unless an investigator explains in writing why recording would interfere with the integrity of the interview; (2) maintain all investigator notes and recordings; (3) implement new training and disseminate written guidelines to ensure that confidential memoranda accurately and *fully* document the confidential interviews, including the inclusion of any potentially inculpatory information; (4) create, within thirty days of the date of this Order, an independent monitor to review the department's use of confidential information; and (5) put in place, within thirty days of the date of this Order, a mechanism for prisoners who are currently serving solitary terms based on confidential information to appeal those disciplinary proceedings to an independent fact-finder.

3. **To remedy CDCR's failure to provide class members with a fair opportunity for parole:** the undersigned recommends that the Court **ORDER** that Defendants shall issue a directive for all class members scheduled to appear before the Parole Board on or after the date of this Order as follows:

> A prisoner's old gang validation, on its own, should not be assumed to reliably indicate that the inmate was active with a prison gang, as many prisoners were previously validated without such evidence, and the District Court has ruled that the validations were made in systemic violation of constitutional due process. Instead, as the Board of Parole Hearing commissioners evaluate the totality of

case factors, they should consider only overt acts of recent gang activity, as opposed to indications or labels of association or affiliation.

4. The undersigned recommends that the Court **ORDER** that, with respect to CDCR's systemic practice of denying prisoners a meaningful opportunity to challenge confidential information, Defendants shall provide contemporaneous notice to prisoners whenever confidential information is placed in their file, regardless of whether it is being used in a disciplinary proceeding. This notice must be as detailed as possible without damaging institutional security, and include: (a) a detailed description of the information provided by the confidential informant; (b) the date the information was provided to the Department; (c) the date of the events or actions referred to in the informant's report; (d) the location where the information was provided by the informant; (e) the name of the officer who obtained and recorded the informant's report; (f) the source and nature of the informant's personal knowledge of the events or actions; (g) the investigative steps taken by the receiving officer or other department official to confirm the facts reported and the informant's personal knowledge; (h) the informant's previous record of confidential information, including instances of information not meeting standards of reliability; (i) the evidence used to corroborate the information, including a summary notice if the information is corroborated by another in-custody confidential informant; or, if corroboration is provided by a nonconfidential informant, or by physical evidence, that information be fully disclosed in the notice; and (j) a signed statement by the decisionmaker that the decisionmaker has made a determination regarding the corroboration of the confidential information. Additionally, for all past confidential information for which the prisoner has not been contemporaneously notified, Defendants shall either (a) prevent the disclosure of such material to BPH, or (b) notify BPH at the same time the Notice is provided to the prisoner that all confidential information that previously has been undisclosed to the prisoner should be deemed presumptively unreliable since it has not been contemporaneously subjected to any test of credibility, corroboration, accuracy, or truthfulness.

5. **To remedy CDCR's inadequate RCGP procedures:** the denial of a meaningful opportunity to challenge confidential information that Defendants shall, within thirty days of the date of this Order: (a) adopt a multi-tiered RCGP classification and verification review system in which

any decision or recommendation to place or retain a prisoner in the RCGP must be confirmed by at least one other reviewing body, and (b) implement criteria that the DRB and the ICC will adhere to at each safety review, which specifies the factors to be considered, and the weight afforded to each.

      6.       The generally applicable terms outlined in sections IV, VI, and VII of the Settlement Agreement shall remain in effect for the duration of the extension period, with the follow clarifications:

      a.       The meeting requirement between Defendants, Plaintiffs' counsel, and the four prisoner representatives stated in paragraph 49 of the Settlement shall occur no later than six months from the date of the District Court's order.

      b.       Pursuant to paragraph 44 of the Settlement Agreement, the dispute resolution and enforcement procedures set forth in paragraphs 52 and 53 shall continue for the duration of the extension period with respect to the terms of the District Court's Order.

      The Court hereby finds that the relief set forth herein is narrowly drawn, extends no further than necessary to correct the violation of Plaintiffs' due process rights, and is the least intrusive means necessary to correct the violation of those federal rights.

      For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's Motion be GRANTED in full.  Any party may file objections to this Report and Recommendation with the District Court within fourteen (14) days.  *See*  28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated:_____          _____
                                                               Honorable Robert M. Illman
                                                               United States Magistrate Judge