UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>MATHEW CATE, *et al.*,<br><br>          Defendants. | Case No.  09-cv-05796-CW   (RMI)<br><br>**ORDER ON THE PARTIES' DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 1334-3, 1364-3, 1366-1 |

Now pending before the court is a jointly-filed discovery letter brief through which Plaintiffs seek to compel Defendants to lift certain redactions. *See* Joint Ltr. Br. (dkt. 1334-3 *SEALED*). The Parties' disagreements about the propriety of Defendants' redactions boil down to five discrete matters concerning redacted information found in confidential memoranda ("CM") and corresponding transcripts which memorialized confidential source ("CS") interviews underlying various disciplinary matters. The first three disputes pertain to redactions found in a CM and corresponding transcript from February of 2020. *Id*. at 3-7. The fourth dispute is related to redactions found in a CM and corresponding transcript from November of 2017. *Id*. at 7-12. The fifth dispute relates to redactions found in a CM and corresponding transcript from December of 2019. *Id*. at 12-14. Having reviewed all of the materials in question without redactions *in camera*, the undersigned rules as follows.

In Dispute #1, Plaintiffs seek the lifting of redactions because the CM indicates a CS provided information about two alleged prison gang members reportedly ordering an assault that occurred two weeks prior to the interview, but complain that Defendants' redactions make it impossible to confirm the CS's account (*see id*. at 3). Having reviewed the un-redacted materials,

1   the undersigned finds that the redactions are proper, and that the CM's account is in fact supported
2   by the interview transcript. Accordingly, Plaintiff's request for a lifting of these redactions is
3   **DENIED.**
4         In Dispute #2, Plaintiffs submit that the CM indicates the CS also provided info that the
5   same two alleged prison gang members reportedly ordered the assault of another prisoner due to a
6   drug debt but that redactions make it impossible to confirm who the CS claimed ordered the
7   assault and to whom the CS claimed the debt was owed (*see id*. at 4-5). Following oral argument,
8   the undersigned reserved ruling on this issue while directing Plaintiffs to file a supplemental letter
9   along with any necessary Rules Violation Reports ("RVR") such that it could be determined on
10  whose behalf the lifting of these redactions was being argued – that is, whether the alleged
11  ordering of this assault due to a purported drug debt had resulted in discipline. Plaintiffs then filed
12  a supplemental letter (*see* Pls.' Supp. Ltr. Br. (dkt. 1364-3 *SEALED*) at 1-2) along with a RVR
13  packet (*see* RVR Packet (dkt. 1364-4 *SEALED*) pertaining to one of the two prisoners named
14  by the CS in the above-described CM. However, it appears that the subject of the RVR packet
15  provided by Plaintiffs pertains to a different episode of assault (with a different victim) from what
16  was described above in Dispute #2 as presented in the Parties' joint letter brief. Accordingly,
17  having reviewed the RVR submitted by Plaintiffs, as well as the entirety of the un-redacted
18  materials submitted by Defendants for *in camera* review, the undersigned finds that there is no
19  connection or overlap between the above-described account (in Dispute #2) given by the CM
20  pertaining to this prisoner and the disciplinary matter described in the RVR packet provided by
21  Plaintiffs. Thus, since Plaintiffs have not shown that the prisoner in question was in fact
22  disciplined based on the particular account given by the CM in the context of Dispute #2,
23  Plaintiffs' request for the lifting of these redactions has no traction. In any event, having reviewed
24  the un-redacted materials, the undersigned finds that the redactions are proper, and that the CM's
25  account (as it pertains to a gang-nexus as well as in other respects) is in fact supported by the un-
26  redacted interview transcript and audio recording. Accordingly, for the above-stated reasons,
27  Plaintiffs' request for a lifting of these redactions is **DENIED.**
28

1    In Dispute #3, Plaintiffs contend that the CM indicates that the CS claimed that the
2 relevant prison gang's rules require a one-third share of all narcotics brought into the facility to be
3 given to one of the previously-named alleged prison gang members as well as another individual
4 whose name is redacted; and, while the corresponding transcript does not appear to Plaintiffs to
5 support the statement, the redactions make it reportedly impossible for Plaintiffs to confirm the
6 account in the CM (*see* Joint Ltr. Br. (dkt. 1334-3 *SEALED*) at 5-7). Having reviewed the un-
7 redacted materials, the undersigned finds that the redactions are proper, and that the CM's account
8 is in fact supported by the interview transcript. Accordingly, Plaintiffs' request for a lifting of
9 these redactions is **DENIED.**

10    In Dispute #4, Plaintiffs submit that a CM describes an interview with a CS in which five
11 specific details are provided about an assault that was also captured on video; Plaintiffs contend
12 that the corresponding transcript is too heavily redacted to confirm whether the CS provided each
13 of the five specific details enumerated in the CM (*see id*. at 7-12). For the same reason as was the
14 case with Dispute #2, the undersigned directed Plaintiffs to submit a supplemental letter and any
15 associated RVR packets in connection with this dispute as well. In their supplemental letter (*see*
16 Pls.' Supp. Ltr. Br. (dkt. 1364-3 *SEALED*) at 1-2), Plaintiffs note that while video was relied on
17 to establish the prisoners' involvement in the assault in question in Dispute #4, Plaintiffs submit
18 that the CS's account was relied on to stablish that murder was the goal and that the attack was
19 gang-related. *Id*. at 2. Having reviewed the un-redacted materials, the undersigned finds that the
20 redactions are proper, and that the CM's account is supported by the interview transcript of the CS
21 as to the five particular details mentioned above, as well as the facts that the assault in question
22 was indeed gang-related and that the objective of the attack was to try to kill the victim.
23 Accordingly, Plaintiffs' request for a lifting of these redactions is **DENIED.**

24    In Dispute #5, Plaintiffs argue that a CM describes confidential interviews with 7 prisoners
25 about an altercation involving multiple prisoners in which a person identified as "CS #4"
26 reportedly identifies a certain prisoner as having run towards the altercation in order to participate
27 therein, however Plaintiffs submit that Defendants' redactions make that impossible to confirm
28 (*see* Joint Ltr. Br. (dkt. 1334-3 *SEALED*) at 12-14). Having reviewed the un-redacted materials,

United States District Court
Northern District of California

3

1  the undersigned finds that the redactions are proper, and that the CM's account is in fact supported
2  by the interview transcript. Accordingly, Plaintiffs' request for a lifting of these redactions is
3  **DENIED.**
4      **IT IS SO ORDERED.**
5  Dated: October 8, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge