UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MATHEW CATE, *et al.*,<br><br>Defendants. | Case No. 09-cv-05796-CW   (RMI)<br><br>**ORDER RE: THE PARTIES' JOINTLY FILED DISCOVERY DISPUTE LETTER BRIEFS**<br><br>Re: Dkt. Nos. 1388-3, 1390-3, 1392 |

Now pending before the court are two jointly filed letter briefs setting forth a number of discovery disputes relating to the scope of discovery that will be afforded to support Plaintiffs' forthcoming retaliation motion relating to an individual Plaintiff's placement in the Restrictive Custody General Population ("RCGP") unit. For good cause shown, the court issues the following rulings.

The first letter brief (dkt. 1388-3 *SEALED*) sets forth a dispute about certain documentation (in the form of seven autobiographies) that Plaintiffs seek as a substitute for some audio recordings which the court had previously ordered to be produced but which are unavailable due to having been destroyed. *Id*. at 2-3. Because Defendants have destroyed the audio recordings in question, Plaintiffs propose to select seven autobiographies as a substitute for the evidence that the recordings would have likely contained, and contend that the evidence in these autobiographies would be potentially relevant to the question of whether or not Defendants had any legitimate safety concerns that underpinned their decision to house that Plaintiff in the RCGP unit. *See id*. at 3. Having considered the arguments in support of and in opposition to the relief sought, the court finds that for good cause shown, Plaintiffs' request to compel the production of seven

autobiographies of their choice is **GRANTED**.

The second letter brief (dkt. 1390-3 *SEALED*) presents a dispute wherein Plaintiffs seek an order compelling Defendants to identify two potential witnesses, making those witnesses (and two others that are already known to Plaintiffs) available for depositions, and to provide certain related documents. *Id*. at 1. Here, Plaintiffs seek additional discovery in order to address certain facts that have emerged as a result of the original discovery that this court had previously ordered. *Id*. at 2. The additional discovery which Plaintiffs seek can be sub-divided into four categories.

First, Plaintiffs seek an order compelling Defendants to identify a particular lieutenant that the parties believe spoke with the previous secretary of the CDCR (Mr. Ralph Diaz) about this Plaintiff's placement and retention in the RCGP. *Id*. at 2. Specifically, Plaintiffs would like this person to be identified and made available for a deposition. *Id*. Defendants contend that despite a diligent search, they have been unable to identify any such person; and further, that Plaintiffs have already deposed Mr. Diaz, who was likewise unable to identify the lieutenant in question. *Id*. at 6-7. Plaintiffs refuse to accept this answer and contend that it is "implausible" that Defendants cannot identify this person and that "the only plausible inference is that no such person existed." *Id*. at 3. Thus, Plaintiffs appear to suggest that the court should force Defendants to admit that there was in fact no such person, or in the alternative, for the court to simply proclaim "that it be taken as established for purposes of this action that there was no such person . . ." *Id*. To the extent that Plaintiffs ask the court to force Defendants to admit, here and now, that there was in fact no such person, that request is **DENIED**. To the extent that Plaintiffs ask the undersigned to decide *now* whether something has been established for the purposes of a *forthcoming* retaliation motion, that request is **DENIED** as premature.

Next, Plaintiffs learned during a deposition previously ordered by the court that a member of CDCR's Classification Services Unit ("CSU") may have intervened in that witness's investigation, but whose name the witness could not recall. *Id*. at 4. Consequently, Plaintiffs seek an order directing Defendants to identify that person and to make them available for a deposition, as well as producing "any emails or notes the person sent, received, or took in regard to or referencing" the Plaintiff in question. *Id*. While Defendants respond that this request is

"cumulative, unduly burdensome, harassing, and irrelevant," their arguments are unpersuasive. Accordingly, Plaintiffs' requests in regard to the identification and deposition of this CSU staff member, along with the associated request for document production, are **GRANTED**.

Third, Plaintiffs seek to compel the deposition of the CSU correctional counselor who drafted the decision of the Departmental Review Board ("DRB") relating to the RCGP placement of the Plaintiff in question, along with the production of any emails sent or received by that person, or any notes taken by that person, relating to or referencing the Plaintiff in question. *Id*. at 5. Given that one of the issues to be determined in the adjudication of the forthcoming retaliation motion is whether or not Defendants had any legitimate safety concerns regarding that Plaintiff's placement or retention in the RCGP unit, Defendants themselves show the relevance of this particular discovery request when they submit that this particular witness's role in the DRB decision "was limited to assisting with evaluating potential safety information and inputting the information into the draft document . . ." *Id*. at 9. Accordingly, Defendants' objections that this request is "overly broad in scope, unduly burdensome, and harassing," are unpersuasive, and Plaintiffs' requests to compel this deposition and for the production of the attendant documents are **GRANTED**.

Finally, Plaintiffs also seek to depose a certain CDCR facility's warden, along with requesting the production of any emails sent or received by that person, as well as any notes taken or kept by that person that relate to or reference the Plaintiff in question. *Id*. at 2, 3. Plaintiffs submit that this deposition and document production is necessary to reconcile the conflicting information that is at the heart of the mysterious and unidentified lieutenant about whom Mr. Diaz reportedly testified but who the CDCR is unable to identify or locate; Plaintiffs submit that this warden "is the only identifiable witness to Diaz's alleged crucial conversation with the non-existent Lieutenant . . ." *Id*. Defendants respond that deposing this person "would not provide any further information [that would be] relevant or necessary for Plaintiffs to draft their [] motion." *Id*. at 8. The court finds Defendants objections to be unpersuasive. Accordingly, Plaintiffs' requests to depose this witness and to compel the production of the attendant documents are **GRANTED**.

//

**IT IS SO ORDERED.**

Dated: November 12, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge