JULES LOBEL (*pro hac vice*)
Email: jll4@pitt.edu
RACHEL MEEROPOL (*pro hac vice*)
Email: rachelm@ccrjustice.org
SAMUEL MILLER (Bar No. 138942)
Email: samrmiller@yahoo.com
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
Tel:  (212) 614-6432
Fax:  (212) 614-6499

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOVERNOR OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.: 4:09-cv-05796-CW (RMI)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF SAMUEL MILLER IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE PAYMENT OF DISPUTED ATTORNEYS' FEES FOR 19TH QUARTER OF MONITORING AND ENFORCEMENT**<br><br>Judge:　Honorable Robert M. Illman |

I, Samuel Miller, declare:

1. I am an attorney admitted to practice before this Court, and am an attorney of record for Plaintiffs in this matter. I am competent to testify to the matters set forth in this declaration, and if called on by the Court, would do so.

2. On November 23, 2020, Plaintiffs sent a demand letter for attorneys' fees and costs incurred during the 19th quarter, covering the period from April 16 through July 15, 2020. The demand set forth a lodestar fee (after a billing judgment reduction of 6.5%) of $305,930.40, and costs of $6,817.45, resulting in a full lodestar with costs of $312,747.85.

3. Defendants initially responded on December 31, 2020. Since then, I have engaged in a number of meet and confer discussions and correspondence with Defendants' counsel in an effort to secure a negotiated resolution of Plaintiffs' 19th quarter attorneys' fees and costs. Defendants have informed me that their latest position is that they do not dispute any of Plaintiffs' fees except for the single category of time spent on the Ninth Circuit appeal of the District Court orders granting enforcement concerning (1) SHU-like conditions for class members in Level IV prisons and (2) prisoners in the RCGP on Walk-Alone status. Defendants have not raised any objections to the particular time entries within this disputed category; their challenge is categorical based on their argument that Plaintiffs are not entitled to payment for enforcement work that is ultimately not successful. Defendants do not dispute any costs for the 19th Quarter.

4. Despite the fact that approximately 85% of Plaintiffs' lodestar fees and all costs are undisputed, Defendants have informed me that they refuse to pay any undisputed fees until the Court rules, unless Plaintiffs were to forego the preservation of rights for a multiplier. I have asked that Defendants make a showing of good faith by paying undisputed lodestar fees while the disputed portion is being litigated, and they have refused.

5. The parties have resolved all attorneys' fees issues for merits work (i.e. prior to the settlement) through negotiation, with approval by the District Court. (ECF No. 631). The first four quarters of monitoring and enforcement work were litigated before Magistrate Judge James, and then settled after the filing of a de novo motion. (ECF Nos. 1023, 1074). The parties settled the 5th through

18th quarters without court intervention. The parties settled all attorneys' fees for the 18th Quarter following the Ninth Circuit's reversal on the Level IV and Walk-Alone enforcement motions, without Defendants asserting any objection or reservation of rights concerning enforcement appeal time. That agreement was consummated in writing on August 14, 2020. The Ninth Circuit ruling on the enforcement motions was issued eleven days earlier on August 3, 2020. (ECF No. 1308). Mandate issued on October 22, 2020.

6. Market rates for Plaintiffs' counsel exceed the PLRA cap for all of our attorneys. I have calculated an estimate of the differential between San Francisco Bay Area market rates and the PLRA rate negotiated by the parties for 2020. For market rates, I followed the *Armstrong* rate structure agreed to by CDCR and approved by Judge Wilken. Ashker counsel's 2020 market rates would largely be in the $625-875 range, with Mr. Lobel at $1,100 per hour. *See Armstrong v. Newsom*, No. 4-94-cv-02307 CW (ECF No. 2968) (N.D. Cal. 6/24/20). The differential between *Armstrong* market rates and the PLRA rate is well over $700,000. (The calculations for the principal attorneys are as follows: Lobel: 227.2 hours x $872 = $198,118; Meeropol: 178.5 hours x $647 = $115,489; Bremer: 197.5 hours x $647 = $127,782; Miller: 331 hours x $647 = $214,157; Rabkin: 129.2 x $397 = $51,292; Strugar: 76.7 x $397 = $30,449.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2021 in New York, New York.

/s/ Samuel Miller
Samuel Miller

MILLER DECL ISO PLTFS' MOTION TO ENFORCE PAYMENT   3   Case No. 4:09-cv-05796-CW (RMI)