UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

TODD ASHKER, *et al.*,

Plaintiffs,

v.

MATHEW CATE, *et al.*,

Defendants.

Case No. 09-cv-05796-CW (RMI)

**ORDER**

Re: Dkt. Nos. 1425, 1426

Now pending before the court are a pair of disputes about attorneys' fees (dkts. 1424, 1425) that were referred to the undersigned (dkt. 1423) for the preparation of findings and a recommendation. The Settlement Agreement (dkt. 424-2) in this case provides, in pertinent part, that "Defendants agree to pay Plaintiffs' attorneys' fees and costs for work *reasonably* performed on this case . . . [thus] [o]n a quarterly basis, Plaintiffs may file motions for *reasonable* attorneys' fees accrued in monitoring and enforcing CDCR's compliance with this Agreement." *Id*. at 21-22 (emphases added). The fee amount relating to the first four quarters of monitoring was litigated before Judge James. *See Order* (dkt. 988) at 1-2 (denying request for an interim payment of $703,771.20 because Plaintiffs had claimed a total of 6,778.4 hours of time spent without submitting billing records, explaining that "the Court cannot determine whether the claimed hours are reasonable."); *see also Order* (dkt. 1023) (granting Plaintiffs' subsequent fee request in part). *See* Pl.'s Mot. (dkt. 1424) at 2. The fee amounts relating to the 5th through the 18th quarters were resolved between the parties without the need for court intervention. *Id*.

On this occasion, however, the parties' negotiations have stalled and they find themselves at an impasse wherein Defendants reportedly object to a portion of the fees sought by Plaintiffs, as

United States District Court
Northern District of California

United States District Court
Northern District of California

well as seeking to recoup certain amounts that were previously remitted. *Id.* at 2-3, n.1. Plaintiffs' fee request motion seeks attorneys' fees and costs to the tune of $312,747.75 for the 19th monitoring quarter based on approximately 1,139.1 hours of work done by six attorneys. *See* Miller Decl. (dkt. 1424-1) at 2-3. In response, Defendants contend, *inter alia*, that while "Plaintiffs have regularly submitted billing statements to Defendants [when] seeking reimbursement of attorneys' fees and costs" (Shryock Decl. (dkt. 1425-1) at 2), in conjunction with the currently pending motion, Plaintiffs "did not support their request with any supporting documentation and therefore failed to establish they are entitled to any fees for their work in Quarter 19." Def.'s Opp. (dkt. 1428) at 1. Defendants are correct in pointing out the deficiency in Plaintiffs' fee request. Without a set of detailed billing records indicating exactly *how* Plaintiffs' many attorneys have spent their 1,139.1 hours, there is no way for the court to gauge whether or not the expenditure of that amount of time was reasonable.

Accordingly, Plaintiffs' are **ORDERED** to provide substantial billing documentation, no later than Thursday, April 1, 2021, such as would enable the court to intelligently determine the reasonableness of the expenditure of the hours claimed. In an organized, chronological, and identifiable manner, Plaintiffs shall set forth sufficient billing details for the court to determine exactly how much time each attorney has spent on each and every task for which remuneration is sought, and in what capacity (i.e., researching, writing, editing, reviewing, attending a meeting, attending court, and so on and so forth). If Defendants wish, they may file a response to Plaintiffs' supplemental filing, no later than Thursday, April 8, 2021, through which they may lodge their objections in response to Plaintiffs' claimed justifications for the investments of time by their counsel.

**IT IS SO ORDERED.**

Dated: March 25, 2021

ROBERT M. ILLMAN
United States Magistrate Judge