United States District Court
Northern District of California

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    TODD ASHKER, et al.,                Case No. 09-cv-05796 CW

12              Plaintiffs,               ORDER REGARDING OBJECTIONS TO
                                          REPORT AND RECOMMENDATIONS
13         v.
                                          (Re: Dkt. Nos. 1473, 1474)
14    GAVIN NEWSOM, et al.,

15              Defendants.

16

17        On May 6, 2021, the magistrate judge issued a report and

18   recommendations, Docket No. 1453, with respect to two motions for

19   attorneys' fees that the undersigned referred to him under 28

20   U.S.C. § 636(b)(1)(B), namely (1) Defendants' motion for an order

21   declaring that they are the prevailing party in connection with

22   the appeals of two orders granting Plaintiffs' motions to enforce

23   the settlement agreement[1] (enforcement appeals), and that only

24   _____

25        [1] The two orders at issue granted Plaintiffs' Enforcement
     Motion Regarding Violations of the Settlement Agreement Provision
26   Requiring the Release of Class Members to the General Population,
     Docket No. 930, and Plaintiffs' Enforcement Motion Regarding RCGP
27   Prisoners on Walk-Alone Status, Docket No. 844.  The Ninth
     Circuit ruled in Defendants' favor in the appeals of these
28   enforcement motions.  See Ashker v. Newsom, 968 F.3d 939 (9th
     Cir. 2020).

United States District Court
Northern District of California

Defendants can recover attorneys' fees in connection with the enforcement appeals, Docket No. 1425[2]; and (2) Plaintiffs' motion for an order requiring Defendants to pay for attorneys' fees relating to work they performed in the nineteenth quarter, including work related to the enforcement appeals, Docket No. 1424.  The magistrate judge recommends that the Court deny Defendants' motion and that it grant in part and deny in part Plaintiffs' motion.

Now before the Court are the parties' objections to the magistrate judge's report and recommendations.  The Court reviews the magistrate judge's findings de novo and affirms his findings and conclusions in part and reverses them in part.  For the reasons set forth below, the Court DENIES Defendants' motion and it GRANTS Plaintiffs' motion.

BACKGROUND

The procedural history of this class action is set forth in detail in the Court's order of April 9, 2021.  See Docket No. 1440.

The parties entered into a settlement agreement (SA) in August 2015.  Docket No. 424-2.  Paragraph 55 of the SA provides:

> Defendants agree to pay Plaintiffs' counsel attorneys' fees and costs for work reasonably performed on this case, including monitoring CDCR's compliance with this Agreement and enforcing this Agreement, and for work to recover fees and costs, at the hourly rate set forth under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d). Plaintiffs preserve all arguments for

---

[2] In the alternative, Defendants request that the Court award them "nominal attorneys' fees in the amount of $1, or whatever amount the Court may deem proper."  Docket No. 1425 at 2.

> attorneys' fees and costs without limitation.  The Prison Litigation Reform Act applies to all applications for attorneys' fees in this case.  Plaintiffs shall have sixty days from the entry of a final order approving this Agreement to file their motion for attorneys' fees and costs for work reasonably performed before that date.  Subject to the provisions under 42 U.S.C. § 1988 and 1997e, Plaintiffs' motion may request an award that includes their expert fees.  On a quarterly basis, Plaintiffs may file motions for reasonable attorneys' fees accrued in monitoring and enforcing CDCR's compliance with this Agreement.

Paragraph 60 of the SA provides that the agreement "shall be governed and construed according to California law."

The first motion that the Court referred to the magistrate judge is one in which Defendants request an order declaring that they are the prevailing party in connection with the enforcement appeals and that their prevailing-party status entitles them to recover attorneys' fees under paragraph 55 of the SA.  Docket No. 1425.  Defendants acknowledge that the plain language of paragraph 55 allows only Plaintiffs to recover attorneys' fees. Nevertheless, Defendants argue that, because the SA must be interpreted in accordance with California law based on paragraph 60, California Civil Code section 1717 requires that paragraph 55 be construed as allowing Defendants to recover attorneys' fees to the extent that they are the prevailing party.  Section 1717 provides, in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the

3

United States District Court
Northern District of California

> contract, whether he or she is the party
> specified in the contract or not, shall be
> entitled to reasonable attorney's fees in
> addition to other costs.

Cal. Civ. Code § 1717(a).  Defendants further contend that, because they are the prevailing party with respect to the enforcement appeals, section 1717 requires that the Court deny Plaintiffs' request for attorneys' fees in connection with the enforcement appeals.

The magistrate judge recommends denying Defendants' motion, reasoning that Defendants have failed to show that they can recover attorneys' fees under the SA based on section 1717 because (1) "Defendants have not cited to any authority where a federal case involving constitutional torts was settled through an agreement where the parties expressly agreed to a one-sided attorneys' fee provision which was interpreted by a federal court as having to be two-sided due to the application of § 1717"; (2) the California legislature did not intend section 1717 to require reciprocity in terms of the recovery of attorneys' fees pursuant to a settlement agreement in a federal civil rights action such as this one; (3) this action is not within the scope of section 1717 because it is not an "action on a contract"; (4) the express terms of the SA provide that federal law, and not state law, governs the question of whether the parties are entitled to attorneys' fees under the SA; and (5) the omission in the SA of a reciprocity provision or a prevailing-party standard in the context of requests for attorneys' fees indicates that the parties did not intend to make attorneys' fees awards reciprocal or conditional on achieving prevailing-party status.  See Docket No. 1453 at 2-5.

United States District Court
Northern District of California

1    The second motion that the Court referred to the magistrate

2    judge is one in which Plaintiffs request that Defendants pay for

3    their attorneys' fees for the nineteenth quarter, including those

4    related to the enforcement appeals.  Docket No. 1424.  The total

5    number of hours for which Plaintiffs seek payment for the

6    nineteenth quarter equal 1,341.8, which include 197.1 hours spent

7    on the enforcement appeals.  Plaintiffs initially requested an

8    hourly rate of $228, which is the 2020 rate under the Prison

9    Litigation Reform Act (PLRA), but Plaintiffs now seek an hourly

10   rate of $232.50, which is the 2021 PLRA rate.[3]  Accordingly, the

11   total amount in attorneys' fees that Plaintiffs seek for the

12   nineteenth quarter is $311,968.50.

13   Plaintiffs state in their motion that they seek to preserve

14   for a later date their "claim for a multiplier" with respect to

15   some of the work they performed in the nineteenth quarter.  Id.

16   at 7.  Plaintiffs initially did not attach billing records to

17   their motion on the ground that "Defendants have never challenged

18   any of Plaintiffs' time records on the enforcement appeal (nor

19   any other aspect of the 19th quarter), so the dispute is strictly

20   a question of law as to whether section 1717 applies."  Docket

21   No. 1432 at 6.  The magistrate judge ordered Plaintiffs to file

22   their billing records for the nineteenth quarter, however.

23   In their response to Plaintiffs' motion and billing records[4],

24   Defendants state that, although the billing records "contain

25

26   [3] "Defendants do not oppose Plaintiffs' request to modify the
     Magistrate Judge's findings and recommendations to reflect that
27   fees be calculated at the current 2021 PLRA rate."  Docket No.
     1480 at 6.
28   [4] Plaintiffs' billing records for the nineteenth quarter can
     be found in Docket No. 1437-2 and 1437-3.

United States District Court
Northern District of California

[some] questionable time entries, Defendants only oppose Plaintiffs' request for the . . . attorneys' fees for their counsel's work on the Enforcement Appeal" on the ground that Defendants, and not Plaintiffs, are the prevailing party on the enforcement appeals and, therefore, Plaintiffs are barred "as a matter of law" under Section 1717 from seeking attorneys' fees for the enforcement appeals.  Docket No. 1441 at 1-2.

Thus, the parties' dispute with respect to the fees that Plaintiffs request for the nineteenth quarter is limited to fees related to the enforcement appeals and, according to Defendants, that issue turns on a question of law, namely whether section 1717 permits Defendants to seek attorneys' fees under the SA.

The magistrate judge recommends granting Plaintiffs' motion in part and denying it in part.  Docket No. 1453 at 5-9.  The magistrate judge rejected Defendants' argument that Plaintiffs are barred as a matter of law from seeking attorneys' fees for the enforcement appeals based on section 1717.  Id. at 5-6.  The magistrate judge nevertheless recommends that the Court adjust downward Plaintiffs' requested fees for the nineteenth quarter by ten percent on the basis that some of the time billed by Plaintiffs was "not reasonably expended."  Id. at 7.  When providing an example of time that was not "reasonably expended," the magistrate judge referred to time that Plaintiffs spent on the appeals of an order extending the settlement agreement by twelve months (extension appeal), and not the enforcement appeals that are at issue.  See id.  The magistrate judge further recommends that the Court deny Plaintiffs' request to permit them to reserve their right to seek a multiplier at a later date, and

that the Court find that Plaintiffs are not entitled to a multiplier, on the grounds that "the time for seeking a multiplier for this fee request was now" and that Plaintiffs failed to show in their motion for fees for the nineteenth quarter that they are entitled to a multiplier. Id. at 8-9.

Both sides filed objections to the magistrate judge's report and recommendations. Each of the magistrate judge's recommendations are subject to an objection.

LEGAL STANDARD

Where a district judge refers a matter to a magistrate judge for a report and recommendation under 28 U.S.C. § 636(b)(1)(B), the district court

> shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Where the standard of review is de novo, the Court considers the arguments and evidence presented to the magistrate judge as if no decision had been rendered by the magistrate judge.  See Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) ("De novo review means that the reviewing court do[es] not defer to the lower court's ruling but freely consider[s] the matter anew, as if no decision had been rendered below.") (citation and internal quotation marks omitted).

United States District Court
Northern District of California

DISCUSSION

Defendants object to (1) the magistrate judge's recommendation that the Court deny their request for an order declaring that they, and not Plaintiffs, are entitled to attorneys' fees in connection with the enforcement appeals, arguing that the magistrate judge erred in concluding that section 1717 does not govern the interpretation of the attorneys' fee provision in the SA; and (2) the magistrate judge's recommendation that the Court grant Plaintiffs' request for attorneys' fees for the nineteenth quarter after reducing the requested fees by ten percent, arguing that the magistrate judge erred in concluding that section 1717 does not preclude Plaintiffs from recovering fees relating to the enforcement appeals.  Defendants request that the Court deduct the 197.1 hours billed for the enforcement appeals from the 1,341.8 hours that Plaintiffs request for the nineteenth quarter, and that it also reduce by ten percent the lodestar corresponding to the remaining claimed hours.

Plaintiffs object to (1) the magistrate judge's recommendation that the Court reduce their requested fees for the nineteenth quarter by ten percent, arguing that the magistrate judge erred in justifying the reduction on a finding that their work on the extension appeal was not reasonably expended, as Defendants did not move to preclude Plaintiffs from recovering their fees in connection with the extension appeal; and (2) the magistrate judge's recommendation that the Court refuse to allow Plaintiffs to move for a multiplier for some of their work for the nineteenth quarter at a later time, arguing that the question

8

United States District Court
Northern District of California

of whether Plaintiffs are entitled to a multiplier is "unripe" because the extension appeal, which is the work for which Plaintiffs intend to seek a multiplier, is still ongoing.  Docket No. 1474 at 1-2.

I.   Whether Defendants are entitled to attorneys' fees under the SA based on section 1717

Defendants object to the magistrate judge's recommendation that the Court deny their request for an order declaring that they are entitled to attorneys' fees in connection with the enforcement appeals on the basis that they are the prevailing party in those appeals.  Defendants' request for this order, and their objections to the magistrate judge's recommendation, are predicated on the theory that the SA must be interpreted according to California law, and that California law requires interpreting the attorneys' fee provision in the SA based on section 1717, because "section 1717 is a rule of contract construction that cannot be waived."  Docket No. 1485 at 2-3.  In the motion that this Court referred to the magistrate judge, Defendants rely on Resolution Tr. Corp. v. Midwest Fed. Sav. Bank of Minot, 36 F.3d 785, 800 (9th Cir. 1993) (Resolution Trust), for the proposition that section 1717 governs the interpretation of attorneys' fees provisions in a contract "where [the] contract provides that it should be interpreted under California law."  See Docket No. 1431 at 3.

In Resolution Trust, the Ninth Circuit held that a district court "must apply" California law, and Section 1717, when interpreting an attorneys' fees provision in a contract that "expressly provides that California law shall be used to

interpret the terms of the . . . agreement . . . <u>unless</u> (1) the claim for fees arose under some federal statute; or (2) the litigated issues involve not basic contractual enforcement questions, but issues peculiar to [federal law]." <u>Id.</u> (citations omitted) (emphasis added).  Because neither of these exceptions applied, the Ninth Circuit held that California law, and section 1717, governed the interpretation of the attorneys' fees provision in the contract at issue, and that, based on section 1717, the prevailing party was entitled to attorneys' fees under the contract.  <u>Id.</u>

Here, the first of the two exceptions identified by the Ninth Circuit in <u>Resolution Trust</u> applies, because all requests for attorneys' fees are governed by a federal statute according to paragraph 55 of the SA.  <u>See</u> SA ¶ 55 ("The Prison Litigation Reform Act applies to all applications for attorneys' fees in this case.").  Under <u>Resolution Trust</u>, therefore,  Section 1717 does not govern the attorneys' fees provision in the SA.

Defendants have cited no binding authority that compels a different conclusion.  In their objections, Defendants argue that, because it is undisputed that the SA must be interpreted based on California law, then "section 1717 and all other California rules of contract construction must be applied" when determining whether Defendants are entitled to attorneys' fees under the SA.  Docket No. 1485 at 3-4.  But that argument is inconsistent with <u>Resolution Trust</u>.  As noted, the Ninth Circuit recognized in that case that, even where, as here, the contract in question specifically provides that it shall be interpreted based on California law, a court does not interpret an attorneys'

10

United States District Court
Northern District of California

fee provision in the contract based on California law and section 1717 if one of the two exceptions discussed above applies. Defendants have not acknowledged, much less distinguished, the exceptions set forth in <u>Resolution Trust</u>.

In the absence of any authority showing that the attorneys' fees provision in the SA must be interpreted based on section 1717, the Court must give effect to the parties' intention based on the plain terms of the SA. <u>See</u> <u>Ashker v. Newsom</u>, 968 F.3d at 944 (holding that "[t]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties" based on "the plain meaning of the writing") (citations and internal quotation marks omitted). As noted, the plain terms of paragraph 55 provide that only Plaintiffs may seek and recover attorneys' fees under the SA.[5] Accordingly, Defendants' request for an order declaring that they are entitled to attorneys' fees under the SA with respect to the enforcement appeals fails.

II. Whether Plaintiffs' request for attorneys' fees for the nineteenth quarter should be reduced by ten percent

The magistrate judge recommends a downward adjustment of the fees that Plaintiffs requested for the nineteenth quarter of ten percent "to account for the approximate difference in how Plaintiffs' legal team chose to staff this case versus what

---

[5] Notably, between 2016 and the filing of the present motions, Defendants had interpreted the SA and its attorneys' fees provision in the same manner as Plaintiffs urge the Court to do so now, namely as requiring Defendants to pay for Plaintiffs' attorneys' fees for work "reasonably performed." <u>See, e.g.</u>, Docket No. 703 at 1 (Defendants arguing that they "agreed to pay only for work 'reasonably performed'") (quoting SA ¶ 55). Defendants offer no meaningful explanation for why they seek to advance a different interpretation of the SA and its attorneys' fees provision at this juncture.

appears to be a number of reasonably expended hours on the tasks for which Plaintiffs seek this fee award." Docket No. 1453 at 5. The magistrate judge provided an example of time billed by Plaintiffs that, in his view, warranted the ten percent reduction; specifically, the magistrate judge noted that the appeal of his order extending the settlement agreement by twelve months was the result of "gamesmanship" by Plaintiffs that "does not constitute a reasonable expenditure of time or effort as contemplated by the attorney fee provisions of the Settlement Agreement." Id. at 8.

Plaintiffs object to the magistrate judge's recommendation to reduce their requested fees by ten percent on the grounds that (1) Defendants never refused to pay for the fees relating to the extension appeal and, for that reason, the magistrate judge erred in recommending the ten-percent reduction based on problems he identified with respect to hours billed for the extension appeal; and (2) the magistrate judge erred in recommending the ten-percent reduction based on his sua sponte assessment of the reasonableness of the requested fees, as Defendants never disputed the reasonableness of the fees and instead limited their dispute to the legal question of whether section 1717 precludes Plaintiffs from recovering fees for the enforcement appeals.

The Court finds that Plaintiffs' objections are well-taken. The Court declines to reduce Plaintiffs' requested fees for the nineteenth quarter by ten percent on the basis that their work on the extension appeal was not reasonable by virtue of Plaintiffs'

United States District Court
Northern District of California

"gamesmanship"[6], as Defendants did not move for a reduction of Plaintiffs' requested fees on that basis.  Indeed, in the briefing Defendants filed before the magistrate judge, Defendants made clear that they "only oppose[d] Plaintiffs' request for the . . . attorneys' fees for their counsel's work on the <u>Enforcement</u> Appeal."  Docket No. 1441 at 1-2 (emphasis added); <u>see also</u> Docket No. 1428 at 5-6 (distinguishing between fees relating to the "extension appeal," which Defendants do not oppose, and fees relating to the "enforcement appeal," which Defendants do oppose).

The Court also declines to reduce Plaintiffs' requested fees for the nineteenth quarter by ten percent based on the reasonableness of Plaintiffs' time entries in general, because Defendants did not request a reduction of the requested fees on that basis.  Defendants represented to the magistrate judge that, although Plaintiffs' billing records "contain[] questionable time entries, Defendants only oppose Plaintiffs' request for the . . . attorneys' fees for their counsel's work on the Enforcement Appeal," and that they opposed such fees only on the basis that Plaintiffs are precluded as a matter of law based on section 1717 from recovering any fees relating to the enforcement appeals.  <u>See</u> Docket No. 1441 at 1-2.  For the reasons discussed above, the Court finds that section 1717 does not govern the interpretation of the attorneys' fees provision in the SA and does not preclude

---

[6] For the reasons discussed in the Court's order of June 7, 2021, this Court is not persuaded that Plaintiffs engaged in "gamesmanship" in connection with the extension appeal.  <u>See</u> Docket No. 1484 at 3-6.

13

1  Plaintiffs from recovering fees related to the enforcement

2  appeals.

3  III. Whether Plaintiffs may seek a multiplier at a later time

4       Plaintiffs object to the magistrate judge's recommendation

5  that the Court find that Plaintiffs are precluded from applying

6  for a multiplier for nineteenth-quarter work at a later date.

7  Plaintiffs argue that they intend to seek a multiplier for their

8  work on the extension appeal, but the question of whether they

9  are entitled to a multiplier for that work is not ripe for

10 determination because that appeal is not yet final.  Plaintiffs

11 contend that it would be "most practical and equitable to reserve

12 the issue at least until the appeal is resolved."  Docket No.

13 1474 at 1.  Plaintiffs also object to the magistrate judge's

14 finding and recommendation that they are not entitled to a

15 multiplier for work performed in the nineteenth quarter because

16 (1) no actual motion for a multiplier was before the magistrate

17 judge and, for that reason, his findings are premature and do not

18 reflect relevant evidence that the parties did not have the

19 opportunity to present to him; and (2) the magistrate judge

20 erroneously applied state law instead of federal law to the

21 question of whether a multiplier could be warranted.

22       Defendants ask that the Court adopt the magistrate judge's

23 recommendations with respect to the multiplier issue.  They argue

24 that (1) Plaintiffs cannot seek a multiplier because the SA does

25 not expressly provide for one; (2) a different magistrate judge

26 "already found [in an order issued in June 2018] that Plaintiffs

27 were not entitled to a multiplier"; and (3) Plaintiffs' counsel's

28 work for the nineteenth quarter does not warrant a multiplier.

14

United States District Court
Northern District of California

Docket No. 1480 at 5-6.  Defendants also contend that the Court should not permit Plaintiffs to request a multiplier at a later date, because doing so would contravene the SA's requirement that attorneys' fees requests be resolved on a quarterly basis.  Id. at 4-5.

The Court is not persuaded by Defendants' argument that Plaintiffs are precluded from seeking a multiplier.  The plain language of the SA neither permits nor forbids Plaintiffs from seeking a multiplier; indeed, the SA does not address the question of a multiplier at all.  Accordingly, the SA does not bar Plaintiffs from seeking a multiplier.

The magistrate judge's order of June 2018 also does not preclude Plaintiffs from seeking a multiplier.  In that order, after noting that the SA does not expressly provide for a multiplier, the magistrate judge considered whether Plaintiffs had shown that they were entitled to a multiplier for the time period ranging from September 2, 2015, through October 15, 2016, based on Kelly v. Wengler, 822 F.3d 1085, 1103 (9th Cir. 2016), which holds that "the district court may enhance the lodestar figure when plaintiff's counsel's 'superior performance and commitment of resources' is 'rare' and 'exceptional' as compared to the run-of-the-mill representation in such cases."  See Docket No. 1023 at 1, 35-38.  The magistrate judge concluded, "based on th[e] record" then before her, that Plaintiffs had not shown under Kelly that they were entitled to a multiplier for the time period in question.  Id. at 38.  Nothing in this 2018 order precludes Plaintiffs from seeking a multiplier under Kelly for work performed in a different time period.

15

United States District Court
Northern District of California

The Court also is not persuaded by Defendants' contention that Plaintiffs are required to move for a multiplier at the same time they seek reimbursement of their attorneys' fees for a particular quarter.  The plain language of the SA provides Plaintiffs with significant flexibility as to the timing of their fee requests.  Paragraph 55 of the SA provides, in relevant part, "On a quarterly basis, Plaintiffs may file motions for reasonable attorneys' fees accrued in monitoring and enforcing CDCR's compliance with this Agreement."  SA ¶ 55 (emphasis added).  It also provides that "Plaintiffs preserve all arguments for attorneys' fees and costs without limitation."  When read together, these provisions support Plaintiffs' contention that they are not required to move for a multiplier at any particular time.

Plaintiffs argue that, to promote efficiency, they should be permitted to wait to seek a multiplier in connection with their work on the extension appeal (some of which took place during the nineteenth quarter) until the appeal is final.  In the absence of any persuasive argument or authority to the contrary, the Court finds that the timing that Plaintiffs have proposed for seeking a multiplier for their work on the extension appeal is sensible and likely to promote judicial economy.  Accordingly, the Court will permit Plaintiffs to move for a multiplier at a later date.

Finally, because no actual request for a multiplier was before the magistrate judge, the Court declines to adopt, at this juncture, the magistrate judge's findings as to whether Plaintiffs are entitled to a multiplier for their nineteenth-quarter work.

In sum, the Court declines to adopt the magistrate judge's findings and recommendations with respect to the multiplier issue, and it concludes that Plaintiffs may seek a multiplier at a later date.

CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion and it GRANTS Plaintiffs' motion.  Defendants shall pay the $311,968.50 in attorneys' fees that Plaintiffs requested for the nineteenth quarter.  This amount does not include recoverable costs, which were not at issue in the present motions.

IT IS SO ORDERED.

Dated: July 7, 2021

CLAUDIA WILKEN
United States District Judge