UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MATHEW CATE, et al.,<br><br>    Defendants. | Case No. 09-cv-05796-CW   (RMI)<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br>Re: Dkt. Nos. 1559-3 *SEALED* |

    Now pending before the court is another discovery dispute pertaining to Plaintiffs' forthcoming motion in the matter of a single prisoner that Plaintiffs contend was the subject of retaliation with respect to his or her housing assignment. Previously, the court fixed a discovery cut-off date (December 15, 2021) and warned the Parties that "[a]bsent the most extraordinary circumstances, any requests to alter or amend this schedule will be denied." *See* Order of August 30, 2021 (dkt. 1516) at 5. On December 30, 2021, well after the discovery cut-off date, Plaintiffs moved to compel certain discovery. For the reasons described below, Plaintiffs' request is denied.[1]

    In support of Plaintiffs' desire to develop and present this retaliation claim – more than two years ago, the undersigned acceded to Plaintiffs' request to significantly expand the scope of discovery that Plaintiffs could seek in support of this motion. *See e.g., Order of August 9, 2019* (dkt. 1203 *SEALED*); *see also Order of November 12, 2020* (dkt. 1396). Then, in August of 2021, the court sought to put an end to the seemingly endless period of discovery that Plaintiffs appeared to have in mind by setting a firm discovery cut-off date and a firm briefing schedule for

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

1  Plaintiffs' forthcoming motion – while informing the Parties that only the most extraordinary of
2  circumstances would be considered in altering or amending either the cut-off date or the briefing
3  schedule. *See* Order of August 31, 2021 (dkt. 1516) at 5.
4      As part of the significantly expanded scope of discovery previously permitted by the
5  undersigned – in 2019, Plaintiffs deposed Mr. Ralph Diaz, a former CDCR Secretary. *See* Ltr. Br.
6  (dkt. 1559-3 *SEALED*) at 5. During his deposition, Mr. Diaz stated that during his 2017 visit to
7  the specific institution in question, he spoke about the housing of the prisoner in question with two
8  correctional officers whose names he could not recall. *Id*. Defendants then conducted an
9  investigation in order to determine the identity of those two correctional officers, which eventually
10  proved fruitful in early December of 2021 and "Defendants promptly informed Plaintiffs of their
11  identities on December 7, 2021." *Id*. It should also be noted that Defendants have offered to make
12  both of those correctional officers available for depositions on January 12, 2022, which is before
13  the deposition cut-off date. *Id*. Furthermore, CDCR has also agreed "to voluntarily produce certain
14  documents from these officers to the extent they may relate to [the prisoner in question] and [his
15  or her] retaliation claim." *Id*. Plaintiffs now seek an order compelling the production of (1) emails
16  exchanged between non-lawyers relating to the investigation that resulted in the identification of
17  the two correctional officers in question; and, (2) emails regarding the same matter but involving
18  Defendants' counsel. *Id*. at 2. Plaintiffs also request an order precluding Defendants from
19  instructing upcoming deposition witnesses to not answer questions about the investigation
20  (including on grounds of privilege or work product). *Id*. at 4.
21      In retrospect, perhaps it was a mistake to so significantly expand the scope of discovery
22  that Plaintiffs can seek in pursuance of their effort to contend that a single class-member's housing
23  assignment was retaliatory because Plaintiffs seem to have gone quite far afield in their discovery
24  quest. In short, the court finds that Plaintiffs' three requests: (a) are late in that they were presented
25  after the discovery cut-off; (b) are irrelevant to their task at hand; and, (c) are not proportional to
26  the needs of the retaliation motion. First, Plaintiffs have been aware of the investigation into the
27  correctional officers' identities for quite some time and have not moved to compel any material or
28  information related to those investigations until after the discovery cut-off date. Second, Plaintiffs

were informed as to the two guards' identities on December 7, 2021, a full week before the cut-off date and still no motion to compel was filed until two weeks *after* the cut-off date. Third, notwithstanding the lateness of Plaintiffs' request, the court is unpersuaded by Plaintiffs' efforts to establish the relevance and proportionality of the documents and information pertaining to the efforts to search for the identities of two guards who were mentioned by Mr. Diaz and who have now been identified and offered up for imminent depositions. The court finds that the process through which they were identified is tangential at best. In fact, Plaintiffs' effort to establish the relevance of the documents they seek only serves to undermine that very effort. Plaintiffs explain that "Defendants' representation to Plaintiffs and this Court that their investigation was 'diligent' as of October 30, 2020 raises very serious questions about the nature of that investigation and about how [the two correctional officers] came to be identified as the two officers whom Diaz spoke to on June 1, 2017." *Id*. at 3. Thus, it is clear from Plaintiffs' own argument that the only reason this discovery is sought is to undermine Defendants' assurance that the search for these guards' identities was "diligent." Of course, the diligence – or lack thereof – attending the search for these guards' identities will in no way prove or disprove Plaintiffs' claim that the housing assignment of the prisoner in question was retaliatory. Plaintiffs' discovery efforts have gone too far afield and the time has come to reign in what the court sees as a runaway inquiry that has lost its focus. Plaintiffs shall have an opportunity to depose these two individuals about the housing assignment of the prisoner in question in order to determine whether or not the housing assignment was retaliatory or whether there were genuine institutional concerns (such as safety) on which the decision was based. Whether or not the investigation into establishing the two guards' identities was truly "diligent" is a distraction from the stated aim of Plaintiffs' motion. Plaintiffs are mistaken if they think that attacking CDCR's credibility as to the diligence with which they searched for these two guards' identities can help Plaintiffs establish that a single prisoner's housing assignment surely must have been retaliatory rather than based on legitimate institutional concerns.

Fourth, because the two individuals have been offered up for depositions, the court also finds that Plaintiffs' requests for email communications and documents related to the search for

their identities – even if attended with a scintilla of relevance (which is not the case) – is not proportional to the needs of the retaliation motion (which concerns the safety needs attending a single class-member's housing assignment), let alone being proportional to the needs of the entire case. Fifth, and for these same reasons, the court finds no merit in Plaintiffs' request for an order precluding forthcoming deposition witnesses from being instructed to not answer questions about the investigation into the two guards' identities including on grounds of privilege and work-product. In fact, the court expressly finds that any details underlying CDCR's investigation into the identity of the two guards in question is irrelevant to the retaliation motion.

In short, Plaintiffs' requests to compel non-attorney communications and attorney-client communication relating to this investigation are **DENIED**. Likewise, Plaintiffs' request for an order precluding Defendants from instructing deposition witnesses to not answer questions about the investigation is **DENIED**. The discovery period for Plaintiffs' long-awaited retaliation motion has now closed; at this point, the Parties should focus their efforts on completing any remaining depositions and strictly adhering to the established briefing schedule (while avoiding any tangents and rabbit-trails such as the details underlying the investigation into the identities of the two guards with whom Mr. Diaz conversed several years ago).

**IT IS SO ORDERED.**

Dated: January 3, 2022

ROBERT M. ILLMAN
United States Magistrate Judge