UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>MATHEW CATE, et al.,<br><br>   Defendants. | Case No.  09-cv-05796-CW   (RMI)<br><br>**ORDER ON LETTER BRIEFF RE: REDACTION PROTOCOLS**<br><br>Re: Dkt. Nos. 1617-3 |

Now pending before the court is a discovery dispute letter brief pertaining to the redaction protocol found at ¶ 38 of the Settlement Agreement ("SA") (*see* dkt. 424-2 at 17) in this case. Plaintiffs seek an order from the undersigned that would have the effect of modifying the provisions of ¶ 38 (*see* Ltr. Br. (dkt. 1617-3 at 2-4), to which Defendants have voiced their opposition (*id*. at 4-6). For the following reasons, Plaintiff's request is denied.

Paragraph 38 of the Settlement Agreement provides that "[a]ny and all confidential information provided shall be produced in redacted form where necessary, be designated as 'Attorneys Eyes Only' as defined in the protective order in this case, and shall be subject to the protective order." SA (dkt. 424-2) at 17. Paragraph 38 goes on to state that any disputes regarding data and document production shall be submitted to the court in accordance with the dispute resolution provisions found in ¶¶ 52 and 53 of the SA. *Id*. Plaintiffs now find themselves displeased with this provision and seek a modification because, as Plaintiffs put it: "the existing approach has proven unworkable for Plaintiffs and unnecessarily expensive for the State." *See* Ltr. Br. (dkt. 1617-3) at 2. Defendants disagree and note that they "would not have agreed to the Settlement Agreement if it were not for these safeguards in place for the production of confidential

documents . . . and the resources expended are justified given the real safety and security issues at stake . . . [and] [t]herefore, the Court should order the parties to follow the existing procedure in the Settlement Agreement . . ." *Id*. at 4, 6. Plaintiff's unilateral suggestion for modifying the SA is as follows:

> [W]e believe it is necessary to revisit how CDCR can redact confidential information and how the parties will proceed if Plaintiffs have concerns with those redactions. Plaintiffs propose that CDCR may continue to produce redacted versions of confidential documents, however, within relevant pages[,] redactions shall only be made for source-identifying information, not for the purpose of excluding other prisoner names or irrelevant information. (If an entire page is irrelevant, Plaintiffs agree it may be redacted.). Plaintiffs will review this redacted material and may request that a subset of the material will be produced without any redactions. Upon this request, Defendants will produce the pages in question, designated Attorneys' Eyes Only, without redactions. Plaintiffs will only request unredacted documents upon a good-faith belief that it is necessary for an adequate review of the material.
> *Id*. at 3.

If this proposal was the subject of a joint stipulation, that would be another matter. However, Plaintiffs' request for a court order retrospectively modifying the Settlement Agreement over Defendants' objection is simply untenable. Neither is the undersigned empowered, nor at all inclined, to modify the Parties' agreement on Plaintiffs' suggestion and over Defendants' objection. Going forward, Plaintiffs should take care to only advance requests for which the Settlement Agreement provides a basis – or, in the alternative, Plaintiffs' should seek Defendants' agreement in the form of a stipulation. Requests such as this, untethered as they are from the Settlement Agreement, and unattended with citations to authority, are a waste of judicial resources as well as being a waste of the Parties' time. Accordingly, Plaintiffs' request is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2022

ROBERT M. ILLMAN
United States Magistrate Judge