IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ASHKER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 09-cv-05796 CW<br><br>**ORDER ON MOTION FOR DE NOVO REVIEW OF MAGISTRATE JUDGE'S ORDER REGARDING PROPOSED MODIFICATIONS TO DEFENDANTS' PRODUCTION PRACTICES**<br><br>(Re: Dkt. No. 1630-2) |

Now before the Court is Plaintiffs' motion for de novo review of the magistrate judge's order denying Plaintiffs' proposed changes to Defendants' document production practices during the second twelve-month extension of the Settlement Agreement. Docket No. 1630-2. Defendants oppose the motion. For the reasons set forth below, the Court reviews the magistrate judge's decision de novo and concludes that Plaintiffs have met their burden to show that Defendants' document production obligations under paragraph 37 should be interpreted to require Defendants to alter their redaction practices.

**I.  BACKGROUND**

The procedural history of this class action is set forth in detail in the Court's order of February 2, 2022. *See* Docket No. 1579. The parties entered into a Settlement Agreement (SA) in August 2015. *See* Docket No. 424-2. Paragraph 41 permits Plaintiffs to seek extensions of the Settlement Agreement of not more than twelve months. *Id.* ¶ 41. On February 2, 2022, the Court found and concluded that Plaintiffs had met their burden under paragraph 41 to show that a second twelve-month extension of the Settlement Agreement was warranted. Docket No. 1579. Paragraph 44 provides that Defendants' document and data production obligations shall continue during any extension of the Settlement Agreement. *Id.* ¶ 44.

Defendants' production obligations are governed by paragraphs 37 through 39 of the Settlement Agreement. Paragraph 37 provides, in relevant part, that Defendants shall provide

1 documents to be agreed upon, that their production obligations shall be based on an "agreement"
2 regarding the "details of the data and documentation to be produced," and that this "agreement"
3 and "any disputes regarding data and document production, including modification of the
4 agreement, shall be submitted to [the magistrate judge] in accordance with the dispute resolution
5 and enforcement procedures set forth in Paragraphs 52 and 53[.]" *Id.* ¶ 37.  Paragraph 38
6 provides, "Any and all confidential information provided shall be produced in redacted form
7 *where necessary*, be designated as 'Attorneys' Eyes Only' as defined in the protective order in this
8 case, and shall be subject to the protective order.  CDCR shall provide [the magistrate judge],
9 upon request, unredacted copies for in camera review in order to resolve any disputes in
10 accordance with Paragraphs 52 and 53, below." *Id.* ¶ 38 (emphasis added).  Paragraph 39
11 provides, in relevant part, "Any disputes regarding data and document production shall be
12 submitted to [the magistrate judge] in accordance with the dispute resolution and enforcement
13 procedures set forth in Paragraphs 52 and 53 below." *Id.* ¶ 39.
14 Paragraph 53 provides, in relevant part, that if Plaintiffs contend that "CDCR has not
15 substantially complied" with terms of the Settlement Agreement, Plaintiffs may seek enforcement
16 of the Settlement Agreement by filing a motion before the magistrate judge. *Id.* ¶ 53.  If Plaintiffs
17 demonstrate substantial noncompliance by a preponderance of the evidence, then the magistrate
18 judge may issue an order to achieve substantial compliance, which shall be subject to de novo
19 review under 28 U.S.C. § 636(b)(1)(B). *Id.*
20 On April 5, 2022, the parties filed a joint letter brief regarding a dispute about the extent to
21 which Defendants can redact documents during the second extension period. *See* Docket No.
22 1617-3.  Plaintiffs requested that the magistrate judge order that Defendants' redaction protocol be
23 as follows:

> Plaintiffs propose that CDCR may continue to produce redacted
> versions of confidential documents, however, within relevant
> pages redactions shall only be made for source-identifying
> information, not for the purpose of excluding other prisoner names
> or irrelevant information.  (If an entire page is irrelevant, Plaintiffs
> agree it may be redacted.).
>
> Plaintiffs will review this redacted material and may request that a
> subset of the material be produced without any redactions.  Upon

2

> this request, Defendants will produce the pages in question, designated Attorneys' Eyes Only, without redactions. Plaintiffs will only request unredacted documents upon a good-faith belief that it is necessary for an adequate review of the material.

*Id.* at 1-3. Defendants opposed the request and proposed their own redaction protocol, namely:

> 1. CDCR will continue to make redactions for wholly irrelevant information, and for the safety and security of the confidential source, third-party inmates, their families, staff, the institution, and the community at large.
>
> 2. During the meet-and-confer process, either of the specially designated Attorneys' Eyes' Only counsel (Ms. Meeropol or Ms. Bremer) can access the challenged redacted material the parties are at an impasse on.
>
> 3. The rest of Plaintiffs' legal team may have access to briefing developed from the documents, with the expectation that the briefing regarding challenged redactions should not explicitly or verbatim relay the particular content under any redactions.
>
> 4. Defendants will take the burden of lodging unredacted copies of challenged documents for in camera review, as proscribed in Paragraph 38 of the Settlement Agreement.

*See id.* at 5-6. On May 7, 2022, the magistrate judge denied Plaintiffs' request on the ground that adopting Plaintiffs' proposed protocol would result in a modification to the Settlement Agreement. *See* Docket No. 1620. Plaintiffs now seek de novo review of that decision.

## II.  LEGAL STANDARD

Where a party seeks de novo review of a magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1)(B), the district court

> shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(B).

## III.  DISCUSSION

The parties' dispute turns on the meaning of the term "where necessary" in paragraph 38. This term is not defined in the Settlement Agreement. The Court must interpret this term for the

3

1  purpose of resolving the parties' dispute, which impacts Defendants' production obligations under
2  paragraph 37.
3        The parties are in accord that the redaction of information that would reveal the identity of
4  a source is "necessary" within the meaning of paragraph 38.  The parties disagree, however, as to
5  whether the redaction of other information that would *not* reveal the identity of a source may also
6  be "necessary" under paragraph 38.
7        Plaintiffs contend that Defendants' redaction protocol has resulted, and is likely to
8  continue to result, in redactions of non-source-identifying information that are not "necessary,"
9  meaning redactions that withhold information for reasons other than legitimate security needs.
10 Plaintiffs point to examples of redactions in previous productions that were inconsistently applied
11 or were overbroad because they were not based on security needs.  Plaintiffs argue that these
12 redactions made inaccessible to Plaintiffs' counsel information that was relevant to their
13 monitoring of Defendants' compliance with the Settlement Agreement.
14       Defendants argue that paragraph 38 grants them "broad discretion" to redact information
15 based on their correctional experience; they further argue that paragraph 38 contains "no . . .
16 limiting terms" that cabin that "broad discretion."  *See* Docket No. 1635-3 at 2.  Based on this
17 interpretation of paragraph 38, Defendants contend that the Court should allow them to continue to
18 redact non-source-identifying information for "safety" and "security" as they deem appropriate,
19 without defining in advance the types of information that could be subject to redaction on those
20 grounds.
21       While it is possible that redaction of some non-source-identifying information could be
22 deemed necessary, the Court declines to adopt Defendants' proposed interpretation of paragraph
23 38 as providing them with unfettered discretion to redact non-source-identifying information,
24 because that would fail to give effect to the term "where necessary" in paragraph 38.  In the
25 absence of any meaningful guidance in the Settlement Agreement as to non-source-identifying
26 information that should be deemed "necessary" to redact for security or safety reasons, the Court
27 interprets Defendants' production obligations under paragraph 37 as follows:
28

1.     Defendants may continue to redact information within relevant pages that could be source-identifying (this information is not limited to names and monikers and may include other information that could identify the source). In light of Plaintiffs' concession that this practice is appropriate, Defendants may also continue to redact entire pages if such pages contain irrelevant information.

2.     To the extent that Defendants apply redactions, within relevant pages, on information that is *not* source-identifying, and Plaintiffs question such redactions, Defendants shall explain to Plaintiffs why they believe it is necessary to redact the information in question.

3.     If a good-faith dispute as to the redactions continues to exist, Defendant shall make accessible to Carmen Bremer *and* Rachel Meeropol, counsel for Plaintiffs, unredacted versions of the pages containing the redactions in question. These attorneys shall not reveal the redacted information to their co-counsel, clients, or anyone else.

4.     If a good-faith dispute as to the redactions continues to exist, Plaintiffs may bring the dispute to the magistrate judge under the procedures set forth in paragraphs 37, 38, and 53.

Plaintiffs have shown that Defendants' current protocols have resulted in redactions that were overbroad and inconsistently applied, and that have hampered Plaintiffs' ability to effectively monitor Defendants' compliance with the Settlement Agreement. *See* Docket No. 1630-2 at 3-6. The Court itself had difficulty ruling on a prior motion in this case due to the extensive redactions in the relevant documents, and found it necessary to call for unredacted versions which in turn disclosed irregularities in some of the information presented. *See* Order of February 2, 2022, at 47, 51-53, Docket No. 1579.

Defendants have not meaningfully disputed Plaintiffs' showing. Defendants admit that their redaction protocols have resulted in redactions that were applied inconsistently on the same documents that were produced at different times, *see* Docket No. 1635-2 at 6; and in redactions that withheld information that was not source-identifying or necessary for safety or security, *id.* at 5. Defendants attempt to justify these overbroad redactions by arguing that they were the result of "human error" or "an imperfect process," *see id.*; Defendants, however, provide no information from which the Court could reasonably infer that Defendants' protocols will not result in similar "errors" in the future. Defendants also do not dispute that one of the redactions to which Plaintiffs point as being unnecessary would have revealed to Plaintiffs that a confidential memorandum

5

1   dated February 14, 2020, incorrectly identified an inmate as being owed money by an assault
2   victim.  The unredacted transcript of the interview of the confidential source, whose statements
3   were the basis of the memorandum in question, identified a *different* inmate as being owed money.
4   Defendants attempt to justify the challenged redaction by arguing that the discrepancy between
5   what the source said during his interview and what the confidential memorandum reported "is
6   immaterial" to the disciplinary charge brought against the inmate who was incorrectly identified in
7   the memorandum as being owed money.  *See* Docket No. 1632-2 at 5.  The Court is not persuaded
8   that the discrepancy was immaterial and finds that redactions that result in hiding inaccuracies in
9   confidential documents, such as the one in question[1], impair Plaintiffs' ability to monitor
10  Defendants' compliance with the Settlement Agreement.  Such redactions do not fall within the
11  scope of "necessary" under paragraph 38.  The fact that a hearing officer may not have relied on
12  certain information to make a guilty finding does not necessarily mean that the information was
13  irrelevant or necessary to be redacted.
14        The Court finds that the unnecessary redactions to which Plaintiffs point are the result of
15  Defendants' systemic practices and are likely to be found in documents produced during the
16  second extension period if Defendants continue their practices without review of the necessity of
17  their redactions by opposing counsel, as set forth above.
18        Defendants argue that, if they are required to produce to Plaintiffs confidential documents
19  with fewer or no redactions, such documents could be filed on the docket and, even if filed under
20  seal and for attorneys' eyes only, could be made available to the public in unsealed form in the
21  future if anyone files a motion to unseal them.  The Court finds that this concern is unfounded.
22  The unsealing of material is not automatic even if a motion to unseal is filed.  *See* Civil L.R. 79-
23  5(f)(2) (providing that a sealed document will remain under seal until further order of the court).
24  Further, at the time that a motion to seal is filed, Defendants may include in the proposed Court
25  order a caution that the material should *not* be unsealed in the future even if a motion to unseal is
26  filed and regardless of whether a presumption to unseal applies.  *See* Civil L.R. 79-5(f)(4)

---

[1] Defendants' argument that the redaction was applied to protect the identity of the source is unconvincing, because the inmate identified under the redaction was not the source.

1   (providing that a strong presumption that the document will be unsealed will apply where a motion
2   to unseal is filed more than three years after a case is closed).
3         In light of the foregoing, the Court finds that the procedures set forth above for
4   Defendants' production obligations under paragraph 37 are required.
5         IT IS SO ORDERED.
6   Dated: May 26, 2022

                                        CLAUDIA WILKEN
                                        United States District Judge