Rob Bonta
Attorney General of California
Adriano Hrvatin
Supervising Deputy Attorney General
Le-Mai D. Lyons
Deputy Attorney General
State Bar No. 285756
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7340
  E-mail: LeMai.Lyons@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **TODD ASHKER, et al.,**<br><br>                                      Plaintiffs,<br><br>v.<br><br>**GOVERNOR OF THE STATE OF CALIFORNIA, et al.,**<br><br>                                      Defendants. | 4:09-cv-05796-CW (RMI)<br><br>**DEFENDANTS' REPLY BRIEF FOR MOTION FOR RELIEF FROM DOCUMENT PRODUCTION OBLIGATION**<br><br>Judge:      The Honorable Claudia Wilken |

## INTRODUCTION

Plaintiffs fail to establish any valid justification for why housing production obligations should continue for the class member. Defendants have met their burden under Federal Rule of Civil Procedure 60(b)(5), or in the alternative, Rule 60(b)(6). The Court ruled on the retaliation motion, the class member has since been transferred to a general population yard without incident, access to his central file remains restricted, and all future housing documents will reference the relevant court orders. (ECF Nos. 1814, 1880.) Plaintiffs are not entitled to any further relief, nothing remains to "monitor," and Defendants should be relieved of their obligation to continue producing housing documents.

1

Defs.' Reply Mot. for Relief from Doc. Prod. Obligation  (4:09-cv-05796-CW (RMI))

## ARGUMENT

As of June 9, 2023, all outstanding motions and issues regarding the class member's retaliation claim have been resolved without exception.[1] The Court may relieve a party from an order if it has been satisfied, released or discharged, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(5)-(6). Plaintiffs do not dispute that Defendants have satisfied the Court's orders on retaliation. Nor do they present any evidence or argument that suggests any retaliatory animus presently exists and needs to be monitored. This retaliation matter is resolved and Defendants have fully complied with the Court's orders.

Plaintiffs claim their concern for "how staff and higher-level officials will respond" to the class member's placement in general population is "heightened…by multiple efforts by CDCR officials and their counsel to hide the most basic facts of those retaliatory decisions." (ECF No. 1879 at 2.) Plaintiffs' reasoning here fails to rebut the plain language of Rule 60(b) and is speculative at best. The class member was transferred to the level III general population yard in early April 2023 without incident, and in the two months since, there have been no reports of any issues. His transfer has been uneventful—the exact outcome for which all parties have hoped. There is no need for Defendants to continue document production of a fully resolved matter, and continuing to require this production obligation is unduly burdensome and no longer equitable.

Plaintiffs also fail to acknowledge the fact that the class member continues to have avenues for relief to address any potential future retaliation concerns. This particular class member is a sophisticated litigant with significant legal experience, and should retaliation issues arise in the future, he is able to file inmate grievances, initiate individual lawsuits, or reach out to class counsel or other counsel for assistance.

Moreover, pursuant to this Court's order, Defendants have placed in the class member's central file: (1) the corrected public version of the January 5, 2023 order; (2) the March 31, 2023 order; and (3) an alert providing notice that any potential housing movement is subject to the requirements outlined in the Court's March 31, 2023 order. (ECF No. 1880.) Defendants have

---

[1] Defendants' moving papers cite to one remaining issue (*See* ECF No. 1858 at 2, fn. 1 citing ECF No. 1750); however, this Court resolved that dispute and issued an Order on June 9, 2023. (ECF No. 1880.)

2

Defs.' Reply Mot. for Relief from Doc. Prod. Obligation  (4:09-cv-05796-CW (RMI))

also continued to maintain the class member's file as restricted and will include explicit reference to the retaliation finding in all of his future housing chronos in perpetuity.  (*Id*.)  This Court found that these safeguards and remedies are "narrowly drawn, extend no further than necessary to correct the violation of Paragraph 54 that the Court found in its order of January 5, 2023, and are the least intrusive means necessary to correct such violation." (*Id.* at 2.)  There are no outstanding issues for this class member's retaliation matter or housing, and Defendants should be relieved from their document production obligation.

Contrary to Plaintiffs' claim, Defendants do not hyperbolize in saying this production obligation will continue in perpetuity if the Court does not grant relief under the current circumstances. (ECF No. 1879 at 2.)  Plaintiffs' opposition brief only further supports this conclusion.  Plaintiffs cite "future transfers" as a reason to continue housing document production for "determining the actual motivation and grounds for the transfer" to ensure it was not retaliatory. (*Id*.)  This is purely speculative and too tenuous, as there is no indication that the class member will be transferred in the near future.  Should a need to transfer him arise, the institution is on notice that any such housing determination and transfer is subject to the Court's order. (ECF No. 1880.)  Plaintiffs' analysis that they need to monitor every housing decision because he might be transferred in the future indicates that such obligation will continue in perpetuity.  Regardless of who the inmate is, there will always be a hypothetical possibility for a future transfer.  This Court already denied Plaintiffs' request for ongoing monitoring relating to this class member's housing placement and Plaintiffs' opposition is an attempt to circumvent this Court's decision. (ECF No. 1814 at 2.)

Plaintiffs also claim that the "outside limit of the [production] obligation" is upon the "termination of this Court's jurisdiction." (ECF No. 1879 at 2.)  This too indicates the production obligation will continue in perpetuity, as the confines of this Court's jurisdiction is dependent upon the continued monitoring of the settlement agreement—something wholly distinct from the essential facts and claims of this individual retaliation matter.  Defendants' challenge to the first extension order is still pending before the Ninth Circuit nearly five years after that initial extension order was issued. (ECF No. 1122.)  Plaintiffs' expansive reading of Defendants'

3

Defs.' Reply Mot. for Relief from Doc. Prod. Obligation  (4:09-cv-05796-CW (RMI))

1  document production obligation is unduly burdensome, unreasonable, and inconsistent with Rule

2  60(b) and this Court's denial of ongoing monitoring of this class member's housing (ECF No.

3  1814).

## CONCLUSION

5      Defendants are complying with all of the Court's detailed orders regarding the class

6  member's retaliation.  This matter is now resolved, and the class member requires no further

7  relief.  Defendants request the Court relieve them from their document production obligation

8  accordingly, pursuant to Rule 60(b).

10  Dated:  June 16, 2023            Respectfully submitted,

11                                                    ROB BONTA
                                                  Attorney General of California
12                                                   ADRIANO HRVATIN
                                                  Supervising Deputy Attorney General
13

14

15                                                    ***/s/ Le-Mai D. Lyons***

16                                                    LE-MAI D. LYONS
                                                  Deputy Attorney General
17                                                   *Attorneys for Defendants*

18  SF2012204868
    37261226.docx

4

Defs.' Reply Mot. for Relief from Doc. Prod. Obligation  (4:09-cv-05796-CW (RMI))

# CERTIFICATE OF SERVICE

Case Name:   **Ashker, et al. v. Newsom, et al.**   No.   **4:09-cv-05796-CW (RMI)**

I hereby certify that on June 16, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS' REPLY BRIEF FOR MOTION FOR RELIEF FROM DOCUMENT PRODUCTION OBLIGATION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 16, 2023, at Sacramento, California.

|  |  |
|---|---|
| K. Vitalie | /s/ K. Vitalie |
| Declarant | Signature |

SF2012204868
37271201.docx