JULES LOBEL (*pro hac vice*)
Email: jll4@pitt.edu
SAMUEL MILLER (Bar No. 138942)
Email: samrmiller@yahoo.com
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

CARMEN E. BREMER (*pro hac vice*)
Email: carmen.bremer@bremerlawgroup.com
STEVEN D. BREMER (*pro hac vice*)
Email: steven.bremer@bremerlawgroup.com
BREMER LAW GROUP PLLC
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: (206) 357-8442
Fax: (206) 858-9730

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TODD ASHKER, et al., | Case No.: 4:09-cv-05796-CW (RMI) |
| Plaintiffs, | **CLASS ACTION** |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS FOR THIRTY-FIRST QUARTER OF MONITORING AND ENFORCEMENT OF SETTLEMENT AGREEMENT** |
| GOVERNOR OF THE STATE OF CALIFORNIA, et al., | |
| Defendants. | Date:  November 9, 2023<br>Time:  2:30 p.m.<br>Place: TBD<br>Judge: The Honorable Claudia Wilken |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 9, 2023 at 2:30 p.m. in a courtroom to be determined, 1301 Clay Street, Oakland, California, Plaintiffs will move the Court pursuant to paragraph 55 of the Settlement Agreement, the Prison Litigation Reform Act, and 28 U.S.C. section 1988, for an order compelling Defendants' payment of reasonable attorneys' fees and costs expended by Plaintiffs' counsel during the 31st Quarter of monitoring and enforcement of the Settlement Agreement (April 16, 2023 through July 15, 2023). This motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Declarations of Plaintiffs' Counsel (C. Bremer, A. Cappella, J. Lobel, R. Meeropol, S. Miller, R. Rabkin, CJ Sandley, and M. Strugar); a Proposed Order; and all documents and arguments submitted in support thereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The parties have been able to settle most of Plaintiffs' attorneys' fees and costs demands over the course of monitoring and enforcement since this case settled in September 2015. Hopefully, that pattern of cooperation will continue and the Court will not need to expend its resources on currently outstanding fees for the 31st Quarter (April 16 through July 15, 2023). However, since such agreement has not been reached to date, Plaintiffs file this motion as a precautionary measure in advance of the possible issuance of mandate from the Ninth Circuit. While this Court would maintain ancillary jurisdiction to determine any outstanding fee matters even after mandate were to issue, Plaintiffs seek to avert any jurisdictional dispute if Defendants challenge the Court's jurisdiction to do so. Therefore, through this motion, Plaintiffs seek an award of compensation from Defendants for work conducted during the 31st Quarter.[1]

Plaintiffs are entitled to compensation for all work reasonably performed for monitoring and enforcement. The attorneys' fees and expenses sought here are fully documented and justified, and

---

[1] By this Motion, Plaintiffs also include a request for compensation for fees and costs for the 32nd Quarter, and Plaintiffs will supplement this request with figures subsequent to July 15, 2023 in a separate filing.

merit this Court's approval. As reflected in the detailed documentation submitted with this Motion, Plaintiffs' lodestar fees and costs for this three-month period are $301,957.82.

## II. FACTUAL AND PROCEDURAL BACKGROUND

During the 31st Quarter (April 16 through July 15, 2023), Plaintiffs' counsel have monitored and enforced the Settlement Agreement and discharged their duties to the class by engaging in the following activities:

(a) Plaintiffs' counsel defended this Court's two extension orders in oral argument before a panel of the Ninth Circuit Court of Appeals. This required extensive preparation, travel to San Diego, presentation of the argument, and post-argument supplemental appellate briefing.

(b) Plaintiffs' counsel identified and addressed compliance issues contemplated by the Agreement through regular document productions by CDCR and communications with class members. Plaintiffs' counsel efficiently handled monitoring and enforcement work. To maximize the team's efficiency, and avoid unnecessary duplication of effort, counsel formed subgroups of lawyers to oversee data and documentation and class communications, as well as other important aspects of CDCR's compliance with the Agreement.

(c) Plaintiffs' counsel prepared for and participated in a periodic monitoring conference with Magistrate Judge Illman on April 27, 2023. ECF No. 424-2 ¶ 49. This work included preparation of the relevant monitoring issues by conducting factual investigations, including through written, telephonic, and in-person communications with class members and other prisoners, researching applicable law, and meeting and conferring with CDCR's counsel to define the scope of each dispute.

(d) For issues of non-compliance that were not resolved informally, Plaintiffs brought systemic and individual enforcement motions pursuant to the mechanism provided in paragraph 53 of the Settlement Agreement.

(e) Plaintiffs' counsel addressed retaliation claims, two of which were litigated on behalf of class representatives before this Court.

(f) Plaintiffs' counsel held periodic telephone and in-person conferences with the four prisoner representatives, whose participation in aspects of monitoring and implementation is expressly contemplated by the Agreement, and the larger group of all ten class representatives. ECF No. 424-2 ¶

1  40. On June 2, 2023, the principal representatives, officials from CDCR and the Governor's office, and counsel for both parties engaged in a semi-annual call, as provided in the Settlement Agreement. ECF No. 424-2 ¶ 49. On June 5, 2023, Plaintiffs' counsel conducted an annual call with all Plaintiff representatives, as further provided in the Settlement Agreement. Plaintiffs' counsel also spoke and met with class representatives, class members, and other prisoners affected by the Settlement Agreement on an as-needed basis to investigate and pursue various monitoring issues under the Settlement Agreement (e.g., lack of programming and visitation in the RCGP, misuse of confidential information and disciplinary process, and potential retaliation).

Plaintiffs have presented Defendants with a timely and fully documented demand for all the time claimed in the 31st Quarter at issue in this motion, in compliance with Local Rule 54-5. Miller Decl. ¶ 8. Plaintiffs submitted their demand for these fees and costs on September 8, 2023 and asked for a response from Defendants by September 28, 2023. *Id*. At this time, Defendants state they are still reviewing the demand and do not yet have a response. *Id.* Thus, Plaintiffs have complied with the meet-and-confer requirements of Local Rule 54-5(b)(1).

Plaintiffs' counsel's fees for all monitoring and enforcement work during the 31st Quarter are summarized in Exhibit 1 to the Miller Declaration filed herewith. Plaintiffs' counsel's costs and expenses for all monitoring and enforcement work during the 31st Quarter are summarized in Exhibit 2. Plaintiffs have made substantial voluntary billing judgment reductions over 5% on both fees and costs, as reflected in Exhibit 3. Plaintiffs' total claimed time, after billing judgment reductions, is 1,168.9 hours, yielding a lodestar fee, at the 2023 PLRA rate of $246 per hour, of $287,549.40. Plaintiffs' costs and expenses, after billing judgment reductions, are $14,408.42. Miller Decl. ¶ 9.

Plaintiffs' detailed daily timesheets are provided in Exhibit 4 (under seal), and the detailed costs and expenses are provided in Exhibit 5 (under seal). Miller Decl. ¶ 10. These are the same contemporaneous time and expense records that were provided to Defendants at the initiation of the meet and confer process. Miller Decl. ¶ 12; *see* Local Rule 54-5(b)(2) (with respect to documentation of time, requiring that the motion include only a "summary of the time spent by each person" and that "[d]epending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including *in camera* inspection, as the Judge deems

appropriate."). Plaintiffs also provide a chart showing the cumulative amount of time spent by Plaintiffs' counsel for each of 28 categories of work, thus exhibiting the primary tasks and issues that were the focus during this quarter. Miller Decl. ¶ 11; Exhs. 6-7. This motion is further accompanied by declarations of counsel attesting to the services rendered during the relevant time frame and the manner in which time records were maintained, in compliance with Local Rule 54-5.

### III.   ARGUMENT

### A.   Plaintiffs' Counsel Are Entitled to Attorneys' Fees and Expenses Under the Settlement Agreement and Federal Law

Plaintiffs' counsel are entitled to all fees and expenses for work reasonably performed in monitoring and enforcing the Settlement Agreement, which provides in relevant part:

> Defendants agree to pay Plaintiffs' counsel attorneys' fees and costs for work reasonably performed on this case, including monitoring CDCR's compliance with this Agreement and enforcing this Agreement, and for work to recover fees and costs, at the hourly rate set forth under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d). Plaintiffs preserve all arguments for attorneys' fees and costs without limitation. The Prison Litigation Reform Act applies to all applications for attorneys' fees in this case… On a quarterly basis, Plaintiffs may file motions for reasonable attorneys' fees accrued in monitoring and enforcing CDCR's compliance with this Agreement.

ECF No. 424-2, para. 55. Independent of the Agreement, Plaintiffs also are entitled to these fees and costs under federal law. 42 U.S.C. § 1997e(d)(1) (fees may be awarded under the PLRA for work "directly and reasonably incurred in enforcing the relief ordered for the violation"); 42 U.S.C. § 1988; *Kelly v. Wengler*, 822 F.3d 1085, 1099-1100 (9th Cir. 2016). The full amount of time spent by Plaintiffs' counsel, minus appropriate billing judgments, is presumed to be the basis for a reasonable fee. *See*, *e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) ("the presumption is a 'strong' one"); ECF No. 1494 at 17 (granting in full Plaintiffs' de novo motion for fees and costs for the 19th Quarter).

### B.   Plaintiffs' Counsel's Time Has Been Entirely Reasonable for Effective and Efficient Monitoring and Enforcement of the Settlement

The time presented in this motion for work by Plaintiffs' attorneys and staff has been entirely reasonable. Nearly half of the hours in this period were spent on the appeals of the extension orders. The other work concerning retaliation, enforcement, conferences and meetings with the Magistrate

Judge and Defendants, document production and analysis, and client communications, is equally compensable.

Plaintiffs' counsel have been efficient in managing the team necessary to monitor and enforce the Settlement Agreement in this complex action. Plaintiffs' counsel staffed each matter to bring the particular knowledge and expertise of each attorney and staff person to bear, and coordinated the work by assigning particular issues and tasks to individual attorneys or sub-groups, conducting regular telephonic staff meetings, using email to gain feedback and disseminate information quickly and broadly, and by using other management devices to ensure efficiency. Miller Decl. ¶ 15; *see O'Bannon v. NCAA*, No. 09-cv-3329, 2016 WL 1255454, *11 (N.D. Cal. 2016).

### C. Plaintiffs Are Entitled to Compensation at the Current PLRA Rate

Plaintiffs are legally entitled to compensation for all time at issue in this motion at the current 2023 PLRA rate of $246 per hour. *See Perdue v. Kenny A.,* 559 US 542 (2010); *Coleman v. Brown*, Case No. 2:90-cv-00520-KJM-DB (7/25/2023 E.D. Cal.), Stipulation and Order Confirming Attorneys' Fees and Costs for First Quarter of 2023 (ECF No. 7881).

### D. Plaintiffs Meet All Factors Governing Compensability.

Following the calculation of the presumptive lodestar, the district court is directed to consider a range of factors, as discussed below. *See Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988) (recognizing that many *Kerr* factors are subsumed as a matter of law under the lodestar analysis of reasonableness).

1. The Settlement Has Demanded a Substantial Commitment of Time and Labor: The hours expended reasonably reflect the time and labor required for monitoring and enforcement of this matter. As discussed above, the work preparing for and presenting oral argument before the Ninth Circuit panel on two appeals was particularly intensive. *See Lancaster v. Cate*, No. 79-01630, 2008 WL 2774260, at *3-4 (N.D. Cal. July 14, 2008) (plaintiffs are entitled to payment for all reasonable work enforcing settlement, including efforts that were ultimately unsuccessful).

2. The Settlement Presents Novel and Difficult Issues of Monitoring and Enforcement: The lodestar fairly reflects the novelty and difficulty of monitoring and enforcing this unique

settlement. The extension appeals and other work in this period have required a sophisticated and tenacious approach by Plaintiffs' counsel.

3.  Enforcement and Monitoring Has Required a High Level of Skill: Monitoring and enforcement has required a detailed understanding of CDCR policies and practices, a sophisticated understanding of constitutional and other legal standards and their application to the issues raised in the enforcement and extension process, and the development and maintenance of trusted relationships with the class representatives and other class members. *See also* Order Granting in Part Motion for Class Certification (ECF No. 317 at 17) (addressing qualifications of counsel).

4.  The Settlement Work Has Excluded Other Employment: Plaintiffs' counsel have borne the cost of monitoring and enforcement work while receiving no contemporaneous compensation and bearing the burden of all litigation expenses. As a result, counsel's ability to take on other fee-generating cases has been diminished. Miller Dec. ¶ 14 ; ECF No. 690-1 ¶ 7; ECF No. 690-2 ¶ 10; ECF No. 690-4 ¶ 19.

5.  Representation Is on a Purely Contingency Fee Basis: Plaintiffs' counsel are not charging class members a fee for their services, so that counsel's fee is purely contingent. Miller Dec. ¶ 13.

6.  This Matter Is Considered Highly "Undesirable" in the Legal Market: The courts recognize that prisoner litigation is generally considered to be undesirable attorney work.. Here, the intensive engagement with Plaintiffs alleged to be gang leaders and affiliates, the remote location of Pelican Bay and other prisons at issue, the often complex legal theories at issue, and the State's history of non-compliance and resistance to other prison injunctions and agreements, have contributed to its undesirability. *See, e.g., Plata v. Brown*, 563 U.S. 493, 499, 525 (2011) (holding that "serious constitutional violations in California's prison system … have persisted for years [and] remain uncorrected," due in part to "lack of political will in favor of reform" and "systemic administrative failures").

7.  Plaintiffs' Counsel Have Lengthy and Trusted Relationships with Class Representatives: Plaintiffs' counsel have maintained relationships with the named Plaintiffs and other class members over many years, developing rare, if not unique, levels of trust and mutual respect. The

named Plaintiffs, and particularly the four principal representatives, have a uniquely active role in the design and implementation of the Settlement Agreement. These relationships, the trust that has been built over years of litigation, and the collaborative role of attorneys and class representatives in settlement design and implementation form a cornerstone of the monitoring and enforcement phase of this case.

Analysis of all the *Kerr* factors demonstrates that Plaintiffs' request for compensation reasonably reflects the time necessary to monitor and enforce the settlement in this case, thereby fully justifying the requested lodestar.

### E. Plaintiffs Have Exercised Appropriate Billing Judgment

Through detailed line-by-line reductions for every timekeeper throughout this aspect of the litigation, and the elimination of all time spent by certain timekeepers, Plaintiffs have fully discharged their obligation to exercise billing judgment in assembling the time submitted for compensation. Miller Decl. ¶¶ 4-6; Exh. 3; *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). These itemized reductions amount to a total of 66.9 hours, resulting in a fee request that is more than 5% lower than the actual time recorded.

### F. Plaintiffs' Counsel Are Entitled to Recover Their Reasonable Costs and Expenses

Plaintiffs are entitled to recover all "out-of-pocket expenses that would normally be charged to a fee paying client." *Woods v. Carey*, 722 F.3d 1177, 1180, n.1 (9th Cir. 2013). Plaintiffs' costs of $14,408.42 – covering expenses such as copying, court reporters, postage, translation, and travel – were directly related and necessary to the extension appeals and other monitoring and enforcement work, and include over $900 in billing judgment reductions. Miller Decl. ¶ 9; Exhs. 2, 3.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an award of $301,957.82 for Plaintiffs' reasonable attorneys' fees and costs from April 16 through July 15, 2023, consistent with the Proposed Order filed herewith.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  September 29, 2023 | Respectfully submitted, |
| 3 | | By: ___/s/ Samuel Miller_____ |
| 4 | | SAMUEL MILLER (Bar No. 138942) |
| | | Email: samrmiller@yahoo.com |
| 5 | | JULES LOBEL (*pro hac vice*) |
| | | Email: jll4@pitt.edu |
| 6 | | CENTER FOR CONSTITUTIONAL RIGHTS |
| | | 666 Broadway, 7th Floor |
| 7 | | New York, NY 10012 |
| | | Tel: (212) 614-6464 |
| 8 | | Fax: (212) 614-6499 |
| 9 | | |
| | | CARMEN E. BREMER (*pro hac vice*) |
| 10 | | Email: carmen.bremer@bremerlawgroup.com |
| | | STEVEN D. BREMER (*pro hac vice*) |
| 11 | | Email: steven.bremer@bremerlawgroup.com |
| | | BREMER LAW GROUP PLLC |
| 12 | | 1700 Seventh Avenue, Suite 2100 |
| 13 | | Seattle, WA 98101 |
| | | Tel: (206) 357-8442 |
| 14 | | Fax: (206) 858-9730 |
| 15 | | |
| | | CJ SANDLEY (*pro hac vice*) |
| 16 | | Email: csandley@ccrjustice.org |
| | | CENTER FOR CONSTITUTIONAL RIGHTS |
| 17 | | P.O. Box 486 |
| | | Birmingham, AL 35201 |
| 18 | | Tel.: (212) 614-6443 |
| 19 | | |
| | | RACHEL MEEROPOL (*pro hac vice*) |
| 20 | | Email: rmeeropol@aclu.org |
| | | AMERICAN CIVIL LIBERTIES UNION |
| 21 | | 125 Broad St. |
| | | New York, NY 10004 |
| 22 | | Tel: (212) 549-2500 |
| 23 | | |
| | | ANNE CAPPELLA (Bar No. 181402) |
| 24 | | Email: anne.cappella@weil.com |
| | | WEIL, GOTSHAL & MANGES LLP |
| 25 | | 201 Redwood Shores Parkway |
| | | Redwood Shores, CA 94065-1134 |
| 26 | | Tel: (650) 802-3000 |
| | | Fax: (650) 802-3100 |
| 27 | | |
| 28 | | CHARLES F.A. CARBONE (Bar No. 206536) |
| | | Email: Charles@charlescarbone.com |

LAW OFFICES OF CHARLES CARBONE
P. O. Box 2809
San Francisco, CA 94126
Tel: (415) 981-9773
Fax: (415) 981-9774

ANNE BUTTERFIELD WEILLS (Bar No. 139845)
Email: abweills@gmail.com
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, CA 94612
Tel: (510) 839-1200
Fax: (510) 444-6698

MATTHEW STRUGAR (Bar No. 232951)
Email: matthew@matthewstrugar.com
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Tel: (323) 696-2299
Fax: (213) 252-0091

REBECCA N. RABKIN (Bar No. 244638)
Email: rebeccarabkin@gmail.com
LAW OFFICE OF REBECCA RABKIN
P.O. Box 173
Berkeley, CA 94701
Tel.: (415) 359-6665

*Attorneys for Plaintiffs*