1  ROB BONTA
   Attorney General of California
2  JEFFREY T. FISHER
   Supervising Deputy Attorney General
3  LE-MAI D. LYONS
   Deputy Attorney General
4  State Bar No. 285756
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone:  (916) 210-7340
    E-mail:  LeMai.Lyons@doj.ca.gov
7  *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **TODD ASHKER, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GOVERNOR OF THE STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | 4:09-cv-05796-CW (RMI)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RELIEF FROM THE QUARTER 19 FEE ORDER (ECF No. 1494)**<br><br>Judge:   The Honorable Claudia Wilken |

### INTRODUCTION

Plaintiffs fail to address the core of Defendants' motion: there is no longer a factual or legal basis for the fee award now that the Ninth Circuit has reversed the first extension order and retroactively terminated the Settlement Agreement and the Court's jurisdiction.  As there was no longer a basis to shift fees, the American Rule applies and each side was responsible for their own.  The Court should therefore grant Defendants' motion and order Plaintiffs' counsel to return the $311,968.50 in attorneys' fees previously paid to them by Defendants.

///

///

1

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

## LEGAL ARGUMENT

**I.    NINTH CIRCUIT PRECEDENT CONTROLS HERE.**

Plaintiffs claim a 36-year-old Northern District of California order (*Toussaint*) and an Alabama district court order (*National Union*) trump Ninth Circuit precedent. But a closer look confirms that *California Medical Association v. Shalala*, 207 F.3d 575 (9th Cir. 2000), controls here. The entire district court order in *Toussaint v. McCarthy*, 662 F.Supp. 1583 (N.D. Cal. 1987) is ten sentences long and provides no factual or procedural context to explain why the district court denied the Rule 60 motion. The court concluded without explanation that "Plaintiffs' efforts in monitoring compliance with [the injunction] is fully compensable" because "[s]uch monitoring time was expended at the order of this Court." *Toussaint*, 662 F.Supp. at 1584. The factual and procedural background of this case is much more complex than *Toussaint*'s order provides for, and its holding cannot be analogously applied.

From the face of the order, it appears *Toussaint* involved the overturning of an injunction, not the retroactive termination of a court's jurisdiction or the parties' settlement agreement. There is no discussion or implication that the attorneys' fees award was based on a now-voided contractual agreement or court order—as is the case here—only that the district court there had ordered plaintiffs to monitor compliance with an injunction. *Toussaint*, 662 F.Supp. at 1584. There is no discussion, and presumably no argument, suggesting that the *Toussaint* court lacked jurisdiction to order monitoring and compliance of the later-overturned injunction. That is the key difference here. Defendants' motion (ECF No. 1937) asserts that this Court's jurisdiction terminated, and thus the very instrument that the Quarter 19 (Q19) Fee Order was based on—the Settlement Agreement—was no longer operable at the time of the Order. The Ninth Circuit's order—which reversed the Court's first extension order, explicitly held that jurisdiction terminated in October 2017, and thus held the second extension order was a nullity—invalidates the 2021 Q19 Fee Order in its entirety. *Ashker v. Newsom*, 81 F.4th 863, 894-895 (9th Cir. 2023); *Shalala*, 207 F.3d at 576-78 ("Since the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award.")

///

2

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

Defendants did not "ignore" *Toussaint*'s order. (ECF No. 1951 at 1.) It is just inapplicable here, and *Shalala* (a later-decided opinion by the Court of Appeals) controls. Plaintiffs curiously insist it is "irrelevant" that *Shalala* holds that the "reversal of the merits remove[d] the underpinnings of the fee award" (*id.*), but that legal rule demands Plaintiffs return their ill-gotten attorneys' fees here. The Ninth Circuit indisputably held the Court's jurisdiction terminated in October 2017, and thus the Settlement Agreement, which was the sole basis of the Q19 Fee Order, was no longer in effect when the Court issued that order in 2021. Without jurisdiction, a valid monitoring period, or a valid contractual attorneys' fee provision, the Q19 Fee Order must be vacated under Rule 60(b)(5) pursuant to *Shalala*.

Similarly, Plaintiffs' reliance on *National Union* also fails. *National Union Fire Insurance Company of Pittsburgh v. Virginia Cavins & Progressive Systems, Inc.*, No. 2:03-cv-878-CSC, 2007 WL 2692723 (M.D. Ala. Sept. 11, 2007), involved two defendants who tried to use another defendant's successful appeal to overturn a fee award based on *Shalala*. While the *National Union* court notes that the *Shalala* decision was based in part on a prevailing-party analysis, the core of the order in *National Union* is that the two defendants who did not appeal could not use Rule 60 "to circumvent their failure to properly appeal the initial judgment." *Id.* The court in *National Union* did not discuss whether it would have granted the Rule 60 motion if the other defendant, who successfully appealed, brought it. And unlike the instant case, *National Union*'s fee award was also based on a valid indemnification provision in a valid contract. *Id.* at *1.

Plaintiffs' district-court cases are not controlling, on point, or persuasive. As explained in Defendants' motion, *Shalala* controls and requires the reversal of the Q19 Fee Order.

## II.   THE PLRA IS IMMATERIAL TO THE RULE 60 INQUIRY.

In a single sentence, Plaintiffs' assert that the Q19 Fee Order is "also independently supported by the PLRA," implying this is an adequate basis to deny Defendants' motion. (ECF No. 1951 at 3.) Plaintiffs do not provide any case law that holds that a Rule 60 motion should be denied where the PLRA independently supports a fee award. And the point is irrelevant anyway.

///

///

3

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

Even if the Court based the Q19 Fee Order on the PLRA, Rule 60 and *Shalala* would still apply. As discussed in Defendants' motion and Defendants' opposition[1] to Plaintiffs' Q31 motion, Defendants' successful Ninth Circuit appeal retroactively terminated the Court's jurisdiction and the Settlement Agreement, and effectively voided paragraph 55's fee provision. The sheer paucity of Plaintiffs' PLRA argument is a tacit concession that it lacks merit.

### III. PUBLIC POLICY REQUIRES RECOUPMENT OF FEES.

Plaintiffs also conclude that public policy prevents the application of Rule 60, but fail to acknowledge the flipside of that coin and the reality of the Ninth Circuit's holding—that there were no constitutional violations,[2] and thus no "victims of civil rights violations" here. (ECF No. 1951 at 3.) On the contrary, public policy supports the recoupment of fees because Defendants—and California taxpayers—should not be punished for Plaintiffs' counsels' litigation decisions that proved to be unsound and unsuccessful. Particularly where Defendants did all they could to avoid the parties ever incurring those fees by immediately moving to stay when they appealed the initial extension order—a motion Plaintiffs opposed, knowing it would result in costly work that might later prove unjustified.[3] According to Plaintiffs, the only two options for Defendants here were to fully subsidize Plaintiffs' counsels' attempts to keep the case alive, regardless of whether the Ninth Circuit eventually vindicated Defendants, or be perpetually in contempt of court (for what turned out to be several years) until the Ninth Circuit ruled. But *Shalala* and Rule 60 provide a third path for parties, like Defendants, who choose to comply with the court's orders and participate in good faith in litigation while pursuing appellate challenges.

///

///

///

---

[1] Like Plaintiffs, Defendants incorporate their opposition to Plaintiffs' Q31 motion to avoid duplication. (ECF No. 1936.)

[2] *Ashker v. Newsom*, 81 F.4th at 878 ("the Confidential Information Claim…does not demonstrate a current and ongoing systemic due process violation."); 884 ("The Parole Claim…does not demonstrate a due process violation."); and 890-892 (Finding no liberty interest in avoiding RCGP, and that "CDCR employs constitutionally sufficient procedural protections when placing inmates in the RCGP.")

[3] (*See* ECF Nos. 1132, 1457, 1605 (Defendants' motions to stay); *see also* ECF Nos. 1141, 1174, 1475, 1484, 1610, 1616 (Plaintiffs' oppositions and Court's orders denying stays).)

4

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

**IV.  THE ENTIRE $311,968.50 OF THE Q19 FEE ORDER MUST BE RECOUPED, REGARDLESS OF DEFENDANTS' PREVIOUS FEE CHALLENGE.**

Plaintiffs seemingly argue that Defendants' recoupment of Q19 fees should be limited to the fees related to enforcement appeals because Defendants did not contest the other monitoring fees when the parties previously litigated the Q19 fees in 2021. (ECF No. 1951 at 3-4.)  This misstates the record, and Plaintiffs' argument is baseless.  Defendants' focus in the previous fees motion was to challenge payment of attorneys' fees related to the enforcement appeals; but it is not true that the remaining monitoring fees were uncontested.  Defendants have maintained throughout the extended monitoring periods that all of Plaintiffs' work was not reasonably performed because of the pending extension appeals.[4]  Despite this, Defendants opted to settle the other quarters' fee bills in good faith to avoid burdening the court with litigation.  Defendants do not now seek recoupment of those good faith settled fees.  The alternative would have been for Defendants to multiply litigation by refusing to pay Plaintiffs any attorneys' fees while the extension appeals were pending, subjecting themselves to contempt of court and accumulating more attorneys' fees for which they might ultimately be responsible.  As to Q19, it was Plaintiffs' own litigation decision not to accept a previous settlement of the then-uncontested Q19 monitoring fees—the risk of that decision is now evident, as it made that portion of the fees subject to restitution through Defendants' Rule 60 motion.

Moreover, Rule 60 relief does not exclude "uncontested issues." (ECF No. 1951 at 4.)  This is not the same as failing to preserve an issue for appellate review, as Plaintiffs contend. (*Id.*)  The *Shalala* court specifically addressed this and granted Rule 60 relief when the defendant did not appeal the fee award at all.  *Shalala*, 207 F.3d at 576-77 ("[Defendant] did not appeal the fee award at all.  The fee judgment thus became final and could be set aside only through a motion for relief.")

///

///

///

---

[4] (*See* ECF Nos. 1132, 1457, 1605 (Defendants' motions to stay).)

5

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

*Shalala* also clarified that "a party must file a separate appeal only when it challenges some aspect of the fee award itself. On the other hand, Rule 60(b)(5) is available if a party seeks relief solely on the ground that the underlying merits judgment is reversed." *Id.* at 577. That is precisely the case here. Defendants are seeking relief from the Q19 Fee Order because the underlying merits order allowing fees to be shifted was reversed.

## CONCLUSION

*Shalala*'s application of Rule 60 controls here. The Court should therefore vacate the 2021 Q19 Fee Order and order Plaintiffs' counsel to pay $311,968.50 in restitution to Defendants.

Dated:  November 7, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JEFFREY T. FISHER
Supervising Deputy Attorney General

**/s/ Le-Mai D. Lyons**

LE-MAI D. LYONS
Deputy Attorney General
*Attorneys for Defendants*

SF2012204868
37640908.docx

6

Defs.' Reply Supp. Mot. re: Q19 Fees Order  (4:09-cv-05796-CW (RMI))

# CERTIFICATE OF SERVICE

Case Name:   **Ashker, et al. v. Newsom, et al.**     No.     **4:09-cv-05796-CW (RMI)**

I hereby certify that on **November 7, 2023**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DEFENDANTS' REPLY IN SUPPORT OF THEIR
### MOTION FOR RELIEF FROM THE QUARTER 19 FEE ORDER
### (ECF No. 1494)

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **November 7, 2023**, at Sacramento, California.

|  K. Jeffers  |  */s/ K. Jeffers*  |
|:---:|:---:|
| Declarant | Signature |

SF2012204868
37652428.docx